UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

          Plaintiff,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND
SIMPSON, and WILLIAM WHITEFIELD,

          Defendants.
---------------------------------------------------X

17 Civ.
COMPLAINT

Plaintiff Can't Stop Productions, Inc., by its attorneys, Eisenberg Tanchum & Levy, for its complaint alleges as follows:

### The Parties

1. Plaintiff Can't Stop Productions, Inc. ("Can't Stop") is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York City, New York. Can't Stop is in the music business and, among other things, owns the sole and incontestible right to commercially exploit the registered trademarks associated with the disco performance group Village People (the "Village People Trademarks").

2. Defendant Sixuvus, Ltd. ("Sixuvus") is a corporation organized and existing under the laws of the State of New York with its principal place of business New York City, New York. Sixuvus was incorporated in 1987 and is made up of two of the original Village People group who sang and danced at concerts and other live performances and other cast members who have been added since then to replace those who left the group.

3. Defendant Eric Anzalone is an individual resident of the State of New Jersey.

4. Defendant Alexander Briley is, on information and belief, an individual resident of the State of New York.

5. On information and belief, Defendant James F. Newman is an individual resident of the State of New York.

6. Defendant Felipe Rose is, on information and belief, an individual resident of the State of New York.

7. Defendant Raymond Simpson is an individual resident of the State of New York.

8. Defendant William Whitefield is an individual resident of the State of New Jersey.

9. On information and belief, the Individual Defendants each have an ownership interest in Sixuvus.

## Jurisdiction and Venue

10. Jurisdiction is invoked based on federal question (28 U.S.C. §§1331 and 1338(a)) because the controversy arises under the Lanham Act, 15 U.S.C. §1051 et seq. Declaratory relief is sought pursuant to 28 U.S.C. §2201 and FRCP Rule 57.

11. Venue is proper under 28 U.S.C. §1391(b) because Sixuvus has its principal place of business in the Southern District of New York. Venue is also proper in the Southern District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this dispute occurred in the Southern District of New York.

## Common Allegations

12. In the late 1970s, Can't Stop created a performing group known as "Village People." Can't Stop recruited entertainers to perform music provided to them by Can't Stop and dressed

them as iconic fantasy figures such as a soldier, police officer, Native American, construction worker, biker and cowboy.

13. On October 14, 1977 Can't Stop entered into an agreement for the entertainment services of Felipe Rose as a member of Village People. Attached hereto as Exhibit A and incorporated herein by this reference is a true and complete copy of that agreement.

14. On October 14, 1977, Can't Stop entered into an agreement for the entertainment services of Alexander Briley as a member of Village People. Attached hereto as Exhibit B and incorporated herein by this reference is a true and complete copy of that agreement.

15. The remaining original members of Village People signed virtual identical entertainment services agreement with Can't Stop, dated either October 14, 1977 or November 28, 1977.

16. Each of the entertainment services agreements contained the following clause:

> "3. (a) You hereby acknowledge and agree that the professional or fictitious name 'THE VILLAGE PEOPLE' is owned by [Can't Stop] and that you shall not have any property or proprietary interest or rights of any nature or kind whatsoever in and to said name, and that for all purposes, the ownership of and all rights in and to said name shall be and remain the sole and separate property of [Can't Stop]. Without limiting the generality of the foregoing, you specifically agree that you will not use nor authorize any person to use the name 'VILLAGE PEOPLE' for any purpose whatsoever during the Term hereof or at any time thereafter."

17. Beginning in 1978, Can't Stop registered federal trademarks for the name "Village People" and the likenesses of its characters.

18. Can't Stop is the owner of the following incontestible trademarks:

| Mark | Registration Number | Use/Date of Issuance |
|---|---|---|
| Village People | 1,101,013 | Entertainment services 8/29/78 |
| Village People | 2,184,290 | Records – 8/28/98 |
| Village People | 2,330,857 | Design mark characters in costume 3/21/00 |

19. By agreement dated January 1, 1979 between Can't Stop and the six original cast members of Village People, Glenn M. Hughes, David Hodo, Alexander Briley, Randolph Jones, Felipe Rose and Victor Willis reaffirmed that they had no interest in the Village People Trademarks and would cease using them upon the termination of the agreement. Attached hereto as Exhibit C and incorporated herein by this reference is a true and complete copy of the agreement.

20. By written agreement dated August 15, 1979 Raymond Simpson agreed to be bound by the terms of Exhibit C.

21. The first term of Exhibit C ended on December 31, 1983, but Can't Stop permitted the members to continue to use the Village People Trademarks on an oral license terminable at will, provided they acknowledged Can't Stop's ownership of the Village People Trademarks and continued to pay a licensing fee.

22. The cast members of Village People formed Sixuvus Ltd. in 1987 as an entity through which they could provide live performances as Village People. Can't Stop and Sixuvus entered into an oral agreement that allowed Sixuvus to provide live performances of Village People in

return for a 5% licence fee payable on the gross amounts received by Sixuvus, net of agent's commissions. Neither Sixuvus or any individual performer ever challenged the ownership of the Village People Trademarks or the obligation to pay a fee for their use.

23. When new members were added to the group, each one entered into a similar agreement, each of which provided an acknowledgment of Can't Stop's ownership –

> "of all worldwide rights, title and interest of any and every nature whatsoever in and to the name (the 'Name') of the musical group professionally known as 'Village People' (the 'Group') and all rights appurtenant to and/or connected with the Group and/or the Name, including, but not limited to all trademarks, service marks and/or goodwill with respect to and/or connected with the Group and/or the Name."

