5. <u>Name and Likeness</u>.

You hereby grant to Company, and its designees, the exclusive right during the Term and the non-exclusive right perpetually thereafter to reproduce, print, publish and disseminate, in any medium whatsoever, your name, portraits, pictures and likeness and biographical information concerning you (including, without limitation, as one of the persons comprising the performing and recording group known as "Village People" or any other group that Company may designate) for the purposes of trade and otherwise, without restriction, in connection with any products or services, or for any reason or purpose whatsoever. However, Company shall not use any of your individual names as an endorsement of any product or service without such individual's consent.

6. <u>Results and Proceeds of Services</u>.

(a) Company shall own and you hereby transfer and assign to Company all rights and interests of every kind and character in and to the results and proceeds of your services hereunder. Without limiting the generality of the foregoing, Company shall have the right to, and to authorize others to, use and exploit the results and proceeds of your services hereunder, without restriction and in any manner as Company may determine, subject to any limitations or restrictions specifically provided for herein.

(b) Without limiting the generality of the foregoing, with respect to master recordings made by Company that embody your performances (whether as a featured, non-featured or background vocalist or in any other capacity), all such master recordings made by Company from the inception of recording thereof, and all phonograph records manufactured therefrom, together with the performances embodied thereon, shall be the sole property of Company, free from any claims whatsoever by you; and Company shall have the exclusive right to copyright such master recordings in its name as the owner and author thereof and to secure any and all renewals and extensions of such copyright. Solely for the purposes of any applicable copyright law, all persons rendering services in connection with the recording of such master recordings shall be deemed "employees for hire" of Company. Without limiting the generality of the foregoing, Company and any person authorized by Company shall have the unlimited right, throughout the world,

to manufacture phonograph records by any method now or hereafter known, derived from the master recordings made hereunder, and to sell, market, transfer or otherwise deal in the same under any trademarks, trade names and labels, or to refrain from such manufacture, sale and dealing. As used herein, the term phonograph records and master recordings shall have the meanings set forth in Exhibit "A" annexed hereto.

7. Publishing.

You hereby irrevocably and absolutely assign, convey and set over to Company the entire right, title and interest (including the worldwide copyright and all extensions and renewals of such copyrights) in and to each and every Controlled Composition that is recorded by Company. You agree to execute and deliver to Company (or Company's affiliated music publishing company or to any other publishing company designated by Company), a separate Songwriter's Agreement in respect of each Controlled Composition subject to the provisions of this paragraph, in the form of Exhibit "C" annexed hereto and made a part hereof by this reference. All the terms and conditions of said Songwriter's Agreement shall govern the respective rights and obligations of the parties with respect to such Controlled Compositions. If you shall fail to promptly execute such Songwriter's Agreement, you hereby irrevocably grant to Company a power of attorney to execute said agreement in you name. As used herein, the term "Controlled Composition" shall mean any musical composition written, owned or controlled by you and/or any person or entity in which you have a direct or indirect interest.

8. Suspension.

Upon and during the occurrence of any one or more of the following events, the rendition of services and accrual and payment of monies hereunder shall be automatically suspended (unless Company notifies you in writing to the contrary):

(a) Disability - Any one or more of you becoming incapacitated or prevented from complying with your obligations hereunder, other than by reason of your own willful act, and whether such incapacity or prevention arises by reason of illness or mental or physical disability (including death) or by reason of governmental order or decree (such events being hereinafter individually and collectively referred to as "Disability").

12

(b) <u>Default</u> - The failure, refusal, or neglect by any one or more of you, otherwise than by reason of Disability, to report or render your services when and as required hereunder, or to perform any covenant or condition of this Agreement on your part to be kept or performed (such acts and/or omissions being hereinafter individually and collectively referred to as a "Default"). However, except for reasons of disability, any failure to perform any covenant or condition on this agreement (other than your failure, refusal or neglect to report or render your services, on more than two (2) days during the Term, as and when required hereunder) shall not constitute a Default if such failure is cured or remedied to Company's satisfaction within fifteen (15) days from the date such event failure shall first occur, or if such failure is not capable of being cured within said fifteen (15) day period, if you commence to cure such default within such fifteen (15) day period and complete the curing of such default within twenty (20) days thereafter.

