**EISENBERG TANCHUM & LEVY LLP**
NEW YORK | WHITE PLAINS

TELEPHONE: (212) 599-0777
TELECOPIER: (212) 599-0770

335 MADISON AVENUE, 9TH FLOOR                                        707 WESTCHESTER AVENUE
NEW YORK, NEW YORK 10017                                        WHITE PLAINS, NEW YORK 10604

December 1, 2017

**Email: chambersnydseibel@nysd.uscourts.gov**
Hon. Cathy Seibel
Judge, United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    Can't Stop Productions, Inc. v. Sixuvus, Ltd., et al.
              17-cv-06513-CS

Dear Judge Seibel,

      I am the attorney for Can't Stop Productions, Inc., the plaintiff in the above-captioned action. Pursuant to the Court's instructions issued yesterday, the attorneys for defendants have submitted a proposed order which would permit defendants to perform, on a temporary basis, under a name making reference to the group, "Village People." In accordance with the Court's directions, I have attempted to reach a consensus with those attorneys on such a name, but, not unexpectedly, no agreement, even a temporary one, has been reached. Moreover, other aspects of defendants' proposed order are objectionable.

      I have therefore submitted a proposed counter-order, a copy of which is attached hereto. The purpose of this letter is to explain to the Court the changes made in this proposed counter-order from the proposed order that has been submitted by defendants' counsel. Specifically,

1. The name suggested by defendants, "The Legendary Village People," modified by the words, " Sixuvus Presents," does not address the problem of consumer confusion. My assumption is that the proposal attempts to mirror the advertisement of the competing band licensed by plaintiff which is attached as Exhibit 7 to the declaration of Gary Adelman. That advertisement refers to "Village People featuring Victor Willis." Yet that ad differs significantly from what defendants now propose. Willis' ad mentions his name and alerts the public that Mr. Willis, the original lead singer of the group, the co-writer of many of its songs, and the singer whose voice appears on all the original "hit" recordings, will be featured at the concert. Members of the public seeing the ad will know that they will be purchasing tickets to see him. This is not the case with the phrase, "Sixuvus Presents The Legendary Village People." A consumer will have no idea what performers she will be paying money to see. The addition of the phrase, "Sixuvus Presents,"

1

**EISENBERG TANCHUM & LEVY LLP**

provides no assistance in this regard since Sixuvus is simply a corporation loaning out the services of certain performers and has no name recognition among the public.

2. The use of the word, "legendary," is similarly misleading because it does not identify which performers comprise the group performing under the name. The concept of nominative fair use, first discussed in the seminal case of *New Kids on the Block v. New America Publishing*, 971 F.2d 302, 309 (9th Cir. 1992), provides the guidelines for the use by former individual members of the band's tradenames. A truthful representation of band affiliation by a former member is okay absent a contractual prohibition to the contrary and as long as the reference is in a manner that is not confusing. See also, *Kassbaum v. Steppenwolf Productions*, 236 F.3d 487 (9th Cir. 2000) (holding that a former member of the band, Steppenwolf, "is not barred by contract or the Lanham Act from truthfully referring to himself, in promotional materials or otherwise, as a former member of Steppenwolf.") The key in making this determination is that the representation be "truthful." Sixuvus' slate of performers includes two original members of Village People, with the others joining a long list of performers who have come and gone as members portraying the various characters associated with the band. Village People may be a "legendary" band, but the act presented by Sixuvus is not. Reference to that band as being "legendary," is, therefore, not truthful and should be prohibited.

3. My suggestion, rejected by defendants' counsel, is that defendants be permitted to use, on a temporary basis, the following reference to Village People: "Sixuvus Presents Felipe Rose and Alex Briley, original members of the legendary group, Village People, and their new band."

4. Defendants should be required to post a bond to cover the damages which will be incurred if the restraining order is found to have been improperly issued. Space should be left in the proposed order for the Court to assess an amount.

Finally, so that there is no misunderstanding, Can't Stop Productions, Inc. objects to the issuance of any form of temporary restraining order which would permit defendants to continue to perform making reference to plaintiff's trademark name, Village People. The comments contained in this letter have been made in accordance with the Court's instructions that Can't Stop Productions, Inc. attempt to reach a compromise with defendants' counsel in the drafting of a proposed temporary restraining order. Since no compromise has been reached, I am submitting this letter together with a proposed counter-offer.

My comments are not, nor should they be construed as in any way acknowledging defendants' rights to use the Village People trademarks.

Respectfully submitted,

Stewart L. Levy

cc: Sarah Matz, Esq.