

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

December 14, 2017

**VIA ECF AND E-MAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

> It has been almost a week since my order and that should have been plenty of time to comply. The parties are to appear in my courtroom at 11:30 am tomorrow (Dec. 15). If, however, Defendants are satisfied that Willis has come into compliance by 9 am tomorrow, they should so advise the Court and the conference will be cancelled.
>
> SO ORDERED.
>
> *Cathy Seibel*
> CATHY SEIBEL, U.S.D.J.
>
> December 14, 2017

Re: *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Seibel:

We represent the defendants in the above referenced action. Pursuant to rule 2.A of Your Honor's Individual Practices, to request a pre-motion conference to compel immediate compliance with the Court's December 8, 2017 Order or in the alternative to hold Karen Willis d/b/a Harlem West Entertainment ("Willis") in contempt in the event the Order is not complied with immediately.

District courts "have inherent power to enforce compliance with their lawful order through civil contempt." *Waterkeeper All. Inc. v Spirit of Utah Wilderness, Inc.*, 10-CV-1136 (NSR), 2017 WL 4386376, at *2 (S.D.N.Y. October 2, 2017) (*citing Armstrong v. Guccione*, 470 F.3d 89, 102 (2d Cir. 2006); *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "A court may hold a party in civil contempt only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *S.E.C. v Oxford Capital Sec., Inc.*, 794 F. Supp. 104, 106 (S.D.N.Y. 1992) (*citing EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n,* 753 F.2d 1172, 1178 (2d Cir.1985), *aff'd,* 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986); *Powell v. Ward,* 643 F.2d 924, 931 (2d Cir.) (per curiam), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981)).

Following Defendant Sixuvus' order to show cause for a temporary restraining order and preliminary injunction the Court issues a temporary restraining order on December 1, 2017. On Friday December 8, 2017, Willis' filed an order to show cause with the Court *inter alia,* for permission to intervene in this action and for an order vacating or modifying the December 1, 2017 Order. After hearing from all parties, the Court ordered clear modifications to the December 1, 2017 Order, which among others, included the following*:* That both sides i.e. Willis and Defendants "should be able to perform under the name the Village People, with an asterisk, featuring, and then

---

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

they can feature whoever they want. And if the person they're featuring is a member of the original Village People from back in the '70s, they can say that." Tr. Pp. 22:22-23:3.[1] "And then what the asterisk is going to tell people is the following . . . the trademark, "Village People" is the subject of litigation. There are two groups performing under the name Village People." Tr.: 23:22-24:3. *See also* Tr. Pp. 24:17-25:1 (alternative in the event that asterisk is not practicable) (the "Disclaimer Language"). The Court further instructed that the material in the footnote has to be at least 50% of the size of the name of the group and at least 12 point font, it must be placed in a place that is sufficient to direct the reader to the footnote, and it cannot be buried in some obscure place. *See* Tr.: pp. 25:5-26:2. Furthermore, the name and footnote language have to be in messages that use the name e.g. Twitter. *See* Tr: 26:6-27:5. While the Court did not require the parties to change their social media URL's that they already had such as Official Village People on Facebook (controlled by Sixuvus) or www.officialvillagepeople.com (controlled by Plaintiff or Willis), as long as the information the Court requires is on the first page. *See* Tr.:27:10-29:12.

The Court further instructed that "both sides need to implement [the order] with all deliberate speed" . . . and said that "72 hours should be the outside". *See* Tr.: 29:14-29:21. When Willis' counsel raised the ten existing tour dates in Australia between then and December 18, 2017, the Court noted that while certain things that had been done could not be changed, that new ads that appear should be changed and that things like Facebook can be changed. *See* Tr.: 29:22-31:8 (giving examples of things that have been set to run on Monday can be changed but something tomorrow may not be able to be changed"). The Court also ordered that Willis, Plaintiff and Defendants were not allowed to disparage each other. *See* Tr.: 31-33.

Over the weekend, Defendants moved quickly to change all of the first pages Sixuvus' URL's (which include social media) and advertisements to comply with the Court's order changing the name it was using to "Village People* featuring Ray Simpson", the person Defendants chose to feature, accompanied by the Court's disclaimer language as set forth above.

However, despite multiple requests since Monday, December 11, 2017 that Willis comply with the December 8, 2017 Order, Willis has failed to fully comply with the Court's order. Over the weekend and until yesterday, Willis and Victor Willis did not change any of their URL's (including social media pages) to contain the new name and footnote/disclaimer language that the Court ordered. *See e.g.* Exhibit A (screenshots of Victor Willis' Facebook page taken on December 10, 2017); Exhibit B (a screenshot of a posts by Victor Willis on December 11, 2017)[2]; and Exhibit C (screenshots of various social media pages and websites that are controlled by Willis and/or Victor Willis taken on December 13, 2017).

After multiple requests for compliance, on December 13, 2017, counsel for Willis advised, that they had been in "contact with a graphic designer today who is tasked with making that change". This morning it appears that Willis started modifying some of the URL's. *See* Exhibit D (screenshots of various social media pages and websites that are controlled by Willis and/or Victor Willis taken today, December 14, 2017). However, Willis has still not changed many of its online properties and

---

[1] "Tr." refers to the Transcript of the December 8, 2017 Hearing [Dckt. No. 48].

[2] Following written requests from Defendants' counsel, regarding the disparaging nature of the Facebook posts on December 10 and 11, 2017, Willis modified those posts. The modified versions of those posts are included in Exhibit C.

advertisements to comply with the Order (*see* Exhibit D) nor has there been any information provided regarding when compliance will be complete.

      For the reasons set forth above, Defendants respectfully request an expedited conference to address these issues, in anticipation of asking the Court to compel immediate compliance with the December 8, 2017 Order or in the alternative for contempt in the event the Order is not complied with immediately.

      We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

      Respectfully Submitted,

      ADELMAN MATZ P.C.

      Sarah M. Matz, Esq.

Enclosures

Cc.    All Counsel of Record