```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.        :
                        Plaintiff,  :
                                    :   Docket No.
          -against-                 :   17-CV-06513-CS
SIXUVUS, LTD., ERIC ANZALONE,       :
ALEXANDER BRILEY, FELIPE ROSE, JAMES F. :   REPLY TO DEFENDANTS'
NEWMAN, RAYMOND SIMPSON and WILLIAM :   COUNTERCLAIMS
WHITEFIELD,                         :
                                    :
                        Defendants. :
------------------------------------------------------------X
```

Plaintiff Can't Stop Productions, Inc. ("Can't Stop"), by its attorneys, Eisenberg Tanchum & Levy, for its reply to Defendants' counterclaims:

### Counterclaims

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the counterclaims.

2. Admits the allegations contained in paragraph 2 of the counterclaims.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the counterclaims, and avers that paragraph 3 of the counterclaims asserts legal conclusions as to which no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the counterclaims, except admit that Sixuvus, Ltd. ("Sixuvus") was formed by certain cast members of Village People in 1987 as an entity through which they could perform "live" under the name, Village People.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the counterclaims, except denies that Sixuvus has

provided the "live" concert performances of the same performers for the "last forty years."

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the counterclaims, except admits that Sixuvus has been licensed by plaintiff to present performances utilizing these trademark characters.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the counterclaims.

8. Denies the allegations contained in paragraph 8 of the counterclaims, except admits that the membership of the group, Village People, has changed over the years and that Victor Willis was the original lead singer and police officer character.

9. Denies the allegations contained in paragraph 9 of the counterclaims, except admits that Can't Stop owns several federally registered trademarks related to Village People, that the registration numbers listed in this paragraph are correct, and refers the Court to the trademark registrations to determine their scope and coverage.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the counterclaims.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the counterclaims.

14. Denies the allegations contained in paragraph 14 of the counterclaims.

## Count I

15. Repeats and realleges the response to each and every allegation contained in paragraphs 1 through 14 of the counterclaims as if more fully set forth herein.

16. Denies the allegations contained in paragraph 16 of the counterclaims, except admits that in 1987 Can't Stop entered into an agreement with Sixuvus pertaining to the use of the Village People trademark.

17. Admits the allegations contained in paragraph 17 of the counterclaims.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the counterclaims.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the counterclaims, except admits that Sixuvus filed a lawsuit in the Superior Court of the State of California for the County of San Diego, and refers the Court to the complaint filed by Sixuvus in that action for Sixuvus' claims.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the counterclaims, except admits that the California Superior Court did grant an order in that case and refers the Court to that order for its terms.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the counterclaims, except admits that Victor Willis named Can't Stop as a party to the California litigation.

22. Admits that the California Lawsuit was settled and refers the Court to the settlement agreement for its terms.

23. Admits the allegations contained in paragraph 23 of the counterclaims.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the counterclaims.

25. Admits that Can't Stop knew about the Settlement Agreement and avers that the remainder of the allegations contained in paragraph 25 of the counterclaims asserts legal conclusions to which no response is required.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the counterclaims.

27. Avers that the allegations contained in paragraph 27 of the counterclaims assert legal conclusions to which no response is required.

28. Avers that the allegations contained in paragraph 28 of the counterclaims assert legal conclusions to which no response is required.

29. Avers that the allegations contained in paragraph 29 of the counterclaims assert legal conclusions to which no response is required.

30. Denies the allegations contained in paragraph 30 of the counterclaims, except admits that Can't Stop has granted Harlem West Entertainment an exclusive license to use Village People trademarks in connection with "live" performances.

31. Avers that the allegations contained in paragraph 31 of the counterclaims assert legal conclusions to which no response is required.

32. Denies the allegations contained in paragraph 32 of the counterclaims, except admits that Can't Stop has terminated Sixuvus' license to use Village People trademarks in "live" performances.

33. Denies the allegations contained in paragraph 33 of the counterclaims.

34. Denies the allegations contained in paragraph 34 of the counterclaims.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the counterclaims.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the counterclaims, except admits that Can't Stop sent Sixuvus a letter terminating effective June 1, 2017 Sixuvus' right to present "live" performances under the name, Village People.

