> I am willing to hear from Ms. Willis as soon as she can put in papers stating the basis for her application and as soon as the parties can be gathered. If she will advise as to when I can expect the papers, I will schedule the hearing without awaiting receipt of the papers. What I do not understand is why any application should be *ex parte*, and therefore I plan to have all parties present. The Clerk of Court is respectfully directed to send a copy of this endorsement to Ms. Willis at the address to the right.
>
> SO ORDERED.
>
> December 26, 2017
>
> *Cathy Seibel*
> CATHY SEIBEL, U.S.D.J.

Karen L. Willis, J.D.
Harlem West Entertainment
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

December 26, 2017

**VIA EMAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

Letter Motion for Reconsideration Ex Parte Motion to Vacate or Modify

RE: Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al. 7:17-cv-06513-CS

Dear Hon. Judge Seibel:

Pursuant to the letter dated December 22, 2017 requesting an ex parte conference. Intervenor request that your honor reconsider its Order of December 26, 2017 and to immediately schedule an ex parte conference for the presentation of new evidence and omitted evidence by the Sixuvus which bares substantially on the ability of the court's Order of December 14, 2017 to stand.

Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). Here, a manifest injustice will occur absent an immediate hearing on the matter.

The ex parte conference should be allowed because absent immediate relief from the Order of December 14, 2017, Intervenor will suffer immediate and irreparable harm.

Respectfully submitted,

Karen L. Willis, J.D.

Cc: Counsel for all parties