Karen L. Willis, J.D.
Harlem West Entertainment
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

December 28, 2017

**VIA EMAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

RE: Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al. 7:17-cv-06513-CS

Dear Hon. Judge Seibel:

Other than my filing of a writ into the Second Circuit seeking to dissolve the TRO, I am at a loss as to what to do here. I plainly stated in my letter of December 27, 2017 that I am unavailable for a hearing on January 2, 2018. See Doc. 68. The court seems to ignore this. Moreover, the court has taken the position that I will not be allowed to proceed ex parte in any event.

Though I'm a lawyer who's currently not in practice but has been certified in the past to practice, I am still entitled to pro see leniency. In the case of Sealed Plaintiff v. Sealed Defendant, the Second Circuit observed:

"On occasions too numerous to count, we have reminded district courts that "when [a] plaintiff proceeds pro se, a court is obliged to construe his pleadings liberally." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir.2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 2d). As the application of the rules governing the form of pleadings, the Supreme Court has recently observed, "a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (internal). Accordingly, the "dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykin v. KeyCorp, 521 F.3d 202, 216 (2d Cir.2008).

Here, the court knew from the pleadings that I was seeking to proceed ex parte. Yet, the court asked me over and over again to explain it in more detail, the urgency despite me stating it on several occasions with the court articulating my claimed urgency.

Again, I don't think there's anything further I can say to persuade the court to allow me to proceed ex parte with the other parties present which is not unusual.

Respectfully submitted,

Karen L. Willis, J.D.

I really am not trying to prevent Ms. Willis from being heard. But "ex parte" means *without the other parties present*. There is no such thing as "proceed[ing] ex parte with the other parties present." So I truly do not know what Ms. Willis is seeking. Nor do I know the basis for any application she wishes to make. I have asked for her to explain how the TRO is threatening the cancellation of concerts and when that may occur, yet that information has not been forthcoming. In order to put a stop to these letters, and in recognition of her *pro se* status, I set a hearing for January 2. If Ms. Willis cannot attend in person, she may attend by phone. But she must explain in advance -- by 5 pm on December 29 -- what she is asking for and why, and she must provide the facts underlying the application. (She is of course also free to seek whatever remedies from the Second Circuit she believes she is entitled to obtain.) Counsel for Sixuvus may also attend by phone. Counsel for Sixuvus should make arrangements with Ms. Willis and Mr. Levy for them to call in, and then counsel for Sixuvus should call the Court at 914-390-4191 at 11 am with all parties on the line.

SO ORDERED.

The Clerk shall send Ms. Willis a copy of this endorsement.

CATHY SEIBEL, U.S.D.J.

December 28, 2017