UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X--------------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                       Plaintiffs,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,

                       Defendants.
X--------------------------------------------------------X

Case No.: 7:17-cv-06513-CS

**DECLARATION**

STEWART L. LEVY, an attorney admitted to practice law before the courts of the State of New York, does hereby affirm the following statements as true under penalty of perjury:

1. I am a member of the firm of Eisenberg Tanchum & Levy, the attorneys for Can't Stop Productions, Inc. (Can't Stop"), the plaintiff in this action. I am fully familiar with the facts set forth in this declaration which I submit in support of Can't Stop's opposition to the motion by Intervenor Karen Willis seeking a stay of the temporary restraining order currently in effect in this action.

2. Can't Stop's opposition is not based on the merits, but simply because the upcoming mediation session scheduled to be held before Magistrate Judge Smith on Thursday January 25, 2018, makes the motion practice effectively untimely and offers no relief that Ms. Willis cannot more easily obtain after that session.

3. The temporary restraining order which is the subject of Ms. Willis' motion deals with the manner in which the Village People trademark, owned by Can't Stop, can be used by two competing groups – one organized around her husband, Victor Willis, the original lead singer of the group, Village People, and the other operated by a

company known as Sixuvus which, under a license from Can't Stop, for many years fielded a group under the mark, Village People.

4. At the initial court appearance held before the Court (on November 30, 2017), the Court issued a temporary restraining order concerning use of the mark, an order since significantly modified.

5. When the attorneys for the parties in attendance (which did not include Ms. Willis) spoke favorably of mediating their dispute, the Court observed that, "Look, we can make that return date [of the tro] whenever you want. I think the rule says 14 days, but if you want to make it longer so that you can have the mediation by agreement, that's kosher." (pages 28-29) The Court then concluded: "So why don't we say on consent, then, the P.I. hearing is on hold pending the mediation. And either side can tell me, you know what, the mediation has gone down the toilet, I want to have the hearing now." (page 29). Attached hereto as Exhibit A are excerpts from the November 30, 2017 court proceeding.

6. Ms. Willis' subsequent intervention into this action does not diminish the Court's decision to extend the temporary restraining order up until the January 25th mediation session, after which any of the parties, if not satisfied by progress at the session, can ask the Court to schedule a preliminary injunction hearing.

7. For these procedural reasons, Can't Stop opposes the granting of Ms. Willis' motion.

Dated: Virginia Beach, Virginia
       January 18, 2018

                                                  /s/ Stewart L. Levy
                                                  Stewart L. Levy