**EISENBERG TANCHUM & LEVY LLP**
NEW YORK | WHITE PLAINS

TELEPHONE: (212) 599-0777
TELECOPIER: (212) 599-0770

335 MADISON AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10017

707 WESTCHESTER AVENUE
WHITE PLAINS, NEW YORK 10604

January 24, 2018

**ECF**
Hon. Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

  Re: Can't Stop Productions, Inc. v. Sixuvus, Ltd., et al.
    Civil Action No. 17 cv. 06513(CS) (LMS)

Dear Judge Seibel:

  I am the attorney for Can't Stop Productions, Inc., the plaintiff in the above-captioned action ("Can't Stop"). This letter is sent to request an adjournment of the preliminary injunction hearing now scheduled to start on Monday January 29, 2018 at 9:30 a.m.

  The preliminary injunction sought by defendant Sixuvus, Ltd. and its named members (the "Defendants") seeks to enjoin Can't Stop "from disrupting any live performances or public appearances of Sixuus, Ltd. performing as Village People; and/or otherwise preventing Sixuvus, Ltd. from performing live as Village People." In support of its motion Sixuvus, among other things, contends that over time Can't Stop had abandoned the mark by virtue of its purported failure to exercise quality control. Can't Stop vehemently rejects this claim and, if given appropriate time, is prepared to present evidence of the significant control exercised by Can't Stop over that mark.

  Unfortunately, Can't Stop's files concerning its supervision of the trademark are located in Paris, France where its founder, Henri Belolo, now in his '80s, resides. While Mr. Belolo's adult son, Jonathan, an officer of Can't Stop, is scheduled to attend this Thursday's mediation session, the corporate history resides with the senior Mr. Belolo who has been involved with Can't Stop since he founded it in the mid-1970s and who has overseen quality control for the mark over the past five decades. It is logistically impossible for Can't Stop's attorneys in New York to defend a preliminary injunction hearing starting next Monday while at the same time having adequate time to review Can't Stop's files and speak at length with Henri Belolo, both of which tasks will involve meetings in Paris. The preliminary injunction

**EISENBERG TANCHUM & LEVY LLP**

hearing, if permitted to proceed as scheduled on Monday January 29th, will place Can't Stop in a highly prejudicial situation.

I therefore request that the preliminary injunction hearing be adjourned until late in February, preferably commencing on Tuesday February 27. In the alternative, the hearing could start as scheduled this coming Monday January 29, 2018, in order to give Defendants an opportunity to present their case. As the Court noted in its January 19, 2018 memo endorsement, "[i]f Defendant cannot make the required showings at a hearing, that might moot further litigation in the Circuit." If on the other hand, the required showings are made, then a four-week adjournment is reasonable to permit Can't Stop to marshal its witnesses and documentary evidence.

I have spoken with both Gary Adelman and Sarah Matz of the firm of Adelman Matz, PC., Defendants' attorneys, and informed them of this request. While they are not opposed to a short adjournment to February 27th of the preliminary injunction hearing, provided that the temporary restraining order remains in place, they oppose bifurcating the hearing into an initial presentation by Defendants of their arguments, followed, after an adjournment, by the resumption of the hearing at which time Can't Stop can present its position. Mr. Adelman and Ms. Matz contend that bifurcation would be clumsy and make it more difficult to present testimony in a streamlined, cogent manner. Robert Besser, my co-counsel in this action, has spoken with Karen Willis, representing herself *pro se*, and she does not agree to the request made herein.

This is the first request for an adjournment of the hearing.

Respectfully submitted,

Stewart L. Levy

cc: Gary Adelman, Esq. (email)
Adelman Matz, P.C.
780 Third Avenue
New York, New York 10017

Karen Willis (email)

Application denied. The parties have known since mid-December that the P.I. hearing would be held promptly if the mediation was unsuccessful, and have had plenty of time to review the documents relevant to the issues to be raised at the hearing. Witness preparation and document review can occur in New York or by electronic means. But given that at least one party objects to the continuation of the TRO and that the parties consented to adjourn the P.I. hearing only until the mediation occurs, we should go forward on Monday if the case does not resolve.

SO ORDERED.

CATHY SEIBEL, U.S.D.J.

A:\APPL\PUBDOC\03114\SIXUVUS LTD.2017\Letter To Judge Seibel 1.24.2018.Docx

2

January 25, 2018