UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,
Defendants,

KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
Intervenor.
-------------------------------------------------------------x

7:17-cv-06513-CS

INTERVENOR'S JOINDER TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Intervenor joins in Can't Stop Productions, Inc. ("Can't Stop") proposed findings of fact and conclusions of law. As demonstrated by Can't Stop, there are no grounds for which the Sixuvus, Ltd. ("Sixuvus") is entitled to an injunction (temporary or otherwise) allowing their continued use of the Village People trademark for purposes of live performances. Especially, since Can't Stop owns a valid prior and superior trademark in the category of recorded music with respect to the original Village People recording group with vocals by Victor Willis. Therefore, even if the Sixuvus were to prevail on their Naked License claim (and they will not), they'd still not be allowed to performance live under the Village People mark because Can't Stop has trademarks to spare for which Intervenor knows first hand.

In support of this position, the Second Circuit opined: "[a] trade name or mark is merely a symbol of goodwill; it has no independent significance apart from the goodwill it symbolizes." Marshak v. Green, 746 F.2d 927, 929 (2d Cir.1984)." The Second Circuit therefore concluded

0

that "[u]se of the mark... in connection with a different goodwill and different product [live performances by the Sixuvus with use of the Village People mark] would result in a fraud on the purchasing public who reasonably assume that the mark signifies the same thing [the original Village People group and it's recordings already owned by Can't Stop about 20 years prior to the live performance mark], whether used by one person or the other." Id. Emphasis added.

Essentially, Can't Stop does not need a mark in the category of live performances to license or regulate live performances as Village People because the brand is equally protected by it's other Village People related marks.

Accordingly, not only is there no grounds on which the Sixuvus' could prevail on a motion for a preliminary injunction, but an injunction allowing the Sixuvus use of the Village People mark for purposes of live performances, under circumstances, would likely be in contravention to long standing Second Circuit case law which suggest that the Sixuvus would be held liable for trademark infringement by Can't Stop and Intervenor pursuant to Can't Stop's superior Village People marks, should they continue their unauthorized use of the Village People mark.

Dated: January 27, 2018           Respectfully submitted,

                                  KAREN L. WILLIS, J.D.

                                  [signature]

1