UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

        -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,
              Defendants,

KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
              Intervenor.
------------------------------------------------------------x

7:17-cv-06513-CS

MOTION TO DISMISS THE
SIXUVUS LETTER MOTION FOR
TEMPORARY INJUNCTION FOR
LACK OF SUBJECT MATTER
JURISDICTION

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311
INTERVENOR, Pro se

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 3

THE TRO EXTENDED PAST 14 DAYS AND IS THEREFORE TREATED AS
A PRILIMINARY INJUNCTION FOR PURPOSES OF APPEAL................................ 3

THE ORDER IS CURRENTLY ON APPEAL; THE COURT THEREFORE
LACK SUBJECT MATTER JURISDICTION ............................................................. 4

THIS COURT SHOULD ORDER THE SIXUVUS TO SHOW CAUSE WHY THE
INJUNCTION HEARING SHOULD NOT BE DISMISSED ..................................... 4

CONCULSION ................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*APWU v. Potter*,
343 F.3d 619, 623 (2d Cir. 2003) ..................................................................  4

*Aurecchione v. Schoolman Transp. Sys.*,
426 F.3d 635, 639 (2d Cir. 2005) ..................................................................  4

*Gonzalez v. Thaler*,
__U.S.__, 132 S. Ct. 641, 648 (2012) ............................................................  4

*In re Arthur Treacher's Franchisee Litig.*,
689 F.2d 1150, 1153-54 (3d Cir. 1982) .........................................................  3

*Makarova v. United States*,
201 F.3d 110, 113 (2d Cir. 2000) ..................................................................  4

*Sebelius v. Auburn Reg'l Med. Ctr.*,
__U.S.__, 133 S. Ct. 817, 824 (2013) ............................................................  4

*Shipping Fin. Servs. Corp v. Drakos*,
140 F.3d 129, 131 (2d Cir. 1998) ..................................................................  4

**FEDERAL RULES**

Fed. R. Civ. Proc. 12(b)(1) ..............................................................................  4
Fed. R. Civ. Proc. 12(b)(1) ..............................................................................  4
Fed, R. Civ. Proc. 12(3) ..................................................................................  4

## INTRODUCTION

On November 30, 2017, the Sixuvus, Ltd, ("Sixuvus") filed an application for a Temporary Restraining Order ("TRO") and Preliminary Injunction. The Sixuvus subsequently obtained a TRO in an Order dated December 1, 2017. On December 8, 2017, Karen L. Willis dba Harlem West Music Group "(Intervenor") filed an order to show cause requesting (1) permission to intervene, (2) to Vacate or dissolve the December 1, TRO, or in the alternative, modify the Order, (3) to temporarily restrain defendants from using social media to interfere with her business, and proposed counter claim against defendants for including, trademark infringement and unfair competition.

The Court ORDERED including but not limited to, that Karen L. Willis could intervene on an interim basis; mediation before the Hon. Lisa M. Smith; and that Plaintiff, Defendants, or Willis, may upon letter application of the Court request that the hearings be scheduled at which time the Court will set briefing schedules for opposition and reply papers, and a hearing date. The Order is currently on appeal.

## THE TRO EXTENDED PAST 14 DAYS AND IS THEREFORE TREATED AS A PRELIMINARY INJUNCTION FOR PURPOSES OF APPEAL

A TRO extending beyond the time limit of Rule 65(b) is treated as preliminary injunction. A preliminary injunction is immediately appealable. When a temporary restraining order extends "far beyond" the fourteen-day expiration date mandated in the Federal Rules of Civil Procedure, the order "lose[s] its character" as a temporary restraining order and becomes an appealable preliminary injunction. In re Arthur Treacher's Franchisee Litig., 689 F.2d 1150, 1153-54 (3d Cir. 1982).

3

### THE ORDER IS CURRENTLY ON APPEAL; THE COURT THERFORE LACK SUBJECT MATTER JURDICTION

On January 3, 2018, Intervenor filed an appeal of the Order that allowed the parties to request a preliminary injunction hearing pursuant that Order. The order is on appeal and the Court lack subject matter jurisdiction. Determining the existence of subject matter jurisdiction is a threshold inquiry, see id., and an action is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it," Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When jurisdiction is challenged such as here, the Sixuvus "bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted); see also Aurecchione v. Schoolman Transp. Sys., 426 F.3d 635, 639 (2d Cir. 2005), and the district court may examine evidence outside of the pleadings to make this determination, see Makarova, 201 F.3d at 113. In fact, the Court may dismiss the motion for temporary injunction and hearing Sua Sponte for lack of subject matter jurisdiction. *See, e.g.*, Fed. R. Civ. Proc. 12(b)(1).

### THIS COURT SHOULD ORDER THE SIXUVUS TO SHOW CAUSE WHY THE INJUNCTION HEARING SHOULD NOT BE DISMISSED

If the Court determines at any time that it lacks subject matter Jurisdiction, the Court must dismiss the action. See, e.g., Fed, R. Civ. Proc. 12(3). Moreover, the defense of lack of subject matter jurisdiction may be raised at any time. See Gonzalez v. Thaler, __U.S.__, 132 S. Ct. 641, 648 (2012); see also Sebelius v. Auburn Reg'l Med. Ctr., __U.S.__, 133 S. Ct. 817, 824 (2013). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" Potter, 343 F.3d at 623 (quoting Shipping Fin. Servs. Corp v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)). The Sixuvus must show cause why their letter motion for a temporary injunction and ongoing hearing should not be dismissed.

## CONCLUSION

Defendants should be ordered to show cause why their letter motion for temporary injunction and ongoing temporary injunction hearing should not be dismissed for lack of subject matter jurisdiction of the Court in light of the pending appeal of the issue before the Second Circuit.

Dated: February _1_, 2018                    Respectfully submitted,

                                             KAREN L. WILLIS, J.D.