17-cv-6513 (CS)

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

February 2, 2018

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**Withdrawal of Letter Motion to Dismiss, and Question Regarding Jursidiction**

Dear Hon. Judge Seibel:

Intervenor hereby withdraw her question to the court regarding jurisdiction and Letter Motion dated February 1, 2018 in lieu of the filing of a full **Motion to Dismiss the Sixuvus Motion for Temporary Injunction and Hearing, and Order to Show Cause.**

Respectfully submitted,

Karen L. Willis, J.D.

---

The Court is not clear on which documents Intervenor is withdrawing, but the Court must satisfy itself that it has jurisdiction. It is so satisfied. Unlike preliminary injunctions, temporary restraining orders generally are not appealable. *See, e.g., Gen. Motors Corp. v. Gibson Chem. & Oil Corp.*, 786 F.2d 105, 108 (2d Cir. 1986). In any event, "[a]lthough the filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed, jurisdiction is retained where . . . the appeal is from an order granting or denying a preliminary injunction." *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996); *see* Fed. R. Civ. P. 62(c). Accordingly, even if the temporary restraining order is deemed a preliminary injunction, Intervenor's appeal did not divest this Court of jurisdiction.

So Ordered.

Cathy Seibel, U.S.D.J.

Dated: 2/2/2018

The Clerk of Court is respectfully asked to terminate the pending motion, (Doc. 100).

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

February 1, 2018

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**Question Regarding Jurisdiction**

Dear Hon. Judge Seibel:

Intervenor, would like to revive her question posed to your honor on the opening day of the temporary injunction hearing. Considering that the current and ongoing temporary injunction hearing is pursuant to the Order of December 14, 2017, currently on appeal, wherein all parties agreed that the TRO would remain in place until a party moves for a temporary injunction, how can the current hearings on a temporary injunction continue in the face of an appeal of the order for which the hearings are taking place?

Could your honor please clarify why the court is **not** deprived of jurisdiction to conduct the current temporary injunction hearings pursuant to an Order under review by the Second Circuit? Intervenor specifically alleges on appeal that the Order is **void**.

Intervenor is genuinely confused by this and therefore seeks the court's clarification of the contents of the Order currently on appeal. It does however seems the court still has jurisdiction to dissolve or stay the TRO pending resolution of the appeal which specifically deals with defendants right to a TRO or injunction in the absence of Intervenor during the initial TRO hearing.

Shouldn't the court of appeals make a ruling on the Order currently on appeal prior to this Court moving to the next step, to conduct a temporary injunction hearing pursuant to an Order currently on appeal?

It seems the Court may have a way out of the current hearings after all.

Respectfully submitted,

Karen L. Willis, J.D.

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

February 1, 2018

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**Further to the Question Regarding Jurisdiction**

Dear Hon. Judge Seibel:

Further to Intervenor's question regarding jurisdiction, the Court is reminded that defendants "Motion For A Temporary Restraining Order And Preliminary Injunction" filed with this Court on November 30, 2017, is the subject of the appeal.

Therefore, defendants TRO and Injunction application for which the current hearing is being conducted, is currently being challenged on appeal.

Accordingly, how can the Sixuvus have a right to an injunction hearing pursuant to an agreement within an order currently on appeal in the Second Circuit?

Respectfully submitted,

Karen L. Willis, J.D.

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

February 1, 2018

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**LETTER MOTION TO DISMISS THE TEMPORARY INJUNCTION HEARING FOR WANT OF SUBJECT MATTER JURISDICTION; AND ORDER TO SHOW CAUSE**

Dear Hon. Judge Seibel:

Upon further review of case law in this circuit, Intervenor submits this letter motion with an order to show cause why defendants Sixuvus, Ltd., preliminary injunction hearing pursuant to their application dated November 30, 2017, should not be dismissed for want of subject matter Jurisdiction of the Court.

Determining the existence of subject matter jurisdiction is a threshold inquiry, see id., and an action is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it," Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When jurisdiction is challenged such as here, the Sixuvus "bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted); see also Aurecchione v. Schoolman Transp. Sys., 426 F.3d 635, 639 (2d Cir. 2005), and the district court may examine evidence outside of the pleadings to make this

determination, see Makarova, 201 F.3d at 113. In fact, the Court may dismiss the temporary injunction hearing Sua Sponte for lack of subject matter jurisdiction. *See, e.g.,* Fed. R. Civ. Proc. 12(b)(1).

Accordingly, " [j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" Potter, 343 F.3d at 623 (quoting Shipping Fin. Servs. Corp v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

If the Court determines at any time that it lacks subject matter Jurisdiction, the Court must dismiss the action. See, e.g., Fed, R. Civ. Proc. 12(3). Moreover, the defense of lack of subject matter jurisdiction may be raised at any time. See Gonzalez v. Thaler, __U.S.__, 132 S. Ct. 641, 648 (2012); see also Sebelius v. Auburn Reg'l Med. Ctr., __U.S.__, 133 S. Ct. 817, 824 (2013).

### CONCLUSION

Defendants should be ordered to show cause why the ongoing temporary injunction hearing should not be dismissed for lack of subject matter jurisdiction of the Court in light of the pending appeal of the issue before the Second Circuit.

Respectfully submitted,

Karen L. Willis, J.D.