UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,
              Defendants,

KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
              Intervenor.
-----------------------------------------------------------------x

7:17-cv-06513-CS

AMENDED MOTION TO DISMISS UNDER RULE 19 (A); THE SIXUVUS COMPLAINT AND ACTION FOR PRELIMINARY INJUNCTION FOR FAILURE TO JOIN A NECESSARY PARTY

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA.  92101
(619) 206-5311
INTERVENOR, Pro se

## TABLE OF CONTENTS

| | |
|---|---|
| INTRODUCTION .................................................................................................... | 3 |
| THE SIXUVUS FAILED TO JOIN A NECESSARY PARTY TO THEIR CROSS-COMPLAINT .................................................................................................. | 3 |
| THIS COURT IS YET TO DECIDE THE THRESHOLD ISSUE OF WHETHER INTERVOR IS AN INDISPENSIBLE PARTY ............................................................... | 4 |
| THE SIXUVUS CANNOT PREVAIL ON THIER COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION ............................................................ | 5 |
| CONCLUSION ........................................................................................................ | 6 |

# TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

*Boat Basin Inv'rs, LLC v. First Am. Stock Transfer, Inc.*,
2003 WL 282144, at *8 (S.D.N.Y. Feb. 7, 2003) ............................................. 5

*Jones Film*,
299 F.3d at 139 .................................................................................... 4

*Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*,
471 F.3d 377, 385 (2d Cir. 2006) ...................................................... 4

*Ram v. Lal*,
906 F. Supp. 2d 59, 80 (E.D.N.Y. 2012) .......................................... 5

*Shenandoah v. U.S. Dep't of Interior*,
1997 WL 214947, at *3 (N.D.N.Y. Apr. 14, 1997), *aff'd*, 159 F.3d
708 (2d Cir. 1998) ............................................................................. 5

**FEDERAL RULES**

Fed. R. Civ. P. 19(a)(1) ................................................................... 4
Fed. R. Civ. P. 19(a)(1)(A) ............................................................. 4
Fed. R. Civ. P. 19(a)(1)(B) ............................................................. 4

## INTRODUCTION

Intervenor hereby amends her motion to dismiss under rule 19 (A), to reflect dismissal of the entire Sixuvus complaint and motion for temporary injunction. This motion is simple and succinct. The Sixuvus failed to name Intervenor (who's a indispensable and necessary party) in their cross-complaint though they've had ample time to do so. This failure to act is fatal to the Sixuvus motion for preliminary injunction as they cannot show a likelihood of prevailing on their complaint absent a indispensable party to the complaint.

## THE SIXUVUS FAILED TO JOIN A NECESSARY PARTY TO THEIR COMPLAINT

Thus far, Invervenor is in this case only for purposes of protecting her interest in the Sixuvus claims against Can't Stop. Intervenor is not joined in the Sixuvus cross complaint from which the Sixuvus seeks it application for temporary injunction pursuant to the court's Order of December 14, 2017. Since the Sixuvus have **no** claim against Intervenor who's a necessary party to the injunction, the Sixuvus motion for the temporary injunction and ongoing hearing, must be adjourned pending the Sixuvus response to this motion to dismiss.

In any event, the Sixuvus **should have amended its cross complaint** to name Intervenor prior to bringing its motion for a temporary injunction. The Sixuvus have had ample time to do so since the time Intervenor was allowed to enter the case on December 14, 2017. The Sixuvus failed to do so prior to the filing of its motion for temporary injunction and this is fatal to their motion for temporary injunction. It is important to note that this issue is at the heart of Intevenor's Second Circuit appeal; that is, that defendants **failed to join Intervenor as a party**, yet they continue to seek relief that would affect her rights, now through a temporary injunction. It cannot be stressed enough that **there is no complaint against Intervenor** joining her to the

3

Sixuvus motion for a temporary injunction. Only Can't Stop is joined in the Sixuvus cross-complaint.

