UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

      -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,
              Defendants,

7:17-cv-06513-CS

NOTICE OF INTERVENOR'S
JOINDER TO PLAINTIFF'S
PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
              Intervenor.
-------------------------------------------------------------x

      Intervenor joins in Can't Stop Productions, Inc. ("Can't Stop") proposed findings of fact and conclusions of law. As demonstrated by Can't Stop, there are no grounds for which the Sixuvus, Ltd. ("Sixuvus") is entitled to a temporary injunction allowing their continued use of the Village People trademark for purposes of live performances which is the actual culprit for public confusion. The Sixuvus position that Can't Stop should have auditioned Victor Willis is absolutely absurd and shows the absolute stupidity of the Sixuvus. Victor Willis is the original and actual lead singer and writer of all the Village People hits. Likewise, he one of the most powerful and dynamic singers in the world. He requires **no** introduction to Can't Stop and Village People fans. They know him well. That's like some version of The Supremes who has been performing for 30 years declaring that Diana Ross must be made to audition. It's absolutely absurd from a group of performers who have taken out a trademark to perform as "The Kings of Disco," therein with plans to discontinue performing as Village People. Therefore, their only

purpose for seeking as injunction is to continue their attempts to disrupt the return of the Village People original lead singer.

The Sixuvus on the other hand is an outright fake and fraud who are not the singers of any of the Village People hits as they pretend to be and as they have mislead the public into believing over the years. Nonetheless, even if the Sixuvus were to prevail on their Naked License claim (and they will not), they'd still not be allowed to performance live under the Village People mark because Can't Stop likewise owns the Village People mark for recorded music.

In support of this position, the Second Circuit opined: "[a] trade name or mark is merely a symbol of goodwill; it has no independent significance apart from the goodwill it symbolizes." Marshak v. Green, 746 F.2d 927, 929 (2d Cir.1984)." The Second Circuit therefore concluded that "[u]se of the mark... in connection with a different goodwill and different product [live performances by the Sixuvus with use of the Village People mark] would result in a fraud on the purchasing public who reasonably assume that the mark signifies the same thing [the original Village People group and it's recordings already owned by Can't Stop about 20 years prior to the live performance mark], whether used by one person or the other." Id. Emphasis added.

Essentially, Can't Stop does not need a mark in the category of live performances to license or regulate live performances as Village People because the brand is equally protected by it's other Village People related marks.

Accordingly, there are likewise no other grounds on which the Sixuvus' could prevail on their motion for a preliminary injunction for a multitude of other reasons including as follows:

# THE SIXUVUS FAILED TO JOIN A
# NECESSARY PARTY TO THEIR COMPLAINT

Besides the fact that the court lack subject matter jurisdiction to entertain a temporary injunction while the issue on appeal, Invervenor is in this case only for purposes of protecting her interest in the Sixuvus claims against Can't Stop. Intervenor is not joined in the Sixuvus cross complaint from which the Sixuvus sought and continue seek to various relief including but not limited to a temporary injunction and use of a naked license defense. Since the Sixuvus have **no** claim against Intervenor who's a necessary party to the injunction, the Sixuvus complaint and temporary restraining order must be dismissed.

In any event, the Sixuvus **should have amended its cross complaint** to name Intervenor prior to bringing its motion for a temporary injunction. The Sixuvus have had ample time to do so since the time Intervenor was allowed to enter the case on December 14, 2017. The Sixuvus failed to do so prior to the filing of its motion for temporary injunction and this is fatal to their temporary injunction. It is important to note that this issue is at the heart of Intevenor's Second Circuit appeal; that is, that defendants **failed to join Intervenor as a party**, yet they continue to seek relief that would affect her rights, now through a temporary injunction. It cannot be stressed enough that **there is no complaint against Intervenor** joining her to the Sixuvus motion for a temporary injunction. Only Can't Stop is joined in the Sixuvus cross-complaint.

Intervenor **on procedural grounds must be named as a party to the Sixuvus complaint**. And because Intervenor is an indispensable party to the Sixuvus counterclaim and motion for temporary injunction, **but was not named as a defendant in the Sixuvus cross-complaint**, and complaint and temporary injunction must now be dismissed. *See e.g., Ram v. Lal*, 906 F. Supp. 2d 59, 80 (E.D.N.Y. 2012) ((failure to join necessary party disposes of movant's preliminary injunction motion because movant **cannot show a likelihood of success**

on the merits of its lawsuit); *Boat Basin Inv'rs, LLC v. First Am. Stock Transfer, Inc.*, 2003 WL 282144, at *8 (S.D.N.Y. Feb. 7, 2003) (same); *Shenandoah v. U.S. Dep't of Interior*, 1997 WL 214947, at *3 (N.D.N.Y. Apr. 14, 1997), *aff'd*, 159 F.3d 708 (2d Cir. 1998) (emphasis added). As such, the **Sixuvus' failure to join Intervenor in its complaint** is a threshold issue the Sixuvus must overcome but cannot do so.

### THE SIXUVUS RELIANCE ON IDAHO POTOTO IS MISGUIDED

The Second Circuit was very clear that in re Idaho Potato is limited to **certification marks**. Here, the Village People mark is not a certification mark. In Idaho Potato Comm'n v. M&M Produce Farm & Sales, 335 F.3d 130 (2d Cir. 2003).

Dated: February 12, 2018                Respectfully submitted,

                                        KAREN L. WILLIS, J.D.

                                        _____

3