Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA.  92101
(619) 206-5311

February 12, 2018

**DOCKETING OF DECEMBER 7, 2017 MOTION TO INTERVENE, TRO AND MOTION TO VACATE**

Per the request of Hon. Judge Cathy Siebel, the following papers dated December 7, 2017, is hereby docketed:

*Memorandum of Law to Vacate or Modify;
*OSC to Permit Intervention or Modify TRO;
*Declaration of Brian Caplan;
*Declaration of Karen Willis;
*Declaration of Sal Michaels

Respectfully submitted,

Karen L. Willis, J.D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

                              Plaintiff,

                                                      Civil Action No.

        -against-                                     17-cv-06513-CS

                                                      **DECLARATION OF BRIAN**
SIXUVUS, LTD., ERIC ANZALONE,                         **D. CAPLAN**
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,

                              Defendants.
-----------------------------------------------------------x

        Pursuant to 28 U.S.C. 1746, Brian D. Caplan, under penalty of perjury, swears to the truth

of the following statements:

        1.      I am a Member of Reitler Kailas & Rosenblatt LLC, attorneys for proposed

Intervenor Karen Willis d/b/a Harlem West Entertainment ("Intervenor").   I make this

declaration in support of Intervenor's motion to (i) intervene in this action, (ii) vacate or dissolve

the temporary restraining order dated December 1, 2017 in this action, or in the alternative, to

modify such order, and (iii) to temporarily restrain Defendants from using social media to

interfere with Intervenor's business.  I have personal knowledge of the facts and circumstances

set forth herein.

        2.      By email dated December 6, 2017 and sent at 6:40 p.m., I gave notice to plaintiff

Can't Stop Productions, Inc.'s counsel, Stewart Levy, Esq., and to counsel for the defendants

herein, Gary Adelman, Esq., of Intervenor's intention to appear before the Honorable Cathy

Seibel at the United States District Court in White Plains, New York on Friday, December 8 at

10:00 a.m. with respect to an order to show cause requesting permission for Intervenor to

intervene in the instant action and seeking vacatur or modification of the existing temporary

restraining order.  A true and correct copy of my December 6, 2017 email is attached hereto as

Exhibit A.

2A.  No prior application for the relief requested herein has been made by Intervenor.

3.     Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, attached hereto as

Exhibit B is Intervenor's proposed pleading.

Sworn to Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746.

Brian D. Caplan

Dated: New York, New York
       December 7, 2017

# EXHIBIT A

## Caplan Brian D.

| | |
|---|---|
| **From:** | Caplan Brian D. |
| **Sent:** | Wednesday, December 06, 2017 6:40 PM |
| **To:** | 'Stewart Levy'; 'Gary Adelman' |
| **Cc:** | Clarida, Robert W.; Wlodinguer, Julie |
| **Subject:** | Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al. |

Please be advised that my firm has been retained by Karen Willis d/b/a Harlem West Entertainment.
Notice is hereby given that it is our present intent to appear before the Honorable Cathy Seibel at the United States District Court in White Plains, New York on Friday December 8th at 10:00 and provide the judge with an order to show cause (1) requesting permission for Ms. Willis to intervene in the existing action and (2) to vacate or modify the existing temporary restraining order entered last Friday.

Best wishes, Brian

**Brian D. Caplan**
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Main: 212-209-3050
Direct: 212-209-3059
Fax: 212-371-5500
Email: bcaplan@reitlerlaw.com

*This e-mail (including any attachments) is intended only for the exclusive use of the individual[s] to whom it is addressed. The information contained herein or attached hereto may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone (212-209-3050) or e-mail and delete all copies of this e-mail and any attachments. Thank you.*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

                      7:17-cv-06513-CS

      -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,
                Defendants.

------------------------------------------------------------x

## [PROPOSED] COUNTERCLAIM AGAINST DEFENDANTS SIXUVUS ET AL. FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff KAREN WILLIS d/b/a HARLEM WEST ENTERTAINMENT

("Harlem West"), by her undersigned attorneys, for her counterclaim against

Defendants SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER BRILEY,

FELIPE ROSE, JAMES F. NEWMAN, RAYMOND SIMPSON, and WILLIAM

WHITEFIELD (collectivfely, "Sixuvus"), alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for trademark infringement and unfair competition.

