Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

February 12, 2018

**DOCKETING OF DECEMBER 7, 2017 MOTION TO INTERVENE, TRO AND MOTION TO VACATE**

Per the request of Hon. Judge Cathy Siebel, the following papers dated December 7, 2017, is hereby docketed:

*Memorandum of Law to Vacate or Modify;
*OSC to Permit Intervention or Modify TRO;
*Declaration of Brian Caplan;
*Declaration of Karen Willis;
*Declaration of Sal Michaels

Respectfully submitted,

Karen L. Willis, J.D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

                Plaintiff,

        -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,

                Defendants.
-----------------------------------------------------------------x

Civil Action No.
17-cv-06513-CS

**DECLARATION OF**
**SAL MICHAELS**

      Pursuant to 28 U.S.C. 1746, Sal Michaels, under penalty of perjury, swears to the truth of the following statements:

      1.    I am the owner and CEO of Pyramid Entertainment Group ("Pyramid"), a boutique music talent booking agency, which books live performances for musical artists. I make this declaration in support of the motion of proposed Intervenor Karen Willis d/b/a Harlem West Entertainment ("Intervenor") to intervene in the instant action and to immediately vacate and/or modify the temporary restraining order entered in this action on December 1, 2017. I have personal knowledge of the facts and circumstances set forth herein.

      2.    I am informed that Intervenor is the exclusive licensee of the federally registered trademark rights in the "Village People," its characters, and trade dress (the "Trademarks").

      3.    I am further informed that Intervenor has the exclusive right to use the Trademarks in connection with live performances.

206646v3

4. Intervenor has recently assembled a group of performers, including Victor Willis, the original lead singer of the iconic 1970s group, the Village People, to put on live performances of songs originally performed by the Village People.

5. Pyramid is the booking agent for Intervenor and has, to date, booked numerous performances after December 1, 2017 for the "Village People."

6. I am informed that a group known as Sixuvus Ltd. ("Sixuvus") has previously performed live as the "Village People" and continues to book live performances and hold themselves out to the public as the "Village People" and/or the "Legendary Village People," notwithstanding Intervenor's exclusive right to use the Trademarks.

7. I am further informed that this Court entered a temporary restraining order ("TRO") on December 1, 2017 which permits Sixuvus to perform as "The Legendary Village People" and restrains the plaintiff herein from interfering with or preventing Sixuvus from booking live performances, accepting live engagements or performing live as "The Legendary Village People."

8. Sixuvus' conduct and continued use of the Trademarks in booking performances as the "Village People" or "The Legendary Village People" (regardless of whether such name is preceded by the phrase "Sixuvus presents") undoubtedly causes confusion in the marketplace as to which group – Intervenor's group or Sixuvus' group – is the "real" Village People that is authorized to perform under the trademark "Village People." It also causes confusion as to what group and which show promoters and venues, as well as audiences, can expect to see when they attend a live "Village People" performance.

9. Moreover, if Sixuvus is permitted to continue booking live shows and performing as "The Village People" or "The Legendary Village People," it will have a detrimental impact on Intervenor's ability to procure its own engagements for the Village People.

10. In addition to the confusion in the marketplace, there is a very imminent possibility that Sixuvus will procure an engagement to perform as the Village People that otherwise would have been booked by Pyramid on behalf of Intervenor. Sixuvus' competitive conduct effectively halts any publicity and touring momentum that Intervenor is building at its infancy.

11. By reason of the foregoing, Sixuvus' conduct and continuing use of the Trademarks as well as the parameters of the existing TRO have already caused and will continue to cause irreparable harm to Intervenor. The TRO should be vacated or modified immediately, and Intervenor should be permitted to intervene in this action as a party of interest.

Sworn to Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746.

*Sal Michaels*
Sal Michaels

Dated: New York, New York
December 7, 2017

206646v3

-3-