UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

        -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,
                 Defendants,


KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
               Intervenor,

        -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD, RED
ENTERTAINMENT AGENCY, and
PENNSYLVANIA HORTICULTURAL
SOCIETY
             Defendants

-------------------------------------------------------------x

7:17-cv-06513-CS

COUNTERCLAIM IN
INTERVENTION AGAINST
DEFENDANTS SIXUVUS ET AL.,
FOR TRADEMARK INFRINGMENT
AND UNFAIR COMPETITION; and
COMPLAINT AGAINST THE
PENNSYLVANIA HORTICULTURAL
SOCIETY, and RED
ENTERTAINMENT AGENCY, FOR
TRADEMARK INFRINGEMENT
AND CONSPIRACY

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA.  92101
(619) 206-5311
INTERVENOR

Plaintiff KAREN L. WILLIS d/b/a HARLEM WEST ("Intervenor"), brings her counterclaim against Defendants Sixuvus, Ltd., Eric Anzalone, Alex Briley, Felipe Rose-Ortiz, Raymond Simpson, William Whitefield, and Jim Newman(collectively, "Sixuvus"), and The Pennsylvania Horticultural Society, and RED ENTERTAINMENT alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement; confusion, deception, and false description; trademark dilution, unfair competition; and conspiracy.  Defendants' use of the federally registered trademark VILLAGE PEOPLE (the "Mark"), after being provisionally permitted to do so in this Court's Temporary Restraining Order dated December 1, 2017 ("Order"), and dissolved on February 16, 2018 constitute a violation of Harlem West's exclusive rights under the Lanham Act (15 U.S.C. § 1125(a)), (15 U.S.C. § 1125(c)), Section 43 (a), Section 43 (c), and under New York law, as more fully set forth hereinafter.

2.      Intervenor, by application for a Temporary Restraining Order ("TRO") and Preliminary Injunction filed contemporaneously herewith, seeks to enjoin defendants and each of them from interfering with Intervenor's group live performances by causing public confusion through passing-off and/or reverse passing off by falsely associating the Sixuvus recently obtained mark ("The Kings of Disco") as an extension or incarnation of the world famous Village People Mark including, featuring the group's co-founder and original lead singer Victor Willis. Defendants have engaged in scheme of ongoing interference designed to bring harm to Village People featuring Victor Willis live concerts as well as Intervenor's ability to book live concerts for the group by the Sixuvus holding themselves out as the "Official Village People."

3.      By holding themselves out as the "OfficialVillagePeople" through social media, defendants Sixuvus and their conspirators, continue to use official Village People social media

1

sites, causing Village People fans to believe that the Sixuvus newly announced group, "The

Kings of Disco" has its origins in the world famous Village People, and that The Kings of Disco

are in fact "formerly Village People." Moreover, the Sixuvus by holding themselves out to be

the official Village People with use of "Official Village People" and "Village People" social

media handles, is sowing harm and dissent amongst the public, especially Village People fans,

that somehow the return of the group's, co-founder, and actual lead singer and writer of all the

hits, is somehow wrong. Therefore, fans should object to the actual singer and co-founder of the

Village People ever returning to sing his music. This wrongful and infringing use of the Village

People mark by the Sixuvus is causing significant damage to the Village People mark.

4.      Nonetheless, the Sixuvus and their co-conspirators continue their unauthorized

use of the Village People mark and trade dress through including but not limited to

Facebook.com/OfficialVillagePeople; and Twitter.com/VillagePeople for purposes of

interference, infringement, confusion, deception, trademark dilution, and false

designation/description. What's more, for purposes of live concert performances with use of

"The Kings of Disco formerly Village People," and other variations of their name including

"Kings of Disco former members of Village People," defendants, their co-conspirators and each

of them are infringing the Village People mark and trade dress, and are passing-off and/or

reverse passing-off of the famous Village People mark and trade dress. Intervenor has been

granted exclusive rights pursuant to a written agreement with the Mark's owner of record and is

therefore a beneficial owner of rights in the mark and trade dress.

5.      Accordingly, defendants and each of them must be restrained and subsequently

enjoined from performing or causing to be performed, or facilitating, any live performance, or

recorded performance with use of the mark "Kings of Disco" in conjunction with the Village

People mark and trade dress. Moreover, defendants and each of them must be restrained and subsequently enjoined from using, operating, or causing to be used or operated, any social media URL or website with use of the mark "The Kings of Disco" in conjunction with the Village People mark.

