

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

March 19, 2018

**VIA ECF AND E-MAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

    Re:   *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Seibel:

    We represent the defendants in the above referenced action. We write in response to Intervenor's Emergency Request for Modification of TRO.

    Sixuvus is not in violation of the Court's March 16, 2018 Order (the "Order") and Sixuvus has and continues to take the Court's Order very seriously. As set forth herein, there is no basis for a finding of contempt or sanctions, nor is there a need to modify the March 16, 2018 Order, as Sixuvus has complied with it and will continue to do so. "A court may hold a party in civil contempt only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *S.E.C. v Oxford Capital Sec., Inc.*, 794 F. Supp. 104, 106 (S.D.N.Y. 1992) (internal citations omitted). Here Sixuvus has complied with the Court Order with regards to what was required no later than March 19, 2018 and is diligently and in a reasonable manner attempting to comply with what the Court instructed Sixuvus to do by Friday, March 23, 2018.

    As an initial matter, Defendants have already temporarily disabled their Instagram account (@officialvillagepeople) and their Twitter account (@villagepeople) and have opened new accounts for those platforms under names that conform with the Court's Order. *See* Exhibit A (screenshots evidencing that those pages have been disabled).

    Pursuant to the Court's March 16, 2018 Order, *inter alia,* Sixuvus was directed, no later than March 19, 2018, to

> 1) generate a prominent banner at the top of their verified Facebook page, "Official Village People," that states that (a) the page is not the page for Village People; and (b) if the viewer is looking for Village People, the viewer should go to a Facebook page to be provided to

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065
Office:
780 Third Avenue, 14th Floor
New York, New York 10017

Defendants by Intervenor no later than March 16, 2018; and 2) generate below the banner described in item (1) of this paragraph a separate banner that states (or if a separate banner is not possible, generate below the information described in item (1) wording that conveys the following): (a) the page is being shut down shortly; and (b) visitors can follow "Kings of Disco," "Kings of Disco former members of Village People," or "Kings of Disco formerly members of Village People," at a site of Defendants' choosing, so long as the URL or handle of that site does not employ the term "Village People" except as part of "Kings of Disco formerly members of Village People" or "Kings of Disco former members of Village People".

*First,* the Court should be aware that the Facebook page located at www.facebook.com/officialvillagepeople is no longer available. *See* Exhibit B. Sixuvus has changed its page to www.facebook.com/officialkingsofdisco and (Facebook @officialkingsofdisco). *See* Exhibit C. As stated during the March 16, 2018 hearing Sixuvus has also requested that Facebook change the name "Official Village People" to be consistent with its new name that is allowed by the Court.

*Second,* Sixuvus has complied with the Court's directive and has posted a banner at the top of the page stating "This page is not the page for Village People. If the viewer is looking for Village People you can search www.facebook.com/RealVillagePeople", which was the address provided by Intervenor for Facebook on March 16, 2018. *See* Exhibit C. Sixuvus also posted a message that conveyed the second part of what the Court ordered in a message that was posted on March 18, 2018. *See* Exhibit D. Defendants respectfully submit that thanking fans for their support, and the hashtag included at the end of that March 18, 2018 message does not violate the Court's Order. Intervenor cannot erase thirty years of fans loving Sixuvus' performances, nor has or should Sixuvus be enjoined from thanking fans for their support and expressing their opinion that their reputation of the last thirty years as performers stands on its own, even if they are unable to use the name VILLAGE PEOPLE. These statements are also not confusing, and to the contrary make clear that Defendants are separating themselves from use of the name VILLAGE PEOPLE. Nevertheless, and to avoid further argument on this issue, Sixuvus has removed the objectionable portion of this message, and added the second part of the Court's instruction in the banner at the top of the page as well, to make sure it was seen easily. *See* Exhibit E.

