Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

March 19, 2018

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**SUR-REPLY TO EMERGENCY REQUEST FOR MODIFICATION OF TRO**

Dear Hon. Judge Seibel:

The Sixuvus counsel's reply to my reply is improper and counsel knows it. Nonetheless, yet again, the Sixuvus and their counsel are being dishonest with the court. They know very well that Facebook will not change a page certified by Facebook to be the "official page for the musical group known as Village People. The Sixuvus have no right to historical Village People (not Sixuvus) data. The information accumulated at Facebook under Village People while they were an licensee is the work product of Can't Stop and now its licensee. The Sixuvus have no right to attempt to hold on to Village People work product.

Moreover, the court should either order the Sixuvus to immediately un-associate the Kings of Disco URL with Facebook certified URO of Official Village People, or the court should immediately order Kings of Disco @ Offical Village People immediately deactivated. Even if the courts orders the site deactivated, Facebook will continue to archive the page for six months:

"When you deactivate your **account**, **Facebook** saves all of your settings, photos, and information in case you decide to reactivate your **account**. Your information isn't gone—it's just hidden. However, it is possible to delete your **account** permanently with no option for recovery.
<u>Facebook: Deactivating Your Facebook Account - Full Page</u>
https://www.gcflearnfree.org/facebook101/deactivating-your-facebook-account/1/

Accordingly, once again the Sixuvus and its counsel are engaging in trickery.

There's no legal reason for the Sixuvus to hold on to an official Village People URL, while having already created a Facebook URL for the Kings of Disco (OfficalKingsOfDisco1).

Accordingly, the court should modify the order as requested.

Respectfully submitted,

Karen L. Willis, J.D.

2