Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA.  92101
(619) 206-5311

May 3, 2018

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**LETTER MOTION AFFIRING INTERVENOR'S RIGHT TO APPLY FOR RESTORATION OF ACTION.**

Dear Hon. Judge Seibel:

Intervenor. Karen L. Willis, hereby makes this motion to the Court for affirmation of her right to apply, by letter, to restore the action of Can't Stop v. Sixuvus, Ltd., in the event the settlement is not consummated.   Intervenor has reason to believe the settlement may very well not be consummated by all parties despite best efforts.

In the court's order dated March 18, 2018, extended for 14 days by order dated April 27, 2018, the Court ordered that "Plaintiff may apply by letter within the thirty-day period for restoration of the action to the calendar of the undersigned, in which the action will be restored." [Doc. 140], see also Ex. A.

However, nowhere in the order does it suggest that Intervenor or even defendants, are in the position to apply to the Court for restoration of the action.  It seems unlikely the court is suggesting that only plaintiff, Can't Stop Productions, is in the position to apply to restore the matter.  If this were the case, the purpose of intervention would be frustrated as Intervenor's hands would be tied with Plaintiff's

knowledge that only it has the right to apply for restoration of the case, therein disregarding Intervenor's interest in protecting her rights as the exclusive licensee.

Intervenor has a direct and legally protectable interest in the settlement. This legally protectable right is certainly not being adequately represented by Plaintiff having the sole right to restore the matter. If the motion to affirm Intervenor's right to restore the case is not granted, Intervenor's interest and rights in the matter will be impaired. Brennan, 260 F.2d at 130 (quoting Washington Elec. Co-op., Inc. v. Massachusetts Municipal Wholesale Elec. Co., 922 F.2d 92, 97 (2nd Cir. 1990)); see also Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 535 (1971). See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 874 (2nd Cir. 1984); see also Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dept. of Interior, 100 F.3d 837, 841 (10th Cir. 1996)."

Accordingly, the instant motion by Intervenor seeks an Order affirming Intervenor's right to apply for restoration, in the event the settlement is not consummated and if, for example, Plaintiff refuses to seek such restoration pursuit to the Court's Order and extended Order.

For all the reasons set forth herein, the motion affirming Interveor's right to apply for restoration of the matter, in the event Plaintiff refuses to act, should be granted.

Respectfully submitted,

Karen L. Willis, J.D.

# EX. A

The period set forth below is extended 14 days, to May 11, 2018. The
parties should contact Judge Smith about resolving the open issues.

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

4/27/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Can't Stop,

                                    Plaintiffs,                    **O R D E R**

              - against -

                                                        7:17 Civ. 06513 (CS)

Sixuvus,

                                    Defendants.
-------------------------------------------------------------X

Seibel, J.

    It having been reported to this Court that the claims in this case have been settled, IT IS

HEREBY ORDERED that this action is discontinued with prejudice but without costs; provided,

however, that if settlement is not consummated within thirty days of the date of this order,

Plaintiff may apply by letter within the thirty-day period for restoration of the action to the

calendar of the undersigned, in which event the action will be restored.

    SO ORDERED.

Dated: White Plains, New York
       March 28, 2018

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.