UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 X-----------------------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                               Plaintiffs,

   -against-

SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER
BRILEY, FELIPE ROSE, JAMES F. NEWMAN,
RAYMOND SIMPSON, and WILLIAM WHITEFIELD,

                               Defendants.
 X-----------------------------------------------------------------X

Case No.: 7:17-cv-06513
(CS) (LMS)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE
THE SETTLEMENT AGREEMENT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS...................................................................................................1

LEGAL STANDARD...........................................................................................................8

ARGUMENT ......................................................................................................................10

    POINT I  THE SETTLEMENT AGREEMENT IS VALID AND ENFORCEABLE.............10

        A.   No Party Made an Express Reservation of the Right
        Not to Be Bound in the Absence of a Writing..................................................12

        B.   The Parties' Have Partially Performed Under the Settlement Agreement ...................14

        C.   All Terms of The Settlement Agreement Have Been Assented To .............................15

        D.   The Fourth Winston Factor Favors Enforcement or is Neutral ...................................16

    POINT II  ALTERNATIVELY THIS CASE SHOULD
    BE RESTORED TO THE CALENDAR ...............................................................................17

CONCLUSION ...................................................................................................................18

## **TABLE OF AUTHORITIES**

**Cases**

*Aguiar v. New York,*
    2008 WL 4386761 (S.D.N.Y. Sept. 25, 2008)......................................................10

*Alvarez v. City of New York,*
    146 F.Supp.2d 327 (S.D.N.Y. 2001)....................................................................14

*Bluelink Mktg. LLC v. Carney,*
    2017 WL 4083602 (S.D.N.Y. Sept. 15, 2017)....................................................17

*Canales Sanchez v Harris,*
    2011 WL 13128118 (S.D.N.Y. Aug. 5, 2011), *report and recommendation adopted sub nom.*
    *Sanchez v Harris*, 2011 WL 13128203 (S.D.N.Y. Dec. 15, 2011), *affd,* 509 Fed Appx 93 (2d
    Cir. 2013)..............................................................................................................10

*Ciaramella v. Reader's Digest Ass'n, Inc.,*
    131 F.3d 320 (2d Cir.1997) ........................................................................ 9, 11, 15

*Elliot v. City of New York,*
    2012 WL 3854892 (S.D.N.Y. Sept. 5, 2012)..........................................................9

*Francis v Home Box Off., Inc.,*
    2005 WL 1020863 (S.D.N.Y.  Apr. 28, 2005).......................................................17

*Hallock v. State,*
    64 N.Y.2d 224 (1984)..............................................................................................9

*Hostcentric Techs., Inc., v. Republic Thunderbolt*, LLC,
    2005 WL 1377853 (S.D.N.Y. Jun. 09, 2005) ......................................................16

*Lopez v. City of New York,*
    242 F. Supp. 2d 392 (S.D.N.Y. 2003) ............................................................ 12, 14

*Mtgs & Exp'tns Inc. v. Tandy Corp.,*
    490 F.2d 714 (2d Cir.1974) .................................................................................9, 10

*N. Fork Country, LLC v. Baker Publ'ns, Inc.,*
    436 F.Supp.2d 441 (E.D.N.Y., 2006)...................................................................14

*Omega Eng'g, Inc. v Omega, S.A.,*
    432 F3d 437 (2d Cir. 2005) ....................................................................................9

*Powell v. Omnicom,*
  497 F.3d 124 (2d Cir. 2007) ................................................................. 12, 14, 16, 17

*Pullman v Alpha Media Pub., Inc.,*
  2014 WL 5043319 (S.D.N.Y. Mar. 14, 2014), *report and recommendation adopted as mod sub nom. Pullman v Alpha Media Publ., Inc.*, 2014 WL 5042250 (S.D.N.Y. Sept. 10, 2014), *affd sub nom. Pullman v Alpha Media Pub., Inc.*, 624 Fed Appx 774 (2d Cir. 2015)............Passim

*Teachers Ins. & Annuity Ass'n v. Tribune Co.,*
  670 F.Supp. 491 (S.D.N.Y.1987)..................................................................9, 15

*U.S. Fire Ins. Co. v. Pierson & Smith, Inc.,* 06 Civ. 382(CM)(LMS),
  2007 WL 4403545 (S.D.N.Y. Dec. 17, 2007) ...........................................9

