UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

        -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,
               Defendants,


KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
              Intervenor.
-----------------------------------------------------------x

7:17-cv-06513-CS

**INTERVENOR'S OPPOSITION TO DEFENDANTS MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

**TABLE OF CONTENTS**

| | |
|---|---|
| INTRODUCTION .................................................................................... | 3 |
| ARGUMENT............................................................................................ | 3 |
| I. THERE IS NO ENFORCEABLE SETTLEMENT AGREEMENT ................. | 3 |
| II. THE COURT LACK SUBJECT MATTER JURISDICTION ....................... | 7 |
| CONCLUSION........................................................................................ | 8 |

1

## TABLE OF AUTHORITIES

**Cases**                        **Page(s)**

*Cooter & Gell v. Hartmarx Corp.,*
496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ............................ 8

*Goldstein v. Solucorp Indus., Ltd.,*
11 Civ. 6227, 2017 WL 1078739 at *6 (S.D.N.Y. Feb. 10, 2017) .................... 7

*Grgurev v. Licul,*
2016 WL 6652741 at *7 ................................................................................... 6

*Hendrickson v. United States,*
791 F.3d 354, 358 (2d Cir. 2015) ..................................................................... 7

*Hostcentric Techs., Inc. v. Republic Thunderbolt,*
LLC, 04 Civ. 1621, 2005 WL 1377853 at *7
(S.D.N.Y. June 9, 2005) (Peck, M.J.) .............................................................. 5

*In re Am. Express Fin. Advisors Sec. Litig.,*
672 F.3d 113, 134 (2d Cir.2011) ...................................................................... 7

*R. & R. adopted,*
2017 WL1067792 (S.D.N.Y. Mar. 21, 2017) ................................................... 7

*StreetEasy, Inc. v. Chertok,*
752 F.3d 298, 305 (2d Cir.2014) ...................................................................... 7

*Swint v. Chambers Cnty. Comm'n,*
514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 ............................................ 8

## RULES/OTHER

**RULE**                        **Page(s)**

Fed.R.Civ.P. 54(d)(2)(B) .................................................................................. 8

Fed.R.Civ.P. 60(b) ........................................................................................... 8

## INTRODUCTION

Intervenor hereby oppose defendants Sixuvus Ltd, et al, motion to enforce the settlement agreement as follows. First, there is no enforceable settlement agreement because the parties were required but failed to execute a final written document. Second, even if such an enforceable agreement existed (and it does not), this Court lack subject matter jurisdiction to entertain defendants motion because the District Court's order dismissing the case with prejudice does not explicitly provide jurisdiction for such a motion. Instead, the Court maintained only limited jurisdiction for the express purpose of filing a motion for restoration of the case in the event that a settlement was not consummated. Accordingly, defendants motion to enforce the settlement agreement must be denied for want of subject matter jurisdiction.

## ARUGMENT

### I.   THERE IS NO ENFORCEABLE SETTLEMENT AGREEMENT

Defendant argue that the purported settlement agreement is "valid and enforceable." See Defendants Motion To Enforce The Settlement Agreement. P. 10. However, the record does not support defendants contention because defendants as well as the Court acknowledged on the record that in fact, the parties had merely reached a settlement in principle for which additional negotiations and approvals were required. But most importantly, a fully executed written agreement was required to consummate and finalize a settlement. See below, statements from the March 28, 2018 hearing and court transcript:

**The Court:**  It's never been a final deal, Mr. Adelman. P. 24, line 21-22.

**Mr. Adelman:** No, I'm saying-- the offer. Sorry. The offer was. So the offer was initially that we would swap out the photo with the modified--- actually, I offered headdresses only, and then they would be able to use those same photos for marketing and promotion. Now I'm being

3

limited in marketing and promotion-- P. 24, line 23-25; P. 25, line 1-4.

**The Court:** Yes. I agree that upon signing of the settlement agreement, the bonds should be released unconditionally. You can send me an order and I'll sign that, once I get confirmation of the signing. P. 39, line 3-6.

**The Court:** Ms. Willis. Ms. Willis. We have an agreement. Of course, it is an agreement in principle. It has to be set forth in detail in what will be a comprehensive settlement agreement. You will have plenty of time to review it in detail. It will apply to all the parties in this case including you. P. 45, line 1-6.

