UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                Plaintiffs,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,

                Defendants.
X------------------------------------------------X

Case No.: 7:17-cv-06513-CS (lms)

**DECLARATION**

    STEWART L. LEVY, an attorney admitted to practice law before the courts of the State of New York, does hereby affirm the following statements as true under penalty of perjury:

    1. I am a member of the firm of Eisenberg Tanchum & Levy, the attorneys for Can't Stop Productions, Inc. (Can't Stop"), the plaintiff in this action. I am fully familiar with the facts set forth in this declaration which sets forth Can't Stop's position that it will abide by the Court's decision as to whether the transcript of proceedings held in Court on March 28, 2018 (a copy of which is annexed as Exhibit 2 to the declaration of Defendants' counsel, Gary Adelman) constitutes a binding settlement agreement among the parties to this action and, if so, the scope of such agreement.

    2. Defendants, in their memorandum in support of their motion, set forth the chronology of this case, a case which began with Can't Stop seeking to prevent Defendants' unauthorized usage of Can't Stop's trademarks in "Village People" (the "Marks"). Can't Stop's grievances morphed into a litigation in which (a) the Defendants counterclaimed by, among other things, contesting Can't Stop's trademark rights, and (b) Karen Willis sought permission to intervene in

the action to raise allegations that Defendants had unlawfully used the Marks in violation of her exclusive license from Can't Stop.

3. Motion practice ensued, culminating in late January, early February 2018 with a hearing on Defendant's motion seeking a preliminary injunction which would have permitted their continued use of the Marks. On March 6, 2018 the Court issued a decision and order denying the motion and affirming Can't Stop's ownership rights.

4. At that point, Can't Stop's aim in commencing the litigation, to protect its trademark ownership, had been met, and Can't Stop was receptive to concluding the proceedings.

5. As explained in Defendant's moving papers, on March 28, 2018, the parties met in Court to discuss this matter.

6. The focus of those discussions was the dispute between Defendants and Willis concerning certain issues relevant to them and whether a settlement agreement had been entered into binding upon the parties.

7. That dispute continues and is now the subject of this current motion.

8. Can't Stop shall abide by the decision of this Court concerning this matter.

Dated:  White Plains, New York
        January 15, 2018

                                                    _____
                                                    Stewart L. Levy