

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

July 16, 2018

**VIA ECF**

Hon. Judge Lisa M. Smith
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 520
White Plains, NY 10601-4150
chambersNYSDSmith@nysd.uscourts.gov

    Re:   *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Smith:

    We represent Defendants Sixuvus, Ltd., Eric Anzalone, Alexander Briley, James Newman, Raymond Simpson and William Whitefield, (the "Sixuvus Defendants") in the above referenced action.[1] We are in receipt of Intervenor Karen Willis' ("Intervenor") declaration of alleged newly discovered facts that she claims renders the settlement void and write in response to same.

    As an initial matter, Intervenor's attempt to imply that Mr. Rose did not consent to the Settlement Agreement[2] agreed to on the record, which all Defendants previously moved to enforce, and was not included as part of the process of drafting a written document that incorporated its terms is untrue. *See* Declaration of Felipe Rose (confirming his consent to the settlement agreement and that he received a draft of the draft of the written settlement agreement).

    Similarly, Intervenor's argument that the settlement agreement is void or avoidable because Mr. Rose is not performing with Sixuvus is also wholly without merit. Nothing in the settlement agreement requires that Mr. Rose perform with Sixuvus. It was agreed as part of the Settlement Agreement that because of his heritage that Mr. Rose could wear Native American attire without any restrictions. For events where Mr. Rose does not perform, any person taking his place would be required to follow the same restrictions as the other Sixuvus members as to modified costumes and the time they are allowed to wear them for, as agreed to in the Settlement Agreement. If a Sixuvus

---

[1] Until last week, as the Court knows we represented all of the Defendants in the above referenced action. We were just advised last week that Mr. Rose is retaining separate counsel to represent his individual interests, however we have been advised by his new counsel, who will be filing a substitution shortly, that Mr. Rose continues to support the motion to enforce the settlement agreement as evidenced in his declaration provided herewith.

[2] As defined in Defendants' Motion to Enforce.

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:                                        Office:
1173A Second Avenue, Suite 153      780 Third Avenue, 14th Floor
New York, New York 10065              New York, New York 10017

member who is not Mr. Rose wore the full Native American regalia, that would not void the Settlement Agreement, it would merely be grounds for an alleged breach. However, that is not an issue here where that has not happened and Sixuvus has every intention of ensuring that it follows the Settlement Agreement as to the modified costumes and timing of wearing them. Moreover, there is nothing that requires Mr. Rose to perform with Sixuvus, nor is there anything that says he must wear full Native American attire when he performs—he merely has the option to do so. As such, there is no impediment to the Settlement Agreement being fully performed, even when Mr. Rose is not performing with Sixuvus.

Lastly, Intervenor's declaration should not be considered by this Court, as it is extremely untimely. Intervenor's declaration implies that many of the alleged 'facts' were allegedly learned by her in May of 2018. Although her contentions lack merit, to the extent that she wanted these arguments to be considered by the Court, they should have been included with her opposition which was filed on June 7, 2018.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Enclosure

Cc.     (*Via ECF*)
        Counsel for Plaintiff
        Karen Willis

        (*Via E-Mail*)
        Richard A. Catalina, Jr. (rcatalina@HillWallack.com)