EISENBERG TANCHUM & LEVY LLP
NEW YORK | WHITE PLAINS

TELEPHONE: (212) 599-0777
TELECOPIER: (212) 599-0770

335 MADISON AVENUE, 9TH FLOOR  
NEW YORK, NEW YORK 10017

707 WESTCHESTER AVENUE  
WHITE PLAINS, NEW YORK 10604

October 25, 2018

**Email-chambersnysdseibel@nysd.uscourts.gov**  
Hon. Judge Cathy Seibel  
United States District Court  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601

        Re: Can't Stop Productions, Inc. v. Sixuvus, Ltd., et al.  
        Civil Action No. 17 cv. 06513(CS) (LMS)

Dear Judge Seibel:

  We are the attorneys for Can't Stop Productions, Inc. ("Can't Stop") , the plaintiff in the above-captioned action. This case involves the dispute between former (Sixuvus. Ltd.) and current (Karen Willis) licensees of Can't Stop for the usage of trademarks denoting the group, Village People. A motion is currently pending seeking the Court's determination as to whether the parties have entered into a settlement agreement setting forth a roadmap for Sixuvus, Ltd. ("Sixuvus") to make limited reference to those marks in future concerts that its members may give. Recent actions by Sixuvus suggest, however, that oral argument before the Court may be desirable in order to reach a workable settlement framework.

  A brief summary of the litigation to date starts with the Court's Order of March 6, 2018, denying the motion by Sixuvus, Ltd. which, if granted, would have given Sixuvus the right to continued unlimited use of the marks. Instead, the Court affirmed Can't Stop's ownership of those marks. Subsequently, the parties engaged in settlement discussions supervised by Magistrate Judge Smith, which discussions led to a dispute as to whether those discussions had resulted in a binding settlement agreement. Sixuvus moved this Court for an order recognizing that terms discussed during these sessions constituted a binding agreement while Willis took the contrary stance. Can't Stop took no position on this matter other than to commit to abide by the Court's decision.

**EISENBERG TANCHUM & LEVY LLP**

In the period since the motion was filed, Sixuvus has presented at least two concerts, at both of which it evidenced a cynical view of the Court's ruling, and an attitude, bordering on hubris, concerning how it would continue to use the trademarks. The key to any settlement is that it be clear that there is only one group currently licensed to perform under that name and to utilize Village People trademarks – that of Karen Willis. Yet, from two recent concerts it appears that Sixuvus is exceeding a fair understanding of the gravamen of any settlement.

Specifically, in a slightly more than one hour concert (one hour and three minutes to be exact) given in August, 2018 in Hamburg, Germany the Sixuvus group initially appeared under the rubric, "Kings of Disco," and dressed in all black track suits. They remained in this costume for approximately eight minutes when, announcing themselves to the audience as the "original boy band," they strip off the track suits to reveal themselves dressed in uniforms reminiscent of the Village People, presumably the "original boy band." If the audience needed further clarification one of the group's members, in a mix of English and German, explains that the "producer" of Village People (presumably Can't Stop) had given the right to use the Village People name to someone else, but that, as Shakespeare noted, "a rose is a rose by any other name." Although the most blatant copying of Village People marks ends after approximately ten minutes, the group for the next thirty two minutes performs in Village People-inspired costumes with the overall feel reminiscent of Village People. This concludes with a ten minute finale in which the group shamelessly copies the Village People "bit" about teaching the audience how to spell "YMCA." The link to this concert's footage is:

https://www.facebook.com/ndrhamburg/videos/2067143716671760/

Initially, Can't Stop, upon learning details about the Hamburg concert, chose to view it as an isolated occurrence. Unfortunately, recently the Sixuvus group appeared on a German television show where they were billed as the Village People. Sixuvus' cynicism toward the legal process is highlighted by the fact that after a split second shot of the group wearing nondescript black track suits, they strip to reveal Village People-like costumes underneath. The group then proceeds to sing a medley of Village People songs, concluding when the host of the show asks the audience to applaud the "Village People." The link to this appearance is https://www.facebook.com/OfficialKingsOfDisco/posts/10156047498851025?__xts__[0]=68.ARCNPGwi maRVRAy0dsx8JFJk3YNea6m5Td78rOxXbIWcj4HIL1p16kJBcUFuHWzXve4pA_m8z4JV_snBGR4LyrVarh7iN 4JeRuDrvlR2zTiuUSYrhgIXXul_8gUMyNr3BLHqox-a2AvWpOtrdCPhn1EAJIaX7yhKfJT8g6_IQuU- AxNVgNolPuLIt4N9Nuu2J5_FB3iw7kyrg-sAROnDVjoBMXddQ&__tn__=-R (click on "Comments" and scroll downwards)

Sixuvus' misuse of Village People marks on at least two recent occasions in Germany presents the awkward situation that if the Court finds the existence of a binding agreement, as Sixuvus claims, then Sixuvus is already in material breach of such agreement. And, if no settlement agreement is found to exist, Sixuvus' same actions constitute blatant trademark infringements.

Under the circumstances, where the Court retains jurisdiction over this matter, we respectfully request that the Court require that Sixuvus and Willis and their attorneys appear in Court with counsel to resume their discussions with Magistrate Judge Smith. If there is any positive in Sixuvus' actions in Germany it is that the parties have a clearer idea, based on actual performances (as opposed to hypotheticals), as to how Sixuvus intends to use the marks and how such use can be modified so as to comply with the rights of Can't Stop's licensee, Karen

**EISENBERG TANCHUM & LEVY LLP**

Willis. A court conference would provide the appropriate forum at which time the Court could facilitate the finalization of a more practical settlement document that all could abide.

We greatly appreciate the Court's time and consideration in this matter.

                                Respectfully submitted,

                                Stewart L. Levy

cc:    Gary Adelman, Esq. (email)
        Adelman Matz, P.C.
        780 Third Avenue
        New York, New York 10017

        Karen Willis (email)