

**GARY ADELMAN**
PARTNER
G@ADELMANMATZ.COM
DIR: (646) 650-2198

December 14, 2018

<u>**VIA ECF AND E-MAIL**</u>

Hon. Judge Lisa Margaret Smith
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 520
White Plains, NY 10601-4150
chambersNYSDSmith@nysd.uscourts.gov

 Re: *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Smith:

 As you are aware, we represent defendants Sixuvus, Ltd., Eric Anzalone, Alexander Briley, James Newman, Raymond Simpson and William Whitefield (collectively the "Sixuvus Defendants") in the above referenced action. We write in opposition to intervenor Karen Willis' ("Intervenor") Letter Motion for Recusal or to Bifurcate filed on November 9, 2018 (the "Motion") and Your Honor's Order dated November 28, 2018 [Dckt. No 180]. As set forth more fully below, there is no justification for Intervenor's request that Your Honor, who has fairly conducted the settlement hearings and the other appearances, be recused. Intervenor has presented an argument supported by out-of-context and cherry-picked statements but with no actual relevant law. Rather, this is simply a further attempt on the part of Intervenor to try and create chaos to undo, without justification, the arm's length settlement Intervenor fully agreed to on the record.

 Intervenor's motion should be denied as she has failed to demonstrate any bias on the part of Your Honor and has failed to timely file her motion. Intervenor's characterization of Your Honor's statements as being bias and having unduly pressured Intervenor into agreeing to a deal during the settlement hearings is simply wrong on multiple fronts. First, Your Honor's statements throughout the proceedings has been unbiased. Your Honor has demonstrated fairness and impartiality in the multiple hearings Your Honor has presided over in this case. Second, the agreement that Intervenor made was made of Intervenor's own free will, and Intervenor is now simply trying to undo a settlement that was made following extensive arm's length negotiations. In addition, Intervenor's motion, while was filed nearly eight months after the March 28, 2018 Settlement Conference and more than five months after the Sixuvus Defendants Motion to Enforce was filed fails the crucial four-part test set forth by the Second Circuit in analyzing the timeliness of a motion to recuse. In filing this Motion, Intervenor also ignores that all parties will have opportunity to object to Your Honor's findings and that Judge Seibel will actually make the final determination regarding the

**ADELMAN MATZ P.C.**
PHONE: (646) 650-2207 • FAX: (646) 650-2108
MAILING:           OFFICE:
1173A SECOND AVENUE, SUITE 153    780 THIRD AVENUE, 14TH FLOOR
NEW YORK, NEW YORK 10065      NEW YORK, NEW YORK 10017

Motion to Enforce, following Your Honor's Report and Recommendation. Controlling law, of which Intervenor cites none to support her motion, amply supports that Your Honor should not be recused as Intervenor has failed to demonstrate any of bias on the part of Your Honor whatsoever, and as Intervenor failed to timely file her motion.

Intervenor has failed to demonstrate that Your Honor showed any bias against her. 28 U.S.C. § 455 states in relevant part that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

"The question for a court deciding whether recusal is required is whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *Smalls v. Lee*, 2016 WL 5334986, at *17 (S.D.N.Y. Sept. 22, 2016), certificate of appealability denied, No. 16-3451, 2017 WL 8788256 (2d Cir. May 3, 2017) (Internal citations omitted). It is clear that Your Honor's statements could not lead to any doubt that justice would be done absent recusal, let alone a significant doubt. During the Settlement Conference held on March 28, 2018, after the Court's statements that Intervenor has complained of, Intervenor stated her position that Intervenor was simply attempting to understand the parameters of the settlement which counsel for plaintiff Can't Stop Productions, Inc. ("Plaintiff") and the Sixuvus Defendants and Felipe Rose[1] had already discussed. *See* March 28, 2018 Transcript Pp. 17:19-18:6. This led to counsel for Plaintiff meeting privately with Intervenor to explain the settlement to Intervenor. After the parties re-convened, Ms. Willis, far from simply "going along" with whatever settlement terms were proposed, continued to strongly advocate her position and demands, which contradicts the alleged fear that she felt. *See* March 28, 2018 Transcript P. 26:16-17.

Other instances that Intervenor complains of, which are at most displeasure with Intervenor's statements, were in response to Intervenor's statements and demands that were not rooted in reality, nor were they conducive in leading to a settlement, such as when Intervenor agreed with a statement clearly meant to be hyperbolic. *See* March 28, 2018 Transcript Pp. 16:6-16:13. The Supreme Court has held that "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Moreover, the Second Circuit has held that "judicial rulings and judicial remarks during the course of a trial that are disapproving of, or even hostile to, counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Francolino v. Kuhlman*, 365 F.3d 137, 143 (2d Cir. 2004). (Internal citations omitted). There is no evidence submitted showing hostile remarks to any party, and Your Honor's statements fall well within what 'remains immune' as set forth in *Liteky*.

---

[1] The parties settled prior to defendant Felipe Rose obtaining new counsel.

"The Second Circuit has cautioned that the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality. Where the standards governing disqualification are not met, disqualification is not optional; rather, it is prohibited." *Salazar v. United States*, 2018 WL 2276163, at *2 (S.D.N.Y. May 16, 2018) (Internal citations omitted).   At no point during the Settlement Conference did Your Honor browbeat, degrade, or use excessive zeal in conducting the settlement discussions.  In fact, Your Honor respectfully asked Intervenor whether an agreement was reached.  *See* March 28, 2018 Transcript Pp. 37:18-25.  Moreover, as has been made clear by the Supreme Court, even a stern and short-tempered judge's [2] ordinary efforts at courtroom administration—remain immune.  Your Honor's statements were clearly made in reaction to Intervenor's comments and they are not grounds for refusal.  Moreover, Intervenor was clearly not afraid, as she made her own demands during the Settlement Conference and indeed received concessions as part of those negotiations, which ultimately led to a Settlement Agreement.  Given that recusal is prohibited when the standards governing disqualification are not met, Intervenor's motion should be denied.

