UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(ORIGINAL

---

CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

- against -

SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER
BRILEY, FELIPE ROSE, JAMES F. NEWMAN,
RAYMOND SIMPSON, and WILLIAM WHITEFIELD,

Defendants.

KAREN L. WILLIS d/b/a HARLEM WEST
ENTERTAINMENT,

Intervenor.

17CV6513 (CS)(LMS)

**DECISION AND ORDER**

---

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.**

This Decision and Order addresses the pending motion for recusal filed by Intervenor

Karen L. Willis d/b/a Harlem West Entertainment ("Willis").  Docket ## 175, 178 ("Recusal

Motion").[1]  For the reasons that follow, the Recusal Motion is **denied**.

**DISCUSSION**

Willis argues in the Recusal Motion that, pursuant to 28 U.S.C. § 455(a), I should be

recused from deciding the motion to enforce the settlement agreement or, in the alternative, the

issue of recusal should be bifurcated from the issue of enforceability of the settlement agreement,

and the motion to enforce should be stayed until the motion for recusal is decided.  Willis claims

that statements I made during a March 28, 2018, conference coerced her into agreeing to the

settlement.  She argues that "if the court finds that Intervenor was coerced into going along with a

---

[1]These two documents are virtually identical, with the earlier filing erroneously submitted to
Judge Seibel for decision, after which it was resubmitted to the undersigned.

settlement under threat or duress, or the Magistrate [Judge] used excessive zeal, there can be no enforceable settlement, and the Sixuvus motion to enforce must be **denied**." Recusal Motion at 7 (emphasis in original).[2] Willis further argues that this issue "is inextricably intertwined with any decision on the motion to enforce and cannot be divorced from it, nor decided by Judge Smith because she cannot be seen as deciding whether or not she committed judicial indiscretion or whether the motion should be denied as a direct result of her behavior." Id. at 8.

The issue of the enforceability of the settlement is addressed in a separate Report and Recommendation being filed simultaneously herewith, which recommends—for reasons entirely unrelated to Willis' claims of coercion and duress—that Judge Seibel should conclude that the motion to enforce should be denied. Thus, the Recusal Motion is moot. Nonetheless, and in any event, the Recusal Motion is denied because Willis' arguments lack merit.

Section 455(a) states that "[a]ny . . . magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Supreme Court has stated that the issue of recusal under this provision is to "be evaluated on an <u>objective</u> basis, so that what matters is not the reality of bias or prejudice but its appearance." <u>Liteky v. United States</u>, 510 U.S. 540, 548 (1994) (emphasis in original). According to the Second Circuit, "The question . . . is whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." <u>ISC Holding AG v. Nobel Biocare Finance AG</u>, 688 F.3d 98, 107 (2d Cir. 2012) (internal quotation marks, brackets, and citation omitted). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in

_____

[2]Citations are to page numbers in the later-filed version of the Recusal Motion, Docket # 178.

the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.  "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." Id. at 555-56 (emphasis in original).  "Movants must overcome a presumption of impartiality, and the burden for doing so is substantial." Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (internal quotation marks and citations omitted).

The only alleged act of partiality cited by Willis in her motion is a comment made by the undersigned during the March 28 conference in response to Willis' insistence on revisiting issues that the parties had appeared to have resolved in the course of their negotiations.  The parties had discussed a number of issues during a preliminary settlement conference that took place on March 26, 2018, and at the outset of the March 28 conference, the Court stated,



REDACTED

REDACTED

REDACTED

REDACTED

It is evident from the transcript of the March 28 conference that the undersigned was

doing no more than expressing frustration with Willis' behavior, which is "within the bounds of

what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Liteky, 510 U.S. at 556.  These comments were made only about a third of the way into the March 28 conference (the transcript of the entire conference is 50 pages long, and the comments in question appear on pages 14 and 17), and the March 28 conference, which lasted approximately one and a half hours, was a continuation of the March 26 conference, which had lasted approximately two hours.  The Court had already invested a substantial amount of time and effort into trying to broker a settlement agreement among the parties—almost two and a half hours—at the point at which the Court vented its frustration with Willis' behavior.  Nonetheless, the transcript of the March 28 conference reflects the fact that, despite the Court's comments, during the remainder of the conference, Willis was neither prevented from, nor had any qualms about, expressing her opinions with respect to the settlement terms being discussed.  ████

████████████████████████████████████████████

████████████████████████

        "Section 455 does not require that I accept all allegations of the moving party as true."
Farkas v. Ellis, 768 F. Supp. 476, 480 (S.D.N.Y. 1991) (citing United States v. Greenough, 782
F.2d 1556, 1558 (11th Cir. 1986)).  There is no basis to grant a recusal motion where, as here, a
party makes "conclusory claims of bias without adequate supporting factual allegations."
Kampfer v. Gokey, 955 F. Supp. 167, 170 (N.D.N.Y. 1997), aff'd, 175 F.3d 1008 (2d Cir. 1999).
Willis "ha[s] not carried [her] substantial burden of showing that a reasonable observer, with
knowledge and understanding of the relevant facts, would entertain significant doubt that justice
would be done absent recusal" based on my conduct during the March 28 conference.  Metro.
Opera Ass'n, Inc., 332 F. Supp. 2d at 676 (S.D.N.Y. 2004) (internal quotation marks and citation

omitted).

Accordingly, the Recusal Motion (Docket ## 175, 178) is **denied**.[3]

Dated: January 18, 2019
White Plains, New York

SO ORDERED,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[3]Because I deny the motion on the merits, I need not address the issue of its timeliness.