UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

                                                       7:17-cv-06513-CS

               -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD;
                   Defendants,


KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
                Intervenor.
-------------------------------------------------------------------x



INTERVENOR'S REPLY TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ........................................................................................ 1

ARGUMENT................................................................................................ 1

I. STANDARD OF REVIEW ........................................................................ 1

II. THE FIRST WINSTON FACTOR WEIGH AGAINST THE
    FINDING OF AN ENFORCEABLE AGREEMENT ................................. 1

III. NEW YORK LAW IS APPLICABLE, AND NO ORAL SETTLEMENT
     CAN BE HAD IN OPEN COURT WITH A PRO SE LITIGANT ............. 5

CONCLUSION.............................................................................................. 7

# TABLE OF AUTHORITIES

**Rules**                                                                     **Page(s)**

Fed. R. Civ. P. 72(b) ............................................................... 1

N.Y.C.P.L.R. 2104 ................................................................ 7

**Cases**

CAC Grp. Inc. v. Maxium Grp, LLC,
    523 F. App'x 802, 804 (2d. Cir. 2013) ................................... 2

Ciaramella v. Readers Digest Ass'n. Inc.,
    131 F.3d 320, 324 (2d Cir. 1997) ......................................... 2

Dash v. Bd. of Educ. of City Sch. Dist. of N.Y.,
    No. 15-CV-2013, F. Supp. 3d, 2017 ..................................... 6

Gilday v. Spencer
    667 F. Supp. 2d 354, 357 (D. Mass. 2009) .......................... 1

Goldstein v. Solucorp Indus., Ltd.,
    11 Civ. 6227, 2017 WL 1078739 at *6 (S.D.N.Y. Feb. 10, 2017) ....... 1

Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC,
    04 Civ. 1621, 2005. WL 1377853 at *7 (S.D.N.Y. June 9, 2005) ........ 1

Johnson v. Fordham Univ.,
    1:11-cv-04670 (ALC), 2016 ............................................... 3

Lenington v. Kachkar,
    633 F. App'x 59, 60 (2d Cir. 2016) ...................................... 6

Loreley Fin. No. 3 Ltd. v. Wells Fargo Sec., LLC,
    12 Civ. 3723, 2017 WL 985875 at *6 (S.D.N.Y. Mar. 10, 2017) ....... 6

Meltzer, 2017,
    2017 WL, 5032991, at *5 ................................................. 2

Olin Corp. v. Am. Home Assurance Co.,
    704 F.3d 89, 99 (2d Cir. 2012) ........................................... 2

iii

Red Ball Interior Demolition Corp. v. Palmadessa,
     173 F.3d 481, 484 (2d Cir. 1999) ....................................................... 6

Smith v. Haag,
     No. 08-CV-6360 CJS, 2015 WL 866 ............................................... 3

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,
     No. 04- 3528, 2005 WL 1076552 at *1 (2d Cir. May 6, 2005) ........ 6

## INTRODUCTION

The Sixuvus ("Defendants") objections to the Magistrate Judge's Report and Recommendation ("R&R")[1] challenge the thorough and correct finding that no valid or enforceable settlement exist between Defendants, Intervenor, and Can't Stop Productions, Inc. Defendants' objections simply reiterate arguments that the Magistrate Judge had already considered, and rightfully rejected. Yet Defendants would have this Court disregard the Report and Recommendation and instead, "grant Defendants' Motion to Enforce the Settlement Agreement." Nonsense. The Magistrate Judge correctly recommends that **no** valid or enforceable settlement exist between the parties.

## ARUGMENT

### I.    STANDARD OF REVIEW

A party objecting to the report and recommendations of a magistrate judge must make specific objections to warrant de novo review. Fed. R. Civ. P. 72(b). "[I]t is improper for an objecting party to... submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." Gilday v. Spencer, 667 F. Supp. 2d 354, 357 (D. Mass. 2009) (citations omitted). As demonstrated below, the Sixuvus objections are frivolous, and are simply a rehash of prior arguments that do not warrant de novo review.

### II.    THE FIRST WINSTON FACTOR WEIGHTS AGAINST A FINDING OF AN ENFORCEABLE AGREEMENT

The Winston Factors is controlling in this matter. The first factor "is the most important." Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, 04 Civ. 1621, 2005 WL 1377853 at *7 (S.D.N.Y. June 9, 2005) (Peck, M.J.); accord, e.g., Goldstein v. Solucorp Indus.,

---

[1] The Magistrate Judge's Report and Recommendation in this case.

Ltd., 11 Civ. 6227, 2017 WL 1078739 at *6 (S.D.N.Y. Feb. 10, 2017). Here, for numerous reasons as the Magistrate Judge correctly found, the first factor weighs against a finding that a valid and enforceable settlement was reached.

