Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

April 24, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

### LETTER MOTION FOR LEAVE OF COURT TO
### FILE INTERVENOR'S AMENDED COMPLAINT

Dear Hon. Judge Seibel:

### INTRODUCTION

I am the Intervenor in the case of Can't Stop v. Sixuvus, Ltd. I hereby request leave of court to file an amended complaint attached hereto as Exhibit 1.

### LEAVE TO AMEND SHOULD BE GRANTED

Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to "freely" grant leave to amend a complaint "when justice so requires." Leave to amend is governed by a "permissive standard," which is consistent with the Second Circuit's "strong preference for resolving disputes on the merits." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (citation and internal quotation marks omitted). Courts may deny leave to amend only when "there is a substantial

reason to do so." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). Here, there is no substantial reason to justify a denial of Intervenor's requested for leave to amend.

## AMENDMENT WOULD NOT BE FUTILE

Granting the amendment would not be futile or have any other negative effect on defendants because the Amended Complaint, just like the original Complaint, contains detailed factual allegations supporting each of Intervenor's claims, and facts things alleged in the amended complaint are likewise alleged in the amended. The amended complaint simply corrects some technical aspects of the first complaint. Like the first complaint, the Amended Complaint alleges facts supporting the proper subjects of relief. Therefore, Intervenor ought to be granted an opportunity to present the claims on the merits so leave to amend should be granted. See Foman v. Davis, 371 U.S. 178, 182 (1962).

## AMENDING WOULD NOT UNFAIRLY PREJUDICE DEFENDANTS

Amending the complaint will not unfairly prejudice the defendants and was not unduly delayed. This case was taken off calendar due to futile settlement talks and defendants subsequent, futile attempt, to force Intervenor to settle the case through their motion to enforce. The Court denied the motion and this case was recently restored to calendar. Intervenor would simply like to pick up where she left off, that is, to amend her complaint. Indeed, the complaint would have already been amended were it not for defendants months of litigation related to a perceived settlement.

Even if defendants were to complain about time, delay, effort, money, or facts that could have been acquired earlier, this still would not in itself constitute prejudice

sufficient to warrant denial of the motion for leave to amend. Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017). Moreover, time is not a definitive bar to amending a complaint. Daniels v. Loizzo, 174 F.R.D. 295, 298 n.1 (S.D.N.Y. 1997); see also Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (parties "have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims").

## CONCLUSION

For all the reasons stated above, leave to amend should be granted.

Respectfully submitted,

Karen L. Willis