**EISENBERG HEFLER & LEVY LLP**
NEW YORK | WHITE PLAINS

TELEPHONE: (212) 599-0777
TELECOPIER: (212) 599-0770

335 MADISON AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10017

707 WESTCHESTER AVENUE
WHITE PLAINS, NEW YORK 10604

April 29, 2019

**Email-chambersnysdseibel@nysd.uscourts.gov**
Hon. Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Can't Stop Productions, Inc. v. Sixuvus, Ltd., et al.
Civil Action No. 17 cv. 06513(CS) (LMS)

Dear Judge Seibel:

We are the attorneys for Can't Stop Productions, Inc., the plaintiff in the above-captioned action. In accordance with the Court's Order of March 13, 2019, this constitutes a joint status letter setting forth the views of the parties in the case as to the next steps to be undertaken.

Can't Stop Productions, Inc.

Can't Stop Productions ("Can't Stop") hopes that a settlement can and will be reached between it and Sixuvus. However, while settlement discussions are on-going, Can't Stop suggests that the Court issue a scheduling order setting forth deadlines for discovery and any motion practice. Given Karen Willis' position as the exclusive licensee of Can't Stop, Can't Stop supports her request to intervene in this action.

Sixuvus Defendants' Position:

As the Court may recall, the Court previously stayed the response to and decision on Intervenor's motion to intervene in this matter. This was discussed at both the February 6, 2018 hearing on preliminary injunction and at the March 16, 2018 conference. The Court also stayed the Defendants time to respond to Ms. Willis' then current pleading until after the motion to intervene was decided.

It is the position of Sixuvus, Ltd., Eric Anzalone, Alexander Briley, James Newman, Raymond Simpson and William Whitefield (the "Sixuvus Defendants") that prior to entering into a scheduling order or entertaining any applications regarding Intervenor amending her pleadings, that the Court should make the determination as to whether Ms. Willis can intervene and if so whether she can do so as of right or permissibly.

As set forth previously, the Sixuvus Defendants will likely oppose Ms. Willis' right to intervene, and will assert the position that if Ms. Willis is allowed to intervene that she only be allowed to do so as a permissive matter, not as of right. Furthermore, to the extent Ms. Willis is allowed to intervene as of right or permissively, it is the Sixuvus Defendants' position that the Court should impose conditions necessary to the efficient conduct of the proceedings. *See* Fed. R. Civ. P. 24(a), Advisory Committee Notes. *See also Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191-92 (2d Cir. 1970) (noting that conditions can be applied to a discretionary intervenor).

It is the Sixuvus Defendants' position that whether she is an intervenor as of right or on a permissive basis, that Ms. Willis should not be allowed to expand the issues and scope of this litigation, in a way that will unduly delay the resolution of this action and will expand the scope of the parties claims. *New York v. All. States Marine Fisheries Comm'n*, 609 F.3d 524, 530 fn. 4 (2d Cir. 2010) ("Except in extraordinary cases, ...intervenors may only join issue on matter that has been brought before the court by another party [.] They cannot expand proceedings") (internal citations omitted). However, Ms. Willis' status as to whether she may intervene and on what basis should be decided first.

The Sixuvus Defendants respectfully request that they be given thirty five (35) days to file opposition papers, to Ms. Willis' motion to intervene, and that after that is decided, if Ms. Willis is allowed to intervene that the parties address her recently filed proposed pleadings, as the outcome of that motion is very likely to affect what if any issues Ms. Willis would be allowed to raise and what issues and claims she would be allowed to litigate.

Following the determination on that motion, the Sixuvus Defendants will also likely seek leave to amend their counterclaims as against Plaintiff. While the Sixuvus Defendants have continued to discuss settlement with Plaintiff, a resolution has not yet been reached, and if one cannot be the Sixuvus Defendants would likely seek leave to add a declaratory judgment claim that the use of "former members of Village People" constitutes nominative fair use. Depending on whether the Court allows Ms. Willis to intervene, if so on what basis and what claims she is allowed to assert, the Sixuvus Defendants may need to add additional declaratory judgment claims to the extent Ms. Willis is allowed to assert claims that raise issues beyond those that are currently asserted by Plaintiff. The Sixuvus Defendants believe that addressing all of those proposed amendments at one time would be the most efficient means of proceeding.

## Felipe Rose

I have spoken to Richard Catalina, an attorney for Mr. Rose, who has informed me that a new firm will be substituting into the case within the next few days. Under the circumstances, he has requested that any comments on future proceedings await substitution of new counsel.

<u>Karen Willis</u>

Karen Willis is not yet a party to the action so she has not contributed to this letter.

Respectfully submitted,

Eisenberg Hefler & Levy

By: _____

Stewart L. Levy
*Attorneys for Plaintiff*


Adelman Matz P.C.

By: _____

Sarah M. Matz
*Attorneys for Sixuvus Defendants
as to the Sixuvus Defendants
Position*


cc:    Richard Catalina
       Karen Willis