Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

April 29, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

### INTERVENOR'S RESPONSE TO CAN'T STOP AND SIXUVUS JOINT LETTER

Dear Hon. Judge Seibel:

On April 8, 2019, the court ordered that a joint status letter was due April 29, 2019. However, it seems that a joint status letter was issued to the court by Can't Stop and the Sixuvus setting forth issues never discussed by me, nor was I given an opportunity the contribute to the status letter.

Their posture that I am **not** a party to this case notwithstanding the court ordered **provisional intervention**, and the fact that I have participated in all aspects of the prosecution of this case, is wishful thinking at best, and somewhat delusional. Therefore, the joint status letter between Can't Stop and the Sixuvus must be rejected by the Court in all respect as a clear violation of the Court's order.

In their joint letter dated April 29, 2019, it is obvious that Can't Stop and the Sixuvus are continuing to engage in settlement talks without my knowledge and consent. And as before, they will then likely present their unilateral settlement talks to me and subsequently attempt to force me to sign off on it. As the Court may recall, this is the type of behavior that resulted in the case not being settled the first time around.

Though I am open to settlement, it must be done in a manner where I am at the table from the beginning. Any other way only serves to create animosity for which no settlement can result.

Therefore, the court should sanction the parties (Can't Stop and Sixuvus) bad faith efforts by granting my request for an order to show or simply grant the relief

requested. That is, that I be allowed to amend my complaint and immediately bring a motion for a TRO and preliminary injunction.

In fact, that is exactly where we left off wherein the court had ordered my preliminary injunction briefing schedule with the Sixuvus opposition to my motion to intervene occurring after the preliminary injunction had been fully briefed. *See Order, Docket number 127.* Now however, the Sixuvus are seeking to change things.

The Court should **not** allow the Sixuvus to pick up where it is most convenient for them, but harmful to me. I must be allowed to amend my complaint and move immediately for a TRO and preliminary injunction.

The idea that the court must decide the intervention issue before allowing me to seek an amended complaint and TRO, when I have **provisional approval** already, is a red herring, especially, since such action (TRO and Preliminary Injunction on my behalf) is where we left off.

As stated in my motion, I will suffer irreparable harm if not allowed to immediately amend and seek a TRO. The Sixuvus however would love to tie my hands for the next few months as they continue to cause irreparable harm to me and the Village People with their current and ongoing interference and performances. The Sixuvus are not likely to prevail on a motion opposing my intervention as the record is glaringly clear now why intervention as a right is appropriate.

Moreover, were they to be successful at preventing me as an intervenor from adding additional parties, I will simply file a **new complaint** naming all these parties and seek consolidation of the cases as related in order to preserve judicial resources.

Essentially, the Sixuvus and their cohorts cannot escape the causes of action in my proposed amended complaint. In fact, any attempts by them to thwart my bringing suit against the parties named in the amended complaint will fail. The court has an obligation to reject futile or moot motions.

Finally, as to whether or not an amended complaint adding additional parties would withstand a challenge to such an expansion must be decided at the appropriate time, but certainly not now. In any event, I remain open to a settlement as long as my position is respected.

Respectfully submitted,

Karen L. Willis