

**Sarah M. Matz**
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

April 30, 2019

<u>**VIA ECF AND E-MAIL**</u>

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

      Re:    *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Seibel:

      We represent Sixuvus, Ltd., Eric Anzalone, Alexander Briley, James Newman, Raymond Simpson and William Whitefield (collectively the "Sixuvus Defendants") in the above referenced action. We in response to the letter filed by Ms. Willis, on April 29, 2019.

      As an initial matter we reject any assertion that we have acted in bad faith and respectfully oppose Ms. Willis' assertion that any sanctions should be imposed.

      Ms. Willis' claim that she has not been included in the process leading up to this joint letter, that the submission set forth issues "never discussed by [Ms. Willis]", and her request that the Sixuvus Defendants be sanctioned is extremely disingenuous. What Ms. Willis has not told the Court is that she has repeatedly failed and refused to communicate with counsel for the Sixuvus Defendants to discuss the next steps in this case.

      In early April, from around the 4th through the 7th, the parties were emailing to schedule a call to discuss their views as to the next steps in the case in preparation of submitting the joint letter. The call was tentatively scheduled for the morning of Tuesday April 9, 2019. Ms. Willis was copied on the emails scheduling that call. Initially she responded to say that the time worked for her. When the Court adjourned the deadline for the conference and joint letter on April 8th and Plaintiff asked if the call would be adjourned she responded to say that "I see no reason for the call" and then again the next morning to say if there "is a call, it certainly won't include me".[1] Thereafter the undersigned

---

[1] Pursuant to the Court's Individual Practices 1.A we are not attaching copies of the emails that are referred to herein, however in the event the Court would like to see them, we would be happy to make them available.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:                        Office:
1173A Second Avenue, Suite 153      780 Third Avenue, 14th Floor
New York, New York 10065          New York, New York 10017

sought to reschedule the call, and in emails from April 12-14[th], which Ms. Willis was also copied on, we re-scheduled the call for 6 pm ET / 3pm PT on April 15, 2019. Ms. Willis was on those emails along with the email that Plaintiff's counsel sent with a conference bridge. Despite being on those emails Ms. Willis never responded. Counsel for Plaintiff and the Sixuvus Defendants participated in the call on April 15, 2019. Ms. Willis did not participate or email us to set up another time, nor has she emailed or reached out to the undersigned since then about talking or the joint status letter.

It was our understanding, as it has been throughout this litigation that she is in contact with counsel for Plaintiff, as she is their alleged licensee. Yesterday in connection with the joint submission we spoke with Plaintiff's counsel in the morning and they were going to send a draft around and we had planned to put in our portions. Indeed this afternoon, we reminded them of that and further asked that they include Ms. Willis' portion since we assumed they had it. In response we received a draft of Plaintiff's letter on Plaintiff's counsel's letterhead that had all positions except for the Sixuvus Defendants' position filled in. Mr. Levy did not copy Ms. Willis. Mr. Levy had included Plaintiff's position, information about Mr. Levy's conversations with Mr. Catalina that we were not party to for Mr. Rose's position, and the note about Ms. Willis, and he advised that he left space for us to insert our position and asked us to put in our clients' position. We inserted our clients' position and modified our signature block to note that our signature was with respect to the Sixuvus Defendants' position only and sent the letter back to Plaintiff, who signed the letter and asked me to take care of filing as his assistant had left the office for the day, which we also did. The Sixuvus Defendants did not agree with any positions other than its own in the joint letter as noted.

Because of the foregoing, it was our understanding, as has happened in the past, that Ms. Willis was simply not communicating with us and was communicating with Plaintiff's counsel. To the extent that this presumption was not correct, we apologize to the Court, but we were not told she had not been consulted and given Ms. Willis' failure to participate in calls or even respond to emails about scheduling, we had no reason to believe she was communicating with us directly.

It is unfair for Ms. Willis to refuse to participate in joint calls or communicate with us by email when we are tiring to schedule conferences to discuss these issues, and then claim we are essentially shutting her out.

Ms. Willis has made no effort to discuss with the Sixuvus Defendants what her views of the next steps of the case are. Indeed after not responding to emails regarding scheduling, not participating in the call that was scheduled to discuss next steps, without advising that she planned to seek leave to amend, without discussing the proposed scope of the amendment, and without submitting a pre-motion conference request to do so, on April 18, 2019, Intervenor simply filed an amended complaint. Then, after the Court issued its Order on Friday April 26, 2019, again without conferring with anyone Ms. Willis filed a document called Request for Reconsideration or Order to Show Cause.[2]

---

[2] This is just another example of Ms. Willis not following the Court's procedures. After the Court specifically asked the parties to note their positions in the joint letter as to whether Ms. Willis should be allowed to expand the proceeding in its Friday April 26, 2019 Order, Ms. Willis ignored the directive and filed a document called Request for Reconsideration or Order to Show Cause. Not only has Ms. Willis not participated in the process of jointly discussing our views, because there was no pre-motion conference or briefing schedule set, nor is the document that was filed an order to show cause, we are unsure when a response is even due.

Ms. Willis has repeatedly ignored the Court's procedures and Your Honor's Individual Practices, and she has failed to make any effort to communicate with us about the next steps of this case, despite our attempts to do so.  While we understand Ms. Willis is *pro se,* that does not relieve her of her responsibilities to follow the Court's rules and confer with us about the next steps in this case.

Ms. Willis was aware of the Court's Order regarding the joint submission and yesterday's deadline, but she did not participate in the call we scheduled or otherwise reach out to speak with us separately or take any initiative to send around her positions.  Given that she has not communicated with us about any of her proposed next steps and did not respond to our attempts to speak jointly on this issue, it is unfair for Ms. Willis to claim she has been excluded or say anyone else has acted in bad faith.  While we understand Ms. Willis is *pro se*, she still has responsibilities to communicate with counsel for the other parties.

Given the foregoing, and that Ms. Willis has stated her views by separate letter, sanctions would be inappropriate here.  To the extent that the Court is entertaining any further requests concerning her amendment which were submitted without a pre-motion conference, we respectfully request that the procedure and time for opposition be discussed at the upcoming conference.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Cc.     (*Via ECF*)
        Counsel for Plaintiff
        Karen Willis
        Eric I. Abraham, Esq.

        (*Via Email*)
        Richard A. Catalina, Jr., Esq. (rcatalina@hillwallack.com)
        *Counsel for defendant Felipe Rose*