UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

    Plaintiff,

        -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,
        Defendants,


KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
        Intervenor,

        -against

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON,
WILLIAM WHITEFIELD, and ANDREW
PACHO; RED ENTERTAINMENT AGENCY;
UNIVERSAL ATTRACTIONS AGENCY, INC;
MEWES ENTERTAINMENT GROUP (GmbH);
FACEBOOK, INC; PENNSYLVANIA
HORTICULTURAL SOCIETY; TEXAN
THEATER, CELEBRITY DIRECT
ENTERTAINMENT.
        Defendants

-----------------------------------------------------------x

7:17-cv-06513-CS

MEMORANDUM OF LAW IN
SUPPORT OF INTERVENOR'S
MOTION FOR RECOVERY ON THE
SIXUVUS DEFENDANTS TRO BOND

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311
Intervenor/Plaintiff

## INTRODUCTION

KAREN L. WILLIS ("Willis") through this filing seeks to recover on the Sixuvus, Ltd., Eric Anzalone, Alex Briley, Felipe Rose-Ortiz, Raymond Simpson, William Whitefield, and Jim Newman (collectively, the "Sixuvus Defendants") bond for wrongful restraint resulting in legal fees and costs proximately caused by Willis' compliance with the TRO.

## BACKGROUND

The Sixuvus defendants filed a cross-complaint against Can't Stop Productions, Inc (Can't Stop). Though the Sixuvus defendants failed to specifically name Willis in their complaint, they successfully restrained Willis in their TRO.

As result, Willis who was preparing to head to Australia at the time, was forced to hire outside counsel to defend her in compliance with the Sixuvus TRO therein incurring significant legal fees before substituting out counsel in lieu of self representation.

In addition, Willis incurred cost related to airline travel, hotel, and miscellaneous costs related to her defense in compliance with the TRO while defending against the Sixuvus preliminary injunction hearing which lasted almost two weeks.

The preliminary injunction was eventually denied and the TRO dissolved. But not before Willis incurred over $55,000 (Fifty Five Thousand Dollars) in expenses (including approximately $1,200 in airfare) as a direct result of Willis complying with the wrongful restraint. See Exhibits A, B, C. and D.

## WILLIS IS ENTITLED TO PRESUMPTION IN FAVOR OF RECOVERY

Willis, as a wrongfully enjoined party is entitled to a presumption in favor of recovery against the Sixuvus defendants bond for provable damages. Indeed, Rule 16 65(c)'s bond

1

requirement has a multipurpose. An enjoined party is assured therein that it is entitled to collect damages from the money posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff. *See Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989).

"In addition, the bond provides the plaintiff with notice of the maximum extent of its potential liability. *See id.; see also Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.*, 190 F.3d 16, 20 (2d Cir. 1999) ("[T]he applicant for the injunction consents to liability up to the amount of the bond, as the price for the injunction." (quoting *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054) (2d Cir. 1990) (alterations omitted).)." (quoting Nokia Corporation v. InterDigital, Inc.).

## DAMAGES WERE PROXIMATELY CAUSED BY THE SIXUVUS DEFENDANTS

The Sixuvus defendants restrained Willis who is the exclusive licensee of the Village People mark for purposes of live performances worldwide therein preventing Willis from exploiting the Village People mark as licensed. The resulting damages are provable up to the amount of the bond and in excess thereof. But Willis' "proof of damages d[oes] not need to be a mathematical certainty." Global NAPs, 489 F.3d at 24.

Moreover, "[o]nce the party seeking recovery adequately establishes its damages, it is entitled to presumption in favor of recovery. Id. 23; Milan Exp., Inc. v. Averitt Exp., Inc., v. Averitt Exp. Inc., 254 F.3d 966, 981 (11th Cir. 2001). "The burden of demonstrating that recovery should be denied is on the opposing party." (quoting Nokia Corporation v. InterDigital, Inc.).

## CONCLUSION

For the reasons stated above, the motion to recover on the Sixuvus defendants TRO bond should be granted.

**Dated:** June 24, 2019

KAREN L. WILLIS

_____
INTERVENOR
