Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

June 25, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**MOTION TO DISSOLVE TRO AND CLARIFICATION**

Dear Hon. Judge Seibel:

As you know, I am the Intervenor in the case of Can't Stop v. Sixuvus, Ltd., et al. I hereby request in this motion that my TRO (the "Temporary Order") granted on March 16, 2018 be immediately dissolved by this Court. The reason for the request is that the temporary order has caused substantial harm to me as the licensee of the Village People mark for purposes of live performances, as well as, the Village People brand in general, when in fact, the purpose of my TRO (as filed) was to prevent harm.

### THE TRO IS BEING WRONGFULLY INTERPRETED

The specific part of the order that continues to cause harm is the portion of the order that the Sixuvus is wrongfully interpreting as granting them the right to continued administration of the official and verified Village People page at Facebook by simply changing the URL and name to the Kings of Disco. However, the court should adhere to its own order which as written, did not and does not allow for the Sixuvus continued administration of the official and verified Village People Page. In fact, the TRO dated

March 16, 2018 specifically states "ORDERED that, pending further order of the Court, Defendants shall, no later than March 23, 2018, disable or freeze to the maximum extent possible both their Twitter account @VillagePeople and their verified Facebook page "Official Village People," which obligation maybe satisfied by the **transfer** of the content of that Twitter account and Facebook page to **different URLs** that do not employ the term "Village People" except as part of "Kings of Disco formerly members of Village People" or "Kings of Disco former members of Village People..." [Doc. No. 127, p. 3]. The Order further stated with respect to the official and verified Village People page that the Sixuvus must state, "(a) the page is being shut down shortly." [Doc. No. 127, p.2]. The Court must adhere to its own order that the page would be shutdown, not simply have its URL and name changed.

### FACEBOOK HAS CONFIRMED THE SIXUVUS STILL CONTROL THE OFFICIAL VERIFIED VILLAGE PEOPLE PAGE

Facebook has confirmed that the official and verified Village People page was in fact **not** shut down at all, as required by the TRO. Rather, the Sixuvus has unscrupulously maintained administrative control of the Official and Verified Village People Page by simply changing the official and verified Village People page's URL (address and name). [See Willis v Sixuvus Doc. 17, p. 11].

However, a careful and plain reading of the TRO establishes that the Sixuvus were only allowed to **TRANSFER** content to **different URLs.** For example, at the time of the order, Facebook records will show that the Kings of Disco operated a Facebook page located @TheKingsofDisco1 or similar URL. Under the TRO, the Sixuvus were allowed to **transfer content** (LIKES are not transferable at Facebook) to their (at that time)

2

"theKingsofDisco1" Facebook Page which had only a couple hundred followers, if they could figure out a way to do so. Apparently they could not. So the Sixuvus chose to defy the court's order by **not** shutting down the official and verified Village People page as ordered, and instead maintained administrative control of the Village People's Facebook by simply flipping or changing the URL (**no transfer occurred**) and page name to the Kings of Disco.

I relied on the language in the order otherwise I would have opposed the Sixuvus loose interpretation of the order, or even the court, if it or anyone else had suggested that the order related to my TRO would allow the Sixuvus to maintain administrative control of the official Village People Facebook page to simply make changes to its URL and name. Nowhere in the TRO does it suggest such an outrageous and objectionable result.

Indeed, a fair reading of the order suggests the Sixuvus were required to **shutdown** the official Village People page at Facebook, and to the extent possible, transfer any content they felt they had a right to. But certainly the order as currently constituted does not allow for the Sixuvus to maintain administrative control of the Village People page at Facebook by manipulating its URL and name. Again, since it was my TRO designed to prevent further harm to me, I would have vigorously opposed such relief to the Sixuvus (maintaining administrative control of the official and verified Village People page) through my TRO.

As an example of continuing harm caused by the Sixuvus continued administrative control of the official and verified Village People page, therein causing

pubic confusion between the Kings of Disco and Village People, is a recent and absolutely blatant post at the Village People page (renamed Kings of Disco) which states "The boys are back, the boys are back, and ready to perform for you." In this post the Village People image related to the six characters is used as the backdrop to the post suggesting the Kings of Disco are one and the same as Village People. See Ex. A

## THE TRO MUST BE IMMEDIATELY DISSOLVED

I object to any right the Sixuvus assume they might have to continue administration of the official and verified Village People page by another name and URL despite the court's order that the page must be shut down. The Sixuvus continued administration of the official and verified Village People page as the Kings of Disco amounts to passing off and outright fraud.

In any event, the Sixuvus purport to continue relying on the temporary order and their flawed interpretation of my TRO, as well, to my detriment which defeats the purpose of the TRO. Rule 65(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a temporary restraining order "shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period. See United States v. United Mine Workers, 330 U.S. 258, 301, 67 S. Ct. 677, 91 L. Ed. 884 (1947).

Here, the TRO was not extended and should be immediately dissolved by the court to prevent further wrongful reliance on the TRO by the Sixuvus defendants or by anyone else to assume the Sixuvus has a right to continued administration of the official and verified Village People page by another name.

## THE COURT SHOULD AFFIRM THAT THE TRO DID NOT ALLOW FOR CONTINUED ADMINISTRATION OF THE VILLAGE PEOPLE FACEBOOK PAGE BY THE SIXUVUS

I hereby request the Court to affirm that its order dated March 16, 2018 only allowed for the Sixuvus to transfer content to **different URLs**, and **not** continued administration of the official and verified Village People page, nor for the manipulation and change of name and address in lieu of the Village People page being shut down as stated in the TRO. Finally, any rights the Sixuvus might think they have to certain content at the official and verified Village People page is clearly a different issue.

Accordingly, it should be ordered that under the circumstances as confirmed by Facebook, the Sixuvus shall turnover administration of the official and verified Village People page currently operating as Kings of Disco to Can't Stop as Can't Stop originally demanded they do. I am seeking to avoid filing a writ of mandamus into the second circuit over this issue, so the court's serious consideration is required.

## CONCLUSION

As demonstrated above, the Court should immediately dissolve the TRO dated March 16, 2018 and affirm that the TRO did **not** allow for continued administration of the official and verified village People page by the Sixuvus defendants. Furthermore, the Court should order the Sixuvus to immediately turnover administration of the Village People Facebook page currently operated as the Kings of Disco, to Can't Stop and/or me as the exclusive licensee.

Respectfully submitted,

Karen L. Willis