

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

June 28, 2019

**VIA ECF AND E-MAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

Re: *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Seibel:

    We represent the Sixuvus Defendants in the above referenced action. We write pursuant to 1.A of the Court's Individual Practices, to respectfully request Your Honor's guidance regarding the timing of oppositions to temporary Intervenor Karen Willis' ("Intervenor") motions for recovery from bond [Dckt. No. 218] and motion to purportedly dissolve TRO [Dckt. No. 219] (the "Motions"), and whether the Court is requiring any response prior to the upcoming July 18, 2019 status conference.

    Absent a briefing schedule, under Local Rule 6.1 oppositions to non-discovery motions are by default due fourteen (14) days after they are served. However, in accordance with 2.A of the Court's Individual Practices, Intervenor was required to arrange a pre-motion conference prior to filing the above-referenced Motions, where the Court would discuss the anticipated motions and set a briefing schedule. As the Court is aware, Intervenor did not file any such pre-motion conference request and instead filed the Motions without following the Court's Individual Practices, as she has done repeatedly in this Action. Additionally, shortly after the filing of these Motions, the Court notified the parties that it would hold a status conference on July 18, 2019.

    Furthermore, it is unclear what specific relief Intervenor is seeking by virtue of her request to dissolve the TRO or what rule Intervenor is seeking the relief requested in that filing under, which necessarily impacts the standard for opposing and deciding the motion. In addition to dissolving the March 16, 2019 Order, Intervenor seems to ask the Court for additional affirmative relief, much of which is permanent in nature and overlaps with Ms. Willis' recent motion for a temporary restraining order and preliminary injunction that was filed in the related case *Willis v. Sixuvus Ltd., et al.* Civil Action No.: 19-cv-04354 (the "Willis Action"), although this application is not supported by any admissible evidence. It is unclear whether Intervenor is intending to re-argue Orders that were previously decided in this action, is seeking relief from an existing order or is requesting new relief,

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

although some of each seems to have been requested. It would be helpful to know whether the Court plans interpret Intervenor's request as a new motion or as some type of a motion to reargue or for relief from an existing Order, prior to having to file an opposition, as it will necessarily impact the legal standard the motion is decided under.

      As Intervenor failed to file a pre-motion conference request pursuant to the Court's Individual Practices, we are unsure whether the Court is expecting an opposition under the Local Rule 6.1 or whether the Court intends to set a briefing schedule at the upcoming status conference, and whether if that is the case, the Court will be expecting pre-motion conference letters from Intervenor or any other party prior to the conference.

      The Sixuvus Defendants believe, and respectfully request, that as there are other outstanding issues including the briefing on Intervenor's temporary status, and in light of the holiday next week, that the Court set a briefing schedule for the oppositions to the Motions at the upcoming status conference.

      We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

      Respectfully Submitted,

      ADELMAN MATZ P.C.

      *[signature]*

      Sarah M. Matz, Esq.

Cc.   (*Via ECF*)
      All Counsel of Record
      Karen Willis *Pro Se*