Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

July 2, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

### EMERGENCY MOTION FOR CLARIFICATION AND ENFORCEMENT OF ORDER

Dear Hon. Judge Seibel:

This shall serve as a response to the court's request and order dated July 1, 2019. As for the **motion for Recovery on TRO Bond**, the action is already briefed by Intervenor and speaks for itself.

For purposes of clarifying the "Motion to Dissolve TRO and Clarification" filed by Intervenor on June 25, 2019, the motion is actually an **Emergency Motion for Clarification and Enforcement of Order.** Therefore Intervenor requests the Court to treat it as such however in-artfully drafted. In any event, the motion is pursuant to Federal Rule of Civil Procedure 7(b)(1), and is necessary due to newly and recently discovered information that the Sixuvus failed to adhere to the letter of the TRO.

As reflected in the motion with use of the term "immediately," it is a motion which cannot wait until the mid-July status conference. Furthermore, as alleged in the motion, Intervenor is harmed by the Sixuvus failure to comply with the TRO in the first instance. The Sixuvus were required to shut down the Village People Facebook page and **transfer** to a **different** URL any content they wanted or felt belonged to them. It was recently discovered and

confirmed that they failed to do so. Moreover, as argued in the motion dated June 25, 2019, any claim by the Sixuvus to ownership of certain content at the official Village People page is independent of Can't Stop's ownership in the Village People Facebook page itself.

In fact, the Court has already ruled that there is no basis by which the Sixuvus can continue exploiting Village People. *See Can't Stop v. Sixuvus*. This would also preclude their continued administration of the Village People page under the auspices of the Kings of Disco in a blatant attempt to hold on to a piece of Village People when they are not entitled to do so.

Intervenor recently learned from Facebook, and the Court recently learned as well, that the Sixuvus did **not** shut down the official Village People page at all, as ordered and directed by the court, and for which Intervenor relied. Moreover, Facebook recently confirmed that the Sixuvus **did not transfer** any content from the official Village People Facebook page either to their **then** existing page "theKingsofDisco1," or any other page. Instead, the Sixuvus has kept the Village People page up and running at Facebook by simply manipulating its URL and name.

The Sixuvus continue to manipulate and abuse the Village People page by passing-off the Kings of Disco as Village People by another name, therein causing substantial public confusion while harming the Village People brand in the process. The TRO did not allow for this and Intervenor did not agree to allow the Sixuvus to maintain administrative control of the official Village People page in the context of her TRO.

Simply put, Facebook confirmed to Intervenor, and the Court as well, that the page now operated as the Kings of Disco is in fact **still** the Village People page by virtue of the page never having been shut down as ordered by the court. Who is the court to believe, Facebook who ought to know, or the lying and untrustworthy Sixuvus? It is a fact that the bona fide Village People page complete with the Village People verified symbol, is still being controlled and administered by the Sixuvus through simple manipulation of its name and URL for purposes of

passing off the Kings of Disco as Village People. See Exhibit A (motion for clarification) wherein the Sixuvus posted an unmistakable Village People image for purposes of suggesting the Kings of Disco are one and the same as Village People.

The purpose of Intervenor's initial TRO was to prevent imminent and irreparable harm. Instead, the Sixuvus continued administration of the official Village People Facebook page has caused considerable harm and will result in irreparable harm if the court does not immediately clarify its order in light of the newly obtained information from Facebook.

Therefore, Intervenor respectfully moves this Court to immediately clarify that the Sixuvus failure to satisfy the **transfer** element, as well as, the **shut down** element of the TRO is a violation of the order. Further, Intervenor respectfully moves this Court to immediately clarify and order the Sixuvus to shutdown the Village People page masquerading as the Kings of Disco.

In the alternative, the court should order the Sixuvus to immediately turnover administration of the Village People page now under the auspices of the Kings of Disco, to Can't Stop Productions, Inc, and/or Intervenor. Intervenor no longer believes that dissolving the TRO is a prudent option.

Once the order is clarified, Intervenor requests the court to extend the clarified TRO pending a hearing on Intervenor's preliminary injunction pending before this Court. In any event, Intervener plans to preliminarily move to enjoin the Sixuvus from administering any official Village People social media page as the Kings of Disco. Finally, Intervenor is requesting immediate leave to amend her complaint in intervention to reflect only those causes of action and defendants reflected in Can't Stop's complaint.

Respectfully submitted,

Karen L. Willis