

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

July 8, 2019

**VIA ECF AND E-MAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

  Re: *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al.* 7:17-cv-06513-CS

Hon. Judge Seibel:

  We represent the Sixuvus Defendants in the above referenced action. We write, pursuant to Rule 1.A of Your Honor's Individual Practices and the July 2, 2019 Order of the Court to explain why the June 18, 2019 5:51 post on the "Official Kings of Disco" Facebook page (the "Post") is permissible. *See* ECF Dckt. No. 224.

  On June 25, 2019, Intervenor Karen Willis ("Intervenor") filed a motion to dissolve the March 16, 2018 TRO issued by the Court (the "March TRO"). *See* ECF Dckt. Nos. 127 and 219. Intervenor later clarified in a July 2, 2019 letter to the Court that the motion was an emergency motion for clarification and enforcement of order. *See* ECF Dckt. No. 223. The Court then issued a July 2, 2019 Order requesting an explanation as to why the Post, which was referenced in both of Intervenor's filings, is permissible. *See* ECF Dckt. No. 224.

  As an initial matter, the Court should be aware that Sixuvus has temporarily removed the Post at issue. This removal is not a concession that there was anything impermissible about the Post itself, and it is Sixuvus' position that the Post was permissible. True and correct copies of Sixuvus' current Facebook page are annexed hereto as **Exhibit 1**.

  Additionally, the Post cannot be in violation of the March TRO, because the two are in no way related to one other. The March TRO was regarding the Sixuvus Defendants' use of the name "Village People" as well as the transfer of content on the Sixuvus Defendants' social media pages. The Post, a true and correct copy of which is attached hereto as **Exhibit 2**, solely entails a circular design of six hats (the "Hat Image") along with the phrase "[t]he boys are back, the boys are back … and ready to perform for you" (the "Post Caption"). Neither of these elements relate to the transfer

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

of content or utilize the phrase "Village People". As such, the Post cannot possibly violate the March TRO.

Furthermore, while Sixuvus is submitting this letter with an outline of its positions as to why it believes the Post is permissible, Sixuvus respectfully submits that this was never part of the March TRO or Plaintiff's application leading up to it. To the extent the Court is construing Intervenor's filings as an application to enjoin the Post, it must be considered a new request. As such, it is not Sixuvus' burden to prove why something can be used when Intervenor has not submitted any evidence sufficient to make out a claim for injunctive relief.

Six hats together is not a trademark owned by Plaintiff. Nothing contained in the Post can be considered infringing on any of the three trademarks identified in the Complaint (the "Can't Stop Marks"), which consist of a character mark for the six full characters and word marks for "Village People", and which are the only trademarks at issue in this action. *See* ECF Dckt. No. 1.

Intervenor has failed to identify a trademark or trade dress owned and/or controlled by her that the Post could have possibly infringed upon, which is absolutely required. *See* ECF Dckt. Nos. 219 and 223. *See Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, 25 F.Supp.2d 154, 161 (S.D.N.Y.1998) ("Despite [the] mandate to focus on the overall appearance of the product, a plaintiff must still articulate the specific elements of the trade dress that render [it] ... unique or novel, that is, capable of being an identifier of the product's source.") (citation omitted and emphasis added); *Regal Jewelry Co. v. Kingsbridge Int'l, Inc.*, 999 F.Supp. 477, 486 (S.D.N.Y.1998) (explaining that the initial burden of proving trade dress infringement "requires the plaintiff to articulate a specific trade dress" and ultimately rejecting the trade dress claim because, among other things, plaintiff failed to consistently define its elements) (citation omitted).

Indeed, it does not appear that Intervenor has requested removal of the Post, she has solely stated that the Sixuvus Defendants have "posted an unmistakable Village People image". *See* ECF Dckt. No. 223. However, none of the alleged Can't Stop Marks, are remotely comparable to an image consisting solely of hats, nor do any of the alleged Can't Stop Marks contain "the boys are back". The Post Caption does not utilize or refer to any of the Can't Stop Marks. It is a reference to the lyrics of the song "The Boys Are Back in Town" by Thin Lizzy.

In addition, Intervenor has failed to demonstrate that the Post was being used in a manner that is capable of being called a "trademark" use.

To the extent Intervenor is seeking injunctive relief beyond the March TRO, Intervenor has completely failed to meet her burden of proof. "[I]n actions for injunctive relief the burden of proof is, as a rule, on the plaintiff to establish the right to injunctive relief." *United States v. Gilman*, 341 F. Supp. 891, 907 (S.D.N.Y. 1972). Defendants respectfully submit that it is not Sixuvus' burden to prove why something can be used, especially in light of Intervenor's abject failure to satisfy any burden of proof in seeking injunctive relief in her request.

As such, Intervenor would be required to make a proper motion and show that "(1) either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [applicant's] favor;' and (2) the likelihood of irreparable harm in the absence of such an order." *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 305 (S.D.N.Y. 2010) (*quoting In re Feit & Drexler, Inc.*, 760 F.2d 406, 415 (2d Cir. 1985)). Here, Intervenor has not come close to

satisfying this burden as to rights in a valid mark, that the use in question of the Post is a trademark use, or that there is a likelihood of confusion.

In her filings, Intervenor has asserted that the Post is "causing public confusion," but she has not provided any affidavits, evidence, or other documentation in connection therewith. This is no different than the claims made in Intervenor's alleged emergency motion for a temporary restraining order in *Willis v. Sixuvus, Ltd. et al.* 7:19-cv-04354-CS [Dckt. 9], where Intervenor failed to present evidence to support her request.

This is because no such evidence exists. As the Sixuvus Defendants have continuously demonstrated, consumers are aware of the historical, and accurate fact that Sixuvus Defendants previously performed for many decades as Village People. The name that Sixuvus is currently performing under, i.e. the Kings of Disco, clearly demonstrates that they are not Village People. Furthermore, the accurate historical reference that Sixuvus are Former Members of VILLAGE PEOPLE, is not only permissible fair use, but also clearly tells consumers that the performers are not current members of Village People. The Hat Image does not confuse consumers into thinking that the page that they are visiting is that of Village People, nor has any such evidence been presented to the Court that would support such a conclusion.

Furthermore, even if Intervenor had met her burden of proof, the Post would still be protected by fair use.

Here, nothing in the Post violates the March TRO and Sixuvus respectfully submits that while these questions may need to be addressed as part of the litigation, that burden is on Plaintiff or Intervenor, and no such showing has been made here. Furthermore, as noted above, Sixuvus has temporarily removed the Post.

As such, Sixuvus respectfully submits that there is no need to address this issue prior to the upcoming conference, and that the parties and this Court should discuss how best to advance this case so that these issues can be decided on a full and fair record, after discovery and an opportunity to brief these issues in more detail.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

        Respectfully Submitted,

        ADELMAN MATZ P.C.

        Sarah M. Matz, Esq.

Cc:    (*Via ECF*)
       All Counsel of Record
       Karen Willis *Pro Se*