Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

July 9, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**REPLY TO THE SIXUVUS RESPONSE AS TO WHY THE POST IS PERMISSIBLE**

Dear Hon. Judge Seibel:

As you know, I am the Intervenor in the case of Can't Stop v. Sixuvus, Ltd., et al. This my reply to the Sixuvus response to the Order of the Court dated July 2, 2019.

The Court required the Sixuvus to demonstrate why their use of the Village People iconic head ware, i.e., trade dress, is permissible at their Facebook page identified as the Kings of Disco. They failed to do so. In their response, the Sixuvus simply made a conclusory statement of "fair use" with no case law or argument to back their dubious claim.

Instead the Sixuvus flailed and grasp at irrelevant straws. But nowhere does the Sixuvus show why the infringing post is permissible. What is particularly galling however is the Sixuvus assertion that "[s]ix hats together is (sic) not a trademark owned by Plaintiff." *See Sixuvus Response, P.3.* However, as a former licensee, the Sixuvus knew very well that the six Village People hats are protected trade dress of Can't Stop Productions, individually, and as part of the overall Village People trade dress. The

Sixuvus has been aware of the six hats being representative of Village People in interstate commerce since at least 1994. The mark, i.e., trade dress has been in continuous use for over 25 years.

The six hats are in fact a mark and the Sixuvus know it because the six hats were first introduced on the product "The Very Best of Village People," in 1994. Various Sixuvus members receive royalties for this product and have seen the product on numerous occasions. Many of them in fact have the actual product (CD) in their possession. The product is still on the market and still available to this day. See Exhibit A.

The Sixuvus claim that Intervenor failed to identify a trademark or trade dress owned and/or controlled by her that the Post could have possibly infringed upon is simply false. In fact, Intervenor has always made clear that it is the trade dress that the Sixuvus are still infringing upon. See Complaint in Intervention, [Doc. 117, P. 8-10]. The is TRO and was based on the complaint in intervention.

The Sixuvus have no right to continued access to the official Village People page for which Facebook has confirmed is still up and running. Intervenor has shown how the Village People page at Facebook was never disabled and the Court should order the page immediately disabled upon clarification of the Order as requested. The Court should then, as a sanction, order the Page's administration be turned over to Can't Stop and/or Intervenor.

Intervenor clearly established in the memorandum of law in support of the TRO and later, the motion for clarification, as to why the Page should be disabled/shut down

and/or turned over to Can't Stop or Intervenor. The Court should clarify and correct its order with an eye towards substantial justice in favor of Intervenor who has been damaged by her own TRO that was somehow turned on its head in favor of the Sixuvus. Intervenor has argued frantically that it is the existing Village People page, still controlled by the Sixuvus as the Kings of Disco; that is causing all the confusion and damage to the Village People brand.

Now comes word that the Sixuvus, in anticipation of the Court finally possibly taking action to disable the Village People Page renamed the Kings of Disco, have created a **new Kings of Disco Page at Facebook** "KINGS OF DISCO ONLINE FAN CLUB." This is reminiscence of the Sixuvus sudden change to the Kings of Disco once it became obvious they could no longer perform as Village People. See Ex. B. Considering the Sixuvus have already established a new Facebook Page for the Kings of Disco, there's no justification for the court to allow the continued operation and administration of the Village People Page renamed the Kings of Disco by the Sixuvus. The Page is being used for the sole purpose of pubic confusion and damage to Village People.

This Court should clarify its order as requested and immediately order the page "disabled" and otherwise shut down especially in light of the Sixuvus creation of a new Kings of Disco Page. **Note:** Facebook has made it clear that the Page will be disabled if the court clearly order the page disabled/shut down.

In another attempt to pass off as Village People, the Sixuvus caused the promotion of their performance in the Netherlands as Village People. See Ex. C.

Finally, the Sixuvus has not totally removed the infringing hats as they claim. In fact, use of the Village People six hats remains on the cover of the Kings of Disco page as of July 9, 2019. Ex. D.

Respectfully submitted,

Karen L. Willis