

**Sarah M. Matz**
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

July 22, 2019

**VIA ECF AND E-MAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

    Re:   *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al*. 7:17-cv-06513-CS

Hon. Judge Seibel:

    We represent the Sixuvus Defendants in the above referenced action. We write, pursuant to Rule 1.A of Your Honor's Individual Practices, in response to Intervenor Karen Willis' ("Intervenor") July 18, 2019 letter to the Court (the "Letter"). *See* Dckt. No. 233.

    On July 18, 2019, following a status conference in this action where Intervenor failed to raise any of the issues raised in the Letter, Intervenor filed the Letter requesting a preliminary injunction hearing in connection with what we can only presume to be her March 15, 2018 emergency motion for a temporary restraining order (the "March TRO Application"), although she did not specifically identify that motion in her Letter and it is unclear what relief Intervenor is seeking.  Intervenor has stated that she is seeking to enjoin "any further use of the Village People Facebook page renamed the Kings of Disco", however that was not part of the March TRO Application.

    Regardless, it is the Sixuvus' position that Intervenor's request in the Letter that a preliminary injunction hearing be scheduled with respect to enjoining "any further use of the Village People Facebook page renamed the Kings of Disco", should be denied.

    Intervenor's request for a hearing so that she can seek to enjoin "any further use of the Village People Facebook page renamed the Kings of Disco", is specious, harassing and prejudicial to Defendants given that they have already been forced to defend this issue at a preliminary injunction hearing once before.[1]  As the Court is aware, "[s]eparate adjudication of piecemeal motions are not favored under the Federal Rules of Civil Procedure." *Tilcon Minerals, Inc. v. Orange & Rockland Utilities, Inc.*, 851 F. Supp. 529, 531 (S.D.N.Y. 1994); *see also Int'l Bus. Machines Corp. v. Johnson*, No. 09 CIV. 4826 (SCR), 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009) (denying request for leave to file a second motion for a preliminary injunction seeking the same relief as the first in part

---

[1] Equally as disingenuous are Intervenor's attempts to imply that the omission of scheduling this hearing was "in err", and that the March 16, 2018 TRO (the "March TRO") [Dckt. No. 127] was clarified at the behest of the undersigned, as opposed to the multiple letters Intervenor has written asking that the March TRO be clarified.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

| Mailing: | Office: |
|---|---|
| 1173A Second Avenue, Suite 153 | 780 Third Avenue, 14th Floor |
| New York, New York 10065 | New York, New York 10017 |

because "the information that [was] the basis for the successive motion was in [the requesting party]'s possession at the time of the filing of its first motion for preliminary injunction" and noting that such a request was "vexatious and does a great disservice to the interest of [defendant] and the Court").

As this Court is also aware, Intervenor recently commenced another action, *Willis v. Sixuvus, Ltd. et al.* 7:19-cv-04354-CS (the "Willis Action"), in which she made a motion for a temporary restraining order and preliminary injunction seeking *inter alia,* similar relief with respect to the 'Official Kings of Disco' Facebook page (the "KOD Facebook Page"). Intervenor's motion for a temporary restraining order was denied, and shortly thereafter, Intervenor was given a full and fair opportunity to litigate these claims during a June 18, 2019 preliminary injunction hearing in that action. Then, after having her day in Court and forcing Defendants to spend time and resources litigating the matter, Intervenor voluntarily dismissed the Willis Action after she was unable to demonstrate her entitlement to relief. *See* Dckt. No. 45; *see also* Exhibit 1 (claiming that she was unable to fulfill the briefing schedule with respect to the issues on standing and that because the cover page now reflects "a photo of the Kings of Disco dressed as KOD[2] . . . that was significant relief for [her]"). Intervenor should not be given a second bite at the apple, nor should she be allowed to force Sixuvus to spend more time and resources on this issue after she has had her opportunity to seek this relief, and withdrew it. Such conduct is highly prejudicial to the Sixuvus Defendants and "would waste resources of both the parties and the court, contrary to the objectives' of Rule 1.'" *See Tilcon Minerals, Inc.*, 851 F. Supp. at 531.

