Case 7:17-cv-06513-CS Document 235 Filed 07/23/19 Page 1 of 4

No more letters pending further order of the Court.

But if it is correct that Defendants have not responded to the latest settlement offer, I hope they will do so ASAP. (And if it isn't correct, no need to so advise me at this time.)

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

7/23/19

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
619) 206-5311

July 22, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**REPLY TO SIXUVUS**   No. 17-CV-6513

Dear Hon. Judge Seibel:

The court should seriously consider placing a moratorium on letters to the Court. Having said that, I must protest the Sixuvus counsel's, Sarah Matz, ridiculous assertion of frivolous and vexatious actions on my part. To the contrary is has been the Sixuvus counsel who have engaged in vexatious and frivolous litigation starting with their claim against Can't Stop for "naked licensing" of all things, only to have all of their claims including "naked licensing" rejected by court as unlikely to prevail.

As the court is aware, it is the Sixuvus who brought me into the litigation by seeking to restrain me in their litigation against Can't Stop. They then sought a frivolous preliminary injunction wherein it was denied. I had to defend against the Sixuvus TRO and subsequent attempts at a preliminary injunction. I incurred a considerable amount of attorneys with respect of their restraint of me. The Sixuvus then sought to force me to agree to an obvious non-enforceable settlement by bringing a frivolous "motion to enforce" which I had to solely defend against, and eventually prevailed against them. The Sixuvus motion to force was incredibly vexatious and took of a better part of a year of the court's time.

I then filed an independent complaint which I withdrew for good reason. The Sixuvus counsel were playing games during the injunction stage including bringing a motion for dismissal of the injunction as a result of their claim that I had not lodged a copy of my licensing agreement with the court. However, the court as well as the Sixuvus knew very well that I have a license agreement.

In fact, during the preliminary injunction hearing Ms Matz had the actual license agreement in her hand as she cross examined me. When I called her out and asked the court to order the Sixuvus counsel to provide a copy to the court, the court declined to do so, although Mazt had the document in her hand. Next, Ms Matz stated on the record that the cases are independent of each other.

The court then supported Ms Matz by stating on the record that though the cases are related, the cases remain separate because the court had not consolidated the cases. The fact that it was known in the other case that my license agreement was proffered, had no bearing on whether the license agreement has been provided in the new case. The court then scheduled argument on that issue that would have resulted in the injunction not being decided for months. I felt the case and injunction were totally frustrated by allowing the Sixuvus frivolous motion as based on a frivolous technicality that I had not proffered the agreement in the new case.

I remembered at some point that I had a pending preliminary injunction in the Can't Stop v. Sixuvus case, and decided that I could obtain the same results in that case. As a result, I made the decision to simply dismiss the new case because Ms Matz as well as the court had made it clear that the two cases are distinct and has nothing to do with the other. But now suddenly, Ms Matz is attempting to make the two cases one and the same as she submits to the Court, for the second time mind you, my notice of dismissal of the new case.

Moreover, the Sixuvus counsel are actively preparing to oppose my intervention in the case when the record is clearer now than ever why intervention is necessary because my interests and Can't Stop's interest against the Sixuvus are not substantially the same. For the Sixuvus to propose such a motion in opposition to my intervention in light the record is the height of vexatious litigation. Can't Stop is on the record time and time again as being reluctant to prosecute the case against the Sixuvus with respect to my interests.

Speaking of failure to prosecute, the Sixuvus counsel are likewise on record during the most recent status conference as not wanting to prosecute their case against Can't Stop. In fact, Mr. Adelman stated the following on the record: "I am not prosecuting this case." He then went on to blame me for any prosecution thus far. In fact, the Court should dismiss the Sixuvus counter complaint against Can't Stop for failure to prosecute. No party has a right to complain that I am prosecuting the case when they have no desire to do so, though a case was filed by them in the U.S. District Court.

I am prosecuting the case because that is the very purpose of intervention, to prosecute and protect my interest in the case brought by Can't Stop, but the case brought by the Sixuvus against Can't Stop must be dismissed. See Hanrahan v. Riverhead Nursing Home, 592 F. 3d 367 - Court of Appeals, 2nd Circuit 2010. Under N.Y. C.P.L.R. § 3216(a), a court may dismiss a lawsuit for failure to prosecute if a party "unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof." Nems Enter., Ltd. v. Seltaeb, Inc., 263 N.Y.S.2d 525, 526 (1st Dep't 1965).

Finally, I have it on good authority from Can't Stop's west coast counsel that the Sixuvus have not so such as responded to the settlement offer to them which has been in their possession now for several weeks. This is the agreement with participation from all of the

3

parties including myself. The Sixuvus continue to act in bad faith toward a resolution. It's their way or highway; a rather smug disposition for litigants in a losing position.

Respectfully submitted,

Karen L. Willis