UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

                              Plaintiff,

               - against -

SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER
BRILEY, FELIPE ROSE, JAMES F. NEWMAN,
RAYMOND SIMPSON and WILLIAM WHITEFIELD,

                             Defendants.
-----------------------------------------------------------------------x

**ORDER**

No. 17-CV-6513 (CS)

Seibel, J.

       It appears that the parties have been abiding by the terms of the March 16, 2018 Order, (Doc. 127), since it was entered, and at this point it does not appear to the Court that any party wants to or is attempting to do any of the activity restrained by the Order, as Defendants are not representing themselves to be Village People on social media or otherwise.  As explained at the conference on July 18, 2019, I do not regard the fact that Defendants' Kings of Disco Facebook page may have some technical relationship to the former Official Village People Facebook page to be a violation of the Order.  Further, to the extent Ms. Willis seeks relief outside the scope of her March 2018 application, (*e.g.*, "to enjoin[] any further use of the Village People Facebook page renamed the Kings of Disco," (Doc. 233 at 1)), even if I were to incorporate into the record of this case all of the evidence from the preliminary injunction hearing in a related matter that she voluntarily dismissed, *Willis v. Sixuvus*, No. 19-CV-4354 (S.D.N.Y. June 20, 2019), Doc. 45, I would not order preliminary relief because Ms. Willis has not shown imminent irreparable harm or a likelihood of confusion arising from Defendant's use of the Kings of Disco Facebook page, which has been in place for many months.

       The Court shall not allow Ms. Willis to litigate this matter through piecemeal, *seriatim*

requests for the same relief, especially when the information that is apparently the basis for this request was in her possession at the time of the preliminary injunction hearing in the related matter. *See Int'l Bus. Machines Corp. v. Johnson*, No. 09-CV-4826, 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009), *denying mandamus*, 355 F. App'x 454, 455-56 (2d Cir. 2009). There is no justification for a second bite at the same apple. Absent a showing of irreparable harm from the challenged conduct or a likelihood of success on the merits, the Court sees no need for further injunctive relief at this time, and the parties should stick to the briefing schedule set at the July 18 conference.

SO ORDERED.

DATED: July 23, 2019
      White Plains, New York

                                                  *Cathy Seibel*
                                      UNITED STATES DISTRICT JUDGE