Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

August 20, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**REQUEST FOR RECONSIDERATION**

Dear Hon. Judge Seibel:

In response to the court's order dated August 20, 2019, I'd asked the court to reconsider its position first advanced by the Sixuvus counsel (Sarah Matz), that somehow the Sixuvus cannot respond to my motion to intervene, currently before the court, unless or until I amend my complaint. As such, the motion to intervene currently before the court is contingent on the contents of the complaint in intervention. This is a flawed position on behalf of the Sixuvus because my right to intervene is an independent question that cannot be intertwined with the contents of my complaint in intervention which the Sixuvus could challenge at a later date.

The district court must grant an applicant's motion to intervene under Rule 24(a)(2) if "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is

Case 7:17-cv-06513-CS Document 241 Filed 08/20/19 Page 2 of 2

not adequately represented by the other parties." MasterCard, 471 F.3d at 389; see also Fed. R. Civ. P. 16 24(a)(2).

Nowhere does Rule 24(a)(2) preface a decision on the right of intervention as being contingent on an amendment of the complaint in intervention. This position by the Sixuvus is outlandish and should be rejected. Therefore, the court should reconsider its position and order the Sixuvus to respond to my motion to intervene as scheduled by either opposing the motion or not.

But in no case should the court intertwine a response and decision on the motion to intervene with a right to amend. Indeed, any possible amendment to the complaint in intervention has no bearing on whether the motion to intervene, currently before the court and which preceded the filing of the complaint in intervention, should be granted.

Accordingly, the court should reconsider and grant my request to file an amended complaint in intervention at a later date, or after a decision on the Writ of Mandamus scheduled for filing on August 23, 2019.

Respectfully submitted,

Karen L. Willis

*Application denied. That ship has sailed. Intervenor cannot challenge, the day after her Amended Complaint ("AC") was due, a schedule set over a month ago (and to which, if I recall correctly, Intervenor did not object). Intervenor has been asking to amend since April. The time has come to do it. It would not be efficient to rule on the motion to intervene based on the current set of claims if Intervenor plans to advance different claims. So if she chooses to amend, it must be done by 3 pm east coast time today.*

SO ORDERED.

CATHY SEIBEL, U.S.D.J.   8/21/19

2