UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,
                    Defendants,


KAREN L. WILLIS dba HARLEM WEST
ENTERTAINMENT
                    Intervenor,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON,
WILLIAM WHITEFIELD
                    Defendants

---------------------------------------------------------------x

7:17-cv-06513-CS

REPLY IN SUPPORT OF
INTERVENOR'S MOTION FOR
RECOVERY ON THE SIXUVUS
DEFENDANTS TRO BOND

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA.  92101
(619) 206-5311
Intervenor/Plaintiff

## INTRODUCTION

KAREN L. WILLIS ("Intervenor") filed a succinct motion for recovery on the Sixuvus defendants (the "Sixuvus") TRO bond. Contrary to the Sixuvus opposition, Intervenor's motion for recovery contained clearly itemized costs and itemized legal fees. Moreover, contrary to the Sixuvus opposition, Intervenor, as clearly noted in the itemized legal fees and costs, evidence the relevant fees and costs related to the TRO and proximately caused by responding to the Sixuvus TRO and subsequent injunction hearing, all while wrongfully enjoined.

## ALL FEES AND COSTS ARE RECOVERABLE AND PROXIMATELY CAUSED BY THE TRO

The Sixuvus argument that "attorneys fees" incurred by Interveor are not recoverable is misguided. The trouble with their argument is that though in general, they may be correct, but in this case they are not because Intervenor seeks not to recover attorneys' fees or legal expenses that were incurred in litigating the injunction. Instead, Intervenor seeks to recover fees and expenses that were incurred complying with the injunction. "Recovery of such costs, incurred in collateral proceedings required by the terms of a wrongful injunction, does not contravene the American Rule or its Rule 65(c)." Nokia Corporation v. InterDigital, Inc. (2011).

In order to comply with the TRO, Intervenor was forced to hire counsel. Intervenor, incurred significant expenses complying with the TRO including flights, hotels and other costs related to mediation, injunction hearing, change of websites and social media, change of group name notwithstanding an exclusive license to perform as Village People, since Intervenor was out of the country, she was forced to hire counsel to comply with the TRO. [Doc. 218, Exhibits A-D]. At one point, the Sixuvus counsel even sought to hold Intervenor in contempt of court with respect to the TRO and made note of Intervenor's counsel. Ex. 1 (Request to Hold Karen Willis in Contempt). See also Ex 2 (Order), and Ex. 3 (Modified Order).

1

Therefore, it's perhaps odd now that the Sixuvus would claim that they did not "wrongfully enjoin Intervenor from any conduct that she had a right to engage in." See Opposition, p. 6. Intervenor is the exclusive licensee for Village People live performances. The Sixuvus TRO restrained Intervenor as the exclusive licensee and instead forced her to share that exclusive right with the Sixuvus for equal use of the Village People trademark. See Ex. 3. This resulted in the loss of over $100,000 in bookings alone.

The TRO was very burdensome. See Ex. 2, and Ex. 3. The Sixuvus counsel made things more costly by making contempt filings with the court resulting in Intervenor have to incur even more attorneys' fees in efforts to comply with the TRO though her counsel while out of the country. Simply put, Intervenor's counsel spent a considerable about of time and expense in efforts to bring Intervenor in compliance with the TRO at great expense which included intervention as a way to comply. Intervenor mitigated the TRO damage by replacing counsel with her own self representation in order to stop further legal fees in efforts to comply with the TRO.

## INTERVENOR WAS WRONGFULLY ENJOINED AND ENTITLED TO PRESUMPTION IN FAVOR OF RECOVERY

Intervenor as a wrongfully enjoined party is entitled to a presumption in favor of recovery against the Sixuvus defendants bond for provable damages. Indeed, Rule 16 65(c)'s bond requirement has a multipurpose. An enjoined party is assured therein that it is entitled to collect damages from the money posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff. *See Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989).

"In addition, the bond provides the plaintiff with notice of the maximum extent of its potential liability. *See id.; see also Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo,*

*S.A.*, 190 F.3d 16, 20 (2d Cir. 1999) ("[T]he applicant for the injunction consents to liability up to the amount of the bond, as the price for the injunction." (quoting *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054) (2d Cir. 1990) (alterations omitted).)." (quoting Nokia Corporation v. InterDigital, Inc.).

"Applying this presumption, the district, the district court must have a "good reason" to deny recovery against the bond." Id at 23; Milan Exp., Inc. v. Averitt Exp., Inc., 254 F.3d 966, 981, (11th Cir. 2001).

## DAMAGES WERE PROXIMATELY CAUSED BY THE TRO

The Sixuvus defendants restrained Willis who is the exclusive licensee of the Village People mark for purposes of live performances worldwide therein preventing Willis from exploiting the Village People mark as licensed. The resulting damages are provable up to the amount of the bond and in excess thereof. But Willis' "proof of damages d[oes] not need to be a mathematical certainty." Global NAPs, 489 F.3d at 24.

Moreover, "[o]nce the party seeking recovery adequately establishes its damages, it is entitled to presumption in favor of recovery. Id. 23; Milan Exp., Inc. v. Averitt Exp., Inc., v. Averitt Exp. Inc., 254 F.3d 966, 981 (11th Cir. 2001). The Sixuvus failed to demonstrate that Intervenor is not entitled to recover from their TRO bond in excess of $50,000

## CONCLUSION

For the reasons stated above, the motion to recover on the Sixuvus defendants TRO bond should be granted.

**Dated:** September 9, 2019

KAREN L. WILLIS

INTERVENOR