# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                            Plaintiffs,

-against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,

                            Defendants.
X------------------------------------------------------X

Case No.: 7:17-cv-06513-CS

**TEMPORARY RESTRAINING ORDER**

      **WHEREAS** on November 30, 2017, Defendant Sixuvus, Ltd., filed an order to show cause requesting a temporary restraining order and preliminary injunction supported by the declarations of Felipe Rose sworn to on the 30th day of November 2017, Raymond Simpson sworn to on the 30th day of November 2017, Eric Anzalone sworn to on the 29th day of November 2017, Alexander Briley sworn to on the 30th day of November 2017, and Gary Adelman sworn to on the 30th day of November 2017, together with the exhibits annexed thereto, the memorandum of law in support submitted therewith, and the pleadings herein ("Sixuvus' Motion");

      **WHEREAS** after hearing oral argument on November 30, 2017, good and sufficient cause appearing therefore, the Court entered a temporary restraining order dated December 1, 2017 (Doc. 37 (the "December 1 TRO"));

      **WHEREAS** on December 8, 2017, third party Karen Willis d/b/a Harlem West Entertainment ("Willis") filed an order to show cause requesting (i) permission to intervene in this action; (ii) to vacate or dissolve the December 1 TRO, or in the alternative to modify such order; and (iii) to temporarily restrain Defendants from using social media to interfere with

1

Willis's business, supported by the Declaration of Brian D. Caplan sworn to on December 7, 2017, together with the exhibits annexed thereto, the Declaration of Karen Willis sworn to on December 7, 2017, together with the exhibits annexed thereto, the memorandum of law in support submitted therewith, and a proposed counterclaim against Defendants for trademark infringement and unfair competition ("Willis's Motion");

**WHEREAS** after hearing oral argument on December 8, 2018, and the Court having decided to modify the December 1 TRO, now therefore it is

**ORDERED** that, pending further order of the Court, Willis is temporarily allowed to intervene in this action as a preliminary plaintiff and a preliminary counterclaim defendant;

**ORDERED** that, sufficient reason having been shown therefor, pending further order of the Court, Defendant Sixuvus Ltd. ("Sixuvus") shall book live performances, advertise live performances, accept live engagements, perform live, and take any other action necessary to effectuate the foregoing actions, as "Village People* featuring" followed by the name of an individual group member or members of Sixuvus' choosing;

**ORDERED** that, sufficient reason having been shown therefor, pending further order of the Court, Willis (and her licensees, including Victor Willis) shall book live performances, advertise live performances, accept live engagements, perform live, and take any other action necessary to effectuate the foregoing actions, as "Village People* featuring Victor Willis" followed by the names of any other individuals that Willis (and her licensees, including Victor Willis) chooses to feature;

**ORDERED** that if the individuals that Sixuvus or Willis (and her licensees, including Victor Willis) choose to feature were members of the original Village People in the 1970s, they are allowed to add a descriptor after that individual's name "of the original Village People." If,

however, an individual that Sixuvus or Willis chooses to feature was not a member of the original Village People, then that individual may not be described or represented as being of the original Village People;

**ORDERED** that, while the portion of each group name beginning with "featuring" does not need to be in all capital letters, even if VILLAGE PEOPLE is in all capital letters, the portion beginning with "featuring" must be approximately the same font size as the VILLAGE PEOPLE portion of the group name;

**ORDERED** that all advertising or other use of the names of the respective groups by Plaintiff, Defendants or Willis (and her licensees, including Victor Willis), whether oral, written, electronic, via social media, or in any other format or forum, shall utilize the names set forth above, respectively for each group, and shall also be accompanied by disclaimer language (the "Disclaimer"). The Disclaimer shall be presented using the following language: "*The trademark "Village People" is the subject of litigation. There are two groups performing under the name "Village People""; or in the event that there is a character limitation on advertising, such as advertising on social media platforms, "There are two groups performing as "Village People," as the trademark is currently in litigation." The Disclaimer language must be in at least 12-point font or at least fifty percent (50%) of the size of the name of the group, whichever is larger. The Disclaimer language must be sufficiently prominent to direct the reader of such advertisement to the Disclaimer language followed by the asterisk ("*") and may not be buried or obscured. In the event an asterisk is not an available character in an advertisement or promotion, such as on a social media or other online platforms, the Disclaimer language above may be presented in brackets or parentheses, but in that case it must immediately follow the use of the applicable group name. Notwithstanding the foregoing, the Disclaimer language shall not

3

be required to be displayed at the venue on the date of the performance;

**ORDERED** that, notwithstanding the above, to the extent that Sixuvus or Willis (and her licensees, including Victor Willis) contracted before December 8, 2017, for performances to occur after December 8, 2017, they must use in their billing, advertising and promotion the wording described in this Order unless doing so would: (i) breach a contract and a modification with the other party cannot be reasonably achieved; or (ii) require the reprinting of items printed on or before December 8, 2017.

