

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

September 9, 2019

**VIA ECF AND E-MAIL**
The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

   Re: *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al*. 7:17-cv-06513-CS

Hon. Judge Seibel:

  We represent the Sixuvus Defendants in the above-referenced action. We write, pursuant to Rule 1.A of Your Honor's Individual Practices and the July 18, 2019 Order of the Court [Dckt. on 7/18/19], to state our position as to Intervenor Karen Willis' ("Intervenor") proposed amended intervenor complaint (the "Fourth Proposed Complaint"). *See* Dckt. No. 246. In connection therewith, it is the Sixuvus Defendants' position that Intervenor's request for leave to amend her intervenor complaint should be denied. *See* Dckt. No. 210.

  As the Court will recall, on December 8, 2017 Intervenor voluntarily chose to file a motion to intervene in this action and to vacate or modify the 12/1 TRO (the "Motion to Intervene"). *See* 12/8/17 Intervenor Motion [Dckt. No. 110]. In connection therewith, Intervenor submitted a [Proposed] Counterclaim Against Sixuvus Defendants et. al for Trademark Infringement and Unfair Competition (the "First Proposed Complaint"). *See* the First Proposed Complaint, Exhibit B to the Declaration of Brian D. Caplan [Dckt. No. 110-2]. The First Proposed Complaint alleged claims of passing-off under 15 U.S.C. § 1125(a), trademark infringement under 15 U.S.C. § 1114, unfair competition under New York common law, and deceptive acts and practices under N.Y. Gen. Bus. Law § 349 against the Sixuvus Defendants regarding their use of the trademark "VILLAGE PEOPLE". *Id*. On December 14, 2017, the Court then issued a modified TRO (the "12/14 TRO") that, *inter alia*, temporarily allowed Intervenor to intervene in this action. *See* Dckt. No. 52. Thereafter, on March 6, 2018, Intervenor filed an intervenor complaint alleging claims of passing-off, trademark infringement, unfair competition, and civil conspiracy (the "Second Proposed Complaint"). *See* Dckt. No. 117. In addition to including additional claims regarding the Sixuvus Defendants' use of the trademark "VILLAGE PEOPLE", the Second Proposed Complaint sought to add passing-off, trademark infringement, unfair competition, deceptive acts and practices, and civil conspiracy claims regarding the Sixuvus Defendants' use of the term "Kings of Disco" ("KOD"). *Id*. The Sixuvus Defendants did not file a response to either the First Proposed Complaint or Second Proposed Complaint, as Intervenor's response deadline was contingent upon the briefing of the Motion to Intervene, which was indefinitely stayed following an anticipated settlement and the March 28, 2018 Order of the Court discontinuing this action. *See* Dckt. Nos. 137, 140. Shortly following the Court's restoration of this action on March 28, 2019 [Dckt. No. 200], Intervenor attempted to file an amended Intervenor Complaint to add a fifth cause of action for declaratory relief as well as bring additional

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

parties into this action (the "Third Proposed Complaint"). *See* Dckt. No. 203. The Third Proposed Complaint was initially rejected as a deficient pleading made without leave of the Court, and Intervenor ultimately filed it as an exhibit to a letter request for leave to file an amended intervenor complaint, which was denied. *See* Dckt. No. 210, 210-1; Dckt. No. 211. On July 2, 2019, Intervenor sent a letter to the Court, which once again requested leave to amend her complaint claiming that the proposed amendment would "reflect only those causes of action and defendants reflected in Can't Stop's complaint." *See* Dckt. No. 223. At the July 18, 2019 status conference, the Court ordered that the proposed amendment be filed by August 19, 2019 [Dckt. at 8/19/19], and Intervenor subsequently filed the Fourth Proposed Complaint on August 26, 2019. *See* Dckt. No. 246.

Contrary to her statements in the July 2, 2019 letter, the Fourth Proposed Complaint does not only reflect those causes of action in Plaintiff Can't Stop Productions Inc.'s ("Can't Stop") complaint dated August 25, 2017 (the "Can't Stop Complaint").[1] Indeed, the Fourth Proposed Complaint attempts to assert many claims that were not in the Can't Stop Complaint, including, a common law unfair competition claim, a deceptive acts and practices claim under N.Y. Gen. Bus. Law § 349, and claims based on Defendants' alleged use of the "Kings of Disco" mark. More specifically, the Fourth Proposed Complaint asserts counts of passing-off under 15 U.S.C. § 1125(a), trademark infringement under 15 U.S.C. § 1114, unfair competition under New York common law, and deceptive acts and practices under N.Y. Gen. Bus. Law § 349 against the Sixuvus Defendants.[2] *See* Dckt. No. 246. Each of these claims allege that the Sixuvus Defendants have improperly made use of two separate marks: (i) Village People trademarks and trade dress; and (ii) "Kings of Disco" ("KOD"). It is the Sixuvus Defendants' position that the Fourth Proposed Complaint has not sufficiently plead or alleged any basis for Intervenor's standing to assert Intervenor's claims regarding Defendants' alleged use of KOD or the claims regarding the Village People trademarks under 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 349. As set forth herein, those claims are futile, and Intervenor's request for leave to amend to assert a complaint that incorporates them must be denied.

