Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

September 10, 2019

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**RESPONSE TO SIXUVUS LETTER DATED SEPTEMBER 9, 2019**

Dear Hon. Judge Seibel:

I am the Intervenor in the case of Can't Stop v. Sixuvus. I write in response to yet another letter to the court by the Sixuvus counsel, this time purporting to do so pursuant to the July 18, 2019 order of the court.

I object to the court's allowance of numerous premature bites at the apple by the Sixuvus which amounts to nothing short of harassment over the issue of intervention. In any event, my response to the Sixuvus latest letter to the court is summed up as follows:

First, the Sixuvus argues that it is their "position that Intervenor's request for leave to amend her intervenor complaint should be denied." Their position is rather unintelligible considering that the court has already granted my right to amend and made it clear to me that the time to amend is now, not later. [Doc. 240] see also [Doc. 242 ]. Therefore, it sounds more like wishful thinking on behalf of the Sixuvus that I should not be allowed to amend my complaint in intervention. Even if the court were to backtrack and not allow me to amend, the original complaint in intervention would stand which the Sixuvus are yet to challenge and are not in the position to do so other than in an opposition to the motion to intervene.

Second, the Sixuvus seem to confuse my **request to amend the complaint in intervention** with a **request to amend a motion to intervene**. The motion to intervene has not been amended, nor have I requested to do so. Therefore, on what authority is the court allowing the Sixuvus to challenge my proposed amended complaint in intervention prior to the Sixuvus doing so in an opposition to the motion to intervene? The court is yet to consider the proposed original complaint in intervention which would ordinarily accompany a motion to intervene. I merely sought to amend the accompanying complaint in intervention in the first instance. Again, the court has already granted my right to amend the proposed complaint in intervention. So what is this absolute frivolous letter to the court from the Sixuvus?

Third, surely if the Sixuvus believed my complaint in intervention would **not** survive a motion to dismiss, they would make such argument at the appropriate time (in opposition the motion to intervene) but certainly not in a **letter to the court** (in advance of their opposition to my motion to intervene) making moot argument over my right to amend which was granted long ago.

Finally, it seems obvious that the Sixuvus continue to engage in litigation by letters to the court, the likes of which I've never seen. It's outrageous, and the court really ought to put a stop to it.

Respectfully submitted,

Karen L. Willis

2