Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311

February 5, 2020

**VIA EMAIL**

The Hon. Judge Cathy Seibel
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150

**NOTICE OF OPPOSITION TO DISMISSAL OF CAN'T STOP V. SIXUVUS**

Dear Hon. Judge Seibel:

I am informed that certain parties intend to consummate the attached settlement agreement (Ex.1) and subsequently file with the court, a request for dismissal.

The Court is hereby on notice of my opposition to the dismissal of Can't Stop v. Sixuvus. However, I am not opposed to the Sixuvus dismissing their counter claim. Therefore, I'd like to bring to the attention of the court page 3, paragraph 3; page 6 paragraph 12; and page 7 paragraph 14 of the settlement.

Page 3 paragraph 3 demonstrates the imminent necessity for intervention. Even if the court had considered not allowing intervention prior to today, the Court now has before it, prima face evidence of the urgent need for intervention in that Can't Stop states in paragraph of the settlement that it has no interest in the term Kings of Disco as the Licensor.

The Court is on further NOTICE that I, as the Licensee, **do** have a specific interest in the Kings of Disco moniker in connection with the license because the moniker has been used to describe Village People for more than 40 years. As such, any sanctioned use of the term by the Licensor to a former-licensee is harmful to me as the existing licensee. The purpose of intervention is to prevent even settlement of a matter that might adversely affect the rights of one of the parties with same or similar interests. I therefore have a right to intervene to stop dismissal of the case.

Accordingly, the Court cannot dismiss the case pursuant to page 6 paragraph 12 of the agreement attached hereto because I, as the Intervenor, must be allowed to resolve the Kings of Disco issue which is currently before the court and/or has been newly introduced in the attached agreement, necessitating a **new** need for Intervention in order to prevent imminent harm.

With respect to page 7 paragraph 14, Can't Stop and the Sixuvus cannot unilaterally request return of the bond while I have an interest in that bond which is currently before the Court and must be fully adjudicated, even into the court of appeals if necessary.

Finally, it is important to note that I remain fully open to a settlement. However, it must be done in a manner that does not bring harm to me as a licensee. Moreover, I should be afforded an opportunity to review any settlement proposal prior to the other parties coming to terms.

Respectfully submitted,

Karen L. Willis