UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

                        Plaintiff,

            - against -

SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER
BRILEY, FELIPE ROSE, JAMES F. NEWMAN,
RAYMOND SIMPSON and WILLIAM WHITEFIELD,

                        Defendants.
-----------------------------------------------------------------------x

**ORDER**

No. 17-CV-6513 (CS)

Seibel, J.

On December 8, 2017, Karen Willis filed an order to show cause requesting, among other things, permission to intervene in the above-captioned case. On December 14, 2017, I entered a temporary restraining order providing that Willis was "temporarily allowed to intervene in this action as a preliminary plaintiff and a preliminary counterclaim defendant." (Doc. 52 at 2.) On February 16, 2018, Willis filed an Intervenor Complaint. (Doc. 117.) Thereafter, the parties engaged in motion practice in this and a related case, *Willis v. Sixuvus*, No. 19-CV-4354.

At a conference on July 18, 2019, I ordered Intervenor to file a proposed Amended Complaint, if any, by August 19, 2019, Defendants to respond stating their position by September 9, 2019, and Intervenor to reply by September 30, 2019. (Minute Entry dated July 18, 2019.) I further ordered that once I ruled on the proposed Amended Complaint, then opposition to the motion to intervene (or a letter stating no opposition) would be due 30 days after the date of the ruling, with Willis to reply (if opposition was filed) 20 days after the filing of opposition. (*Id.*) Willis filed a proposed Amended Complaint on August 21, 2019, (Doc. 243), and corrected it with my leave on August 26, 2019, (Doc. 246).

On June 24, 2019, Willis filed a motion for recovery on Defendant Sixuvus, Ltd.'s TRO

bond. (Doc. 238.)

For the reasons stated on the record at the conference held February 6, 2020, Willis's motion to amend the Intervenor Complaint is GRANTED IN PART and DENIED IN PART. If Willis's motion to intervene is granted, her claims under 15 U.S.C. § 1125 and New York unfair competition common law may proceed. Her claims under § 1114 and N.Y. Gen. Bus. Law § 349 are futile, so amendment is denied as to them. The bond recovery motion is DENIED without prejudice pending a final adjudication on the merits.

SO ORDERED.

DATED: February 7, 2020
      White Plains, New York

_____
UNITED STATES DISTRICT JUDGE