UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAN'T STOP PRODUCTIONS, INC.,

Plaintiff,

    -against-

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON, and
WILLIAM WHITEFIELD,
           Defendants,


KAREN L. WILLIS
        Intervenor,

    -against

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE, JAMES
F. NEWMAN, RAYMOND SIMPSON,
WILLIAM WHITEFIELD
           Defendants

-----------------------------------------------------------x

7:17-cv-06513-CS

MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO
INTERVENE

Karen L. Willis, J.D.
220 West G Street, Suite E.
San Diego, CA. 92101
(619) 206-5311
Provisional Intervenor

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………….. ii

PRELIMINARY STATEMENT......................................................................... 1

WILLIS IS ENTITLED TO INTERVENE UNDER RULE 24(a) …………….. 1

A. Willis' Motion is Timely …………………………………………………. 2

B. Willis Has An Interest in the Mark and Case At Issue ……………………. 3

C. Impairment or Impediment ………………………………………………... 8

D. Lack of Adequate Representation ………………………………………… 8

CONCLUSION ……………………………………………………………… 9

# TABLE OF AUTHORITIES

Page(s)

**Rules**

Fed. R. Civ. 19(b) .................................................................. 7
Fed. R. Civ. 24 ....................................................................... 2
Fed. R. Civ. P. 24(a)(2) ......................................................... 1

**Cases**

B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.,
440 F.3d 541, 546 (1st Cir.2006) ........................................ 8

Brennan v. New York City Bd. of Educ.,
260 F.3d 123, 128 (2d Cir.2001) ......................................... 2, 3

Cf. Natural Res. Def. Council v. New York State Dep't of Envtl. Conservation,
834 F.2d 60, 62 (2d Cir.1987) ............................................. 8

Delaware Trust,
534 B.R. at 509 .................................................................... 8

Donaldson v. United States,
400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) .... 3

Glancy v. Taubman Ctrs., Inc.,
373 F.3d 656, 675 (6th Cir.2004) ........................................ 8

Hartford Fire Ins. Co. v. Mitlof,
193 F.R.D. 154, 160 (S.D.N.Y.2000) ................................. 3

Ins. Co. of Hartford v. Schipporeit, Inc.,
69 F.3d 1377, 1380 (7th Cir.1995) ..................................... 3

Mastercard Int. v. Visa Int. Service Ass'n,
471 F.3d 377, 388 (2d Cir. 2006) ........................................ 7

New York News, Inc. v. Kheel,
972 F.2d 482, 485 (2d Cir.1992) ......................................... 2

*United States v. Hooker Chems. & Plastics Corp.,*
749 F.2d 968, 983 (2d Cir.1984) ............................................................... 2

*United States v. Int'l Bus. Machs. Corp.,*
62 F.R.D. 530, 541–42 (S.D.N.Y.1974) ................................................... 3

*United States v. State of New York,*
820 F.2d 554, 556 (2d Cir.1987) ............................................................... 3

*Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.,*
922 F.2d 92, 97 (2d Cir.1990) .............................................................. 3, 8

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

### PRELIMINARY STATEMENT

Karen L. Willis d/b/a Harlem West Entertainment ("Willis") respectfully submits this additional memorandum of law in support of intervention in the case of Can't Stop v. Sixuvus. Willis has been allowed to temporary intervene in the case since 2018.

Willis who holds an exclusive licensee for the federally registered VILLAGE PEOPLE trademark at issue in this action, respectfully seeks to assert counterclaims against defendants Sixuvus, Ltd., Felipe Rose, Alexander Briley, William Whitefield, James F. Newman, Raymond Simpson, and Eric Anzalone (collectively the "Sixuvus Defendants"): to Cancel the Kings of Disco Application or Mark filed with U.S. Trademark Office; Enforcement of Registrant's Proprietary Rights; for Passing-off and/or Use of Confusingly Similar Mark; Unfair Business Practice, Interference, and Injunction.

