UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                                   Plaintiffs,

-against-

SIXUVUS, LTD., ERIC ANZALONE, ALEXANDER
BRILEY, FELIPE ROSE, JAMES F. NEWMAN,
RAYMOND SIMPSON, and WILLIAM WHITEFIELD,

                                 Defendants.
X------------------------------------------------------------------X

Case No.: 7:17-cv-06513-CS

**MEMORANDUM OF LAW IN OPPOSITION TO PROPOSED INTERVENOR'S
MOTION TO INTERVENE AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION
TO DISMISS THE PROPOSED AMENDED INTERVENOR COMPLAINT**

**ADELMAN MATZ P.C.**
*Attorneys for Defendants*
**1173A Second Avenue, Suite 153
New York, New York 10065
Telephone: (646) 650-2207**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 1

OPPOSITION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE ......................... 5

I.    PROPOSED INTERVENOR'S MOTION FOR LEAVE TO INTERVENE AS OF
RIGHT MUST BE DENIED ......................................................................................... 5

    A.    Proposed Intervenor Has Failed to Demonstrate a Protectable Interest in the
    Subject Matter of this Action ................................................................................ 5

    B.    The Disposition of this Action Will Not Impair Proposed Intervenor's Ability to
    Protect her Alleged Interests ................................................................................ 9

    C.    Plaintiff Can Adequately Represent Its Interests in the Marks that are the
    Subject Matter of this Action ................................................................................ 12

    D.    Proposed Intervenor is Not a Necessary Party to this Action................................... 14

II.    INTERVENTION ON A PERMISSIVE BASIS SHOULD ALSO BE DENIED ........ 15

ARGUMENT IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS .............. 17

III.    THE FIFTH PROPOSED COMPLAINT MUST BE DISREGARDED ...................... 17

IV.    PROPOSED INTERVENOR'S CLAIMS IN HER FOURTH AND FIFTH PROPOSED
COMPLAINTS MUST BE DISMISSED.................................................................... 18

    A.    Proposed Intervenor's Claims for Trademark Infringement under 15 U.S.C.
    § 1114 Must Be Dismissed with Prejudice as This Court has Already Ruled that
    they are Futile ....................................................................................................... 18

    B.    The Fifth Proposed Complaint Does Not Sufficiently Allege
    Facts to State A Claim for Interference with Contractual Relations ................................. 19

    C.    Proposed Intervenor's Claims for Passing-Off Under 15 U.S.C. § 1125(a)
    and Unfair Competition Under Common Law Must Be Dismissed ................................. 20

i.  Proposed Intervenor is Subject to The Releases in the Settlement Agreement Which Bar the Trademark Claims ................................................................................. 21

ii. Proposed Intervenor as a Licensee Cannot Assert Rights in the KOD Mark............ 23

CONCLUSION .................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*,
  796 F. Supp. 2d 458 (S.D.N.Y. 2011) ................................................................... 24

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 18

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 18

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001) .................................................................................... 14

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ...................................................................................... 8

*City-Core Hosp., LLC v. Palmer*,
  2018 WL 398257 (N.D. Cal. Jan. 12, 2018) ................................................. 8, 11, 21

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ...................................................................................... 8

*G & F Licensing Corp. v. Field & Stream Licenses Co., LLC*,
  2010 WL 2900203 (S.D.N.Y. July 16, 2010) .......................................................... 21

*G-I Holdings, Inc. v. Baron & Budd*,
  179 F. Supp. 2d 233 (S.D.N.Y. 2001) ..................................................................... 19

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
  184 F.R.D. 506 (S.D.N.Y. 1999) ............................................................................. 16

*Intl. Design Concepts, LLC v Saks Inc.*,
  486 F. Supp 2d 229 (S.D.N.Y. 2007) ................................................................. 14, 16

*Ionian Shipping Co. v. British Law Ins. Co.*,
  426 F.2d 186 (2d Cir. 1970) .................................................................................... 11

*Kosakow v. New Rochelle Radiology Assocs.*, P.C.,
  274 F.3d 706 (2d Cir. 2001) .................................................................................... 25

*Marvel Entm't Grp., Inc. v. Hawaiian Triathlon Corp.*,
132 F.R.D. 143 (S.D.N.Y. 1990) ........................................................................... 11, 12, 13, 17

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
471 F.3d 377 (2d Cir. 2006) ........................................................................................ 9, 10, 15

*Matusovsky v. Merrill Lynch*,
186 F. Supp. 2d 397 (S.D.N.Y. 2002) ................................................................................... 8

*McDonald v. Head Criminal Court Supervisor Officer*,
850 F.2d 121 (2d Cir. 1988) ............................................................................................... 19

*New York News, Inc. v. Kheel*,
972 F.2d 482 (2d Cir. 1992) ......................................................................................... 5, 7, 8, 23

*New York v. Abraham*,
204 F.R.D. 62 (S.D.N.Y. 2001) .......................................................................................... 16

*Radio Sys. Corp. v. Lalor*,
709 F.3d 1124 (Fed. Cir. 2013) .......................................................................................... 25

*Rapoport v. Asia Electronics Holding Co.*,
88 F. Supp. 2d 179 (S.D.N.Y. 2000) ........................................................................... 8, 19, 20

*Ricciuti v. New York City Transit Authority*,
941 F.2d 119 (2d Cir. 1991) ............................................................................................... 18

*Ruskay v. Waddell*,
552 F.2d 392 (2d Cir. 1977) ........................................................................................... 22, 23

*Siemens Medical Systems, Inc.*,
797 F.2d 85 (2d Cir. 1986) ................................................................................................ 16

*Sierra Club v. U.S. Army Corps of Engineers*,
709 F.2d 175 (2d Cir. 1983) ................................................................................................ 8

*Skylon Corp. v. Guilford Mills, Inc.*,
864 F. Supp. 353 (S.D.N.Y. 1994) ..................................................................................... 22

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
283 F.R.D. 142 (S.D.N.Y. 2012) .................................................................................... 17, 18

*Stanley v. Guardian Sec. Servs., Inc.*,
800 F. Supp. 2d 550 (S.D.N.Y. 2011) ................................................................................ 18

*Stovall v. First Unum Life Ins. Co.*,
  20 F. App'x 47 (2d Cir. 2001) ......................................................................... 25

*Tetra Techs., Inc. v. Harter*,
  823 F. Supp. 1116 (S.D.N.Y. 1993) ................................................................. 14

*Tromp v. City of New York*,
  465 F. App'x 50 (2d Cir. 2012) ....................................................................... 22

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*,
  155 F. Supp. 2d 1 (S.D.N.Y. 2001) ................................................................. 24

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*,
  800 F. Supp. 2d 515 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013) .......... 24

*U.S. Postal Service v. Brennan*,
  579 F.2d 188 (2d Cir. 1978) ........................................................................... 13

*United States v. City of New York*,
  198 F.3d 360 (2d Cir. 1999) ....................................................................... 5, 16

*Virgin Enterprises Ltd. v. Nawab*,
  335 F.3d 141 (2d Cir. 2003) ........................................................................... 24