24. By letter dated July 18, 2003, five members of Sixuvus, Alex Briley, David Hodo, Felipe Rose, Ray Simpson and Jeff Olsen, asked Can't Stop to prepare a document acknowledging Can't Stop's ownership of the Village People Trademarks. Attached hereto as Exhibit D and incorporated by this reference is a true and complete copy of the letter.

25. By letter agreement dated October 8, 2003, Eric Anzalone acknowledged Can't Stop's ownership. Attached hereto as Exhibit E and incorporated by this reference is a true and complete copy of the two page agreement.

26. By letter agreement dated July 22, 2013, James F. Newman also acknowledged Can't Stop's ownership. Attached hereto as Exhibit F and incorporated by this reference is a true and complete copy of the two page agreement.

27. By letter agreement dated December 26, 2013, William Whitefield acknowledged Can't Stop's ownership. Attached hereto as Exhibit G and incorporated by this reference is a true and complete copy of the two page agreement.

28. Sixuvus countersigned all of the agreements with Messrs. Anzalone, Newman and Whitefield, and thereby expressly accepted their terms and ratified Can't Stop's ownership of the Village People Trademarks. See Exhibits E, F and G.

29. Recently, Can't Stop made the business decision to terminate its relationship with Sixuvus for use of the Village People Trademarks.

30. On May 30, 2017, Can't Stop officially notified Sixuvus that as of June 1, 2017, Sixuvus' license was terminated. Can't Stop then granted an exclusive license to use the Village People Trademarks to Harlem West Entertainment and so notified Sixuvus.

First Claim for Relief for Trademark Infringement

31. Defendants have continued to use the Village People Trademarks for their own financial benefit despite Can't Stop termination of their license. Defendants still perform as Village People across the country and the world. In addition, Defendants have rejected Can't Stop's requests to take down the Sixuvus/Village People Facebook page so that Can't Stop and its exclusive licensee can put up a new Village People page.

32. The Village People Trademarks qualify as "famous" for purposes of the Trademark Dilution Revision Act of 2006 (TDRA) because the marks are widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the

mark's owner.

33. The value and iconic status of the Village People Trademarks is the result of the fact that Can't Stop has actively promoted and exploited the Village People Trademarks, Village People recordings and the copyrights in Village People songs over the decades. Since the beginning of Village People, Can't Stop has arranged and/or paid for numerous television commercials, other media advertising and motion pictures, both directly and through its network of agents around the globe, none of which involved Sixuvus.

34. Under 15 USC §1125(c)(1), as the owner of a famous mark, Can't Stop is entitled to an injunction against Sixuvus and its members forbidding them, and each of them, from using the Village People Trademarks in commerce and where it is likely to cause dilution by blurring or dilution by tarnishment of the Village People Trademarks, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

35. Defendants now dispute that Can't Stop has any rights in the Village People Trademarks. Defendant have interfered with the contractual relationship between Can't Stop and its exclusive licensee and caused Can't Stop to incur otherwise unnecessary costs and attorneys' fees which continue to mount.

36. Defendants have represented to the media and the public that they have the right to use the Village People Trademarks.

37. Defendants' unauthorized use of the Village People Trademarks infringes Can't Stop's incontestible and famous trademarks and threatens to dilute and diminish their value.

38. As a direct and proximate result of Defendants' infringement, Can't Stop has suffered damages in an amount according to proof.

## Second Claim for Relief for Declaratory Relief

39. An actual and justiciable controversy has arisen and now exists between Can't Stop on the one hand and Defendants on the other hand concerning the ownership of the Village People Trademarks.

40. Defendants contend that Can't Stop does not own the Village People Trademarks and that Can't Stop has no right to stop Sixuvus from performing as Village People or otherwise exploiting the trademarks via websites and social media.

41. In order to resolve the controversy between Can't Stop and Defendants, Can't Stop requests, pursuant to 28 U.S.C. §2201 and FRCP 57, that this Court declare that Can't Stop is the true, rightful and exclusive owner of the Village People Trademarks.

42. Can't Stop has standing to request this declaration because it is the owner of the Village People Trademarks and its rights are affected by Defendants' actions.

43. This controversy is ripe for determination because Defendants continue to utilize the Village People Trademarks without Can't Stop's permission and in so doing, diminish or dilute the value of those trademarks.

44. Because of the nature of the segment of the entertainment industry in which Village People perform, a decision confirming Can't Stop's ownership of the Village People Trademarks

is needed as soon as possible. The more time that goes by with Sixuvus performing as Village People without authorization, the more difficult it will be to convince the general public that Harlem West Entertainment is a legitimate licensee.

WHEREFORE, plaintiff Can't Stop Productions, Inc. prays for relief as follows:

a. For a declaratory judgment stating that Can't Stop Productions, Inc. is the owner of all rights, title and interest in the Village People Trademarks;

b. For an order enjoining Defendants, and each of them, their agents, licensees, representatives or assignees from exploiting the Village People Trademarks in any manner, forum or medium;

c. For an award of costs incurred in this suit, together with a reasonable amount of attorneys' fees as provided by 15 U.S.C.§1117(a); and

d. For such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
August 25, 2017

                              EISENBERG TANCHUM & LEVY
                              Attorneys for Can't Stop Productions Inc.

                              By: _____
                                     Stewart L. Levy

                              707 Westchester Avenue, Suite 300
                              White Plains, New York 10604

                                     and

                              335 Madison Avenue, Ninth Floor
                              New York, New York 10019

                              (212) 599-0777

                              slevy@etllaw.com