9. <u>Termination.</u>

(a) Company may terminate this Agreement as to any one or more of you upon the occurrence of any of the following events:

(i) If a Default shall occur or continue;

(ii) If a Disability shall continue for a continuous period of thirty (30) or more days or shall continue for more than an aggregate of sixty (60) days during any consecutive twelve (12) month period.

(b) The termination of this Agreement pursuant to paragraph 9(a)(i) hereof, shall terminate Company's obligation to pay you any monies which have not accrued and become payable at the time of termination and shall not waive any other rights Company may have, at law or otherwise, and shall not affect any right herein granted or warranty herein made by you.

(c) In the event of the termination of this agreement pursuant to paragraph 9(a)(ii) above, or by reason of Company's election not to exercise its option to extend the Term pursuant to paragraph 2(b) hereof, you shall continue to be entitled to the payment of any monies that may accrue under paragraph 3(a) hereof with respect to services performed by you hereunder.

13

- 30 -

10. <u>Warranties.</u>

You hereby warrant and represent that:

(a)  you are free to enter into this Agreement;

(b)  you have the full right, power and authority to enter into this agreement and to grant the rights and to furnish your services to Company pursuant to and in accordance with the terms hereof;

(c)  you have not and will not do or permit any act which will interfere with or derogate from the full performance of the services to be rendered by you hereunder;

(d)  you are, or will become, and will remain (to the extent necessary to enable the performance of this Agreement) a member in good standing of all labor unions or guilds, which may be lawfully required for the performance of you services hereunder;

(e)  after the expiration of the Term of this Agreement, for any reason whatsoever, (i) you will not perform any composition which shall have been recorded hereunder for any person other than Company for the purpose of making phonograph records or master recordings prior to the date five (5) years subsequent to the expiration date of the Term of this Agreement, (ii) you will not appear for any person other than Company utilizing any costume(s) that you have utilized while performing for Company, and (iii) Company shall be entitled to the remedies set forth in paragraph 13 hereof to enforce the provisions of this subparagraph (e) or to prevent any breach thereof.

11. <u>Indemnity.</u>

You shall indemnify and hold harmless Company, its licensees and assigns, and the directors, officers, employees and agents of each of them (the "Indemnified Parties") from all claims, liabilities, damages and costs (including reasonable legal fees) arising from any breach or alleged breach by you of any warranty or agreement made by you hereunder, provided the claim concerned has

14

resulted in a judgment against Company or the Indemnified Parties or has been settled with your consent which shall not be unreasonably withheld. You will reimburse Company and/or the Indemnified Parties on demand for any payment made at any time after the date hereof in respect of any liability or claim in respect of which Company or the Indemnified Parties are entitled to be indemnified. Company shall give you notice of any claim to which the foregoing indemnity relates. You may participate in the defense of any such claim through counsel of your selection at your own expense.

12. <u>Withholding Taxes.</u>

Anything herein to the contrary notwithstanding, if monies payable to you hereunder reasonably appear to Company to be subject to Federal, state, local or other governmental withholding regulations or laws then the payment of such monies to you shall be subject to such withholding, and the compliance by Company of such regulations or laws.

13. <u>Remedies.</u>

(a) The services to be performed by you hereunder and the rights granted by you herein are unique and extraordinary in character and value is such that the loss thereof could not be computed in monetary damages, or be reasonably compensable in damages in any action at law. Accordingly, Company shall be entitled to equitable relief by way of an injunction to prevent the breach hereof and to enforce the provisions of this agreement. The waiver by either party of any breach hereof shall not be deemed a waiver of any prior or subsequent breach hereof. All remedies of either party shall be cumulative and the pursuit of any one remedy shall not be deemed a waiver of any other remedy.