37. Denies the allegations contained in paragraph 37 of the counterclaims.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the counterclaims

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the counterclaims.

40. Denies the allegations contained in paragraph 40 of the counterclaims, except to the extent that the allegations contained in paragraph 40 of the counterclaims assert legal conclusions as to which no response is required.

41. Denies the allegations contained in paragraph 41 of the counterclaims, except to the extent that the allegations contained in paragraph 41 of the counterclaims assert legal conclusions as to which no response is required.

42. Denies the allegations contained in paragraph 42 of the counterclaims, except to the extent that the allegations contained in paragraph 42 of the counterclaims assert legal conclusions as to which no response is required.

43. Denies the allegations contained in paragraph 43 of the counterclaims, except to the extent that the allegations contained in paragraph 43 of the counterclaims assert legal conclusions as to which no response is required.

44. Denies the allegations contained in paragraph 44 of the counterclaims, except to the extent that the allegations contained in paragraph 44 of the counterclaims assert legal conclusions as to which no response is required.

## Count II

45. Repeats and realleges the response to each and every allegation contained in paragraphs 1 through 44 of the counterclaims as if more fully set forth herein.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the counterclaims.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the counterclaims.

48. Denies the allegations contained in paragraph 48 of the counterclaims.

49. Denies the allegations contained in paragraph 49 of the counterclaims.

50. Denies the allegations contained in paragraph 50 of the counterclaims, except admits that in 1987 Can't Stop entered into an agreement with Sixuvus pursuant to which Can't Stop licenses Sixuvus to provide live performances as Village People.

51. Admits the allegations contained in paragraph 51 of the counterclaims.

52. Denies the allegations contained in paragraph 52 of the counterclaims.

53. Denies the allegations contained in paragraph 53 of the counterclaims.

54. Denies the allegations contained in paragraph 54 of the counterclaims.

55. Denies the allegations contained in paragraph 55 of the counterclaims.

56. Denies the allegations contained in paragraph 56 of the counterclaims.

57. Denies the allegations contained in paragraph 57 of the counterclaims.

58. Denies the allegations contained in paragraph 58 of the counterclaims.

59. Denies the allegations contained in paragraph 59 of the counterclaims.

60. Denies the allegations contained in paragraph 60 of the counterclaims.

61. Denies the allegations contained in paragraph 61 of the counterclaims.

62. Denies the allegations contained in paragraph 62 of the counterclaims.

63. Denies the allegations contained in paragraph 63 of the counterclaims.

64. Denies the allegations contained in paragraph 64 of the counterclaims.

65. Denies the allegations contained in paragraph 65 of the counterclaims.

66. Denies the allegations contained in paragraph 66 of the counterclaims.

67. Denies the allegations contained in paragraph 67 of the counterclaims.

68. Denies the allegations contained in paragraph 68 of the counterclaims.

69. Denies the allegations contained in paragraph 69 of the counterclaims.

70. Denies the allegations contained in paragraph 70 of the counterclaims.

71. Admits the allegations contained in paragraph 71 of the counterclaims.

72. Denies the allegations contained in paragraph 72 of the counterclaims and avers that paragraph 72 of the counterclaims asserts legal conclusions to which no response is required.

73. Denies the allegations contained in paragraph 73 of the counterclaims and avers that paragraph 73 of the counterclaims asserts legal conclusions to which no response is required.

74. Denies the allegations contained in paragraph 74 of the counterclaims and avers that paragraph 74 of the counterclaims asserts legal conclusions to which no response is required.

### Count III

75. Repeats and realleges the response to each and every allegation contained in paragraphs 1 through 74 of the counterclaims as if more fully set forth herein.

76. Admits the allegations contained in paragraph 76 of the counterclaims.

77. Denies the allegations contained in paragraph 77 of the counterclaims, except admits that whatever rights Sixuvus had to perform using the Village People trademarks stemmed from its agreement with Can't Stop.

78. Admits the allegations contained in paragraph 78 of the counterclaims.

79. Denies the allegations contained in paragraph 79 of the counterclaims.

80. Denies the allegations contained in paragraph 80 of the counterclaims.

81. Denies the allegations contained in paragraph 81 of the counterclaims and avers that paragraph 81 of the counterclaims asserts legal conclusions to which no response is required.