### THIS COURT IS YET TO DECIDE THE THRESHOLD ISSUE OF WHETHER INTERVENOR IS AN INDISPENSIBLE PARTY

In Intervenor's motion to intervene, she specifically alleged that she is an indispensable party. Though Intervenor's counsel pressed your honor on the issue several times, your honor failed to address whether the court agreed, or not. In this Circuit, there are two standards for determining whether a party is "necessary" under Rule 19(a) for purposes of a complaint. Under the first standard, a party is "necessary" where "complete relief cannot be accorded among those already parties." See Fed. R. Civ. P. 19(a)(1). According to the Second Circuit, "Rule 19(a)(1) is concerned only with those who are already parties." Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 385 (2d Cir. 2006). If complete relief for the existing parties can be granted in the absence of a third party, that party is not "necessary" under Fed. R. Civ. P. 19(a)(1)(A).

However, if complete relief **cannot** be afforded absent a third party, the party is necessary, Id. Under the second standard of Rule 19(a), it asks, does a third party "claim an interest relating to the subject of the action and is so situated that disposing of the action in the [Intervenor's] absence [as a party] may: (i) as a practical matter impair or impede [Intervenor's] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

If a party who is "necessary" under Rule 19(a) cannot be joined, "the district court must determine whether the claim should be dismissed because the necessary party is 'indispensable." Jones Film, 299 F.3d at 139 and the Court must have a hearing on that issue. This Court is yet to decide this threshold issue, but it was implied in your honor's order to allow Intervenor to

4

Intervene in the action. Here, the Sixuvus could easily have joined Intervernor and have had ample time to do so prior to them seeking a motion for a temporary injunction. However, the Sixuvus failed to do so. As a result, their motion for a temporary injunction must be dismissed for non-joinder. Simply put, if this Court decides that Intervenor is an indispensable and necessary party, the Sixuvus motion for temporary injunction must be **dismissed with prejudice** for failure to join because they would have, for the second time, sought action in this Court which effects Intervenor's rights without first joining Intervenor to their complaint. It is important to note that Intervenor could likewise **not** seek an injunction against the Sixuvus at this stage either because Intervenor is yet to file a complaint in intervention against the Sixuvus.

### THE SIXUVUS CANNOT PREVAIL ON THIER COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

Intervenor **as a matter of technicality must be named as a party to the Sixuvus complaint.** And because Intervenor is an indispensable party to the Sixuvus counterclaim and motion for temporary injunction, **but was not named as a defendant in the Sixuvus complaint**, the injunction hearing must be adjourned and the complaint dismissed. *See e.g., Ram v. Lal*, 906 F. Supp. 2d 59, 80 (E.D.N.Y. 2012) ((failure to join necessary party disposes of movant's preliminary injunction motion because movant **cannot show a likelihood of success on the merits of its lawsuit**); *Boat Basin Inv'rs, LLC v. First Am. Stock Transfer, Inc.*, 2003 WL 282144, at *8 (S.D.N.Y. Feb. 7, 2003) (same); *Shenandoah v. U.S. Dep't of Interior*, 1997 WL 214947, at *3 (N.D.N.Y. Apr. 14, 1997), *aff'd*, 159 F.3d 708 (2d Cir. 1998) (emphasis added). As such, the **Sixuvus' failure to join Intervenor in its complaint** is a threshold issue the Sixuvus must overcome but cannot do so.

Therefore, the Sixuvus cannot prevail on their compliant and motion for temporary injunction because Intervenor is participating in the injunction hearing only with respect to her

5

interest in the Sixuvus cross-complaint against Can't Stop. In fact, there is **no complaint against Intervenor at-all** that joins her as a party to the Sixuvus motion for temporary injunction pursuant to their cross-complaint against Can't Stop. Therefore, the Sixuvus motion and ongoing hearing must adjourned and their complaint dismissed for non-joinder. The Sixuvus have had ample time to name Intervenor as a party to their complaint and motion for temporary injunction, but failed to do so. This Court cannot continue to cover for the Sixuvus by issuing *sua sponte* dismissals of Intervenor's motions, seemingly, to keep the Sixuvus in your honor's court. Intervenor have the right to vigorously defend her interest in the Sixuvus claims against Can't Stop. Accordingly, the Sixuvus must be compelled to respond to this motion to dismiss for non-joinder.

## CONCLUSION

The Sixuvus should have joined Intervenor in their cross-complaint prior to bringing their motion for preliminary injunction. They have not, though they've had ample time to do so. Accordingly, their entire action and motion for preliminary injunction should be dismissed for failure to join a necessary party.

Dated: February 5, 2018              Respectfully submitted,

                                     KAREN L. WILLIS, J.D.