Defendants' use and proposed use of the federally registered trademark VILLAGE

PEOPLE (the "Mark"), as provisionally permitted in this Court's Temporary

Restraining Order dated December 1, 2017 ("Order"), constitutes and would constitute a violation of Harlem West's exclusive rights under the federal trademark infringement laws and federal law of unfair competition (15 U.S.C. § 1125(a)), and under New York law, as more fully set forth hereinafter.

2.    Harlem West, by Order to Show Cause filed contemporaneously herewith, seeks to vacate or modify the Order, so as to prohibit Defendant's infringement the Mark, in which Harlem West has been granted exclusive rights pursuant to a written agreement with the Mark's owner of record, and to prohibit Defendants from using social media or other communications channels to interfere with Harlem West's exclusive use of the Mark.

3.    Harlem West was not previously named as a party in this action.

## THE PARTIES

4.    Plaintiff Karen Willis d/b/a Harlem West is a natural person who resides in the State of California.

5.    Upon information and belief, Defendant Sixuvus Ltd. is a New York corporation having a principal place of business in New York, New York.

6.    Upon information and belief, Defendant Eric Anzalone is a natural person who resides in the State of New Jersey.

7.    Upon information and belief, Defendant Alexander Briley is a natural person who resides in the State of New York.

2

8.    Upon information and belief, Defendant James F. Newman is a natural person who resides in the State of New York.

9.    Upon information and belief, Defendant Felipe Rose is a natural person who resides in the State of New Jersey.

10.    Upon information and belief, Defendant Raymond Simpson is a natural person who resides in the State of New Jersey.

11.    Upon information and belief, Defendant William Whitefield is a natural person who resides in the State of New Jersey.

12.    Upon information and belief, each of the individual defendants has an ownership interest in Sixuvus.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338, as those claims arise under 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant Sixuvus has its principal place of business in this judicial district.

## FACTS

15.    As recited in the Complaint in this action filed by Can't Stop Productions, Inc. ("Can't Stop")(ECF 1), at para. 18, Can't Stop is the owner of

3

three U.S. federal trademark registrations for the mark VILLAGE PEOPLE for goods and services in the music industry, including without limitation Reg. No. 1,101,013 for live performances by a musical group, issued on or about August 28, 1978.

16.     On or about May 19, 2017, Can't Stop granted to Harlem West the exclusive right to use the Mark for live musical performances in a written agreement (the "Exclusive License"), attached as Exhibit 1 to the accompanying Declaration of Karen Willis ("Willis Decl.").

17.     On May 30, 2017, Can't Stop terminated an oral license agreement it had previously given to Sixuvus, leaving Harlem West as the only authorized licensee of the Mark.  A copy of the notice of termination is attached as Exhibit 8 to the Simpson Declaration filed by Defendants on Nov. 30, 2017.

18.     In the notice of termination, Can't Stop allowed Sixuvus to honor the dates and contracts it had already signed, but asked that Sixuvus not accept any further bookings under the VILLAGE PEOPLE name after June 1, 2017.

19.     In recognition of the termination of the prior oral license to Sixuvus, and of the right of Sixuvus to continue to honor existing contracts, Can't Stop provided in the Exclusive License to Harlem West that full exclusivity would not be possible for Harlem West until December 1, 2017.

4

20.    Accordingly, any use of the Mark by Sixuvus on or after Dec. 1, 2017 violates the exclusivity granted to Harlem West by the owner of the Mark.

21.    As exclusive licensee, Harlem West has standing to assert claims for infringement of the exclusive rights it acquired under the Exclusive License.

**A.    The Nature and Quality of the Mark**

22.    The Mark is well-recognized within the relevant public of pop music consumers and concertgoers.

23.    The Mark is inherently distinctive when used in connection with live musical performances because prospective purchasers are likely to perceive it as a designation that identifies the business of a particular source, namely Can't Stop, or of its authorized licensees.