## THE PARTIES

6.      Plaintiff Karen L. Willis d/b/a Harlem West is an individual who resides in San Diego, California.

7.      Upon information and belief, Defendant Sixuvus Ltd. is a New York corporation.

8.      Upon information and belief, Defendant Eric Anzalone is an individual who resides in Monroe Township, New Jersey.

9.       Upon information and belief, Defendant Felipe Rose-Ortiz is an individual who resides in Asbury Park, New Jersey.

10.     Upon information and belief, Defendant Alex Briley is an individual who resides in Mt. Vernon, New York.

·11.     Upon information and belief, Defendant William Whitefield is an individual who resides in Asbury Park, New Jersey.

12.     Upon information and belief, Defendant Jim Newman is an individual who resides in New York, New York.

13.     Upon information and belief, Defendant Raymond Simpson is an individual who resides in Englewood, New Jersey.

14.     Defendant The Pennsylvania Horticultural Society is a New York non-profit 501C3 organization.

3

15.     Upon information and belief, Defendant Red Entertainment Agency is a New
York corporation.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over Plaintiff's claims under and
pursuant to 28 U.S.C. §§ 1331 and 1338, as those claims arise under 15 U.S.C. § 1125(a) and (c),
and 15 U.S.C. § 1114.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because
Defendant Sixuvus, et al is already a defendants and cross-complainants. All others are related.

## FACTS

18.     As recited in the Complaint in this action filed by Can't Stop Productions, Inc.
("Can't Stop")(ECF 1),Can't Stop is the owner of three U.S. federal trademark registrations for
the mark VILLAGE PEOPLE for goods and services in the music industry, including without
limitation Reg. No. 1,101,013 for live performances by a musical group, issued on or about
August 28, 1978.

19.     On or about May 19, 2017, Can't Stop granted Intervenor the exclusive right to
use the Mark and Trade Dress for purposes of live performances in a written agreement (the
"Exclusive License")

20.     On May 30, 2017, Can't Stop terminated an oral license agreement it had
previously given to Sixuvus for live performances and use of trade dress leaving Intervenor as
the only authorized licensee of the Mark and trade dress.

21.     In the notice of termination, Can't Stop allowed Sixuvus to honor the dates and
contracts it had already signed, but asked that Sixuvus not accept any further bookings under the
VILLAGE PEOPLE name after June 1, 2017.

4

22.     As exclusive licensee, Intervenor has standing to assert claims for infringement of the exclusive rights it acquired under the Exclusive License.

## A.     The Nature and Quality of the Mark

23.     The Mark is well-recognized within the relevant public of pop music consumers and concertgoers.

24.     The Mark is inherently distinctive when used in connection with live musical performances and six characters because prospective purchasers are likely to perceive it as a designation that identifies the business of a particular source, namely Can't Stop, or of its authorized licensees.

25.     The federal registration of the Mark has become incontestable.

26.     As a result of the use, advertisement and promotion of the Mark, and the resulting goodwill which has inured to the benefit of the Mark's owner of record,  it has become highly distinctive and has become well and favorably known among the relevant public throughout the nation and the world as identifying Can't Stop and its authorized licensees.  Therefore, any goodwill related to the descriptive term Kings of Disco acquire during the term of the Sixuvus as a licensee inured to the benefit the Licensor, and now Intervenor.

## B.     Defendant's Unauthorized Use of the Mark.

27.     Though on February 16, 2018, this Court dissolved the TRO allowing the Sixuvus provisional use of the mark, Defendant Sixuvus has continued to use, the Village People mark therein resulting in infringement, confusion, deception, false description, dilution, passing off and/or reverse passing-off, interference and great public confusion.

5

28.     Since the entry of the Order dissolving Defendants' TRO and denying Defendants' preliminary injunction, Defendant Sixuvus, et al made unauthorized use of the Mark and continue to make unauthorized use of the mark as follows:

29.     On or about February 27, 2018, the Sixuvus announced at Village People social media and website including but not limited to Facebook, Twitter, and VillagePeople.Band that they are now "The Kings of Disco former members of Village People." They subsequently updated the social media and website to reflect "The Kings of Disco formerly Village People." As of the date of the filing of this complaint, the Sixuvus is still promoting itself, for purposes of live performances, as "The Kings of Disco formerly Village People." In addition, the Sixuvus uploaded photos used by them in the past wherein the well known six Village People characters are featured, i.e., photographs are displayed at social media sites and the website VillagePeople.band featuring the "Kings of Disco" in full Village People trade dress for the public to see.