The March 18, 2018 response to comments (Intervenor's Ex. 2) also do not violate the Court's Order nor are they confusing. Sixuvus cannot stop fans from reacting and commenting about the banner instructed to be posted by the Court, and the response comments at issue do not confuse anyone, they are merely opinions about the lawsuit, and messages informing fans of their new page. These comments are also not harmful or confusing, nor are they untrue. Intervenor and her husband have relentlessly attacked Defendants and called them "liars" and other names following the Court's recent decisions (*see e.g.* Exhibit F), and Sixuvus has **not** negatively attacked Intervenor or her husband, but instead has merely responded to a comment made by a fan with factual statements about the relationship between the parties and voiced an opinion this lawsuit. *See* Intervenor's Ex. 2.

Defendants new page The Kings of Disco is also not evidence of disturbing conduct or anything that violates the Order. Although Defendants' counsel was not aware of the @KingsofDisco1 Facebook page on Friday March 16, 2018, the existence of the new page itself is entirely consistent with what was represented to the Court at the March 16, 2018 hearing i.e. that Sixuvus was trying to change over to the new name. Counsel for Defendant stated several times that Defendants were trying to transition to a new name, and had already contacted Facebook to help with

that effort in regards to changing parts of the page that Sixuvus cannot do without Facebook. Sixuvus has already changed the parts of the name that it can control. Sixuvus created this new page in the event that Facebook needed to transfer the data, rather than just change the name, so that the transition that the undersigned informed the Court about could be effectuated, as Sixuvus was not sure how Facebook would effectuate the change Sixuvus requested i.e. simply change the name or transfer the historical data. This is entirely consistent with what was represented to the Court, regarding Defendants' attempt to transition to a new name, issues with doing so, and what was discussed as possible permissible methods of satisfying the Court's Order.

The Court gave Defendants until Friday to either disable or freeze to the maximum extent possible this account, and also stated that transferring the content to different URL's that do not employ "Village People" except as set forth in the order, would satisfy that obligation. *See* Order pp. 3. That is exactly what Defendants are trying to do, and in the event that Facebook cannot change this name so that the page no longer employs the name "Official Village People" by Friday, then the account using "Official Village People" will be disabled or frozen to the maximum extent possible. However, nothing should prevent Defendants from in the meantime also utilizing the new account under the name The Kings of Disco, which does not violate the Court's Order, in fact that is exactly what the Court encouraged Defendants to do. Further consistent with what was argued at the hearing, the reason that the page that still contains the name "Official Village People" should not be deleted or turned over is still true, i.e. Sixuvus would lose all of its historical information and such remedy would be tantamount to a permanent injunction. Nothing in Intervenor's papers evidences withholding evidence, or any other conduct undermining the Court's Order.

Intervenor's argument that a March 13, 2018 comment on Sixuvus' new Facebook account (depicted on Intervenor's Exhibit 3) is evidence that Sixuvus has 'continued to confuse the public' and attempt to imply that this is evidence of violation of the TRO is also untrue. As an initial matter the TRO was not in place on March 13, 2018 and this post cannot be argued to be a 'defiance' of the Court Order. Moreover, the statement that the Kings of Disco is comprised of Felipe, Ray, Alex, Eric, Jim and Bill is true. Furthermore, the statement that they were previously touring all over the world and performing is a true statement that reflects Defendants' historical work.

Here there is no contempt or basis for sanctions, nor is there a need to modify the March 16, 2018 Order, as Sixuvus has complied with it and will continue to do so. Even in the event the Court were to consider modifying the Order, Intervenor's requests for relief are not appropriate for a TRO. Again, a turnover is tantamount to a permanent injunction and Defendants are entitled to the time that the Court provided in the March 16, 2018 Order, to try to effectuate the change that would constitute compliance with the Order before disabling or freezing the Facebook account. This is especially true where Sixuvus has posted what the Court required to avoid any confusion that Intervenor argued in her papers.

We further ask that in the event that the Court requires a hearing on this matter, that such hearing take place telephonically, or that it take place tomorrow Tuesday, March 20, 2018, as the undersigned counsel is leaving the State on business on Wednesday morning for the remainder of the week.

We appreciate the Court's time and consideration, and should Your Honor need any further information or if the Court would like to discuss any of the above, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Cc. *(Via ECF and E-Mail)*
Counsel for Plaintiff
Karen Willis