*U.S. v. Bank of New York,*
  14 F.3d 756 (2d Cir.1994) ........................................................................9

*Willgerodt v. Hohri,*
  953 F.Supp. 557 (S.D.N.Y.1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 159 F.3d 1347 (2d Cir.1998) ...............................................9

*Winston v Mediafare Entertainment Corp.,*
  777 F2d 78 (2d Cir. 1985) ................................................................11, 15

## PRELIMINARY STATEMENT

Defendants' respectfully submit this memorandum of law, together with the Declaration of Gary Adelman dated May 25, 2018 ("Adelman Decl."), together with the exhibits annexed thereto, in support of Defendants' motion to enforce the Settlement Agreement between Defendants, Plaintiff and Intervenor.

## STATEMENT OF FACTS

This action was commenced on August 25, 2017 by plaintiff Can't Stop Productions, Inc. ("Can't Stop" or "Plaintiff"). The Complaint filed by Plaintiff asserts two claims, one claim for Trademark Infringement, and one for Declaratory Relief against Defendants' in connection with alleged unauthorized usage of certain of Plaintiff's trademarks associated with the disco group "Village People", as set forth in the Complaint, including the wordmark "Village People" and a design mark. [Dckt. No. 1].

On November 30, 2017, Defendants filed their answer with affirmative defenses and counterclaims. [Dckt. No. 32]. On that same day, Defendants filed an application for a Temporary Restraining Order and Preliminary Injunction. [Dckt. Nos. 41-46]. Following a hearing in front of the Honorable Cathy Seibel on November 30, 2017, [Dckt. No. 36], Judge Seibel issued an Order (the "12/1/17 Order") allowing Sixuvus to perform as "The Legendary Village People" with certain conditions as set forth therein. [Dckt. No. 32].

On December 8, 2017, Intervenor, through her prior counsel, filed an Order to Show Cause requesting permission to intervene in this action and to vacate or dissolve the 12/1/17 Order. [Dckt. No. 110]. Following a hearing on December 8, 2017, the District Court issued a Temporary Restraining Order dated December 14, 2017 (the "12/14/17 TRO"). The 12/14/17 TRO *inter alia* provided that Intervenor was temporarily allowed to intervene in the action as a

plaintiff and counterclaim defendant and that Sixuvus shall book performances as "Village People* featuring" followed by the name of an individual group member or members of Sixuvus' choosing and Intervenor (and her licensees, including Victor Willis) shall  to book performances as "Village People* featuring Victor Willis" followed by the names of any other individuals that Willis (and her licensees, including Victor Willis) chose to feature."  [Dckt. No. 52].

On December 21, 2017, Intervenor's prior counsel submitted a request to withdraw as counsel for Intervenor, on the grounds that Intervenor "prefer[red] to represent herself in his matter and proceed *pro se.*"  [Dckt. No. 60].    On December 22, 2017, the Court So Ordered the Stipulation and Order for Withdrawal.  [Dckt. No. 62].    Intervenor is a lawyer who has represented to the Court that although she is "not in practice . . . has been certified in the past to practice."  [Dckt. No. 71].  On January 3, 2018, Intervenor applied to the Court for permission for Electronic Case Filing, representing that she is very experienced with the system and has been approved in other districts where she has litigated.  [Dckt. No. 76].

Following an unsuccessful settlement conference on January 25, 2018, a hearing on Defendants' motion for a preliminary injunction was held on January 29, 2018 through February 1, 2018, and on February 6, 2018, in front of Judge Seibel.  On February 16, 2018, Judge Seibel issued an Order denying Defendants' motion for a preliminary injunction and lifting the 12/14/17 TRO, which was followed by a Memorandum Decision and Order on March 6, 2018, with the reasons for the denial.  [Dckt. Nos. 115, 118].