**Ms. Willis**: If I do that, I'm not agreeing this. (note: what Intervenor actually stated was that "until I do that (review the written agreement), I'm not agreeing to this. P. 47, line 2.

**The Court:** Ms. Willis, we understand that. We understand that. We have. P. 47, line3-4.

**The Court:** We have a record. I have the specifics written down that we discussed. **This will be incorporated <u>into a written settlement agreement</u>**. You'll have plenty of time opportunity to discuss it at length and in detail with Mr. Levy and similarly Mr. Adelman and Mr. Levy will have plenty of time to review it if there's language that needs to be tweaked to make sure it incorporates the spirit of what we've been talking about. I'm sure that we can work that out. If there are a few details which remain potentially unresolved, then you call me, you come back and we will iron out those details. P. 47, line 16.

    Moreover, as stated on the record above by Intervenor, and reinforced in a Request for Clarification of Terms of Settlement, dated May 17, 2018, these things clearly reaffirm her express reservation not to be bound absent a written settlement agreement. In any event, there was an expectation that Intervenor and all parties knew that whatever was agreed to on the record, was ultimately subject to a fully executed written comprehensive settlement agreement.

4

Ex. A.[1]

Now, defendants wish to ignore the glaring facts and knowledge between the parties that indeed, until an agreement was reduced to writing and subsequently signed off on, i.e. consummated, the settlement remained merely a settlement in principle, subject to a motion for restoration of the action to calendar. See Ex. B, Order. See also, transcript noted above. Therefore, defendants motion must fail because in the Second Circuit, with respect to the "Winston factors" touted by them, the first factor "is the most important." Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, 04 Civ. 1621, 2005 WL 1377853 at *7 (S.D.N.Y. June 9, 2005) (Peck, M.J.); accord, e.g., Goldstein v. Solucorp Indus., Ltd., 11 Civ. 6227, 2017 WL 1078739 at *6 (S.D.N.Y. Feb. 10, 2017) ("This is the most heavily weighed Winston factor. . . . [C]ourts have frequently found [that only] the absence of such a reservation to weigh in favor of enforcing a settlement."), R. & R. adopted, 2017 WL1067792 (S.D.N.Y. Mar. 21, 2017).

Here, as demonstrated above, reservation of rights between Intervenor and the parties that all areas of agreement is subject to a consummated written agreement, is clear. In addition, as further evidenced in written communication between plaintiff and defendants, the parties reinforced that there was both an express and implied reservation of rights with respect to the settlement in principle, and all continued negotiations towards a settlement. Ex. C.

Moreover, the communications between the parties in Exhibit C, is evidence of continued negotiations towards a settlement agreement, far beyond the date defendants claims that a "valid and enforceable" agreement existed. How can an enforceable agreement or contract

---

[1] During the contentious hearing, all parties, and the court as well, seemed frustrated and annoyed that Intervenor steadfastly refused a settlement unless on terms she could live with. So much so, that at one point, the Magistrate referred to Intervenor as an "obstructionist" and threaten to inform Judge Seibel of such characterization, including that Intervenor was the lone holdout; unless Intervenor agreed to go along with the court. This put undue stress and burden on Intervenor to agree to a settlement, or else be reported to Judge Seibel as an "obstructionist" for which Intervenor believed would subject her to bias unless she agreed to settle. From that point on, nothing that Intervenor agreed to during the settlement hearing could be reasonably considered of as her own free-will because she was frightened into simply going along. Nonetheless, Intervenor remains respectful of the Magistrate.

be in place on Monday when negotiations of the same contract or settlement was reopened on Tuesday, with the parties reaching an impasse by Wednesday? No valid enforceable contract existed between the parties on March 28, 2018 for which defendants can now seek to enforce.

As to the second Winston factor, Intervenor repudiated the settlement agreement long before defendants attempted any partial performance of the purported agreement. For example, Intervenor had already repudiated the agreement well before the May 4, 2018 hearing. Defendants attempted only partial compliance two days before the filing of their motion to enforce the settlement agreement. This was simply a sham to demonstrate a false and contrived compliance. Indeed, numerous postings about the Village People performance in Australia and in general, remain, and defendants continues to allow new negative postings. The third factor as to whether all material terms had been agreed to, the record clearly demonstrates a continuation of negotiations well beyond March 28, 2018.