Intervenor's cited case law does not support recusal.  Unlike in *Del Rio v. N. Blower Co.*, 574 F.2d 23, 26 (1st Cir. 1978), here Your Honor did not force anyone to pay additional monetary consideration that they were under no obligation to pay—indeed Your Honor did not force any of the parties to agree to any term, they did so of their own free will.  *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) also does not support recusal, as here Your Honor did not threaten the parties with any type of sanction if they did not settle for a particular amount.  The holding in *MacLeod v. D. C. Transit Sys., Inc.*, 283 F.2d 194, 195 fn. 1 (D.C. Cir. 1960), also does not support recusal, indeed it was not even a decision on a motion to recuse.  None of Your Honor's statements are at all similar to any case cited by Intervenor where recusal was warranted, and as such Intervenor's motion should be denied.

Intervenor should not be allowed to discredit a member of the judiciary to try to back out of the Settlement Agreement, that she agreed to on the record, of her own free will, when the truth is she simply wants to be allowed to change her mind.

Intervenor has also failed to timely file her motion and failed to excuse why her motion was filed months after the relevant events took place.  "The Second Circuit has read a timeliness requirement into 28 U.S.C. § 455 by reading it in combination with 28 U.S.C. § 144, which expressly provides that a party moving for recusal make its motion in a timely fashion." *Katzman v. Victoria's Secret Catalogue*, 939 F. Supp. 274, 277 (S.D.N.Y. 1996).  28 U.S.C. § 144 states that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Intervenor waited nearly eight months after the Settlement Conference on March 28, 2018 before filing this motion on November 13, 2018 and nearly five months after the motion to enforce was fully briefed. Intervenor has failed to provide any legitimate excuse as to why she let months go by before deciding she would attempt a new way of reneging on an agreement she reached.

"Although there is no statute of limitations for recusal motions, the statute requires a party to raise such a claim at the earliest possible moment after obtaining knowledge of facts demonstrating

---

[2] Although the Sixuvus Defendants do not believe that Your Honor was at all short tempered.

the basis for such a claim." *178 E. 80th St. Owners, Inc. v. Jenkins*, No. 00 CIV. 5959 RCC FM, 2003 WL 22004900, at *2 (S.D.N.Y. Aug. 22, 2003) (Internal citations omitted).  "A number of factors must be examined, including whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 334 (2d Cir. 1987) (Internal citations omitted).

As for the first factor, it is indisputable that Intervenor has participated in a substantial manner in these proceedings.  Intervenor has been substantially involved in these proceedings as within days of the Judge Seibel entering a Temporary Restraining Order, Intervenor intervened in this matter and requested a second hearing, which ended up modifying the Temporary Restraining Order.  In addition, Intervenor has filed an appeal, flown in from San Diego to participate in multiple days of hearings, submitted numerous letters to the Court, filed a pleading, and has participated in multiple settlement conferences and settlement negotiations.  Indeed, Intervenor has made herself such a substantial part of these proceedings that at this point, she is the only reason for the motion to enforce.  The actual parties, Plaintiff and Defendants, agree that the matter has settled.  As such, there is no conceivable manner in which any observer could view Intervenor as having done anything but substantially participated in these proceedings.

As for the second factor, this matter has endured an arduous path to settlement and as such, Your Honor should not be recused from this case.  Intervenor is trying to manipulate the judicial process to get out of a Settlement Agreement, because she knows that Intervenor's attempts to back out of the settlement will not work.  The complaint in this matter was filed over one year ago [Dkct. No. 1] and since the filing of the complaint, this action has involved two temporary restraining order hearings, a multi-day preliminary injunction hearing, multiple motions, and multiple rounds of settlement negotiations.  The resolution of this matter only came after extensive negotiations led to all parties reaching a Settlement Agreement.  Simply put this is Intervenor's attempt to undo an agreement that she agreed to, because she does not now like it.  *See Willner v. Univ. of Kansas*, 848 F.2d 1020, 1023 (10th Cir. 1988) ("Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process.")  As such, Intervenor's motion should be denied.

Though the third factor is not applicable here as there has been no judgment entered, the fourth factor, that the movant can demonstrate good cause for delay, is not met whatsoever, as Intervenor's excuse holds no water.  Intervenor claims that Plaintiff's counsel (i.e. not her counsel) represented to her that Judge Seibel would be deciding the Motion to Enforce.  However, ultimately, this will be the case as Judge Seibel will rule on any objections that are timely filed to Your Honor's Report and Recommendation. [Dckt. 171].  The circumstances show no justifiable excuse for Intervenor's delay.  Intervenor filed her motion nearly eight months after the March 28, 2018 Settlement Conference and more than five months after the Sixuvus Defendants filed the Motion to Enforce.  As such, Intervenor has filed this motion in an untimely manner.

For the reasons set forth herein, the Sixuvus Defendants respectfully request that this Court deny Intervenors Motion to Recuse, and for any such further relief as this Court deems just and proper.

We appreciate the Court's time and consideration, should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Gary Adelman, Esq.



Cc.     (Via ECF)
        Counsel for Plaintiff
        Karen Willis

        (Via Email)
        Eric I. Abraham, Esq. (eabraham@hillwallack.com)
        Richard A. Catalina, Jr., Esq. (rcatalina@hillwallack.com)
        Counsel for defendant Felipe Rose