The Sixuvus argues that the first Winston Factor weighs in favor of enforcement and therefore object to Judge Smith's overall finding that "on balance, the first Winston Factor... militates against a finding that the parties' oral agreement is binding." Moreover, the Sixuvus argues that the Magistrate Judge's related finding that "[w]hen looking at the record in its totality, particularly with respect to the language included in the draft agreements, there is sufficient evidence to undercut the Sixuvus Defendants' argument that the parties intended to be bound in the absence of a signed written agreement. *See Obj. p. 9.*

But as the Magistrate correctly stated, "[w]hen looking at the record in its totality, particularly with respect to the language included in the draft, there sufficient evidence to undercut the Sixuvus Defendants' argument that the parties intended to be bound in the absence of a signed written agreement. This is especially so where, as here, changes made to provisions of the agreement to eliminate the condition of a fully executed document were not agreed to by Willis, the party disclaiming the existence of an oral agreement. See CAC Grp. Inc. v. Maxium Grp, LLC, 523 F. App'x 802, 804 (2d. Cir. 2013) (intent not to be bound prior to execution of a document was "reinforced by language in the draft agreement indicating 'that the parties contemplated the moment of signing as the point when the [contract] would become binding[.]'") (quoting Ciaramella v. Readers Digest Ass'n. Inc., 131 F.3d 320, 324 (2d Cir. 1997)); Meltzer, 2017, 2017 WL, 5032991, at *5 ("To enforce the unexecuted Stipulation would render the language requiring execution a nullity, and this result cannot stand. Olin Corp. v. Am. Home Assurance Co., 704 F.3d 89, 99 (2d Cir. 2012) ('Any interpretation of a contract that has the

2

effect of rendering at least one clause superfluous or meaningless is not preferred and will be voided if possible.'(internal quotation marks omitted)."); see also Smith v. Haag, No. 08-CV-6360 CJS, 2015 WL 866, at *5 (W.D.N.Y. Mar. 2, 2015) (finding no enforceable agreement where "the written stipulation drafted by Defendants indicates that they have no obligation to pay Plaintiff until after the stipulation is 'fully executed [and] so ordered' and approved by 'all appropriate New York State officials. *See Dckt. No. 183 pp. 20-21*

Here, the Sixuvus Defendants is asking the Court to disregard the R&R when their own request for entry of a "conditional order of dismissal" is prima facie evidence of a reservation of a consent not to be bound absent a written agreement and payment of money. *See Dckt. No. 183 pp. 15.* As the Magistrate Judge correctly stated, "[o]rders of dismissal like the 30-Day Order entered in this case, which allow for restoration of the action to the Court's calendar upon application, have been considered evidence that a binding agreement has not yet been reached. See Johnson v. Fordham Univ., 1:11-cv-04670 (ALC), 2016 WL 450424, at *3 (S.D.N.Y. Feb. 4, 2016) ("[T]he Second Circuit has made clear that the restoration provision weighs in favor of finding that any agreement is not yet binding."). *See Dckt. No. 183 p. 15*

The Sixuvus objects to the Magistrate Judge's finding of ambiguity and that "there were some statements made regarding conditions that would not be fulfilled until a settlement agreement had been signed. Moreover, the Sixuvus argues that "Judge Smith findings do not consider the entirety of the 3/28/18 Settlement Conference, where the statements demonstrate the parties assenting to an agreement, as when agreeing on a payment, as is often contemplated in settlement agreements, particularly those placed on the record in court, that the delivery of a release and similar documents will occur subsequently." *See Obj. pp. 9-10.*

But as the Magistrate Judge correctly stated, "[C]ounsel for the Suxuvus Defendants began the conference describing the terms upon which he and counsel for Can't Stop had agreed up until that point, including that Can't Stop had "agreed to a financial payment from Can't Stop to Sixuvus... **upon signing.** Well, or within 5 days thereof or... Whatever time Can't Stop needs within reason." 3/28 Tr. at 6-7 (emphasis added). Later during the conference, after further discussion of settlement terms, the Court stated that "with regard to the main photograph on social media sites **within 30 days of signing of the agreement,** Sixuvus would produce one or more photographs to defendant [sic] and the intervenor for approval, which approval shall not be unreasonably withheld." Id. at 27 (emphasis added). Counsel for the Sixuvus Defendants subsequently raised the issue of the bonds that had been posted by his clients and Willis and stated that "those should be released unconditionally," for which the Court responded, "Yes, I agree that, **upon signing of the settlement agreement**, the bonds should be released unconditionally. You can send me an order, and I'll sign that, **once I get confirmation of the signing."** Id at 39 (emphasis added). *See Dckt. No. 183 pp. 13-15.*

Here again, the Sixuvus Defendants' would like the Court to disregard the reservation, on the record of numerous instances, not to be bound without payment, without confirmation of the limited use of Village People clothing, and without confirmation of photographic images proposed by the Sixuvus Defendants'. Moreover, the Sixuvus Defendants' would like the Court to disregard the Magistrate Judge's understanding that the parties are not bound absent a written agreement. Therefore, the Sixuvus Defendants' brought forth the red herring argument that "Judge Smith cited at least two statements made by Judge Smith, not the parties, on the record to support the finding that there were "statements made regarding conditions that would not be fulfilled until a settlement agreement had been signed. *See Obj. pp.10-1.*