Intervenor's request should also be denied because Intervenor lacks standing to enjoin the Sixuvus' use of the KOD Facebook Page. *First,* as the Court will recall, Intervenor has only been "temporarily" permitted to intervene (*see* Dckt. No. 52), and as discussed at the July 18, 2019 status conference, Sixuvus will be opposing Intervenor's motion to intervene. Intervenor has only recently requested that she be given leave to amend her pleading, which as also discussed at the conference, may impact whether she is allowed to continue to intervene and whether she can do so permissively or as a matter of right, which will also affect her rights in this case. To the extent that Ms. Willis intends to assert an interest in the KOD Facebook Page, it is Sixuvus' position that she would lack standing to do so, and we would anticipate this being adjudicated in either a motion to dismiss her pleading or the outcome of the motion to intervene. As the Court is aware, the KOD Facebook Page was *not* among the property licensed to Intervenor by Plaintiff Can't Stop Productions, Inc. ("Can't Stop") pursuant to the plain terms of their license. As such, she lacks standing to pursue this claim or any interim injunctive relief related to same, and her request should therefore be denied.

Even if the Court decides to overlook that Intervenor has not made an appropriate motion for the relief she says she seeks in this action and the fact that she withdrew her prior motion for injunctive relief in the Willis Action, at the very least, any preliminary injunction hearing should not be scheduled until after there is a ruling on Intervenor's motion to intervene. Intervenor has not and indeed at this point cannot claim that she is being subjected to any alleged immediate harm. This is evident by Intervenor's own lack of diligence.

"Lack of diligence in applying for preliminary injunctive relief 'undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.'" *Mathematica Policy Research, Inc. v. Addison-Wesley Pub. Co.*, No. 89 CIV. 3431 (JFK), 1989 WL 63075, at *1 (S.D.N.Y. June 5, 1989) (*quoting Citibank, N.A. v. Citytrust*, 756 F.2d 273, 277 (2d Cir. 1985)). "Although a particular period of delay may not rise to the level of laches and thereby bar a permanent injunction, it may still indicate an absence of the kind of irreparable harm required to support a preliminary injunction" *Citibank, N.A.*, 756 F.2d at 276.

Sixuvus' KOD Facebook Page has been live since at least March 23, 2018, well over a year ago. Intervenor cannot claim that she was unable to seek this relief in the last fifteen (15) months while the motion to enforce was pending, as Intervenor could have come to the Court or filed a separate action, which she ultimately did. Even if Intervenor made such a claim, this action was

---

[2] This had happened prior to the hearing.

restored on March 28, 2019, over four months ago, and since that time, Intervenor has filed seven other letters and telephonically attended two conferences where she never raised this issue, including the July 18, 2019 status conference. *See* Dckt. Nos. 200 and 233. Intervenor further demonstrated that this matter does not require immediate injunctive relief when she dismissed the Willis Action and withdrew her request for injunctive relief in that action. *See* Dckt. No. 45. Intervenor's own inaction and lack of diligence makes it clear that there is no immediacy to her request and, as such, there is no reason why this request cannot be addressed after a determination regarding Intervenor's request to amend is decided and after Intervenor's intervenor status in this case is determined.

Intervenor should not be allowed to engage in vexatious litigation tactics that are clearly only intended to harass Sixuvus and increase the cost of litigation by forcing them to defend against the same motions over and over. The Court has a right to control its own calendar and in light of the fact that Intervenor has only been allowed to intervene "temporarily", this Court should schedule any further briefing on this matter *after* making a decision on the status of Intervenor's proposed pleading and motion to intervene. Furthermore, given that Intervenor asked the Court for a significant amount of time to submit her proposed pleading based on her 'schedule', the Court should not countenance any new feigned requests for an expedited schedule that will only subject the Sixuvus Defendants to spend more time and resources on the same issues that were litigated as part of the injunction hearing in the Willis Action that Intervenor voluntarily withdrew.

The Sixuvus Defendants respectfully request that the Court deny Intervenor's request for a preliminary injunction hearing. In the alternative, the Sixuvus Defendants request that the Court stay the scheduling of any such hearing until there is a ruling on Intervenor's amended complaint and her motion to intervene, as Intervenor does not face any immediate harm.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

    Respectfully Submitted,

    ADELMAN MATZ P.C.

    Sarah M. Matz, Esq.

Cc.   (*Via ECF*)
      All Counsel of Record
      Karen Willis *Pro Se*