**ORDERED** that, notwithstanding the above, any websites, URLs, social media handles, or social media URLs that are owned or controlled by Defendants, Willis (or her licensees, including Victor Willis), and/or Plaintiff, which are comprised, in whole or in part, of the name "VILLAGE PEOPLE" that were obtained on or before December 8, 2017 (collectively the "Village People URLs/Handles"), may continue to be used, whether or not such Village People URLs/Handles reflect the names that the Court has temporarily ordered to be used, provided that on the first page of any such page or profile of the Village People URLs/Handles, the group names that the Court has ordered to be used are prominently displayed with the Disclaimer language. Furthermore, to the extent it is possible to change the displayed name on any of the Village People URLs/Handles to be different than the username/handle, without losing any verification status and without losing the actual Village People URLs/Handles, and to the extent possible in light of any character limitations, the parties shall change the displayed name to the names that the Court has temporarily ordered to be used. In the event it is not possible to change the displayed name to the names that the Court has temporarily ordered to be used, Plaintiff, Defendants and/or Willis (and her licensees, including Victor Willis) shall not continue to use the phrase "Village People" alone as the display name, unless that is also the username/handle,

4

and shall instead have the display name default be the same as the handle/username, and shall further ensure that the group names that the Court has ordered to be used are prominently displayed with the Disclaimer language in the bio or other prominent place on the first page of any such page or profile of the Village People URLs/Handles.  Provided the group names that the Court has ordered to be used are prominently displayed with the Disclaimer language, on the first page, for the sake of clarity, nothing in the foregoing requires Plaintiff, Defendants or Willis (or her licensees, including Victor Willis) to cease using the actual handle/username or actual related URL for any Village People URLs/Handles that were acquired prior to December 8, 2017, specifically including the following: (i) Twitter: @villagepeople and https://twitter.com/villagepeople; (ii) Twitter: @wevillagepeople and https://twitter.com/wevillagepeople; (iii) Instagram: officialvillagepeople and https://www.instagram.com/officialvillagepeople; (iv) Instagram: realvillagepeople and https://www.instagram.com/realvillagepeople; (v) Facebook:  OfficialVillagePeople and https://www.facebook.com/officialvillagepeople; (vi) Facebook: RealVillagePeople and https://www.facebook.com/RealVillagePeople; (vii) www.villagepeople.band; (viii) www.villagepeople.com; and (ix) www.officialvillagepeople.com.  To avoid losing any verification status, it is expressly recognized that Defendants, Plaintiff, and Willis shall not be required to change the display name of the Facebook pages "Official Village People" (https://www.facebook.com/officialvillagepeople) or "Real Village People" (https://www.facebook.com/RealVillagePeople) provided that, as set forth above, the names that the Court has temporarily ordered to be used are otherwise displayed on the first page of said Facebook pages including the disclaimer language;

**ORDERED** that any post, reply, tweet or other form of message or communication that is sent or posted by Plaintiff, Sixuvus or Willis (or her licensees, including Victor Willis) shall include the Disclaimer language set forth above if it uses the names that the Court has temporarily ordered to be used or if it is sent from any social media account, including Facebook, Instagram and Twitter, in which the username/handle or displayed name (i) includes the name "VILLAGE PEOPLE" in whole or in part; or (ii) includes the names that the Court has temporarily ordered to be used;

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing on Sixuvus and Willis's applications for preliminary injunctive relief, pursuant to Rule 65, Fed. R. Civ. P., the Plaintiff, Willis and their agents, servants, employees, officers, directors, attorneys, successors, licensees and assigns, and all others acting in concert or participation with them, including but not limited to Victor Willis, their booking agents, managers and promoters, are temporarily restrained and enjoined from directly or indirectly (i) disparaging any of the Defendants; and (ii) interfering with or preventing Defendants from booking live performances, advertising live performances, accepting live engagements, performing live as set forth above, and/or taking other necessary actions in connection with the foregoing;

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing on Sixuvus and Willis's applications for preliminary injunctive relief, pursuant to Rule 65, Fed. R. Civ. P., Defendants and their agents, servants, employees, officers, directors, attorneys, successors, licensees and assigns, and all others acting in concert or participation with them, including but not limited to their booking agents, managers and promoters, are temporarily restrained and enjoined from directly or indirectly (i) disparaging the Plaintiff, Willis or her licensees, including Victor Willis; or (ii) interfering with or preventing Willis or her licensees,

6

including Victor Willis, from booking live performances, advertising live performances, accepting live engagements, performing live as set forth above, and/or taking other necessary actions in connection with the foregoing;

**ORDERED** that, for the purpose of this Order, disparagement shall include any public statement (i.e., to any person other than a family member or close acquaintance under circumstances reasonably deemed to be private or privileged), whether oral, written, electronic, via social media, or in any other format or forum, which would reasonably be deemed to be malicious, disparaging, defamatory, libelous, slanderous, false, misleading, or otherwise negative. Nothing herein, however, shall be deemed to prevent any person from providing truthful testimony in this action or any other action or judicial process before any court, legislative body, or government agency of competent jurisdiction. Furthermore, nothing herein, shall be deemed to prevent Plaintiff, Defendants, Willis or her licensees, including Victor Willis, from making statements that (i) promote their respective group or the members of their respective group; (ii) address the history, performances and/or connection to "Village People" or (iii) clarify which group is performing or has performed or appeared on particular occasions to avoid any confusion;

**ORDERED** that this temporary restraining order be and hereby is conditioned upon the previously posted undertaking of $50,000, which was posted by Sixuvus on December 4, 2017, to secure payment of costs and damages as may be suffered or sustained by any party who is wrongfully restrained hereby. No additional bond or undertaking shall be required;

**ORDERED** that the parties shall proceed to mediation with Magistrate Judge Lisa M. Smith as soon as possible;

**ORDERED** that on consent the briefing schedules and hearings in connection with the motions by Sixuvus and Willis are stayed pending the parties' participation in said mediation;

**ORDERED** that at any time after the mediation Plaintiff, Defendants or Willis, may upon letter application to the Court request that the hearings be scheduled at which time the Court will set briefing schedules for opposition and reply papers, and a hearing date.

SO ORDERED:

DATED: White Plains, New York
       December 14, 2017

_____
UNITED STATES DISTRICT JUDGE