After the time for a party to amend its complaint has run, "amendment requires the consent of the opposing parties or leave of court." *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 146 (S.D.N.Y. 2012) (*citing* Fed. R. Civ. P. 15(a)(1)). Although "a court should 'freely give leave when justice so requires' … leave to amend may be denied where the proposed amendment would be futile or where it would result in prejudice to the opposing parties." *Id.* at 146-47 (*quoting* Fed. R. Civ. P. 15(a)(2)). "Amendment is futile if the proposed amended complaint could not survive a motion to dismiss." *Id.* at 147 (*citing Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

In order to plausibly plead her passing-off and trademark infringement claims under 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, Intervenor must allege facts sufficient to support the inference "(1) that [she] possesses a valid, legally protectable trademark and (2) that the junior user's mark is likely to cause confusion as to the origin or sponsorship of the product at issue." *U.S. Polo Ass'n, Inc. v.*

---

[1] The Can't Stop Complaint solely includes causes of action against the Sixuvus Defendants for: (i) trademark infringement under 15 U.S.C. § 1125(a), and (ii) declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, based on the Sixuvus Defendants' alleged use of Can't Stop's "Village People" trademarks. *See* Dckt. No. 1.

[2] The first paragraph of the Fourth Proposed Complaint lists Andrew Pacho as a 'Sixuvus Defendant'. However, as Intervenor has not included him in the case caption and said that she planned to amend to "reflect only those … defendants reflected in Can't Stop's complaint", it is unclear whether Intervenor is attempting to add Mr. Pacho as a party to this case. *See* Dckt. No. 223.

*PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 524 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013) (*citing Virgin Enterprises Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)). This same standard applies to her common law unfair competition claim, as "[t]he elements of a cause of action of unfair competition under New York common law mirror the requirements of claims stated under the Lanham Act and similarly require that a party demonstrate a valid, protectable mark". *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 796 F. Supp. 2d 458, 465 (S.D.N.Y. 2011).

Here, Intervenor's Fourth Proposed Complaint fails to sufficiently allege facts to allow the Court to infer that she possesses or has the exclusive right to a valid, protectable trademark in "Kings of Disco". As such, insofar as the Fourth Proposed Complaint is based on the Sixuvus Defendants' alleged use of "Kings of Disco" Intervenor has failed to state a claim for passing-off, trademark infringement, and common law unfair competition and lacks standing to pursue same. Intervenor's only allegations in support of this element is that she acquired rights to "Kings of Disco" pursuant to a license agreement with Can't Stop. *See* Dckt. No. 246, ¶17, 20-32. However, the Court is not required to and should not accept this allegation as true because the allegation is flatly contradicted by the plain terms of the May 19, 2017 license agreement (the "License Agreement"), as well as Can't Stop's own admissions. The License Agreement, which the Court could properly consider on a motion to dismiss[3], identifies the marks that were licensed to Intervenor and "Kings of Disco" is not one of them. *See* License Agreement, Exhibit 1 to the Declaration of Karen Willis [Dckt. No. 110-3]. Furthermore, Can't Stop could not have conveyed any such rights to Intervenor, as it has admitted that it does not own any rights in the mark "Kings of Disco". *See* 5/2/19 Conf. Tr. Pp. 18 (Can't Stop has "no interest in Kings of Disco. It's not our trademark."). Intervenor's claim for trademark infringement under §1114 based on Defendants alleged use of "Kings of Disco" must also fail as Intervenor has failed to plead the existence of a federal registration for said mark. While a plaintiff may maintain an 1125(a) claim on an unregistered mark, claims under §1114 are only available for imitation of a "registered mark". *See* 15 U.S.C. 1114(1) ("imitation of a registered mark" . . . "imitate a registered mark"). *See also e.g. Lopresti v. Spectrum Press, Inc.*, 2001 WL 1568434, at *4 (S.D.N.Y. Dec. 5, 2001) ("Unlike § 1114(1)(a) which requires federal registration of a mark, § 1125(a)(1)(A) of the Lanham Act provides a statutory remedy even if the plaintiff's mark was not federally registered."). For these reasons, the parts of Intervenor's claims for passing-off, trademark infringement, and common law unfair competition that are based on the Sixuvus Defendants' alleged use of KOD are futile, and Intervenor should not be allowed to amend to include the same.