As set forth below, because the Village People mark is strong and entitled to broad protection. The Sixuvus defendants' use of the Kings of Disco is merely trading on the Village People mark through association that will result in the likelihood of consumer confusion; Willis must move to enforce Can't Stop Production, Inc., ("Registrant") proprietary rights in the Village People mark. And because of the activities the Sixuvus defendants are currently engaged, Willis seeks the following additional relief: Cancellation of the Kings of Disco Application or mark with the U.S.P.T.O; Interference, Unfair Competition; and injunction.

### WILLIS IS ENTITLED TO INTERVENE UNDER RULE 24(A)

Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"), governs intervention. Rule 24(a) addresses intervention as a matter of right, and provides, in pertinent part:

On timely motion, the court must permit anyone to intervene who ...

1

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) file a timely application, (2) show an interest relating to the property or transaction that is the subject matter of the action, (3) demonstrate that the ability to protect that interest may be impeded or impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir.1987); *accord New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir.1992); *accord Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128 (2d Cir.2001).

The inquiry under Rule 24(a)(2) is a flexible one, 6 DANIEL R. COQUILLETTE, ET AL., MOORE'S FEDERAL PRACTICE § 24.03[1][b], at 24–23 (3d ed. 2015) ("MOORE"), and the factors should "be read not discretely, but together." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir.1984). "A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention." *Id.*

Willis has satisfied all four elements.

**A. Willis' Motion is Timely**

"Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual

2

circumstances militating for or against a finding of timeliness." *United States v. State of New York*, 820 F.2d at 557. The most significant criterion is whether the delay in moving for intervention has prejudiced any of the existing parties. *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y.2000) (quoting *United States v. Int'l Bus. Machs. Corp.*, 62 F.R.D. 530, 541–42 (S.D.N.Y.1974)).

Here, the motion is timely and initially filed less than one week after the Sixuvus defendants sought a TRO back in 2017. Willis' goal is to simply protect her rights in the Village People mark as the exclusive licensee.

### B. Willis Has An Interest in the Mark At Issue

A proposed intervenor does not have to assert a property interest, but rather "an interest relating to the property or transaction which is the subject of the action." *Brennan v. New York City Bd. of Educ.*, 260 F.3d at 130 (quoting Rule 24(a)(2)). "The 'interest' required by Rule 24(a)(2) has never been defined with particular precision," *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir.1995), but at a minimum, it must be a "significantly protectable interest," *250 Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), that is direct and substantial. *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990).

Willis clearly has a "significantly protectable interest" in the property that is the subject matter of the action because she is the exclusive licensee of rights in the federally registered, incontestable VILLAGE PEOPLE mark that the Sixuvus defendants seek to cancel for naked licensing; seek to associate the Village People mark with the Kings of Disco for their exclusive benefit; seek to enjoin Willis' use of the mark and seeks to outright render Willis' exclusive

license null and void. For example, in Count 1 of the Sixuvus defendants Counter Claims against Registrant, defendants specifically allege that "[u]pon information and belief, in or around 2008, Victor Willis and others acting on his behalf, including his wife Karen Willis were trying to disrupt Sixuvus' business and live performances as Village People." [Doc. 32, p.15]. In fact, Count 1 of the Sixuvus Counter claim is replete with claims and allegations about Willis as follows:

*"26. Upon information and belief, Karen Willis is the wife and manager of Victor Willis.*

*27. Upon information and belief, Can't Stop is and at all times has been aware that Harlem West Entertainment is a fictitious name for Karen Willis or is a company owned or controlled by Karen Willis.*

*28. Upon information and belief, Can't Stop is and at all times has been aware that Karen Willis and Harlem West Entertainment is an agent, representative and/or assign of Victor Willis.*

*29. Upon information and belief, Can't Stop is and at all times been aware that Karen Willis and Harlem West Entertainment is acting in concert and participation with Victor Willis.*