*Washington Elec. Coop. Inc. v. Massachusetts Mun. Elec. Co.*,
  922 F.2d 92 (2d Cir.1990) ........................................................................Passim

**Statutes**

15 U.S.C. § 1114 ........................................................................................Passim

15 U.S.C. § 1125 ........................................................................................Passim

15 U.S.C. § 1127 ............................................................................................. 21

28 U.S.C. § 2201 ............................................................................................... 3

N.Y. Gen. Bus. Law § 349 ........................................................................... 2, 3, 4

**Rules**

Fed. R. Civ. P. 15(a)(1) ................................................................................... 17

Fed. R. Civ. P. 15(a)(2) ................................................................................... 18

Fed. R. Civ. P. 24(a)(2) ................................................................................ 5, 7

Fed. R. Civ. P. 24(b) .................................................................................................... 16

Fed. R. Civ. P. 57 ........................................................................................................ 3

Defendants respectfully submit this memorandum of law in opposition to Karen L. Willis' ("Proposed Intervenor") motion to intervene and in support of their cross-motion to dismiss the proposed amended intervenor complaint.

## PRELIMINARY STATEMENT

Proposed Intervenor should not be allowed to intervene in this action. First, Proposed Intervenor has failed to show that she should be allowed to intervene as of right, nor do her arguments support being allowed to intervene on a permissive basis. Proposed Intervenor's actions and arguments make clear that she is only seeking to intervene to prolong this litigation by pursuing collateral issues, which is not proper. In addition, Proposed Intervenor's allegations in her Fourth and Fifth Proposed Complaint, the latter of which was filed without permission, fail to state a claim, and in any event, are barred as a matter of law as a result of the Settlement Agreement between Plaintiff and Defendants.

## STATEMENT OF FACTS

On August 25, 2017, Can't Stop Productions, Inc.'s ("Plaintiff") commenced this action by filing its Complaint against Defendants. *See* Dckt. No. 1. The Complaint asserted two claims, namely trademark Infringement and declaratory relief against Defendants solely in connection with alleged unauthorized usage of Plaintiff's federally registered VP Marks.[1] *See id*. Thereafter, on November 30, 2017, Defendants filed their answer with affirmative defenses and counterclaims for, *inter alia*, naked licensing of the VP Marks, a declaration that they were the senior user with senior rights in the VP Marks, and that Plaintiff had improperly terminated Defendants license.

---

[1] The only trademarks that were the subject matter of the Complaint were the federal registrations for the word mark VILLAGE PEOPLE in International Classes 009 and 041 under Reg. Nos. 1101013 and 2184290, and the design mark for the characters registered in International Class 041 under Reg. No. 2330857 (collectively referred to as the "VP Marks"). *See* Dckt. No. 1, ¶18.

*See* Dckt. No. 32.

On December 8, 2017, Proposed Intervenor filed a motion to intervene in this action and to vacate or modify the 12/1 TRO (the "12/8/17 Motion to Intervene"). *See* Dckt. No. 110. Proposed Intervenor's First Proposed Complaint submitted therewith [Dckt. No. 110-2], alleged claims of passing-off under 15 U.S.C. § 1125(a), trademark infringement under 15 U.S.C. § 1114, unfair competition under New York common law, and deceptive acts and practices under N.Y. Gen. Bus. Law § 349 against Defendants—all only relating to Defendants alleged use of the VP Marks. *Id*. On December 14, 2017, the Court temporarily allowed Intervenor to intervene in this action. *See* 12/14 TRO, Dckt. No. 52. Thereafter, on March 6, 2018, without leave, Proposed Intervenor filed a new complaint adding claims of passing-off, trademark infringement, unfair competition, deceptive acts and practices and civil conspiracy regarding alleged use of the VP Marks and use of the KINGS OF DISCO mark (the "KOD Mark") (the "Second Proposed Complaint"). *See* Dckt. No. 117.[2]

Following the Court's restoration of this action on March 28, 2019 [Dckt. No. 200], Proposed Intervenor, again without leave, attempted to file an amended Intervenor Complaint to add another cause of action for declaratory relief and sought to implead additional parties into this action (the "Third Proposed Complaint"). *See* Dckt. No. 203. The Third Proposed Complaint was initially rejected as a deficient pleading made without leave of the Court, and thereafter the Court denied Proposed Intervenor's request for leave to amend. *See* Dckt. Nos. 210, 210-1, 211.

On July 2, 2019, Proposed Intervenor sent a letter to the Court requesting leave to amend

---

[2] On March 26, 2018, the Court extended Defendants' deadline to file a response to either the First or Second Proposed Complaint until fourteen (14) days after it had rendered a decision on the 12/8/17 Motion to Intervene. *See* Dckt. No. 137. Thereafter, the briefing of the 12/8/17 Motion to Intervene was stayed following a settlement and the March 28, 2018 Order of the Court discontinuing this action, and as such the response deadline was also stayed. *See* Dckt. No. 140.

her complaint again, in part on the basis that, the proposed amendment would "reflect only those causes of action and defendants reflected in Can't Stop's complaint." *See* Dckt. No. 223.[3]  On August 26, 2019, Proposed Intervenor filed a proposed amended complaint (the "Fourth Proposed Complaint" or "4PC").  Contrary to Proposed Intervenor's representations, the Fourth Proposed Complaint did not solely reflect those causes of action in Plaintiff's Complaint.[4]  *See* Matz. Decl., Exhibit 2. The Fourth Proposed Complaint asserted counts of passing-off under 15 U.S.C. § 1125(a), trademark infringement under 15 U.S.C. § 1114, unfair competition under New York common law, and deceptive acts and practices under N.Y. Gen. Bus. Law § 349 against Defendants, based on Defendants alleged use of the VP Marks and the KOD Mark, the latter of which was not a part of Plaintiff's Complaint. *See id*.[5]

On February 5, 2020, Plaintiff and Defendants entered into a settlement agreement (the "Settlement Agreement").  *See* Matz Decl., Exhibit 3.  Pursuant to the non-confidential terms of the Settlement Agreement[6],  the Defendants acknowledged that Plaintiff was "the lawful owner of all right, title and interest in the Village People Marks" and agreed that they would "never contest

---

[3] Pursuant to the schedule set at the July 18, 2019 status conference, the proposed amendment was to be filed by August 19, 2019, Defendants' were to submit a letter stating their position by September 9, 2019, and Proposed Intervenor could reply by September 30, 2019.  *See* Dckt. at 7/18/19.

[4] As set forth above, Plaintiff's Complaint only included claims for: (i) trademark infringement under 15 U.S.C. § 1125(a), and (ii) declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, based on Defendants' alleged use of the VP Marks. *See* Dckt. No. 1.

[5] On September 9, 2019, Defendants filed their letter opposing Proposed Intervenor's request for leave to amend (the "9/9/19 Letter").  *See* Dckt. No. 249.  Thereafter, on September 10, 2019, Proposed Intervenor submitted her reply. *See* Dckt. No. 250.

[6] This instant motion refers solely to the non-confidential terms of the Settlement Agreement.  As such, the confidential terms of the Settlement Agreement have been fully redacted from the exhibit referenced herein.  *See* Matz Decl., Exhibit 3.