(b) This agreement is binding upon you jointly and severally. Without limiting the generality of the foregoing, Company may exercise its rights hereunder against any one or more or all of you unless the agreement specifically states that such right applies to all of you collectively or only to any one of you singly.

(c) No default hereunder by Victor Willis shall be attributable to the other members of you unless such other members participate in or are involved in

such default. No default by the members of you other than Victor Willis shall be attributable to Victor Willis unless Victor Willis participates in or is involved in such default.

14. Notices.

All notices hereunder shall be in writing and shall be given at the respective addresses set forth below; or such other address or addresses as may be designated by either party. Such notices shall be sent by registered or certified mail and shall be deemed given when mailed, except that notice of change of address shall be effective only from the date of its receipt.

| | |
|---|---|
| To Company: | Can't Stop Productions, Inc.<br>65 East 55th Street<br>New York, New York 10022 |
| with a copy to: | Grubman & Indursky, P.C.<br>65 East 55th Street<br>New York, New York 10022 |
| To You: | Glenn Hughes<br>2887 Heath Avenue<br>Bronx, New York 10403 |
| | David Hodo<br>164 West 79th Street<br>New York, New York 10024 |
| | Alexander Briley<br>323 Tecumsen Avenue<br>Mt. Vernon, New York 10553 |
| | Randolph Jones<br>311 West 21st Street<br>New York, New York 10011 |
| | Felipe Rose<br>c/o Richard D. Savitsky, Esq.<br>50 East 42nd Street<br>New York, New York 10017 |
| | Victor Willis<br>50 West 97th Street (Apartment 12V)<br>New York, New York 10025 |
| with a copy to: | Richard D. Savitsky, Esq.<br>50 East 42nd Street |

16

—33—

New York, New York 10017

15. <u>Right To Cure Breach By Company.</u>

No breach of this Agreement on the part of Company shall be deemed material, unless you shall have given Company notice of such breach and Company shall fail to discontinue the practice complained of or otherwise cure such breach within thirty (30) days after receipt of such notice, if such breach is reasonably capable of being fully cured within such thirty (30) day period, or, if such breach is not reasonably capable of being fully cured within such thirty (30) day period, if Company commences to cure such breach within such thirty (30) day period and proceeds with reasonable diligence to complete the curing of such breach.

16. <u>Independent Contractor.</u>

In entering into this agreement, and in rendering services hereunder, you shall have the status of an independent contractor, and nothing herein contained shall contemplate and constitute you as Company's employee or agent.

17. <u>Assignment.</u>

Company may assign this Agreement or its rights hereunder, in whole or in part, to any third party or to its subsidiary, affiliated or controlling corporation or to any person owning or acquiring a substantial portion of the stock or assets of Company. You shall not assign this agreement or any of your rights hereunder.

18. <u>Amendment.</u>

No amendment or modification of this agreement shall be binding upon any party hereto unless and until the same has been made in writing and duly executed by Company and by all of you or by any one or more of you that is to be bound by such amendment or modification.

19. <u>Entire Agreement.</u>

This Agreement contains the entire agreement of the parties hereto and

supercedes any and all prior agreements and understandings; there are no representations, promises, agreements, arrangements or undertakings, oral or written, between the parties hereto other than those set forth herein. Without limiting the generality of the foregoing, this agreement supercedes any and all prior agreements between you and Company with respect to the subject matter of this agreement.

20.  Governing Law.

This Agreement has been entered into the State of New York, and the validity, interpretation and legal effect of this Agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York, with respect to the determination of any claim, dispute or disagreement which may arise out of the interpretation, performance, or breach of this Agreement.

IN WITNESS WHEREOF, the parties have executed this agreement as of the day and year first above written.

CAN'T STOP PRODUCTIONS, INC.

By: _____

_____                _____
GLENN M. HUGHES                           DAVID HODO

_____                _____
ALEXANDER BRILEY                          RANDOLPH JONES

_____                _____
FELIPE ROSE                               VICTOR WILLIS