82. Denies the allegations contained in paragraph 82 of the counterclaims and avers that paragraph 82 of the counterclaims asserts legal conclusions to which no response is required.

83. Denies the allegations contained in paragraph 83 of the counterclaims and avers that paragraph 83 of the counterclaims asserts legal conclusions to which no response is required.

### Count V [sic – there is no Count IV]

84. Repeats and realleges the response to each and every allegation contained in paragraphs 1 through 83 of the counterclaims as if more fully set forth herein.

85. Admits the allegations contained in paragraph 85 of the counterclaims.

86. Denies the allegations contained in paragraph 86 of the counterclaims.

87. Denies the allegations contained in paragraph 87 of the counterclaims.

88. Denies the allegations contained in paragraph 88 of the counterclaims, except admits that Sixuvus' rights to use Village People trademarks depended on its having a license to do so from Can't Stop.

89. Admits the allegations contained in paragraph 89 of the counterclaims.

90. Denies the allegations contained in paragraph 90 of the counterclaims.

91. Denies the allegations contained in paragraph 91 of the counterclaims and avers that paragraph 91 of the counterclaims asserts legal conclusions to which no response is required.

92. Denies the allegations contained in paragraph 92 of the counterclaims and avers that paragraph 92 of the counterclaims asserts legal conclusions to which no response is required.

93. Denies the allegations contained in paragraph 93 of the counterclaims and avers that paragraph 93 of the counterclaims asserts legal conclusions to which no response is required.

## Count VI [sic]

94. Repeats and realleges the response to each and every allegation contained in paragraphs 1 through 93 of the counterclaims as if more fully set forth herein.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the counterclaims.

96. Denies the allegations contained in paragraph 96 of the counterclaims, except admits that bookings for "live' musical performances are made at various times in advance of the concert date.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the counterclaims.

98. Denies the allegations contained in paragraph 98 of the counterclaims.

99. Denies the allegations contained in paragraph 99 of the counterclaims.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the counterclaims, except denies any liability for concerts having been cancelled by third parties.

101. Denies the allegations contained in paragraph 101 of the counterclaims.

102. Denies the allegations contained in paragraph 102 of the counterclaims.

103. Denies the allegations contained in paragraph 103 of the counterclaims and avers that paragraph 103 of the counterclaims asserts legal conclusions to which no response is required.

104. Denies the allegations contained in paragraph 104 of the counterclaims and avers that paragraph 104 of the counterclaims asserts legal conclusions to which no response is required.

## Count VII [sic]

105. Repeats and realleges the response to each and every allegation contained in paragraphs 1 through 104 of the counterclaims as if more fully set forth herein.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the counterclaims.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the counterclaims.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the counterclaims.

109. Denies the allegations contained in paragraph 109 of the counterclaims.

110. Denies the allegations contained in paragraph 110 of the counterclaims.

111. Denies the allegations contained in paragraph 111 of the counterclaims.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the counterclaims, except admits that Can't Stop was aware of litigation between Sixuvus and the Willises.

113. Denies the allegations contained in paragraph 113 of the counterclaims.

114. Denies the allegations contained in paragraph 114 of the counterclaims.

115. Denies the allegations contained in paragraph 115 of the counterclaims.

116. Denies the allegations contained in paragraph 116 of the counterclaims.

117. Denies the allegations contained in paragraph 117 of the counterclaims.

118. Denies the allegations contained in paragraph 118 of the counterclaims and avers that paragraph 118 of the counterclaims asserts legal conclusions to which no response is required.

119. Denies the allegations contained in paragraph 119 of the counterclaims and avers that paragraph 119 of the counterclaims asserts legal conclusions to which no response is required.

## Defense

120. None of the counterclaims state a claim upon which relief may be granted.

## First Affirmative Defense

121. The Court lacks jurisdiction over the subject matter of each of the counterclaims.

## Second Affirmative Defense

122. Karen Willis, doing business as Harlem West Entertainment, is the current licensee of the trademark rights which Sixuvus alleges were wrongly terminated by Can't Stop.