24.    The federal registration of the Mark has become incontestable.

25.    As a result of the use, advertisement and promotion of the Mark, and the resulting goodwill which has inured to the benefit of the Mark's owner of record,  it has become highly distinctive and has become well and favorably known among the relevant public throughout the nation and the world as identifying Can't Stop and its authorized licensees.

**B.    Defendant's Use and Proposed Use of the Mark.**

26.    Defendant Sixuvus has used, and this Court has provisionally authorized future use of, the Mark in the following manner to identify live

5

performances by Sixuvus: "Sixuvus Presents the Legendary Village People"(see Order at 1).

27.    Since the entry of the Order, Defendants have also made use of the Mark in other ways, not permitted by the Order.

28.    As used and proposed to be used by the Defendants, the words VILLAGE PEOPLE are identical to, and the entire TRO Formulation is confusingly similar to, the Mark.

29.    The services with which Defendants have used and propose to use the Mark, namely live musical performances, are identical to the services covered by the incontestable registration of the registered Mark.

30.    Upon information and belief, the class of purchasers to whom Defendants have offered and propose to offer their live musical performances under the Mark is identical to the class of purchasers to whom Harlem West is exclusively licensed to offer live musical performances under the Mark.

31.    Upon information and belief, the buyers of pop music concert tickets are not highly sophisticated consumers who perform extensive research before making a purchase, but instead buy tickets based on very limited information, principally the name of the featured performer(s), not the name of the promoter or presenter.

6

32.    Upon information and belief, the Defendants intend to cause confusion or mistake among buyers of music concert tickets by using the Mark in the TRO Formulation.

33.    The Defendants' use of the words VILLAGE PEOPLE in the TRO Formulation or otherwise is likely to cause confusion among the relevant public and trade.

34.    The Defendants' use of the words, VILLAGE PEOPLE in the TRO Formulation or otherwise is likely to deceive the relevant public and trade as to the affiliation, connection, or association of Sixuvus with Can't Stop or its authorized exclusive licensee, Harlem West.

35.    Upon information and belief, Defendants have used and proposed to use the Mark in the TRO Formulation and otherwise in an effort to trade upon the reputation and goodwill that Can't Stop and its authorized licensees have established in the Mark.

36.    By offering and proposing to offer their services using the words VILLAGE PEOPLE in the TRO Formulation and otherwise, Defendants are palming off its services as originating from or being endorsed by Can't Stop, thereby enhancing the commercial value and reputation of Defendants' goods.

7

### C.    Defendant's Bad Faith and Interference.

37.    The Defendants' bad faith in adopting and using the Mark and otherwise interfering with Harlem West's business is demonstrated by their actions both before and after the entry of this Court's Order on December 1.

38.    Defendants have failed and refused to return control of the official Village People's social media accounts to Can't Stop, despite due request therefor.

39.    Defendants have also used, and continue to use, the official Village People's social media accounts to interfere with Harlem West's exclusive rights to the Mark and amplify confusion among the public as to the "real" Village People.

40.    In particular, Defendants have encouraged fans to contact promoters to tell them that Harlem West's group is "fake" and to demand ticket refunds.

41.    Defendants are also actively advertising that they will be touring in 2018 using the Mark and soliciting buyers, in direct competition with Harlem West.

### FIRST CAUSE OF ACTION

42.    Harlem West repeats and re-alleges the allegations of Paragraphs 1 through 41, inclusive, as if set forth fully herein.

43.    The Defendants have been granted provisional authorization to use reproductions of the Mark as part of the TRO Formulation in connection with the sale of services in interstate commerce.

8

44.     The Defendants' actions and proposed actions constitute use in commerce of a word, term, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Defendants' services in violation of 15 U.S.C. § 1125(a).

45.     Plaintiff is likely to be damaged by the Defendants' actions.

46.     By virtue of the foregoing, Harlem West is entitled to a judgment that Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise would infringe Harlem West's exclusive rights in the Mark, an injunction restraining future violations, and an award of its attorney's fees.