## C.     Defendants Infringement and Passing-Off of the Village People Mark

30.     Moreover, the Defendants are using official Village People social media and website to promote "The Kings of Disco" live performances which number eight thus far including:

- Pennsylvania Flower Show (March 3, 2018)
- King Center for the Performing Arts (April 27, 2018)
- Grand Rapids Pride (June 16, 2018), Kumble Theatres (June 28, 2018)
- Barnstable County Fair (July 28, 2018)
- Georgsmarienhutte, Germany (August 4, 2018)
- Hamburg, Germany (August 11, 2018)

6

• Vancouver, BC-Canada (August 24, 2018).

31.   Intervenor will amend this complaint, as it becomes necessary, to join any and all promoters and venues related to each concert identified above.

32.   These shows were all booked by Defendant Red Entertainment Agency ("Carlos Keys"). Carlos Keys booked all of the above shows as *Village People featuring Ray Simpson. Keys booked said shows and/or continued to book shows with use of *Village People featuring Ray Simpson and "The Kings of Disco" therein associating "The Kings of Disco" with Village People as one and the same. Keys knew his acts constituted trademark infringement and passing-off of "The Kings of Disco" as Village People by another name. Each and every one of these shows continue to be promoted as *Village People featuring Ray Simpson, and/or simply Village People.

33.   For example, as of the start date of the event, Defendant The Pennsylvania Horticultural Society's Flower Show continued to promote and sell tickets for the Sixuvus live appearance as *Village People featuring Ray Simpson. Defendant Pennsylvania Horticultural Society knew a live performance at their Flower Show by the Sixuvus billed and/or promoted as *Village People featuring Ray Simpson constituted unauthorized use of the Mark. Moreover, Defendant Pennsylvania Horticultural Society knew that any live performance at the Flower Show with use of Village People trade dress wherein "The Kings of Disco" would represent to attendees that "The Kings of Disco" is the new name for Village People would constitute passing-off of the band as simply being Village People by another name, performing live at the Flower Show. Defendant Pennsylvania Horticultural Society's acts were designed to deceive the public.

7

34.     Defendants and each of them, infringed the Village People trademark by billing and promoting the Sixuvus appearance at the Flower Show as *Village People featuring Ray Simpson. They then passed-off the Sixuvus Flower Show appearance by representing to the public that except for a name change, "The Kings of Disco" and Village People are one and the same. Each individual Sixuvus defendants also made these representations. The passing-off was accomplished by defendants, and each of them, by representing to the public that the "Kings of Disco [is ] formerly Village People," therein passing off "The Kings of Disco" as Village People, a mark not owned by any of the Defendants.

35.     However, unbeknownst to the public, the Sixuvus only recently applied and obtained a trademark for the "The Kings of Disco" with mere intent to use. In other words, Defendants and each of them were all aware that the Sixuvus had not performed a single show or concert in the past, as "The Kings of Disco." Therefore, it's not possible for "The Kings of Disco" to have ever been "formerly Village People" as they claim. In any event, Defendants and each of them representing to the public that the "The Kings of Disco" is essentially Village People, is simply a scheme by the Sixuvus and their co-conspirators to defy the termination of the Sixuvus license agreement by Can't Stop. The intent of the Sixuvus and their co-conspirators is to interfere, sow dissent and public confusion in efforts to harm Interevenor's group's business relations and to bring harm to numerous concerts already booked worldwide by Intervenor for Village People featuring Victor Willis.

**D.     Trademark Dilution and Unfair Competition**

36.     Intervenor is the owner of an exclusive license for the Village People mark and trade dress which qualifies as a famous mark and trade dress. The Village People is world famous and denotes six characters: Cop Cowboy, Native American, G.I., Leather Man, and

8

Construction Worker. When combined, whether in photo or in person, this image is immediately recognizable as Village People. The trade dress is equally distinctive in that any group of six individuals dressed in the attire is immediately recognizable as the Village People. Defendants knew the mark was famous prior to them engaging in their scheme to dilute.

37.    Defendants made use of the mark and trade dress for purposes of live performances and/or for the purposes of the promotion of live performances at social media sites and websites and continue to make unauthorized use of the mark and trade dress for live performances in interstate commerce including the Pennsylvania Flower Show. The Village People is a very iconic group with all of its hits featuring original lead singer Victor Willis. The music of the group remains relevant after more than 40 years with sales exceeding 100 million units, and its associated YMCA dance is still performed worldwide after 40 years. Products bearing the Village People logo are widely distributed in the United States and worldwide on everything from slot machines to tooth brushes to Hallmark greeting cards.