On March 6, 2018, Intervenor filed counterclaims in intervention against Defendants for trademark infringement and unfair competition.  [Dckt. No. 117].  Shortly thereafter, on March 12, 2018, Intervenor advised the Court that she planned to file an application for a TRO on

Friday, March 16, 2018. [Dckt. No. 122]. On March 16, 2018, Intervenor's application for a temporary restraining order was heard and following oral argument on same the Court entered the March 16, 2018 Temporary Restraining Order. [Dckt. No. 127]. *See also* Adelman Decl., Ex. 1. The March 16, 2018 Temporary Restraining Order, *inter alia,* allowed Defendants to "use, advertise and book performances under the name 'Kings of Disco,' 'Kings of Disco former members of Village People,' or 'Kings of Disco formerly members of Village People,' provided that all words in 'former members of Village People' and 'formerly members of Village People' are in the same size font and that font is not larger than the fort size of 'Kings of Disco'". *See* 3/16/18 TRO [Dckt. No. 127], pp. 1. The Court further ordered with reference to disabling or freezing to the maximum extent possible, that the obligation "may be satisfied by the transfer of the content of that Twitter account and Facebook page to different URLs that do not employ the term 'Village People' except as part of 'Kings of Disco formerly members of Village People' or 'Kings of Disco former members of Village People'". *See* 3/16/18 TRO [Dckt. No. 127], pp. 3.

Thereafter, Intervenor made an application to modify the March 16, 2018 TRO and for an imposition of sanctions, which was denied by the Court on March 20, 2018. [Dckt. Nos. 129-130, 132-134, 135].

██████████████████████████████████████████████████████ *See*

Adelman Decl., Ex. 2.

████████████████████████████████████████████

████████████████████████ *See* Adelman Decl., Ex. 2. ████████████

████████████████████████████████████████████████

████████████████. *See id.* Pp. 1-27 █████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

███████████████████████████████████████

████████████████. *See e.g. id.* pp. 27-37 █████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████. *See id.* Pp. 30-32:17-19 ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████. *See* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 37:18-21. ████████

███████████████████████████." *See* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp.

38:25.  . *See*

Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 38:24-39:1

. *See also* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 47-50

That same day, on March 28, 2018, Judge Seibel entered an Order that "[i]t having been reported to this Court that the claims in this case have been settled, IT IS HEREBY ORDERED that this action is discontinued with prejudice but without costs; provided, however, that if settlement is not consummated within thirty days of the date of this order, Plaintiff may apply by letter within the thirty-day period for restoration of the action to the calendar of the undersigned, in which event the action will be restored." [Dckt. No. 140].



See Adelman Decl., Ex. 3.

. *See* Adelman Decl., Ex. 4.

*See* Adelman Decl., Ex. 5.

*See* Adelman Decl., Ex. 6.

████████████████████████████████ *See* Adelman Decl., Ex. 7. *See also* [Dckt. No. 142]. On or around April 26, 2018 Mr. Levy was advised that Intervenor had some issues with Defendants' internet usage that he was told was preventing execution of the written draft. [Dckt. No. 142]. On April 27, 2018, Plaintiff filed a letter motion with the Court confirming that the parties reached a settlement and requesting that the Court clarify that the terms of the settlement "are those set forth in the [3/28/18] Transcript, that the Action has been discontinued with prejudice, and that any disputes among the parties are to brought to the attention of the Court (Smith, Magistrate Judge) which retains continuing jurisdiction over any disputes concerning the provisions of the settlement". [Dckt. No. 142].

████████████████████████████████████
████████████████████████████████████████
████████████████████████████████ *See* Adelman Decl., Ex. 8.
███████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████ *See* Adelman Decl., Ex. 8, 5/4/18 Tr. Pp. 14:10-14; 15:3-4; 48:25-49:1.

████████████████████████████████████████
███████████████████████████████████
█████████████████████████████████████████
███ *See* Adelman Decl., Ex. 11; *See also* Adelman Decl., Ex. 10 (Sixuvus' Facebook page ██████████████████████████).

██████████████████████████████

████████████████████████████████████

███████████████████████████████.  *See e.g.* Adelman Decl., Ex. 8, 5/4/18 Tr. Pp.

15:10-18 ████████████████████████████████

████████████████████████████████

████████████████████████████████████

███  pp. 2:10-13 ██████████████████████████

██████████████████████████████

█████████; pp. 31-32 ███████████████████████

███████████  pp. 35:6-9 ████████████████████

█████████████████

████████████████████████████████

████████████████  *See* Adelman Decl., Ex. 8 5/4/18 Tr. Pp. 38:1-2 ████████

████████████████████████████  pp. 38:3-15:



██████████████████████████████████

████████████████████████████████████

█████████  *See* Adelman Decl., Ex. 9. ████████████████████

████████████████████████████████



*See* Adelman Decl., Ex. 11.