The forth and final factor also favors Intervenor as the settlement in principle is in fact the type of agreement that is usually committed to writing because the settlement terms are sufficiently complex, dealing with issues of trademark compliance and licensing, with partial use of trade dress for a limited period of time per performance. The amount of money involved surpasses $100,000; the terms carry into perpetuity, and the length and complexity of the agreement it self all support the conclusion that the settlement in principle is complex to say the least. Grgurev v. Licul, 2016 WL 6652741 at *7. Defendants cannot the show that the purported contract was anything other than a complex agreement therein dooming any hope for shelter under any of the Winston factors.

## II.     THE COURT LACK SUBJECT MATTER JURISDICTION

But even if a valid enforceable agreement existed (and it doesn't), defendants "Motion To Enforce The Settlement Agreement" is rather desperate and frivolous, and not supported by law considering the Court lack subject matter jurisdiction, in this case, over defendants motion to enforce the settlement agreement.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). See also *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673(citation omitted). In keeping with this principle, a district court "does not automatically retain jurisdiction to hear a motion to enforce" a settlement agreement simply by virtue of having disposed of the original case. In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir.2011). Instead, a motion to enforce a settlement agreement is fundamentally "a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit," *Kokkonen*, 511 U.S. at 381, 114 S.Ct. 1673, and therefore "requires its own basis for jurisdiction," id. at 378, 114 S.Ct. 1673. Here, the Court lack subject matter jurisdiction to decide defendants motion to enforce the purported settlement agreement because Judge Seibel's order provided for limited jurisdiction over the issue of restoration of the case to the Court's calendar. Defendants seeks to expand the Court's order to include a motion to enforce a purported settlement agreement.

The motion is ill-advised because to retain even ancillary jurisdiction over enforcement of a settlement agreement, *Kokkonen* prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order. *Id.* at 381, 114 S.Ct. 1673; *see also StreetEasy, Inc. v.*

7

*Chertok, 752 F.3d 298, 305 (2d Cir.2014) (reiterating these two Kokkonen alternatives).*

Furthermore, when a district court issues a final decision, it "disassociates itself from a case," *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995), and its jurisdiction over that case comes to an end, except for certain collateral matters especially reserved by precedent or by the Federal Rules, *see, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (Rule 11 sanctions); Fed.R.Civ.P. 54(d)(2)(B) (attorneys' fees); Fed.R.Civ.P. 60(b) (motions for relief from judgment). Indeed, the whole premise of *Kokkonen* is that a district court's power to issue new orders regarding a settlement agreement is terminated by the dismissal of the underlying case, unless special measures are taken. Nowhere in Judge Seibels' order dismissing the case on March 28, 2018, does the Court take special measures to retain jurisdiction over the settlement agreement. See Ex. B. Therefore, the defendants motion to enforce the purported settlement agreement must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For all of the reasons set forth in this opposition, defendants motion for enforcement of the settlement agreement must be denied. Intervenor does however join defendants alternative request that the action be immediately restored to calendar.

Dated:  June 7, 2018                                      Respectfully submitted,

                                                          _____
                                                          KAREN L. WILLIS

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Can't Stop,

                                     Plaintiffs,                 **O R D E R**

          - against -

                                                                                    7:17 Civ. 06513 (CS)

Sixuvus,

                                   Defendants.
----------------------------------------------------------X

<u>Seibel, J.</u>

        It having been reported to this Court that the claims in this case have been settled, IT IS HEREBY ORDERED that this action is discontinued with prejudice but without costs; provided, however, that if settlement is not consummated within thirty days of the date of this order, Plaintiff may apply by letter within the thirty-day period for restoration of the action to the calendar of the undersigned, in which event the action will be restored.

        SO ORDERED.

Dated: White Plains, New York
           March 28, 2018

                                                                           */s/ Cathy Seibel*
                                                                  CATHY SEIBEL, U.S.D.J.

# EXHIBIT B

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

May 17, 2018

**VIA EMAIL**

Gary Adelman
Adelman-Matz
780 Third Avenue, 14th Floor
New York, NY. 10017

REQUEST FOR CLARIFICATION OF TERMS OF SETTLEMENT

Dear Mr. Adelman:

As you know, I am the Intervenor in the matter as to a settlement in principle. Therefore, please inform me of the terms or points that you believe are agreed upon as of the date of this letter.