4

The Sixuvus fail to recognize that there's no better arbiter of the parties understanding than the Magistrate Judge who was likewise under the impression that the parties are not to bound without a written agreement. Therefore, what better witness to the understanding of where things stood than the Magistrate Judge presiding over the settlement hearing. Accordingly, the Magistrate Judge was correct to state that "[y]es. I agree that, **upon signing of the settlement agreement**, the bonds should be released unconditionally. You can send me an order and I'll sign that, **once I get confirmation of the signing.** *See Dckt. No. 183 p. 15.*

Moreover, if the Sixuvus Defendants believed that the court's position that a signed agreement was required, was somehow wrong or false, they had an obligation to speak-up at that moment and correct the record. They did not do so because the Sixuvus Defendants likewise knew that the parties would not be bound absent a written agreement. The Magistrate Judge's R&R is correct that the First Winston Factor militates against a finding that a binging settlement agreement between the parties.

### III.  NEW YORK LAW IS APPLICABLE AND NO ORAL SETTLEMNT CAN BE HAD IN OPEN COURT WITH A PRO SE LITIGANT

In a desperate attempt by Defendants to avoid the pro se issue that is fatal to their attempted open court settlement, Defendants argue that Intervenor is an attorney nonetheless, and should be treated as such, not a pro se litigant. Moreover, in an even more desperate attempt to avoid the pro se fatality to any open court settlement involving Intervenor, Defendants argue that "New York law is in applicable in the matter." *Obj. p. 24.* This argument is specious and highly frivolous.

Intervenor is not a practicing lawyer and must be therefore be treated in all respect as a pro se litigant. Intervenor is not a member of any State bar, at this time, and was licensed to

engaged in limited practice as a deputy public defender, and civil litigation; all under the supervision of other agencies and lawyers. Indeed, Intervenor later opted not to seek full admission to the California State bar and may never do so now because she's just not interested in practicing law, at this time, which would involve client caseloads which she has experienced in the past and did not like it. Moreover, Intervenor would be subject to yearly State Bar dues and would have to maintain malpractice insurance which she loathes. Intervenor is simply a pro se litigant with scarce legal knowledge and must be treated as such. Therefore, Intervenor must object to the Sixuvus counsel's attempt to couch Intervenor as a lawyer masquerading as a non-lawyer pro se litigant. It is simply not true, and Intervenor has always been upfront with the Court about her legal background.

Having said that, here's why the Sixuvus Defendants' are desperately attempting to have the Court declare Intervenor a lawyer; because oral, or on the record settlements are only valid with use of lawyers on behalf of their clients. So, the Sixuvus Defendants' are now urging the Court to declare Intervenor a lawyer representing herself. But even if true, the Sixuvus Defendants' argument is specious at best, and still defective under New York law.

"It is black letter law in the Second Circuit that "[s]ettlement agreements are contracts and must therefore be construed according to general principles of [New York] contract law." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999); accord, e.g., Lenington v. Kachkar, 633 F. App'x 59, 60 (2d Cir. 2016); Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., No. 04- 3528, 2005 WL 1076552 at *1 (2d Cir. May 6, 2005); Loreley Fin. No. 3 Ltd. v. Wells Fargo Sec., LLC, 12 Civ. 3723, 2017 WL 985875 at *6 (S.D.N.Y. Mar. 10, 2017); Dash v. Bd. of Educ. of City Sch. Dist. of N.Y., No. 15-CV-2013, --- F. Supp. 3d ----, 2017 WL 838226 at *5 (E.D.N.Y. Mar. 3, 2017) (Weinstein, D.J.); Hostcentric Techs., Inc. v. Republic

6

Thunderbolt, LLC, 04 Civ. 1621, 2005 WL 1377853 at *4 (S.D.N.Y. June 9, 2005) (Peck, M.J.)

(citing cases).  Emphasis added.

Indeed, the Sixuvus Defendants' "object to Judge Smith's finding that the Settlement

Agreement would not be enforceable under New York law." *Obj. p. 24.*  However, the

Magistrate Judge correctly concluded that "[u]der Rule 2104, "An agreement between parties or

their attorneys relating to any matter in an action, other than one made between counsel in open

court, is not binding upon a party unless it is in writing subscribed by him [or her] or his [or her]

attorney or reduced to the form of an order and entered." N.Y.C.P.L.R. 2104.  Because, as

explained above, the recitation of the parties' in open court was insufficient to satisfy the fourth

<u>Winston</u> factor, it does not satisfy Rule 2104 either.  See Ciaramella, 131 F.3d at 322 ("there is

no material difference between the applicate state law or federal common law standard.')."

*See Dckt. No. 183 p. 29.*

Put another way, though the alleged settlement agreement could have been binding

between Plaintiff and Defendants through their attorneys (if such an agreement ever existed) no

such open court settlement is valid and binding under New York law between a party

representing him or herself with another party's counsel.

## CONCLUSION

For all of the reasons above, the Sixuvus Defendants' objections should be overruled.

The Court should adopt the Report and Recommendations denying the Sixuvus Defendants'

motion to enforce, with restoration of the case to calendar with a continuation of Intervenor's

preliminary injunction.

Dated:  February 18, 2019                    Respectfully submitted,

KAREN L. WILLIS