Intervenor has also failed to sufficiently plead the proposed trademark infringement claims under § 1114, for both "Kings of Disco" and the alleged trademarks for VILLAGE PEOPLE or the costumes (the "Alleged Village People Marks"), as she does not have standing under the License Agreement. It is well settled that exclusive trademark licensees do not have the right to maintain a claim under § 1114 if the licensing agreement does not expressly provide the licensee with the right to sue. *See Calvin Klein Jeanswear Co. v. Tunnel Trading*, No. 98 CIV. 5408 (THK), 2001 WL 1456577, at *4 (S.D.N.Y. Nov. 16, 2001) ("Where a licensing agreement does not grant the licensee a property interest in the mark or otherwise assign to the licensee the registrant-licensor's ownership rights, the licensee, even if exclusive, cannot enforce the mark under § 1114."); *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 66 (2d Cir. 2013) (dismissing complaint, and noting that Congress did not include "licensee" or "exclusive licensee" among the terms that define registrant

---

[3] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010) (*citing Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)). "If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." *Matusovsky v. Merrill Lynch,* 186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (we assume facts alleged to be true "unless contradicted by more specific allegations or documentary evidence—from the Complaint and from the exhibits attached thereto").

to confer standing, and as such a plaintiff must show that its 'license' amounts to an assignment to have standing under Section 32(1)). Here, Intervenor has failed to allege that the License Agreement provides her with the right to sue. Even if she were to try to allege this, it is clear that the License Agreement does not actually do so. *See* License Agreement, Exhibit 1 to the Declaration of Karen Willis [Dckt. No. 110-3]; *see also* Dckt. No. 246, ¶16. For these reasons, Intervenors' claims under 15 U.S.C. § 1114 would fail as a matter of law, are futile and Intervenor should not be given leave to assert them.

Intervenor's proposed claims under N.Y. Gen. Bus. Law § 349 are also futile, as Intervenor is not a 'consumer' and indeed, from the facts that are alleged, is a competitor who does not have standing to maintain this claim. It is well settled that a claim under N.Y. Gen. Bus. Law § 349 "may only be brought by consumers, not by competitors." *Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*, No. 04 CIV. 3136 (HB), 2005 WL 13682, at *6 (S.D.N.Y. Jan. 3, 2005) (*quoting Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). Here, not only has Intervenor failed to plead that she is a 'consumer', it is clear that the allegations in the Fourth Proposed Complaint were made as a competitor of the Sixuvus Defendants. *See* Dckt. No. 246, ¶47 ("[T]he class of purchasers to whom defendants offered live musical performances under the mark are identical to the class of purchasers to whom Intervenor is exclusively licensed to offer live musical performances under the Mark"); *see also* Dckt. No. 246, ¶81 ("Defendants' actions constitute passing-off of its services as those of Registrant's exclusive licensee"); *see also* Dckt. No. 246, ¶38 ("Each of the defendants knew the Sixuvus had no right to perform as Village People or to pass themselves off as [V]illage People by another name"). For this reason, the claims under N.Y. Gen. Bus. Law § 349 would not survive a motion to dismiss, as they are also futile.

As set forth herein, Intervenor's claims based on Defendants' alleged use of "Kings of Disco" and the entirety of Intervenor's claims under 15 U.S.C. §1114 and N.Y. Gen. Bus. Law § 349, are futile. While the similar claims in the First Proposed Complaint and Second Proposed Complaint face these same issues[4], the law is clear that Intervenor's pending request for leave to amend should not be granted. Furthermore, while it is also the Sixuvus Defendants' position that Intervenor should not be permitted to intervene in this action at all and that the remaining claims in the Fourth Proposed Complaint are also not permissible, the Sixuvus Defendants reserve this argument for their opposition to Intervenor's Motion to Intervene.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

> Respectfully Submitted,
>
> ADELMAN MATZ P.C.
>
> Sarah M. Matz, Esq.

Cc.   (*Via ECF*)
All Counsel of Record
Karen Willis *Pro Se*

---

[4] Upon a review of the record, it is unclear: (i) which pleading Intervenor seeks to amend, (ii) whether Intervenor had leave to file the Second Proposed Complaint, and (iii) whether the First Proposed Complaint or the Second Proposed Complaint would be the operative pleading if leave to amend is denied. Regardless, it is also the Sixuvus Defendants' position that the claims under 15 U.S.C. § 1114 and under N.Y. Gen. Bus. Law § 349 in both the First Proposed Complaint and Second Proposed Complaint, as well as the claims based on Defendants' alleged use of "Kings of Disco" in the Second Proposed Complaint would not survive a motion to dismiss.