*30. Upon information and belief, despite such knowledge Can't Stop has purported to grant Karen Willis and/or Harlem West Entertainment an exclusive license to utilize the Can't Stop Registrations in connection with live performances.*

*31. Upon information and belief, in the belief that Victor Willis or his agents, representatives, assigns or any other person acting in concert or participation with him, engaged committed, or performed, directly or indirectly any act that would disrupt the live performances or public appearance of Sixuvus as Village People, such act would constitute a breach of the settlement agreement.*

*32. Upon information and belief by granting Karen Willis, Harlem West Entertainment, who are*

agents, representatives, assigns and/or are acting in concert or participation with Victor Willis, the exclusive right to use Village People in connection with live performances, Plaintiff has induced the direct and indirect disruption of the live performance and public appearance of Sixuvus as Village People.

33. Upon Information and belief, by granting the exclusive license as set forth above, Plaintiff has intentionally procured a breach of the Settlement Agreement.

34. Upon information and belief, Plaintiff had no justification for inducing a breach of the Settlement Agreement. 35. Upon information and belief, since being granted the exclusive license by Plaintiff, Victor Willis, together with those acting on his behalf, have disrupted the live performance and public appearance of Sixuvus as Village People. 37. Upon information and belief, Plaintiff of an exclusive license to Karen Willis and/or Harlem is the reason that Sixuvus has been informed that it cannot use Village People in connection with live performances.

38. Upon information and belief, Karen Willis and/or Harlem West have disrupted the live performance and public appearance of Sixuvux as Village People by telling venues, promoters and booking agents that Sixuvus' does not have the right to perform as Village People. 39. Upon information and belief, Karen Willis and/or Harlem have disrupted the live performance and public appearance of Sixuvus to perform as Village People.

40. Upon information and belief, these breaches of the Settlement Agreement are material.

41. Upon information and belief, but for Can't Stop providing the purported exclusive license to Karen Willis and/or Harlem, Victor Willis and those acting in concert with him would not have breached the Settlement Agreement.

42. Upon information and belief, as direct and proximate result of Can't Stop inducing the afore described breach of the Settlement agreement, Sixuvus has had performances cancelled, it is

*unable to book future performance, and is suffering irreparable damage to its relationships in the industry and reputation.*

*43. As a direct and proximate result of the foregoing conduct, Sixuvus has been damages in an amount yet to be determined but no less than one hundred thousand dollars ($100,000), plus interest costs and attorneys fees."* [ Doc. 32, p.17-19].

See also Sixuvus defendants' allegations and claims in Count 2 of the counter claim wherein they allege the following:

*"64. Upon information and belief, Can't Stop failed to exercise quality control in connection with its new alleged licensee Harlem West Entertainment and/or Karen Willis... Can't Stop is estopped from challenging Sixuvus' use of "Village People" in connection with performance services."* [Doc. 32, p. 21-22].

These allegations and claims by the Sixuvus defendants seek to render Willis' exclusive license for live performances null and void and/or take away Willis' exclusive right to Village People live performances. Therefore, complete relief respect to Count 1 and Count 2 of the Sixuvus counter claim cannot be had absent Willis presence as they seek relief not only from Can't Stop, but from Willis as well. Id

Complete relief cannot be had with respect to Can't Stop's complaint absent Willis either because it alleges amongst other relevant things that "Can't Stop... granted an exclusive license to use the Village People Trademarks to Harlem West Entertainment and so notified the Sixuvus." [Doc. 1, p.6]. Further, Can't Stop's First Claim for Relief alleges "[d]efendants have rejected Can't Stop's requests to take down the Sixuvus/Village People Facebook page so that Can't Stop and its licensee can put up a new Village People page." [Doc. 1, p. 6].