Can't Stop's ownership rights in the Village People Trademarks."[7] *See* Matz Decl., Exhibit 3, Paragraph 2. Plaintiff also acknowledged that "it does not now have, nor has it ever had any claim to rights in or to the mark, Kings of Disco". *See id.* at Paragraph 3.  Plaintiff and Defendants also "release[d] and discharge[d] the other Parties … from all actions, causes of action, suits …known or unknown, which they …may have against the other(s), ever had, now have or hereafter have or hereafter can, shall or may have for, upon, or by reason of any matters cause or thing whatsoever from the beginning of the world to the date of this Agreement."  *See id.* at Paragraph 8.  Lastly, Plaintiff and Defendants agreed to "request the Court to discontinue the Action (i.e., both claims and counterclaims) with prejudice", which they ultimately did by filing the proposed order on February 5, 2020. *See id* at Paragraph 12*; see also* Dckt. No. 262-1.

At the previously planned February 6, 2020 status conference, this Court ruled on Proposed Intervenor's request for leave to amend.[8]  *See* Dckt. at 2/6/2020; *see also* Matz Decl., Exhibits 4 and 5.  The Court denied Proposed Intervenor's request to include claims under § 1114 and N.Y. Gen. Bus. Law § 349, finding them to be futile. *See id.*  The Court further held that Proposed Intervenor's claims under 15 U.S.C. § 1125 and New York unfair competition common law regarding the VP Marks and KOD mark could proceed, if Proposed Intervenor's motion to intervene was granted. *See id.*  Counsel for both Defendants and Plaintiff argued that the Settlement Agreement, impacted whether Proposed Intervenor was permitted to proceed with her remaining claims. *See* Matz Decl., Exhibit 4. As such, this Court allowed Defendants to file a cross-motion

---

[7] The definition used for 'Village People Trademarks' in the Settlement Agreement refers to the same marks used to define the VP Marks in Plaintiff's Complaint. *See* Matz Decl., Exhibit 3; *see also* Dckt. No. 1, ¶18.

[8] As the recently consummated Settlement Agreement was not part of the record for Proposed Intervenor's request for leave to amend, the Court's ruling was made without considering its impact on the proposed pleading.

to dismiss to address the impact that the Settlement Agreement would have on Proposed Intervenor's remaining claims. *See* Dckt. at 2/6/2020; *see also* Matz Decl., Exhibit 4, pp. 42.

On March 28, 2020, Proposed Intervenor filed her motion to intervene (the "3/28/20 Motion to Intervene"). *See* Dckt. No. 265. In connection therewith, once again without leave to amend, Proposed Intervenor filed another proposed amended Intervenor Complaint, (the "Fifth Proposed Complaint" or "5PC"). *See* Dckt. No. 265-1. In addition to asserting the clams of trademark infringement under 15 U.S.C. § 1125(a) and unfair competition, Proposed Intervenor also re-asserted her claim for trademark infringement under 15 U.S.C. § 1114, which the Court already ruled would be futile and could not proceed, and asserted an additional claim against Defendants for tortious interference with contractual relations. *See id*.

### OPPOSITION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE

### I.    PROPOSED INTERVENOR'S MOTION FOR LEAVE TO INTERVENE AS OF RIGHT MUST BE DENIED

As set forth in Fed. R. Civ. P. 24(a)(2), a party seeking to intervene as of right in an action must: "(1) timely file an application. (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999) (internal quotations omitted). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application" to intervene. *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992) (internal quotations omitted).

Proposed Intervenor has failed to satisfy all of these elements or that she is a necessary party under Rule 19(a), and as such the motion to intervene should be denied.

### A.  Proposed Intervenor Has Failed to Demonstrate a Protectable Interest in the Subject Matter of this Action

Under Rule 24(a)(2), Proposed Intervenor must have a "direct, substantial, and legally

protectable" interest in the subject matter of the action. *Washington Elec. Coop. Inc. v. Massachusetts Mun. Elec. Co.*, 922 F.2d 92, 96 (2d Cir.1990).

This action was commenced by Plaintiff, as the sole owner of the rights in and to the mark VP Marks for trademark infringement and an injunction to stop Defendants from using those marks after Plaintiff terminated their license. *See* Dckt. No. 1. Defendants had previously filed counterclaims for, *inter alia*, naked licensing of the VILLAGE PEOPLE trademarks and breach of contract for improper termination of their license agreement. *See* Dckt. No. 32. However, the claims of Plaintiff and Defendants only related to whether the Defendants could perform under or had continuing rights in the VP Marks— nothing else.[9]

Proposed Intervenor does not contend that she is an owner of any rights in the VP Marks, nor does she dispute Plaintiff's ownership of the same. *See* Dckt. No. 265. Proposed Intervenor has alleged that she is merely a licensee of the VP Marks [4PC; 5PC], which is not by itself a legally protectable interest in the action.[10]

Proposed Intervenor is seeking to intervene in this action to pursue claims to try to stop Defendants from using the KOD Mark. In that regard, Proposed Intervenor does not have any protectable interest (legally, substantially or otherwise), nor is any such alleged interest related to the subject matter of this action. Proposed Intervenor is only an exclusive licensee of the VP

---

[9] As set forth below, on February 5, 2020, Plaintiff and Defendants released one another of these claims, and Defendants also acknowledged Plaintiff's ownership rights in the VP Marks and agreed not to contest Plaintiff's rights in same. *See* Matz Decl., Exhibit 3.

[10] Despite the fact that Proposed Intervenor has the burden of proof as movant to show that has a protectable interest in the subject matter of the action, Proposed Intervenor failed to attach the License Agreement to her motion, which is the entire basis for her argument. Even if she had, however, and even if the Court agreed found that it created a protectable interest in ensuring that the VP Marks were not cancelled or that her alleged 'exclusive right' was not diluted, Proposed Intervenor does not satisfy the other elements of the test, as there is adequate representation, and Proposed Intervenor's ability to protect her interest in the License Agreement, i.e. through a subsequent breach of contract claim against Plaintiff, would not be impaired.

Marks and has alleged that the KOD Mark acquired some type of secondary meaning referring to the VP Marks. *See* 4PC, ¶20; *see also* 5PC, ¶22. Even if that were true, which it is not, Plaintiff would be the owner of those rights, *not Proposed Intervenor*, and as Proposed Intervenor *does not* have a license in the alleged KOD Mark, she cannot even arguably have a legally protectable interest to use as a basis to intervene. Plaintiff has clearly stated that it does not own any right title or protectable interest in the KOD Mark. *See* Matz Decl., Exhibit 6, pp. 18 (Can't Stop has "no interest in Kings of Disco. It's not our trademark."); *see also* Matz Decl., Exhibit 3, pp. 3, Paragraph 3 ("Can't Stop acknowledges that it does not have, nor has it ever had any claim to rights in or to the mark, Kings of Disco"). It is further undisputed that the KOD Mark was not licensed to Proposed Intervenor. *See New York News Inc.*, 972 F.2d at 486 ("In order to intervene as of right, a movant must possess 'an interest relating to the property or transaction which is the subject of the action.'") (*quoting* Fed. R. Civ. P. 24(a)(2)). The License Agreement very clearly only gives Proposed Intervenor rights in and to the "Trademarks" as defined therein as "'Village People' and the characters" to be used for certain purposes. *See* Matz Decl., Exhibit 1, pp. 1, Paragraph 2.1. Nowhere in the License Agreement did Plaintiff grant Proposed Intervenor a license or any other type of right or interest in the KOD Mark. *See* Matz Decl., Exhibit 1.