123. In its counterclaims Sixuvus accuses Karen Willis, doing business as Harlem West Entertainment, of various actionable conduct and wrongdoing stemming from her having succeeded to these trademark rights.

124. Failure to join Karen Willis doing business as Harlem West Entertainment as a party as required under Rule 19 of the Federal Rules of Civil Procedure requires dismissal of all

the counterclaims because she is a party in whose absence the Court cannot accord complete relief among the existing parties to the litigation.

### Third Affirmative Defense

125. For approximately thirty years defendant Sixuvus has been a party to an agreement with Can't Stop pursuant to which Can't Stop granted Sixuvus a license to present a group of performers using the Village People trademarks, and for various periods of time the individual Defendants herein have performed in accordance with that license agreement.

126. During this period of time Defendants did not contest Can't Stop's ownership of the Village People trademarks or the degree to which Can't Stop supervised their use of such marks, which supervision was significant.

127. Nor did Defendants ever assert that Can't Stop had failed to exercise quality control or police these marks or in any other manner had relinquished control over the Village People trademarks, and had therefore "nakedly licensed" the trademarks such that Can't Stop had abandoned the Village People trademarks.

128. As a result of Defendants' inaction described above, Defendants are estopped from claiming that Can't Stop has abandoned its rights in and to the Village People trademarks and to have forfeited Can't Stop's right to challenge Defendants' use of same.

### Fourth Affirmative Defense

129. Defendants have long been aware of legal challenges by Karen Willis to Can't Stop's ownership of the Village People trademarks.

130. Until the counterclaims filed by Defendants in this action, Defendants neither challenged Can't Stop's ownership of the Village People trademarks nor joined in Karen Willis' efforts to do so.

131. Upon information and belief, Defendants are aware that Can't Stop has prevailed against all of Karen Willis' challenges including a proceeding brought by her in the Trademark Trial and Appeal Board in which she claimed, among other things, that Can't Stop had abandoned the marks. 2011 TTAB LEXIS 296 (September 22, 2011). The findings of the Trademark Trial and Appeal Board were affirmed by the United States Court of Appeals for the Federal Circuit. 497 Fed. Appx. 975 (2012).

132. Defendants were the beneficiaries of Can't Stop's defense of Can't Stop's ownership rights in the Village People trademarks.

133. As a result of the foregoing, Defendants are precluded by the doctrines of res judicata and collateral estoppel from contesting Can't Stop's ownership of the Village People trademarks.

## Fifth Affirmative Defense

134. Any challenge to Can't Stop's ownership of, and rights to, Village People trademarks is untimely, having been unjustifiably delayed, with such unjustifiable delay being prejudicial to Can't Stop.

135. As a result of this unjustifiable delay resulting in prejudice to Can't Stop, Defendants are precluded from challenging Can't Stop's ownership of the Village People marks by both the equitable doctrine of laches and the applicable statute of limitations.

## Sixth Affirmative Defense

136. To the extent that any of the counterclaims seek to impose a contractual provision providing for a minimum notice of termination of the agreement between Can't Stop and Sixuvus pursuant to which Can't Stop licensed Sixuvus' rights in Village People trademarks, the maximum notice period cannot exceed one year.

137. Any period beyond one year from the date of notice violates the statute of frauds.

WHEREFORE, plaintiff Can't Stop Productions, Inc. demands judgment dismissing Defendants' counterclaims, together its costs and disbursements, and for such other relief as to the Court seems just and proper.

Dated: White Plains, New York
December 19, 2017

Respectfully submitted,

EISENBERG TANCHUM & LEVY
Attorneys for Plaintiff Can't Stop Productions Inc.
By: _____/s/ Stewart L. Levy_____ x
Stewart L. Levy
707 Westchester Avenue, Suite 300
White Plains, New York 10604
And
335 Madison Avenue, Ninth Floor
New York, New York 10019
Tel.# (212) 599-0777
slevy@etllaw.com

TO: ADELMAN MATZ P.C.
Attorneys for Defendants/
Counterclaim Plaintiffs
1173A Second Avenue, Suite 153
New York, New York 10065
Tel.# (646) 650-2207
g@adelmanmatz.com
sarah@adelmanmatz.com