## SECOND CAUSE OF ACTION

47.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 46, inclusive, as if set forth fully herein.

48.     The Defendants have been granted provisional authorization to use reproductions of the Mark as part of the TRO Formulation mark in connection with the sale of services in interstate commerce.

49.     The Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise is likely to cause confusion as to the source of origin of such services.

9

50.     The Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise is likely to cause mistake as to the source of origin of such services.

51.     The Defendants' use and proposed use of the Mark in TRO Formulation or otherwise is likely to deceive as to the source of origin of such services.

52.     The Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise is likely to cause confusion as to the sponsorship of such services.

53.     The foregoing acts constitute a violation of 15 U.S.C. § 1114.

54.     Harlem West, as exclusive licensee of the Mark, has been injured and is likely to continue to be injured by Defendants' actions.

55.     By virtue of the foregoing, Harlem West is entitled to a judgment that Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise would infringe Harlem West's exclusive rights in the Mark, an injunction restraining future violations, and an award of its attorney's fees.

## THIRD CAUSE OF ACTION

56.     Harlem West repeats and re-alleges the allegations of Paragraphs 1 through 55, inclusive, as if set forth fully herein.

10

57. The Defendants' actions and proposed actions constitute unlawful and/or unfair acts, and therefore constitute an unfair method of competition in violation of the common law of the State of New York and New York General Business Law section 349.

58. The Defendants' actions and proposed actions constitute passing off its services as those of Can't Stop's authorized licensee, when in fact they are not, and therefore constitute an unfair method of competition in violation of the common law of the State of New York and New York General Business Law section 349.

59. By virtue of the foregoing, Harlem West is entitled to a judgment that Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise would infringe Harlem West's exclusive rights in the Mark, an injunction restraining future violations, and an award of its attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Harlem West requests that judgment be entered as follows:

1. That Defendants, their directors, officers, agents, employees, licensees, affiliates, members, any parent and subsidiary companies, attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be enjoined and restrained, preliminarily and permanently from directly or indirectly:

11

(a)    Using the Mark VILLAGE PEOPLE, or marks confusingly similar to VILLAGE PEOPLE in connection with live musical performances, including without limitation in the context of the TRO Formulation;

(b)    Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Harlem West and Defendant are one and the same or are in some way connected, or that Defendants are in some manner affiliated or associated with or under the supervision or control of or licensed by Harlem West, or that services of Defendants are authorized by the owner of the Mark;

and

(c)    Using any trade practice whatsoever, including those complained of herein, which tends to unfairly compete with or injure Harlem West, its business or the goodwill appertaining thereto as embodied in the Mark;

2.    That Defendants, their officers, directors, agents, employees, licensees, affiliates, members, any parent and subsidiary companies, attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all merchandise, labels, signs, cartons, tags, boxes, papers, statements, invoices, advertising, promotional and any other materials bearing the Mark together with all plates,

12

molds, matrices, and other means and materials for making and reproducing the same;

    3.     That Defendants be required to pay to Harlem West compensatory damages for the injury sustained by Harlem West, trebled pursuant to statute;

    4.     That Defendants be required to account to Harlem West for any and all gains, profits and advantages derived by them from the activities complained of herein, trebled pursuant to statute;

    5.     That Defendant be required to pay to Harlem West the costs incurred by Harlem West in this action, together with its reasonable attorney's fees; and

    6.     That Harlem West have such other and further relief as this Court shall deem just and proper.


Dated: New York, New York
      December __, 2017

                REITLER KAILAS & ROSENBLATT LLC


           By:_____
                Brian D. Caplan, Esq.
                Robert W. Clarida, Esq.
                885 Third Avenue, 20th Floor
                New York, New York 10022
                Telephone: (212) 209-3050
                bcaplan@reitlerlaw.com
                rclarida@reitlerlaw.com

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

                                       7:17-cv-06513-CS

       -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,
               Defendants.