38.    Defendants use began after the mark gained fame and is likely to cause dilution by lessening the capacity of Intervenor's mark and trade dress to identify and distinguish her goods and services by representing to the public that the "The Kings of Disco [is] formerly Village People" because the only thing that has changed in the name. Everything else remains the same including trade dress, and music. Essentially, "The Kings of Disco" according to the Sixuvus and their co-conspirators, is simply an incarnation of Village People. Therefore, Defendants intended to create an association with the "The Kings of Disco" and Village People.

39.    The services with which Defendants have used namely live musical performances, are identical to the services covered by the incontestable registration of the registered Mark.

9

40.     Upon information and belief, the class of purchasers to whom Defendants have offered their live musical performances under the Mark is identical to the class of purchasers to whom Intervenor is exclusively licensed to offer live musical performances under the Mark.

41.     Upon information and belief, the class of purchasers to whom Defendants have offered their live musical performances under the Mark is identical to the class of purchasers to whom Intervenor is exclusively licensed to offer live musical performances under the Mark.

42.     Upon information and belief, the buyers of pop music concert tickets are not highly sophisticated consumers who perform extensive research before making a purchase, but instead buy tickets based on very limited information, principally the name or association with the featured performer(s), not the name of the promoter or presenter.

43.     Upon information and belief, the Defendants intend to cause confusion or mistake among buyers of music concert tickets by using the Mark in association with "The Kings of Disco."

44.     In fact, the degree of similarity between "The Kings of Disco" and Village People famous mark and trade dress is stunning.  Intervenor's group consistently performs as Village People with shows currently booked worldwide into 2019.  Defendants use of "The Kings of Disco" in association with the Village People mark has caused dilution of the Village People mark and continue to dilute the mark as several of Intervenor's Village People performances have already been negatively impacted and diluted by the shows identified above.  For example, several if not all the shows above would have been booked by Intervenor's agent for Village People had Defendants not booked their shows with use of the Village People mark, which constitutes unfair competition.

10

45.  **E.    Conspiracy**

46.    Defendants Rose-Ortiz, Anzalone, Newman, Simpson, Briley, and Whitefield, all conspired individually with the Sixuvus and agreed to do the things alleged in the complaint with respect to each of them, including making posts at their personal social media pages and websites and/or advancing other activities suggestive of a conspiracy to advance the narrative that "The Kings of Disco" is formerly Village People, or that "The Kings of Disco" is simply an incarnation of Village People, including the promotion of "The Kings of Disco" concerts as simply being a Village People performance by another name. These acts were done in furtherance of the scheme's purpose, which was, and continues to be, to injure Intervenor by their agreement to do the acts set forth herein.

47.    Defendants Red Entertainment, and The Pennsylvania Horticultural Association likewise conspired with the Sixuvus to do the things alleged in the complaint with respect to each of them, including making posts at their respective company's social media pages and websites and/or advancing other activities suggestive of a conspiracy to advance the narrative that "The Kings of Disco" is formerly Village People, or that "The Kings of Disco" is simply an incarnation of Village People, including the promotion of "The Kings of Disco" as simply being a Village People performance by another name.

48.    The Defendants' use of the words VILLAGE PEOPLE in connection with "The Kings of Disco" is likely to cause confusion among the relevant public and trade, and in fact, has caused confusion.

49.    The Defendants' use of the words, VILLAGE PEOPLE in connection with "The Kings of Disco" is likely to deceive the relevant public and trade as to the affiliation, connection,

11

or association of "The Kings of Disco with Can't Stop or its authorized exclusive licensee, Intervenor.

50.     Upon information and belief, Defendants have used the Mark in an efforts to trade upon the reputation and goodwill that Can't Stop and its authorized licensees have established in the Mark.

51.     By offering and their services using the words VILLAGE PEOPLE including *Village People featuring Ray Simpson, Defendants are palming off its services as originating from or being endorsed by Can't Stop, thereby enhancing the commercial value and reputation of Defendant's flawed goods.

### F.     Defendants Bad Faith and Interference

52.     The Defendants' bad faith in adopting and using the Mark in connection with "The Kings of Disco" and *Village People featuring Ray Simpson and otherwise interfering with Intervenor's business is demonstrated by their actions both before and after the entry of this Court's Order on February 16, 2018 dissolving the TRO and denying their request for a for temporary injunction.

53.     Defendants have failed and refused to return control of the official Village People's social media accounts to Can't Stop and Intervenor despite numerous requests to do so.