As such Defendants seek enforcement of the Settlement Agreement and that this Court enter an order as follows:

## **LEGAL STANDARD**

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Pullman v Alpha Media Pub., Inc.*, 2014 WL 5043319, at *6 (S.D.N.Y. Mar. 14, 2014), *report and recommendation adopted as mod sub nom. Pullman v Alpha Media Publ., Inc.*, 2014 WL 5042250 (S.D.N.Y. Sept. 10, 2014), *affd sub*

*nom. Pullman v Alpha Media Pub., Inc.*, 624 Fed Appx 774 (2d Cir. 2015) (*citing Mtgs & Exp'tns Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir.1974) (internal citations omitted)).

"A settlement agreement is a 'contract that is interpreted according to general principles of contract law.'" *Id* (*citing Omega Eng'g, Inc. v Omega, S.A.*, 432 F3d 437, 443 (2d Cir. 2005)). "Once a court finds that parties reached a settlement agreement, the prevailing view is that such agreement is binding on all parties, even where disputes arise 'between the time of the agreement ... and the time it is reduced to writing.'" *Id.* (*citing Elliot v. City of New York,* 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012); *U.S. v. Bank of New York,* 14 F.3d 756, 759 (2d Cir.1994); *U.S. Fire Ins. Co. v. Pierson & Smith, Inc.,* 06 Civ. 382(CM)(LMS), 2007 WL 4403545, at *3 (S.D.N.Y. Dec. 17, 2007) (stating that, where a party has entered into a settlement agreement, "the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement that were reported to the court")).

"A presumption in favor of enforcement reflects the value that courts place on negotiated settlement agreements." *Id.* (*citing Willgerodt v. Hohri,* 953 F.Supp. 557, 560 (S.D.N.Y.1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri,* 159 F.3d 1347 (2d Cir.1998) ("Settlement agreements are strongly favored in New York and may not be lightly cast aside."); *Hallock v. State,* 64 N.Y.2d 224, 230 (1984)).

"'Preliminary agreements' that address all negotiated terms are enforceable, even if they are oral, and contemplate a subsequent memorialization in an executed document". *Id.* (*citing Ciaramella v. Reader's Digest Ass'n, Inc.,* 131 F.3d 320, 322 (2d Cir.1997); *Teachers Ins. & Annuity Ass'n v. Tribune Co.,* 670 F.Supp. 491, 498 (S.D.N.Y.1987)).

## ARGUMENT

### POINT I

### THE SETTLEMENT AGREEMENT IS VALID AND ENFORCEABLE

Here, there can be no question that the parties reached an enforceable Settlement

Agreement ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████. All four of

the Winston Factors clearly lead to the conclusion that the Settlement Agreement is valid and

enforceable.

A district court has power to enforce a settlement agreement reached in a case pending

before it. *Meetings & Expositions, Inc.*, 490 F2d at 717. "It is axiomatic that [a] settlement

agreement is a contract that is interpreted according to general principles of contract law. Once

entered into, the contract is binding and conclusive. When a party makes a deliberate, strategic

choice to settle, a court cannot relieve him of that choice simply because his assessment of the

consequences was incorrect." *Aguiar v. New York*, 2008 WL 4386761 at *4 (S.D.N.Y. Sept. 25,

2008) (internal citations omitted). "Once a court finds that parties reached a settlement

agreement, the prevailing view is that such agreement is binding on all parties, even where

disputes arise between the time of the agreement and the time it is reduced to writing." *Pullman*,

2014 WL 5043319, at *7 (Internal citations omitted). "The Second Circuit has left open the

question of which body of law, state or federal, controls the enforceability of oral settlement

agreements, whether in federal-question or in diversity cases [.] Nonetheless, federal courts in

the Second Circuit regularly apply the general principles of New York law, observing that there

is no meaningful substantive difference between federal and New York law with regard to

enforceability[.]" *Canales Sanchez v Harris*, 2011 WL 13128118, at *2 (S.D.N.Y. Aug. 5, 2011),

*report and recommendation adopted sub nom. Sanchez v Harris*, 2011 WL 13128203 (S.D.N.Y.

Dec. 15, 2011), *affd,* 509 Fed Appx 93 (2d Cir 2013).