For example, is it the terms memorialized in the hearing of March 28, 2018? Or is the draft settlement agreement submitted to me for consideration by Stewart Levy on April 27, 2018? Or is it the things memorialized in the last hearing of May 4, 2018?

As you know, the court has given us until May 25, 2018 to consummate a settlement agreement. Accordingly, please clarify as to what you believe are the terms of the settlement.

In any event, considering the obvious continued and ongoing negotiations over the terms of a settlement, I continue to reserve my right **not** to agree to be bound by any of the settlement terms absent a complete or total agreement on all the terms, i.e., the requisite consummation of a written agreement, for which the court likewise characterized as a "consummated" settlement.

Sincerely,



Karen L. Willis

# EXHIBIT C

**karen@harlemwestentertainment.com**

| | |
|---|---|
| From: | "Stewart Levy" <Slevy@Etllaw.com> |
| Date: | Thursday, April 12, 2018 2:04 PM |
| To: | "Gary Adelman" <g@adelmanmatz.com>; "Sarah Matz" <sarah@adelmanmatz.com> |
| Attach: | Settlement Agreement with Sixuvus and Willis.c.4 - 4.12.2018.docx |
| Subject: | Can't Stop v. Sixuvus |

Dear Sarah and Gary,

Attached hereto is a settlement agreement I have drafted in the above-captioned action. I have circulated it among my client, Can't Stop Productions, Karen Willis and my co-counsel, Robert Besser for their input, and present it to you on their behalves.

Please call me after you have reviewed the document.

In the meantime, I hereby reserve on behalf of my client, Ms. Willis and Mr. Besser, as well as myself, the right to make further changes and comments.

I look forward to hearing from you.


Stewart


Stewart Levy, Esq.
Eisenberg Tanchum & Levy LLP
707 Westchester Avenue, Suite 300
White Plains, New York 10604 and
335 Madison Avenue, 9th Floor
New York, New York 10017
(212) 599-0777 (o)
(212) 599-0770 (f)
www.etllaw.com

IRS CIRCULAR 230 NOTICE:  Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE:  This electronic message transmission contains information from the law firm of Eisenberg Tanchum & Levy LLP which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If the recipient is a client, this message may also be for the purpose of rendering legal advice and thereby privileged.  If the reader of this message is not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copy of this transmission is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone and please delete this message from your system.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Eisenberg Tanchum & Levy LLP for any loss or damage arising in any way from its use.  Thank you.

**karen@harlemwestentertainment.com**

| | |
|---|---|
| From: | "Stewart Levy" <Slevy@Etllaw.com> |
| Date: | Sunday, April 22, 2018 2:58 AM |
| To: | "Karen Willis" <karen@harlemwestentertainment.com> |
| Cc: | "Robert Besser" <rsbesser@aol.com> |
| Attach: | 2018 04 21 DRAFT REDLINE Settlement Agreement with Sixuvus and Willis v2.pdf; 2018 04 21 DRAFT CLEAN Settlement Agreement with Sixuvus and Willis v2.docx |
| Subject: | FW: Can't Stop v. Sixuvus |

Dear Karen,

Attached hereto is the settlement agreement that I had sent to Gary Adelman and Sarah Matz, the attorneys for Sixuvus, revised by them to incorporate their comments, Changes from the prior draft haven been highlighted.

Please let me know as soon as possible whether the indicated revisions are acceptable . I will do likewise with regard to Can't Stop's position on the proposed changes.

All rights reserved.

Stewart

**From:** Sarah Matz [mailto:sarah@adelmanmatz.com]
**Sent:** Saturday, April 21, 2018 5:19 PM
**To:** Stewart Levy; Gary Adelman
**Subject:** Re: Can't Stop v. Sixuvus

Stewart:

I hope this email finds you well. Attached is a revised draft of the settlement agreement, with our changes to reflect the transcript.

We continue to reserve all rights.

Thank you.

Best,

Sarah M. Matz
sarah@adelmanmatz.com
Direct: (646) 650-2213

---

Stewart Levy, Esq.
Eisenberg Tanchum & Levy LLP
707 Westchester Avenue, Suite 300