Here complete relief cannot be had on Can't Stop's First Claim for Relief absent Willis

6

because Willis alleges in her Intervenor Complaint that Can't Stop has abandoned all efforts to take control of the Village People social media sites from the Sixuvus defendants making it necessary for Willis to intervene in efforts to protect her rights in the Village People social media sites. In the proposed Intervenor Complaint, Willis alleges that Can't Stop breached its duty and agreement to protect the Village People mark by allowing the Sixuvus to trade on the mark with use of the Kings of Disco in contravention to Willis' exclusive rights as the licensee.

Essentially Willis' Intervernor complaint alleges that Can't Stop has failed to prosecute its claim against the Sixuvus defendants for trademark infringement necessitating intervention by Willis. Therefore, complete relief cannot be had with respect to Can't Stop's First Relief for Infringement absent Willis. (See Ex. 1, Proposed Amended Complaint in Intervention, p.6)

Yet the Sixuvus defendants would like the court to deny Willis the right to intervene to defend against their numerous clams against her set forth in the counter-claim clearly making Willis an indispensable party. The Sixuvus defendants would also like the court to not allow Willis to enforce Can't Stop's rights in the trademark infringement claim against them.

Complete relief with respect to Count 1 and Count 2 of the Sixuvus counter claim cannot be had absent Willis presence, and complete relief is not had absent Willis presence in Registrant's action against the Sixuvus defendants. *See* Fed.R.Civ.P. 19(a)(2) (defining necessary party as one with an interest related to the action who "is so situated that the disposition of the action *in the person's absence* may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" (emphasis added)). *Mastercard Int. v. Visa Int. Service Ass'n*, 471 F.3d 377, 388 (2d Cir. 2006).

7

### C. Impairment or Impediment

The facts here demonstrate that Registrant is likely to allow the Sixuvus defendants to trade on the Village People mark with use of the Kings of Disco in manner that will create a likelihood of consumer confusion, thus impairing Willis' exclusive rights.

### D. Lack of Adequate Representation

Finally, Willis interest was not, and will not be, adequately represented by the Can't Stop, nor is it identical to the interests of Can't Stop. The burden of showing such an inadequacy is minimal, *Washington Elec. Coop.*, 922 F.2d at 98. Because Can't Stop has not "demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions," the interests of Willis are not adequately represented. *Cf. Natural Res. Def. Council v. New York State Dep't of Envtl. Conservation*, 834 F.2d 60, 62 (2d Cir.1987); *see Delaware Trust*, 534 B.R. at 509 ("As to the final requirement, adequacy, a proposed intervenor's interests cannot be 'identical' to those of other parties, and cannot be adequately represented by another party.").

Courts outside the Second Circuit have also considered whether an intervenor's interests "are sufficiently different in kind or degree from those of the named party," *B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir.2006), and when absentee parties will be affected or may be bound, "Courts have held that asymmetry in the intensity of the interest can prevent a named party from representing the interests of the absentee." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 675 (6th Cir.2004) (construing Rule 19(b)). (Quoted with approval by SDNY., 550 B.R. 241 (S.D.N.Y. Bkr. 2016)).

Willis' interest in protecting the Village People mark from infringement is far different from Can't Stop in the Willis as the exclusive licensee is in the marketplace for live

8

performances. Can't Stop in not. Therefore Willis knows firsthand the damage that could occur if the Sixuvus defendants are allowed continued use of the Kings of Disco in association with the Village People mark including dilution of the market, loss of bookings, and outright undercutting of bookings. Willis' interest and Can't Stop's are not the same. Moreover, the court need only refer to the numerous failed settlement attempts for evidence of divergent interests between Willis as the exclusive licensee, and Can't Stop as the licensor. Can't Stop's commercial interest in stopping the Sixuvus infringement when it has not so much as to have sought an injunction, temporary or otherwise, is far more attenuated than that of Willis, and is very telling.

## **CONCLUSION**

For all the foregoing reasons, Willis respectfully requests that the Court grant the motion to intervene as a matter of right, and such other relief the court deems proper.

Respectfully submitted,

**Dated:** March 27, 2020

KAREN L. WILLIS

_____
PROPOSED INTERVENOR

9