Proposed Intervenor is essentially trying to make up rights in a mark that Plaintiff would own, and despite the documents that she refers to confirming that Plaintiff does not own such a mark, argue that she has a right to enforce that mark on behalf of Plaintiff through a license agreement that does not give her a license to the mark. While the Court may be required to presume well pleaded factual allegations as true, it is not required to suspend all disbelief and allow Proposed Intervenor to intervene in this action to pursue claims that are flatly contradicted by the

very documents Proposed Intervenors' pleadings rely upon.[11]  Proposed Intervenor has failed to provide any authority that would allow her to claim a protectable interest in a mark, which would have to have belonged to Plaintiff,  that was never licensed to her.  Such a contention flies in the face of the most basic legal principles of licensing, which are that licensee's rights are only derived from what is licensed to them.  *See City-Core Hosp., LLC v. Palmer*, No. 17-CV-05544-CRB, 2018 WL 398257, at *3 (N.D. Cal. Jan. 12, 2018) ("Parties that have a valid license to use a mark and that use the mark in accordance with the license are merely exercising rights that have been granted by the licensor").  As such, Proposed Intervenor cannot be said to have a "direct, substantial, and legally protectable" interest in the KOD Mark.

In addition, the KOD Mark was never the subject matter of this action.  It is well settled that, "[i]ntervention ... 'cannot be used as a means to inject collateral issues into an existing action.'" *New York News Inc.*, 972 F.2d at 486 (*quoting Washington Elec. Co-op., Inc.*, 922 F.2d at 97); *see also Sierra Club v. U.S. Army Corps of Engineers*, 709 F.2d 175, 176 (2d Cir. 1983) (affirming the denial of intervention because "even if LMS's professional reputation were an interest cognizable under Rule 24, it is not an interest 'relating ... to the subject of the action' or the upcoming contempt proceeding").  Furthermore, intervention "is not intended to allow for the

---

[11] Like a motion to dismiss, when construing the pleadings, "... a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*,622 F.3d 104, 111 (2d Cir. 2010) (*citing Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). However, "[i]f a plaintiff's allegations are contradicted by such a document, those allegations are insufficient . . ." *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 399-400 (S.D.N.Y. 2002). *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (we assume facts alleged to be true "unless contradicted by more specific allegations or documentary evidence—from the Complaint and from the exhibits attached thereto"); *Rapoport v. Asia Electronics Holding Co.,* 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (where documents relied on in drafting the complaint contradict the complaint, "the documents control and this Court need not accept as true the allegations of the amended complaint").

creation of whole new suits by intervenors." *Washington Elec. Co-op., Inc.*, 922 F.2d at 97 (2d Cir. 1990).

This action has never had anything to do with the KOD Mark[12] or whether Plaintiff had breached its agreement with Proposed Intervenor. Such claims are wholly unrelated to the subject matter of the claims of Plaintiff and Defendants. *See* Dckt. Nos. 1, 32. Proposed Intervenor has repeatedly tried, and is trying now, to use this action to pursue collateral issues namely, Defendants' use of the KOD Mark and to litigate whether there has been a breach of her License Agreement. As Plaintiff and Defendants' claims are limited to issues related Defendants use of the VP Marks, Proposed Intervenor should not be allowed to intervene to pursue collateral issues.[13]

### B. The Disposition of this Action Will Not Impair Proposed Intervenor's Ability to Protect her Alleged Interests

Proposed Intervenor has also failed to demonstrate how "without intervention the disposition of the action may, as a practical matter, impair or impede her ability to protect [her] interest." *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006).

Proposed Intervenor has not cited to any facts or case law in support of the factor that she must show that the disposition of this action will impair her ability to protect her interest, nor can she, as Proposed Intervenor's ability to protect her interests were never at risk to be impaired by the disposition of this action. Even prior to the release of Defendants' counterclaims asserting an interest in VP Mark and/or the continued right to use same, the disposition of those claims never risked impairing Proposed Intervenor's ability to protect her interest derived from the License

---

[12] Nor could it here, as Plaintiff does not own the KOD Mark and, as such, Proposed Intervenor could not have possibly derived the rights to the KOD Mark from Plaintiff, Defendants' use of the KOD Mark is wholly unrelated to the subject matter of the action.
[13] In the alternative event that intervention is permitted, Proposed Intervenor should not be allowed to pursue any collateral claims.

Agreement.  Proposed Intervenor always had the ability to protect her interests by seeking redress from Plaintiff through a breach of contract claim.

The Second Circuit has rejected arguments similar to that of Proposed Intervenor here, namely that the disposition of an action that could affect the contractual entitlement to exclusive rights given to a nonparty would impair that non-party's right to protect its interest.  For example, in *MasterCard Int'l. Inc. v. Visa Int'l Service. Ass'n Inc.,* FIFA had entered into an exclusive sponsorship agreement with MasterCard, which granted MasterCard a first right to acquire sponsorship rights after its existing sponsorship contract expired. However, FIFA subsequently entered into a new contract with Visa regarding the sponsorship rights, and MasterCard commenced a breach of contract action against FIFA.  *See MasterCard Int'l. Inc.*, 471 F.3d at 380. Similar to Proposed Intervenor here, Visa, fearing that the disposition of the action could affect its exclusivity rights, sought to intervene in the breach of contract action claiming that it was a "necessary and indispensable party to the litigation because of its contractual entitlement to the FIFA sponsorship rights". *Id.* at 381.  Visa's motion to intervene was denied and in affirming the denial of intervention, the Second Circuit specifically held that "Visa's presence was unnecessary to decide the dispute between MasterCard and FIFA" and that even if MasterCard prevailed in its lawsuit, "Visa's right to sue FIFA for breach of the warranty provision in the Visa Contract would not be prejudiced." *Id*.  Here, even if Plaintiff and Defendants claims had not been released, Proposed Intervenor is unnecessary to decide them, and even if Defendants had prevailed, Proposed Intervenor's right to sue Plaintiff for breach of the License Agreement could be asserted in a subsequent litigation.

However, Proposed Intervenor does even not have that argument now as Defendants' counterclaims have been released and are moot.  Pursuant to the Settlement Agreement, the

Defendants have acknowledged Plaintiff's rights in the VP Marks, agreed not to contest those rights, released their counterclaims, and requested that the Court dismiss them with prejudice. *See* Matz Decl., Exhibit 3.