-----------------------------------------------------------x

## [PROPOSED] COUNTERCLAIM AGAINST DEFENDANTS SIXUVUS ET AL. FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff KAREN WILLIS d/b/a HARLEM WEST ENTERTAINMENT

("Harlem West"), by her undersigned attorneys, for her counterclaim against

Defendants SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER BRILEY,

FELIPE ROSE, JAMES F. NEWMAN, RAYMOND SIMPSON, and WILLIAM

WHITEFIELD (collectivfely, "Sixuvus"), alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement and unfair competition.

Defendants' use and proposed use of the federally registered trademark VILLAGE

PEOPLE (the "Mark"), as provisionally permitted in this Court's Temporary

Restraining Order dated December 1, 2017 ("Order"), constitutes and would

constitute a violation of Harlem West's exclusive rights under the federal

trademark infringement laws and federal law of unfair competition (15 U.S.C. §

1125(a)), and under New York law, as more fully set forth hereinafter.

2.      Harlem West, by Order to Show Cause filed contemporaneously

herewith, seeks to vacate or modify the Order, so as to prohibit Defendant's

infringement the Mark, in which Harlem West has been granted exclusive rights

pursuant to a written agreement with the Mark's owner of record, and to prohibit

Defendants from using social media or other communications channels to interfere

with Harlem West's exclusive use of the Mark.

3.      Harlem West was not previously named as a party in this action.

**THE PARTIES**

4.      Plaintiff Karen Willis d/b/a Harlem West is a natural person who

resides in the State of California.

5.      Upon information and belief, Defendant Sixuvus Ltd. is a New York

corporation having a principal place of business in New York, New York.

6.      Upon information and belief, Defendant Eric Anzalone is a natural

person who resides in the State of New Jersey.

7.      Upon information and belief, Defendant Alexander Briley is a natural

person who resides in the State of New York.

2

8.     Upon information and belief, Defendant James F. Newman is a natural person who resides in the State of New York.

9.     Upon information and belief, Defendant Felipe Rose is a natural person who resides in the State of New Jersey.

10.     Upon information and belief, Defendant Raymond Simpson is a natural person who resides in the State of New Jersey.

11.     Upon information and belief, Defendant William Whitefield is a natural person who resides in the State of New Jersey.

12.     Upon information and belief, each of the individual defendants has an ownership interest in Sixuvus.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338, as those claims arise under 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant Sixuvus has its principal place of business in this judicial district.

## FACTS

15.     As recited in the Complaint in this action filed by Can't Stop Productions, Inc. ("Can't Stop")(ECF 1), at para. 18, Can't Stop is the owner of

three U.S. federal trademark registrations for the mark VILLAGE PEOPLE for goods and services in the music industry, including without limitation Reg. No. 1,101,013 for live performances by a musical group, issued on or about August 28, 1978.

16.   On or about May 19, 2017, Can't Stop granted to Harlem West the exclusive right to use the Mark for live musical performances in a written agreement (the "Exclusive License"), attached as Exhibit 1 to the accompanying Declaration of Karen Willis ("Willis Decl.").

17.   On May 30, 2017, Can't Stop terminated an oral license agreement it had previously given to Sixuvus, leaving Harlem West as the only authorized licensee of the Mark. A copy of the notice of termination is attached as Exhibit 8 to the Simpson Declaration filed by Defendants on Nov. 30, 2017.

18.   In the notice of termination, Can't Stop allowed Sixuvus to honor the dates and contracts it had already signed, but asked that Sixuvus not accept any further bookings under the VILLAGE PEOPLE name after June 1, 2017.

19.   In recognition of the termination of the prior oral license to Sixuvus, and of the right of Sixuvus to continue to honor existing contracts, Can't Stop provided in the Exclusive License to Harlem West that full exclusivity would not be possible for Harlem West until December 1, 2017.

4

20.     Accordingly, any use of the Mark by Sixuvus on or after Dec. 1, 2017 violates the exclusivity granted to Harlem West by the owner of the Mark.

21.     As exclusive licensee, Harlem West has standing to assert claims for infringement of the exclusive rights it acquired under the Exclusive License.