54.     Defendants have also used and continue to use the official Village People social media accounts including Facebook, Twitter, and Instagram, to interfere with Intervenor's exclusive rights to the Mark and to amplify confusion and cause confusion and dissent among Village People fans aimed at original lead singer Victor Willis.

55.     In particular, Defendants have encouraged Village People fans who visit official Village People social media accounts to contact promoters to protest the return of Victor Willis

12

as lead singer of Village People and to protest the booking of Village People featuring Victor
Willis concerts.

56. As an en example, Defendants use official Village People social media accounts
to cause major dissent over a Village People featuring Victor Willis Australia tour. They
informed fans with use of Village People official social media that they, the Sixuvus Village
People are not performing, therefore fans should request a return of money for the purchase of
Village People tickets.

57. Defendants used official Village People social media to speak with authority that
they are the real and official Village People and Village People featuring Victor Willis is not.
Never mind that the Sixuvus Village People are not the singers of any of the Village People hits,
but Victor Willis is the only singer and writer of all the Village People hits.

58. Defendants then, with use of official Village People social media encouraged
attendees en masse to request refunds of tickets purchased to see Village People's Australia Tour
featuring Victor Willis. This created a hostile environment for the tour with numerous fans being
misled to believe that somehow Victor Willis and Intervenor had wronged the Sixuvus Village
People. As a result, numerous fans in Australia did request refunds in efforts to harm the concert
tour there as directed and encouraged by the Sixuvus. None of this would have been possible
and no harm would have come to Intervenor's business relations in Australia had the Sixuvus not
unlawfully used official Village People social media for purposes of interference when they had
no right to associate themselves with Village People because their license agreement had already
been terminated.

59. Essentially, the Sivuvus is using official Village People social media accounts for
which they have no right to associate themselves, as a forum to air grievances over the loss of

13

their Village People license with fans sympathetic to their plight, to badger and create a false

impression that Victor Willis's voice is than accomplished and direct fans to interfere with

Intervenor's business relations by contacting venues to complain about booking, and to stage

walk outs at concerts with refund demands claiming they didn't like the show. This elaborate

ruse and campaign of interference is being conducted by the Sixuvus and their co-conspirators

with use of official Village People social media accounts and website where they pretend to be

the "real" Village People. However, the Sixuvus and their co-conspirators have no right to such

use official Village People social media accounts.

## FIRST CAUSE OF ACTION
## PASSING-OFF

### (AGAINST EACH AND EVERY DEFENDANT)

60.     Intervenor repeats and re-alleges the allegations of Paragraphs 1 through 59,

inclusive, as if set forth fully herein.

61.     The Defendants have no right to use the Village People mark in connection with

the Kings of Disco in any respect, nor does Defendants have the right to use *Village People

featuring Ray Simpson in connection with live performances and sale of services in interstate

commerce, yet they continue to do so.

62.     The Defendants' actions constitute use in commerce of a word, term, name or

device and false designation of origin which is likely to cause confusion, or to cause mistake, or

to deceive as to the origin, sponsorship, or approval of Defendants' services in violation of 15

U.S.C. § 1125(a).

63.     Intervenor is damaged by the Defendants' actions.

64.     By virtue of the foregoing, Intervenor is entitled to a judgment that Defendants'

use of the Mark in connection with "The Kings of Disco" or otherwise, infringed Interveor's

14

exclusive rights in the Mark justifying an injunction restraining future violations, and an award

damages and attorney's fees, if any incurred.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT

### (AGAINST EACH AND EVERY DEFENDANT)

65.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 64, inclusive, as if set forth fully herein.

66.     The Defendants' use of the Mark in the connection with "The Kings of Disco" and as *Village People featuring Ray Simpson, or otherwise is likely to cause confusion as to the source of origin of such services, and/or in fact has caused confusion.

67.     The Defendants' use of the Mark in the connection with "The Kings of Disco" and as *Village People featuring Ray Simpson, or otherwise is likely to cause mistake as to the source of origin of such services.

68.     The Defendants' use of the Mark in connection with "The Kings of Disco" and as *Village People featuring Ray Simpson or otherwise is likely to deceive as to the source of origin of such services.

69.     The Defendants' use of the Mark in connection with "The Kings of Disco" and as *Village People featuring Ray Simpson, or otherwise is likely to cause confusion as to the sponsorship of such services.

70.     The foregoing acts constitute a violation of 15 U.S.C. § 1114.

71.     Intervenor, as exclusive licensee of the Mark, has been injured and is likely to continue to be injured by Defendants' actions.