"Applying New York law, the Court of Appeals for the Second Circuit adopted a four

factor test (the "Winston factors") to determine whether an oral or unsigned settlement

agreement is enforceable" *Pullman*, 2014 WL 5043319, at *8.  The Winston Factors are: "(1)

whether there has been an express reservation of the right not to be bound in the absence of a

writing; (2) whether there has been partial performance of the contract; (3) whether all of the

terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is

the type of contract that is usually committed to writing" *Winston v Mediafare Entertainment

Corp.*, 777 F2d 78, 80 (2d Cir. 1985).  "No single factor is decisive, but each provides significant

guidance." *Ciaramella*, 131 F3d at 323.

"These factors 'may be shown by oral testimony or by correspondence or other

preliminary or partially complete writings.'" *Pullman*, 2014 WL 5043319, at *8 (*citing

Winston,* 777 F.2d at 81).



. *See e.g.* Adelman Decl., Ex. 8, 5/4/18 Tr. Pp. 15:10-18

pp.

2:10-13

pp. 31-32

pp. 35:6-

9



█ *See also* Adelman Decl., Ex. 8, 5/4/18 Tr. Pp. 38:1-2 ███████

████████████████████████ pp. 38:3-15:

As set forth herein below, applying the Winston factors here, it is beyond cavil that the Settlement Agreement is valid, binding and enforceable and should be enforced.

**A. No Party Made an Express Reservation of the Right Not to Be Bound in the Absence of a Writing**

With regard to the first Winston factor, ████████████████████████

█████████████████████████████████████████████

██████████████████ .

"The first Winston factor concerns whether the parties intended to consent to a binding agreement in the absence of a signed writing." *Pullman*, 2014 WL 5043319, at *10. "Even if the parties agreed to the settlement in open court with the intent to draft and sign a written settlement agreement and general release, this does not satisfy the express reservation requirement." *Lopez v. City of New York*, 242 F. Supp. 2d 392, 393 (S.D.N.Y. 2003) (enforcing agreement to settle on the record, noting that "both parties were afforded an opportunity to ask questions of Mr. Lopez and spell out any uncertain terms on the record"); *Powell v. Omnicom*, 497 F.3d 124, 130 (2d Cir. 2007) (enforcing oral in court settlement noting that "neither party made any express reservation to be bound only by a writing" even where it was contemplated the parties would formalize the agreement in principal into a written document.).

12



*See e.g.* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 1-27 pp 27-37

*See* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 37:18-21.

*See* Adelman Decl., Ex. 2 3/28/18 Tr. Pp. 38:25.

*See* Adelman Decl., Ex. 2,  3/28/18 Tr. Pp. 38:24-39:1 39:11-16 *See also* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 47-50

49:5-14

13

████████████████████████████████████████████████████████ *See*

*Powell*, 497 F3d at 129 ("[t]he settlement remains binding even if a party has a change of heart

between the time he agreed to the settlement and the time those terms are reduced to writing").

### B. The Parties' Have Partially Performed Under the Settlement Agreement

The second Winston factor also weighs in favor of enforcing the Settlement Agreement,

as some of the parties have partially performed under the Settlement Agreement.

The second Winston factor favors enforcement when one party has partially performed its

obligations under the settlement. *N. Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F.Supp.2d

441, 445 (E.D.N.Y., 2006) (finding plaintiffs satisfied this factor by submitting a proposed

stipulation to defendants for their review and signature with some other documents required to be

sent). Furthermore, in the context of a settlement agreement, the parties can be considered to

have partially performed where "both sides, relying on apparent settlement, did not resume

active litigation of the case." *See e.g. Lopez*, 242 F Supp 2d at 393–94 (*citing Alvarez v. City of

New York*, 146 F.Supp.2d 327, 336 (S.D.N.Y. 2001)).

Here there has been partial performance of the Settlement Agreement by Defendants and

Plaintiff. As an initial matter, none of the parties have actively resumed litigation of this case,

including Defendants' not pursing their appeal. Additionally, similarly to the holding in *N. Fork

Country, LLC v. Baker Publ'ns, Inc.*, where the court found that this factor was satisfied upon the

serving of a proposed stipulation, ████████████████████████████████████████████

████████████████████████████████████████████████████. *See* Adelman

Decl., Ex. 3. ███████████████████████████████████████

███████████████████ *See* Adelman Decl., Ex. 4-5. ████████████████████████████

████████████████████████████████████ *See* Adelman Decl. Ex. 6 and [Dckt.

No. 142]. 