Similarly, if Proposed Intervenor believes she has some right in the KOD Mark under the License Agreement that Plaintiff is affecting by entering into the Settlement Agreement, Proposed Intervenor can pursue that through a subsequent claim against Plaintiff.[14]   Nothing in this action will impair that right.  *See e.g.  Marvel Entm't Grp., Inc. v. Hawaiian Triathlon Corp.*, 132 F.R.D. 143, 145 (S.D.N.Y. 1990) (denying intervention and holding that Timex's rights as a trademark licensee were not impaired where the "resolution of those claims will not have any direct effect upon Timex' rights").  This is not about whether Proposed Intervenor *could* have an interest affected—it is about whether her ability to protect that interest is affected, and the bottom line is that Proposed Intervenor's rights to protect whatever interest she believes was granted to her in the License Agreement, cannot not be impaired by the dismissal of this action.  Any claims Proposed Intervenor had, has or may have regarding whether Plaintiff has performed its obligations to her under the License Agreement or not, which is the means by which Proposed Intervenor can protect her interests, can be pursued separately without being impaired by the disposition of this action.  *See Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 190 (2d Cir. 1970) ("If Allied is not a party to the suit, then the question of its superior rights cannot arise,

---

[14] Even if Plaintiff had given Defendants the right to use the KOD Mark or even the VP Marks for that matter, regardless of when that permission was given, that does not impair Proposed Intervenor from protecting her rights.  Proposed Intervenor's remedy and ability to protect her interest would be through an action against Plaintiff—not by seeking to sue Defendants. *See City-Core Hosp., LLC*, 2018 WL 398257, at *3 (holding that an exclusive licensee of a mark cannot even sue another valid licensee of the same mark even if it's a breach of the exclusive licensees' agreement.  Since the other licensee's permission came from the mark owner, it is valid, and the exclusive licensee's remedy is to sue the owner for breach).

for they are irrelevant to Ionian's claim. And if Allied is not a party, and the issue does not arise, and thus is not appropriately litigated, it is hornbook law that Allied's right to assert it in a subsequent suit will not be barred by either collateral estoppel or res judicata."); *see also Marvel Entm't Grp., Inc.*, 132 F.R.D. at 145 (denying intervention where trademark licensee could "relitigate the same contractual interpretation issues it now seeks to litigate by means of intervention."). Proposed Intervenor 's alleged interests were entirely derived through her License Agreement with Plaintiff (Dckt. No. 265; *see also* Matz Decl., Exhibit 1), and as such, her means of protecting those rights through claims against Plaintiff for breach of the warranties made within the License Agreement[15] are not impaired. *See* Matz Decl., Exhibit 1.

In addition, with regards to the KOD Mark, as it is undisputed that Plaintiff has no right in that mark, it was *never* licensed to Proposed Intervenor and it was never the subject matter of this action. As such, Proposed Intervenor has no interest that she can claim she has a right to protect, nor could such a right be impeded given that it is not even the subject of this action.

As Proposed Intervenor has failed to satisfy this factor, denial of her motion is warranted.

### C. Plaintiff Can Adequately Represent Its Interests in the Marks that are the Subject Matter of this Action

While the rule is that the burden of demonstrating inadequacy of representation is generally "minimal", "a putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action." *Washington Elec. Co-op., Inc.*, 922 F.2d at 98. In addition, the intervenor "must at least overcome the presumption of adequate

---

[15] Examples of these relevant warranties made by Plaintiff in the License Agreement include that: (i) "Licensor ...has full ownership rights to the Trademarks, and there is no obstruction to it being used by Licensee under and in accordance with the terms of this Agreement", and (ii) "[u]nder no circumstances will Sixuvus have the right to use the Trademarks beyond December 1, 2017". *See* Matz Decl., Exhibit 1, Paragraphs 1 and 6.4.

representation that arises when it has the same ultimate objective as a party to the existing suit." *U.S. Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). A trademark licensor and its licensee have the same interest in preserving the integrity and enforceability of the mark. *See, e.g., Marvel Entm't Grp., Inc.,* 132 F.R.D. at 146 (denying intervention in part on the grounds that a trademark licensee, Timex, had not demonstrated that it was not adequately represented by its licensor, Hawaiian, especially since the licensee and licensor had interests that were "identical, i.e., protecting Hawaiian's rights to use and license the "IRONMAN" mark.")

Proposed Intervenor contends that she has 'far different' interests in this matter than Plaintiff.[16] *See* Dckt. No. 265. With respect to the VP Marks, which are actually the subject matter of this action however, that cannot be the case. Proposed Intervenor has indisputably derived all of her rights in the VP Marks through her license from Plaintiff, who commenced this action to preserve the enforceability of such trademarks and has done so. *See* Matz Decl., Exhibit 1. As such, Plaintiff and Proposed Intervenor have identical interests in the subject matter of this action. Further evidence of this identity of interests with respect to the VP Marks is in Proposed Intervenor's proposed pleading where she attempts to "join each and every allegation in the complaint of [Plaintiff], (paragraphs 12-44) inclusive, as is set forth fully herein". [17] *See* 5PC, ¶73.

As the parties have identical interests, there exists a presumption of adequate representation. The Second Circuit has stated that this presumption can be overcome with evidence of "collusion, adversity of interest, nonfeasance, or incompetence", however Proposed Intervenor

---

[16] This argument only buttresses the conclusion that Proposed Intervenor is seeking to intervene to pursue collateral issues. *See* Section I(A), *supra.*

[17] As set forth below, as this Court ruled that Proposed Intervenor's request for leave to amend was denied with respect to Proposed Intervenor's claims for trademark infringement under 15 U.S.C. § 1114, such claim must be disregarded. *See* Section IV(A), *infra*. In addition, pursuant to the Settlement Agreement, Plaintiff's claims against Defendants have been released and therefore cannot be joined by Proposed Intervenor. *See* Matz Decl., Exhibit 3.

has not argued that any such factors exist in her 3/28/20 Motion to Intervene, and as such conceded

that they do not. [18] *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001).

Proposed Intervenor has further failed to point to any evidence that Plaintiff has or will not

adequately represent those interests.    To the contrary, Plaintiff has successfully defended

Defendants' attempts to obtain a preliminary injunction as well as negotiated the Settlement

Agreement, wherein Defendants acknowledge Plaintiff's rights in the VP Marks and agree not to

contest such rights. *See* Matz Decl., Exhibit 3; *see also* Dckt. No. 115.  Through its litigation of

this action and the Settlement Agreement, Plaintiff has entirely preserved its ownership rights in

and to the VP Marks as well as protected any interests in this matter that Proposed Intervenor may

have derived through her license with Plaintiff.

The only way that Proposed Intervenor and Plaintiff's interests differ is that Proposed

Intervenor's real motive is to pursue collateral issues related to the KOD Mark, which are not part

of this lawsuit, are not owned by Plaintiff, and were never licensed to Proposed Intervenor.

However, the argument that Plaintiff is not adequately representing an interest in a mark they do

not own, did not license to Proposed Intervenor, and is not part of this case, is not a basis to

intervene.  *See* Section I(A), *supra*.   As such, this motion must be denied.