**A.     The Nature and Quality of the Mark**

22.     The Mark is well-recognized within the relevant public of pop music consumers and concertgoers.

23.     The Mark is inherently distinctive when used in connection with live musical performances because prospective purchasers are likely to perceive it as a designation that identifies the business of a particular source, namely Can't Stop, or of its authorized licensees.

24.     The federal registration of the Mark has become incontestable.

25.     As a result of the use, advertisement and promotion of the Mark, and the resulting goodwill which has inured to the benefit of the Mark's owner of record, it has become highly distinctive and has become well and favorably known among the relevant public throughout the nation and the world as identifying Can't Stop and its authorized licensees.

**B.     Defendant's Use and Proposed Use of the Mark.**

26.     Defendant Sixuvus has used, and this Court has provisionally authorized future use of, the Mark in the following manner to identify live

performances by Sixuvus: "Sixuvus Presents the Legendary Village People"(see Order at 1).

27.    Since the entry of the Order, Defendants have also made use of the Mark in other ways, not permitted by the Order.

28.    As used and proposed to be used by the Defendants, the words VILLAGE PEOPLE are identical to, and the entire TRO Formulation is confusingly similar to, the Mark.

29.    The services with which Defendants have used and propose to use the Mark, namely live musical performances, are identical to the services covered by the incontestable registration of the registered Mark.

30.    Upon information and belief, the class of purchasers to whom Defendants have offered and propose to offer their live musical performances under the Mark is identical to the class of purchasers to whom Harlem West is exclusively licensed to offer live musical performances under the Mark.

31.    Upon information and belief, the buyers of pop music concert tickets are not highly sophisticated consumers who perform extensive research before making a purchase, but instead buy tickets based on very limited information, principally the name of the featured performer(s), not the name of the promoter or presenter.

6

32.    Upon information and belief, the Defendants intend to cause confusion or mistake among buyers of music concert tickets by using the Mark in the TRO Formulation.

33.    The Defendants' use of the words VILLAGE PEOPLE in the TRO Formulation or otherwise is likely to cause confusion among the relevant public and trade.

34.    The Defendants' use of the words, VILLAGE PEOPLE in the TRO Formulation or otherwise is likely to deceive the relevant public and trade as to the affiliation, connection, or association of Sixuvus with Can't Stop or its authorized exclusive licensee, Harlem West.

35.    Upon information and belief, Defendants have used and proposed to use the Mark in the TRO Formulation and otherwise in an effort to trade upon the reputation and goodwill that Can't Stop and its authorized licensees have established in the Mark.

36.    By offering and proposing to offer their services using the words VILLAGE PEOPLE in the TRO Formulation and otherwise, Defendants are palming off its services as originating from or being endorsed by Can't Stop, thereby enhancing the commercial value and reputation of Defendants' goods.

7

**C.    Defendant's Bad Faith and Interference.**

37.    The Defendants' bad faith in adopting and using the Mark and otherwise interfering with Harlem West's business is demonstrated by their actions both before and after the entry of this Court's Order on December 1.

38.    Defendants have failed and refused to return control of the official Village People's social media accounts to Can't Stop, despite due request therefor.

39.    Defendants have also used, and continue to use, the official Village People's social media accounts to interfere with Harlem West's exclusive rights to the Mark and amplify confusion among the public as to the "real" Village People.

40.    In particular, Defendants have encouraged fans to contact promoters to tell them that Harlem West's group is "fake" and to demand ticket refunds.

41.    Defendants are also actively advertising that they will be touring in 2018 using the Mark and soliciting buyers, in direct competition with Harlem West.

## FIRST CAUSE OF ACTION

42.    Harlem West repeats and re-alleges the allegations of Paragraphs 1 through 41, inclusive, as if set forth fully herein.

43.    The Defendants have been granted provisional authorization to use reproductions of the Mark as part of the TRO Formulation in connection with the sale of services in interstate commerce.

8

44.     The Defendants' actions and proposed actions constitute use in commerce of a word, term, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Defendants' services in violation of 15 U.S.C. § 1125(a).