72.     By virtue of the foregoing, Intervenor is entitled to a judgment that Defendants' use of the Mark in connection with "The Kings of Disco" and as *Village People featuring Ray

15

Simpson, or otherwise infringed Intervenor's exclusive rights in the Mark justifying an injunction restraining future violations, and an award monetary damages and attorney's fees if incurred.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION

### (AGAINST THE SIXUVUS AND RED ENTERTAINMENT)

73.     Intervenor repeats and re-alleges the allegations of Paragraphs 1 through 72, inclusive, as if set forth fully herein.

74.     The Defendants' actions constitute unlawful and/or unfair acts, and therefore constitute an unfair method of competition in violation of the common law of the State of New York and New York General Business Law section 349. Defendant Red Entertainment facilitated the Sixuvus acts by booking shows for them as *Village People featuring Ray Simpson and passing-off "The Kings of Disco" and Village People by another name.

75.     The Defendants' actions constitute passing-off of its services as those of Can't Stop's authorized licensee, when in fact they are not, and therefore constitute an unfair method of competition in violation of the common law of the State of New York and New York General Business Law section 349.

76.     By virtue of the foregoing, Intervenor is entitled to a judgment that Defendants' use of the Mark in connection with "The Kings of Disco" and as *Village People featuring Ray Simpson, or otherwise infringed Intervenor's exclusive rights in the Mark justifying an injunction restraining future violations, and an award of its attorney's fees.

16

## FOURTH CAUSE OF ACTION
## CIVIL CONSPIRACY

### (AGAINST EACH AND EVERY DEFENDANT)

77.     Intervenor repeats and re-alleges the allegations of Paragraphs 1 through 76, inclusive, as if set forth fully herein.

78.     The Defendants' actions constitute civil conspiracy to injury Intervenor by agreeing to do the things set forth herein. The Defendants, and each of them, agreed to participate and do the acts alleged in the complaint including the unlawful act of trademark infringement with use of live performances with use of *Village People featuring Ray Simpson and/or passing-off the "The Kings of Disco" as Village People.

79.     Intervenor was injured by the acts pursuant to and in furtherance of the scheme.

80.     By virtue of the foregoing, Intervenor is entitled to a judgment that Defendants' conspired to use the Mark in connection with "The Kings of Disco" and as *Village People featuring Ray Simpson, or otherwise conspired to infringe and pass-off Intervenor's exclusive rights in the Mark justifying an injunction restraining future violations, and an award of punitive damages, and attorney's fees if incurred.

### PRAYER FOR RELIEF

WHEREFORE, Intervenor requests that judgment be entered as follows:

1.     That Defendants, their directors, officers, agents, employees, licensees, affiliates, members, any parent and subsidiary companies, attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be enjoined and restrained, preliminarily and permanently from directly or indirectly:

(a)     Using the Mark VILLAGE PEOPLE, or marks confusingly similar to VILLAGE PEOPLE in connection with live musical performances;

17

(b)     Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Intervenor and Defendants are one and the same or are in some way connected, or that Defendants are in some manner affiliated or associated with or under the supervision or control of or licensed by Intervenor, or that services of Defendants are authorized by the owner of the Mark, or that "The Kings of Disco" is connected with the Village People Mark; and

(c)     Using any trade practice whatsoever, including those complained of herein, which tends to unfairly compete with or injure Intervenor, her business or the goodwill appertaining thereto as embodied in the Mark, and to cease use of the Village People trade dress;

2.     That Defendants, their officers, directors, agents, employees, licensees, affiliates, members, any parent and subsidiary companies, attorneys and representatives and all those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all merchandise, labels, signs, cartons, tags, boxes, papers, statements, invoices, advertising, promotional and any other materials bearing the Mark together with all plates, molds, matrices, and other means and materials for making and reproducing the same;

3.     That Defendants be required to pay to Intervenor compensatory damages for the injury sustained by Intervenor, trebled pursuant to statute;

4.     That Defendants be required to account to Intervenor for any and all gains, profits and advantages derived by them from the activities complained of herein, trebled pursuant to statute;

5.     That Defendant be required to pay to Intervenor the costs incurred by Intervenor in this action, together with its reasonable attorney's fees if any; and

18

6.     That Intervenor receive punitive damages in an amount sufficient to deter future similar acts; and such other and further relief as this Court shall deem just and proper.

Dated: March 6, 2018.

KAREN L. WILLIS, J.D.

19