*See* Adelman Decl., Ex. 10.   *See also* Adelman Decl., Ex. 2, 3/28/18 Tr. Pp. 30:19-31:18; 34:24-35:19; 36:11-37:2; 41:22-42:15; 42:23-43:15; 45:25-46:12.

Given the partial performance of Plaintiff and Defendants there can be no question that this factor weighs in favor of enforcement of the Settlement Agreement.

### C. All Terms of The Settlement Agreement Have Been Assented To

The Third Winston Factor also clearly weighs in favor of enforcement in this this action.

"While a written document is the most traditional evidence of mutual assent, parties may enter and be bound by an agreement without signing a fully executed contract." *Pullman*, 2014 WL 5043319, at *7 (*citing Winston*, 777 F2d 78).  Moreover, "[p]reliminary agreements that address all negotiated terms are enforceable, even if they are oral, and contemplate a subsequent memorialization in an executed document" *Pullman*, 2014 WL 5043319, at *7 *citing Ciaramella*, 131 F3d at 322 and *Teachers Ins. and Annuity Ass'n of America*, 670 F Supp at 498.



Adelman Decl., Ex. 8, 5/4/18 Tr. Pp. 15:10-18



pp. 2:10-13

pp. 31-32

pp. 35:6-9

As set forth herein, the third Winston factor also weighs in favor of enforcement of the Settlement Agreement.

### D.  The Fourth Winston Factor Favors Enforcement or is Neutral

The Fourth Winston Factor similarly favors enforcement of the Settlement Agreement. The Second Circuit has held that settlements not announced in court, with complicated terms can suggest the parties "would intend to be bound only by a writing" but that is not the case here. *Powell*, 497 F3d at 130.  However, where settlements are on the record, the in "court announcement . . function[s] in a manner akin to that of a memorializing writing" and even viewed in a light favorable to the non-moving party, makes this factor neutral.  *See Powell*, 497 F3d at 131 ("[s]ettlements of any claim are generally required to be in writing *or*, *at a minimum, made on the record in open court*." . . . "The in-court announcement here functioned in a manner akin to that of a memorializing writing" making factor neutral) (internal citations omitted).  Furthermore, "[s]ince the Winston test is designed to determine if a settlement agreement is binding absent a formally executed agreement, it would be a strange test if the fourth factor always favored finding no agreement on the ground that settlement agreements usually are written." *Hostcentric Techs., Inc., v. Republic Thunderbolt*,

LLC, 2005 WL 1377853, at *9 (S.D.N.Y. Jun. 09, 2005). For this reason, courts often determine

that "[t]he intent to reduce a valid oral settlement agreement to writing...does not prevent that

oral agreement from being enforced." *Francis v Home Box Off., Inc.*, 2005 WL 1020863, at *4

(S.D.N.Y. Apr. 28, 2005) (Cote, J.).

Here, the Settlement Agreement is not of the type that would be required to be in writing.



"As

such, an open-court oral agreement such as the one in this case is essentially analogous to an

actual writing." *Bluelink Mktg. LLC v. Carney*, No. 16-CV-7151 (JLC), 2017 WL 4083602, at *8

(S.D.N.Y. Sept. 15, 2017) (*citing Powell*, 497 F3d at 130–31 ("in-court announcement here

functioned in a manner akin to that of a memorializing writing")).

As such, there is no

dispute that the fourth factor favors enforcement of the Settlement Agreement.

## POINT II

### ALTERNATIVELY THIS CASE SHOULD BE RESTORED TO THE CALENDAR

It is Defendants' position that the Settlement Agreement is enforceable and should be

declared valid, binding and enforceable as against all parties including Intervenor, as it is

enforceable, as set forth above and neither Plaintiffs nor Defendants wish to continue this

litigation. However, in the alternative, unfortunate event that the Court were to find that the

Settlement Agreement was not enforceable, Defendants' respectfully request that this action be restored to the calendar.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request that the Court enter an Order:

Dated: New York, New York
     May 25, 2018

Respectfully submitted,
ADELMAN MATZ P.C.


By: ___/s/Sarah M. Matz_____
    Sarah M. Matz, Esq.
    Gary Adelman, Esq.
1173A Second Avenue, Suite 153
New York, New York 10065
T: (646) 650-2207
F: (646) 650-2108
sarah@adelmanmatz.com
g@adelmanmatz.com
*Attorneys for Defendants*

19