### D.  Proposed Intervenor is Not a Necessary Party to this Action

"If a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for

intervention as of right under Rule 24(a)(2)." *Intl. Design Concepts, LLC v Saks Inc.*, 486 F. Supp

2d 229, 234 (S.D.N.Y. 2007) (*quoting MasterCard Int'l. Inc.*, 471 F.3d at 389–90).  A party is

"necessary" under Rule 19 if:

---

[18] Proposed Intervenor may not raise new evidence or arguments in her reply.  *See Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993) (prohibiting a party from raising "entirely new but foreseeable points" relevant to a motion in its reply affidavit).

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*MasterCard Intern. Inc.*, 471 F.3d at 385.

As in *MasterCard*, Proposed Intervenor does not fit into any of the foregoing categories. There is no reason why complete relief cannot be afforded among Defendants and Plaintiff i.e., those that were already parties to this lawsuit. *See MasterCard Intern. Inc.*, 471 F.3d at 385 (2d Cir. 2006) (holding that even if further litigation between Visa and FIFA for FIFA's alleged breach of its warranties in contract granting Visa exclusive sponsorship, when MasterCard claimed it held those exclusive rights, was likely, "Rule 19(a)(1) is concerned only with those who are already parties" and "Mastercard [could] obtain complete relief as to FIFA without Visa's presence in the case"). In addition, as demonstrated above, disposition of this action will not impair or impede Proposed Intervenor's ability to protect any rights she allegedly has. *See* Section I(B), *supra*. Finally, disposition of this action in the absence of Proposed Intervenor will not leave any of the parties subject to a substantial risk of 'incurring double, multiple, or otherwise inconsistent obligations', as this action is only regarding Defendants' alleged infringement and the ownership rights in the VP Marks, which, pursuant to the Settlement Agreement, Defendants have acknowledged Plaintiff's ownership rights in and agreed that they will never contest. *See* Matz Decl., Exhibit 3. There is no basis here by which Proposed Intervenor could be a necessary party, and as such she cannot intervene as of right.

## II.   INTERVENTION ON A PERMISSIVE BASIS SHOULD ALSO BE DENIED

Although Proposed Intervenor has not sought intervention on a permissive basis, in the event that the Court were to *sua sponte* consider it, permissive intervention should not be allowed.

Fed. R. Civ. P. 24(b), provides that a court may allow an absentee to intervene when "applicant's claim or defense and the main action have a question of law or fact in common" and the intervention will not unduly delay or prejudice adjudication of the rights of the original parties. *New York v. Abraham*, 204 F.R.D. 62, 66 (S.D.N.Y. 2001) *(internal citations omitted)*. "Permissive intervention under Rule 24(b) is discretionary." *Int'l Design Concepts, LLC*, 486 F. Supp. 2d at 235.

"In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties*." City of New York*, 198 F.3d at 367. The nature and extent of an intervenor's interests are highly relevant to a determination whether to allow intervention under Rule 24(b), as are the degree to which those interests are adequately represented by other parties, as well as "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of New York. Inc. v. Siemens Medical Systems, Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). Permissive intervention has been denied where it would unduly delay the adjudication of rights of the existing parties to the action. *See City of New York*, 198 F.3d at 367-68. "The Second Circuit has noted on several occasions that jeopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 514–15 (S.D.N.Y. 1999).

Here, there is no federal statute that confers a right to intervene. Proposed Intervenor also has failed to show that Plaintiff cannot adequately represent itself in prosecuting its trademarks. *See* Section I(C), *supra*. In addition, as set forth above, Proposed Intervenor has not demonstrated that she will contribute to the full development of the underlying factual issues in this dispute so as to merit intervention. *See* Section I, *supra*. Through her conduct and even proposed pleadings,

Proposed Intervenor has made it clear that her real intent is to prolong the resolution of this action by injecting collateral issues regarding the KOD Mark, which as set forth above have no legal or factual questions in common with Plaintiff's claims in this litigation. *See* Section I(A), *supra*.

As Proposed Intervenor's proposed intervention in this action would only serve to further delay the adjudication of this matter, which, pursuant to the Settlement Agreement, Plaintiff and Defendants have already settled, the motion must be denied. *See Marvel Entm't Grp., Inc.*, 132 F.R.D. at 146 ("Although it is true that there is some overlap in the legal and factual issues Timex seeks to litigate, Timex also seeks to assert additional unrelated claims … which would needlessly expand the scope and costs of this litigation and would thus prejudice the rights of Marvel and Hawaiian to the expeditious resolution of this action.").

For the foregoing reasons, permissive intervention should also not be allowed here.

## ARGUMENT IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS

### III.    THE FIFTH PROPOSED COMPLAINT MUST BE DISREGARDED

In the event that this Court permits Proposed Intervenor to intervene in this action, the Court should disregard the Fifth Proposed Complaint, which Proposed Intervenor filed as an exhibit to the 3/28/20 Motion to Intervene, without leave to amend.

After the time for a party to amend its complaint has run, "amendment requires the consent of the opposing parties or leave of court." *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 146 (S.D.N.Y. 2012) (*citing* Fed. R. Civ. P. 15(a)(1)). Defendants have not consented to an amendment, nor was Proposed Intervenor given leave to further amend.[19]  Despite prior warnings on this issue, Proposed Intervenor has once again disregarded the Rules of this Court by

---

[19] Not only does the Fifth Proposed Complaint assert a new cause of action for tortious interference which Proposed Intervenor was not given leave to assert, it re-asserts Proposed Intervenor's claims under 15 U.S.C. 1114, which this Court already ruled were futile.  *See* Matz Decl., Exhibit 4.

filing yet another proposed amendment without leave.[20]  Furthermore, as set forth below, the claims in the Fifth Proposed Complaint would be futile.[21]  *See* Section IV, *infra*.

As such, the Fifth Proposed Complaint, should be disregarded by the Court.

## IV.  PROPOSED INTERVENOR'S CLAIMS IN HER FOURTH AND FIFTH PROPOSED COMPLAINTS MUST BE DISMISSED

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  While "[t]he Court must construe [a pro se litigant]'s submissions liberally and interpret them to raise the strongest arguments that they suggest .... [a] pro se litigant ... is not exempt from compliance with relevant rules of procedural and substantive law." *Stanley v. Guardian Sec. Servs., Inc.*, 800 F. Supp. 2d 550, 554 (S.D.N.Y. 2011) (internal quotations and citations omitted).  Where documents relied on in drafting the complaint contradict the complaint, "the documents control and this Court need not accept as true the allegations of the amended complaint" *Rapoport,* 88 F. Supp. 2d at 184.

### A.  Proposed Intervenor's Claims for Trademark Infringement under 15 U.S.C. § 1114 Must Be Dismissed with Prejudice as This Court has Already Ruled that they are Futile

---

[20] Such conduct should not be condoned, and should also be considered in connection with whether intervention will be allowed.  It is clear that if permitted to intervene, Proposed Intervenor will continue to disregard the procedures of this Court, and will needlessly prolong the resolution of this action and cause Defendants to spend unnecessary time and resources in connection with same.