45.     Plaintiff is likely to be damaged by the Defendants' actions.

46.     By virtue of the foregoing, Harlem West is entitled to a judgment that Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise would infringe Harlem West's exclusive rights in the Mark, an injunction restraining future violations, and an award of its attorney's fees.

## SECOND CAUSE OF ACTION

47.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 46, inclusive, as if set forth fully herein.

48.     The Defendants have been granted provisional authorization to use reproductions of the Mark as part of the TRO Formulation mark in connection with the sale of services in interstate commerce.

49.     The Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise is likely to cause confusion as to the source of origin of such services.

9

50. The Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise is likely to cause mistake as to the source of origin of such services.

51. The Defendants' use and proposed use of the Mark in TRO Formulation or otherwise is likely to deceive as to the source of origin of such services.

52. The Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise is likely to cause confusion as to the sponsorship of such services.

53. The foregoing acts constitute a violation of 15 U.S.C. § 1114.

54. Harlem West, as exclusive licensee of the Mark, has been injured and is likely to continue to be injured by Defendants' actions.

55. By virtue of the foregoing, Harlem West is entitled to a judgment that Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise would infringe Harlem West's exclusive rights in the Mark, an injunction restraining future violations, and an award of its attorney's fees.

## THIRD CAUSE OF ACTION

56. Harlem West repeats and re-alleges the allegations of Paragraphs 1 through 55, inclusive, as if set forth fully herein.

10

57.    The Defendants' actions and proposed actions constitute unlawful and/or unfair acts, and therefore constitute an unfair method of competition in violation of the common law of the State of New York and New York General Business Law section 349.

58.    The Defendants' actions and proposed actions constitute passing off its services as those of Can't Stop's authorized licensee, when in fact they are not, and therefore constitute an unfair method of competition in violation of the common law of the State of New York and New York General Business Law section 349.

59.    By virtue of the foregoing, Harlem West is entitled to a judgment that Defendants' use and proposed use of the Mark in the TRO Formulation or otherwise would infringe Harlem West's exclusive rights in the Mark, an injunction restraining future violations, and an award of its attorney's fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Harlem West requests that judgment be entered as follows:

1.    That Defendants, their directors, officers, agents, employees, licensees, affiliates, members, any parent and subsidiary companies, attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be enjoined and restrained, preliminarily and permanently from directly or indirectly:

11

    (a)    Using the Mark VILLAGE PEOPLE, or marks confusingly similar to VILLAGE PEOPLE in connection with live musical performances, including without limitation in the context of the TRO Formulation;

    (b)    Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Harlem West and Defendant are one and the same or are in some way connected, or that Defendants are in some manner affiliated or associated with or under the supervision or control of or licensed by Harlem West, or that services of Defendants are authorized by the owner of the Mark;

    and

    (c)    Using any trade practice whatsoever, including those complained of herein, which tends to unfairly compete with or injure Harlem West, its business or the goodwill appertaining thereto as embodied in the Mark;

    2.    That Defendants, their officers, directors, agents, employees, licensees, affiliates, members, any parent and subsidiary companies, attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all merchandise, labels, signs, cartons, tags, boxes, papers, statements, invoices, advertising, promotional and any other materials bearing the Mark together with all plates,

12

molds, matrices, and other means and materials for making and reproducing the same;

3.      That Defendants be required to pay to Harlem West compensatory damages for the injury sustained by Harlem West, trebled pursuant to statute;

4.      That Defendants be required to account to Harlem West for any and all gains, profits and advantages derived by them from the activities complained of herein, trebled pursuant to statute;

5.      That Defendant be required to pay to Harlem West the costs incurred by Harlem West in this action, together with its reasonable attorney's fees; and

6.      That Harlem West have such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
      December __, 2017

REITLER KAILAS & ROSENBLATT LLC

By:_____
      Brian D. Caplan, Esq.
      Robert W. Clarida, Esq.
      885 Third Avenue, 20th Floor
      New York, New York 10022
      Telephone: (212) 209-3050
      bcaplan@reitlerlaw.com
      rclarida@reitlerlaw.com