[21] Although "a court should 'freely give leave when justice so requires' … leave to amend may be denied where the proposed amendment would be futile . . . " *Soroof Trading Dev. Co.,* 283 F.R.D. at 146-47 (*quoting* Fed. R. Civ. P. 15(a)(2)).  "Amendment is futile if the proposed amended complaint could not survive a motion to dismiss." *Id.* at 147 (*citing Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991)).

On February 6, 2020, this Court denied Proposed Intervenor's Motion to Amend with respect the claims for trademark infringement under 15 U.S.C. § 1114 on the grounds that: (i) with respect to the VP Marks, Proposed Intervenor lacked standing to assert such a claim because she is not the owner of such marks, and (ii) with respect to the KOD Mark, the claim would be futile because the mark is unregistered. *See* Matz Decl., Exhibit 4, pp. 18-20. Despite the foregoing, Proposed Intervenor has re-asserted a claim for trademark infringement under 15 U.S.C. § 1114 in her Fifth Proposed Complaint. *See* 5PC; *see also McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (It is well settled that "all litigants, including pro ses, have an obligation to comply with court orders."). The claim, which was made in blatant disregard of the Court's ruling on February 6, 2020 and the 2/7/20 Order, must be dismissed with prejudice.

## B. The Fifth Proposed Complaint Does Not Sufficiently Allege Facts to State A Claim for Interference with Contractual Relations

In order to plausibly plead a claim for interference with contractual relations under New York law, Proposed Intervenor must allege facts sufficient to support an inference of: "(1) existence of a valid contract between [Proposed Intervenor] and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional procuring of the breach of that contract; and (4) damages." *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 252 (S.D.N.Y. 2001).

Proposed Intervenor's claim for interference with contractual relations is based upon the allegation that the Settlement Agreement allowed Defendants to use the KOD Mark and that by entering into the Settlement Agreement, Defendants induced Plaintiff to breach its License Agreement with Proposed Intervenor. *See* 5PC, ¶81.

This claim fails for several reasons. *First*, from the language of the Settlement Agreement itself, it is clear that the Settlement Agreement does not *grant* Defendants a license or right to use the KOD Mark, as Plaintiff does not own it. Indeed, to this end the Settlement Agreement confirms

that Plaintiff "does not now have, nor has it ever had any claim to rights in or to the mark, Kings of Disco". *See* Matz Decl., Exhibit 3. Furthermore, Proposed Intervenor has failed to plead facts to support a plausible inference that a valid agreement exists between Plaintiff and her that was breached. Indeed, the License Agreement itself, which the Court can consider, contradicts any such implication.[22] As set forth above, the License Agreement only grants Proposed Intervenor an exclusive license to the VP Marks (as defined therein), not the KOD Mark. *See* Section I(A), *supra*. The License Agreement even prohibits being interpreted to convey any other rights not granted therein. *See* Matz Decl., Exhibit 1, Paragraph 2.4 ("[E]xcept for the rights granted to Licensee pursuant to this Agreement, Licensee shall not acquire any rights in the Licensed Marks … by virtue of this Agreement"). Furthermore, pursuant to the Settlement Agreement, which is also part of the basis for this claim, Plaintiff has confirmed that it has not and does not own, and therefore could not have conveyed, any such rights in the KOD Mark. *See* Section I(A), *supra*.

While well pleaded allegations should be accepted as true, this Court is not required to and indeed should not suspend all disbelief and allow Plaintiff to proceed with a claim that is contradicted by the very documents it relies upon. It is impossible for Defendants, who entered into a Settlement Agreement wherein Plaintiff confirmed it did not have rights in a mark, to be construed as inducing Plaintiff to breach a License Agreement where the right to use the mark in question was never given to Proposed Intervenor. After all, to state a claim for tortious interference, a party must allege that there actually was a breach of contract—here Proposed Intervenor has not and cannot plausibly do so. As such, this claim must fail as a matter of law.

### C. Proposed Intervenor's Claims for Passing-Off Under 15 U.S.C. § 1125(a) and Unfair Competition Under Common Law Must Be Dismissed

---

[22] *Rapoport,* 88 F. Supp. 2d at 184 (where documents relied on in drafting the complaint contradict the complaint, "the documents control and this Court need not accept as true the allegations of the amended complaint").

Proposed Intervenor's claims under 15 U.S.C. § 1125(a), 15 U.S.C. § 1114 and her common law unfair competition claim (the "Trademark Claims"), in the Fourth and/or Fifth Proposed Complaints must also be dismissed with prejudice, as they are barred by Plaintiff's release in the Settlement Agreement and Proposed Intervenor lacks standing to pursue them.

### i.    Proposed Intervenor is Subject to The Releases in the Settlement Agreement Which Bar the Trademark Claims

As Proposed Intervenor is admittedly only a licensee of Plaintiff, her rights in the marks licensed to her, are subject to Plaintiff's actions, including its decision to enter into the Settlement Agreement and release Defendants from the claims of infringement.    A trademark licensee's "interest in the trademark arises solely from the contractual relationship between it and [the registrant], and such interest is secondary to the registrant's."  *G & F Licensing Corp. v. Field & Stream Licenses Co., LLC*, 2010 WL 2900203, at *4 (S.D.N.Y. July 16, 2010) (internal citations omitted).[23]; *see also City-Core Hosp., LLC*, 2018 WL 398257, at *3 ("Parties that have a valid license to use a mark and that use the mark in accordance with the license are merely exercising rights that have been granted by the licensor"). This is further exemplified by the fact that the License Agreement, whose terms are unambiguous, does not grant Proposed Intervenor any rights to litigate on behalf of Plaintiff.  *See* Matz Decl., Exhibit 1, Paragraph 2.4 ("[E]xcept for the rights

---

[23] *G&F Licensing Corp.,* also addressed the issue of licensees' standing to assert a claim under 15 U.S.C. § 1114, which is expressly reserved to the mark's registrant and the legal representatives, predecessors, successors and assigns of the registrant.  *See G & F Licensing Corp.*, 2010 WL 2900203, at *4.  In that case the license agreement at issue expressly granted the licensee *G&F* the right to pursue such a claim and as such the Court held that the licensee was the owner's 'legal representative' within the meaning of "registrant" as defined by 15 U.S.C. § 1127.  *Id.*  Here, the Court has already ruled that "[t]he plain language of the [License] Agreement shows that Can't Stop did not make an assignment to Intervenor", and as such has no standing to enforce any of Plaintiff's proprietary rights under 15 U.S.C. § 1114. *See* Matz Decl., Exhibit 4, pps. 19-20.  Even if she did however, the right to enforcement with regards to Defendants' past alleged acts have been released.

granted to Licensee pursuant to this Agreement, Licensee shall not acquire any rights in the Licensed Marks … by virtue of this Agreement"); *see also* Matz Decl., Exhibit 1, Paragraph 6.6 ("This Agreement contains the entire agreement of the parties with respect to the subject matter of this Agreement"). As such, the right to release Plaintiff's claims against Defendants was within Plaintiff's full power and authority, and Proposed Intervenor is subject to Plaintiff's decision to release its claims against Defendants.[24]

"It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) (internal quotations omitted). "Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Id.*

It is well settled that a party cannot assert a claim that has been previously discharged pursuant to a release. *See Skylon Corp. v. Guilford Mills, Inc.*, 864 F. Supp. 353, 358 (S.D.N.Y. 1994) (finding that release stating that parties were discharged "from any and all claims against the other" unambiguously barred all claims accruing before date of release); *see also Ruskay v. Waddell*, 552 F.2d 392, 395 (2d Cir. 1977) (Plaintiffs' "execution of a valid release bars his claims herein.") (internal quotations omitted).

Here, Plaintiff and Defendants have entered into the Settlement Agreement that "release[d] and discharge[d] the other Parties … from all actions, causes of action, suits …known or unknown, which they …may have against the other(s), ever had, now have or hereafter have or hereafter can, shall or may have for, upon, or by reason of any matters cause or thing whatsoever from the

---

[24] As stated above, in the event that Proposed Intervenor believes that Plaintiff has breached the License Agreement by entering into the Settlement Agreement, she may still pursue remedy for the same in a subsequent breach of contract action against Plaintiff. *See* Section I(B), *supra*.

beginning of the world to the date of this Agreement." *See* Matz Decl., Exhibit 3, ¶8. Plaintiff and Defendant also agreed to discontinue their claims and counterclaim "with prejudice". *Id.* ¶12.

Here, Proposed Intervenor's Trademark Claims are clearly an attempt to assert causes of action for alleged conduct that was released by the Settlement Agreement i.e. Defendants alleged use of the VP and KOD Marks. As set forth above and in the 3/28/20 Motion to Intervene, as all of Proposed Intervenor's proposed claims are based solely upon rights allegedly conveyed to her by Plaintiff under the License Agreement, and she is subject to Plaintiff's actions, she cannot pursue claims that have been released by Plaintiff. *See* Section I(A), *supra*; *see also* Dckt. No. 265. Simply put, there are no remaining claims or rights for Proposed Intervenor to pursue on Plaintiff's behalf in intervention or with respect to marks licensed to Proposed Intervenor by Plaintiff. *See Washington Elec. Co-op., Inc.*, 922 F.2d at 97 ("Intervenors must take the pleadings in a case as they find them"); *see also New York News, Inc.*, 972 F.2d at 486 (A proposed intervenor's "interest must be … legally protectable."). Therefore, any attempts by Proposed Intervenor to assert claims regarding the rights that have already been released by Plaintiff are barred as a matter of law.

### ii.     Proposed Intervenor as a Licensee Cannot Assert Rights in the KOD Mark

Proposed Intervenor's also has no right to pursue any claims based upon alleged rights in the KOD Mark, as she has failed to adequately plead an interest in them and is now equitably estopped from asserting any such claim.

In order to plausibly plead her passing-off claims under 15 U.S.C. § 1125(a), Intervenor must allege facts sufficient to support the inference "(1) that [she] possesses a valid, legally protectable trademark and (2) that the junior user's mark is likely to cause confusion as to the origin or sponsorship of the product at issue." *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 524 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013) (*citing Virgin Enterprises*

*Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)).  This same standard applies to her common law

unfair competition claim. *See Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related*

*Disorders Ass'n, Inc.*, 796 F. Supp. 2d 458, 465 (S.D.N.Y. 2011).

    *First,* Proposed Intervenor does not have a valid or protectable right in the KOD Mark as

she so contends.  *See* 4PC, ¶17, 20-32; *see also* 5PC, ¶17, 20-34.  Even if the KOD Mark had

acquired some secondary meaning by virtue of Defendants use over the years, it would have inured

to Plaintiff's benefit and would have been owned by Plaintiff. *Twentieth Century Fox Film Corp.*

*v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1, 20 (S.D.N.Y. 2001), *aff'd in part and remanded*, 277

F.3d 253 (2d Cir. 2002) ("goodwill inures solely to the benefit of the licensor").

     Proposed Intervenor's allegations that she has rights in the KOD Mark by virtue of the

License Agreement in this regard are flatly contradicted by the document itself, which must be

considered by this Court, as it is referenced in the pleadings at issue.[25]  For that reason alone, these

claims must fail.

    *Second,* in the Settlement Agreement Plaintiff has acknowledged that it "does not now

have, nor has it ever had any claim to rights in or to the mark, Kings of Disco". Matz Decl., Exhibit

3.  As such the doctrine of equitable estoppel, bars Plaintiff's licensee taking a contrary position.

    The doctrine of equitable estoppel is properly invoked where the enforcement of the rights

of one party would work an injustice upon the other party due to the latter's justifiable reliance

---

[25] Proposed Intervenor's claims that she acquired rights in the KOD Mark through the License
Agreement are flatly contradicted by its plain terms.  The License Agreement identifies the marks
that were licensed to Intervenor and the KOD Mark is not one of them.  *See* Matz Decl., Exhibit
1. It also cannot have been conveyed to Proposed Intervenor as an ancillary right, as Plaintiff
retained every right not expressly granted to Proposed Intervenor in the License Agreement. *See*
Matz Decl., Exhibit 1, Paragraph 2.4 ("[E]xcept for the rights granted to Licensee pursuant to this
Agreement, Licensee shall not acquire any rights in the Licensed Marks … by virtue of this
Agreement").

upon the former's words or conduct." *Kosakow v. New Rochelle Radiology Assocs.*, P.C., 274 F.3d 706, 725 (2d Cir. 2001). The elements of equitable estoppel are "(1) material representation, (2) reliance and (3) damage." *Stovall v. First Unum Life Ins. Co.*, 20 F. App'x 47, 50 (2d Cir. 2001). "Our precedent confirms that equitable estoppel applies to successors-in-interest where privity has been established." *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1131 (Fed. Cir. 2013).

Here, the in the Settlement Agreement, Plaintiff has represented that it never had rights in the KOD Mark, which was a material term that Defendants relied upon in entering into the Settlement Agreement. Proposed Intervenor, who is in privity with Plaintiff and derives whatever rights she claims from Plaintiff, is estopped from taking a contrary position as she has here. Proposed Intervenor's Fourth and Fifth Proposed Complaints clearly allege that Proposed Intervenor acquired her rights to the KOD Mark pursuant to the License Agreement [4PC, ¶17, 20-32; 5PC, ¶17, 20-34], making her a party in privity with Plaintiff. As such, the remaining Trademark Claims must be dismissed by the doctrine of equitable estoppel.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that (i) Proposed Intervenor's motion to intervene be denied in its entirety, (ii) Proposed Intervenor's Fifth Proposed Complaint, including the additional claims made therein, be disregarded, and (iii) Proposed Intervenor's remaining trademark claims be dismissed with prejudice.

Dated: New York, New York
     May 15, 2020

Respectfully submitted,
ADELMAN MATZ P.C.

By:_____
    Sarah M. Matz, Esq.
    Gary Adelman, Esq.
1173A Second Avenue, Suite 153
New York, New York 10065
Tel: (646) 650-2207
Email: sarah@adelmanmatz.com
Email: g@adelmanmatz.com
*Attorneys for Defendants*