# Exhibit 3

AGREEMENT made as of 5th February, 2020 by and among Can't Stop Productions, Inc., 1995 Broadway, 16th Floor, New York, New York 10023 ("Can't Stop") and Sixuvus, Ltd., 329 Tecumseh Avenue, Mount Vernon, New York 10553 ("Sixuvus") and the individuals, Eric Anzalone, Alexander Briley, James F. Newman, Raymond Simpson and William Whitefield (the "Individuals"), Felipe Rose ("Rose") (collectively referred to herein, together with Sixuvus, Ltd. as "Sixuvus") (Can't Stop, Sixuvus, the Individuals and Rose are individually a "Party" and are collectively referred to herein as the "Parties").

WHEREAS, in the late 1970s Can't Stop, a company engaged in the music business, created a group known as "Village People," to perform music provided to them by Can't Stop, and dressed the group's members as iconic fantasy figures such as a soldier, police officer, Native American, construction worker, biker and cowboy;

WHEREAS, Can't Stop secured and continues to own the following federally registered trademarks:

| Mark | Registration Number | IC/Date of Issuance |
| --- | --- | --- |
| Village People | 1,101,013 | 041 - 8/29/78 |
| Village People | 2,184,290 | 009 – 8/25/98 |
| Village People | 2,330,857 | 041 - 3/21/00 |

(Collectively referred to herein as the "Village People Trademarks");

WHEREAS, Can't Stop in 1989 granted Sixuvus a license to form a group to perform using the Village People Trademarks;

1

WHEREAS, the Individuals and Rose, under Sixuvus' license from Can't Stop, have performed together, and with various other entertainers, using the name, Village People and the group's iconic costumes;

WHEREAS, Can't Stop terminated its license to Sixuvus as of June 1, 2017;

WHEREAS, Can't Stop claims that Sixuvus ignored the termination of its license and continued to perform using, without authorization or right, the Village People Trademarks to describe the group formed by the Sixuvus Members as "Village People";

WHEREAS, Can't Stop commenced an action against Sixuvus in the United States District Court for the Southern District of New York entitled, *Can't Stop Productions, Inc. v. Sixuvus, Ltd., et al* 7:17-cv-06513 (Seibel, J.) accusing Sixuvus of, among other things, violating Can't Stop's rights in the Village People Trademarks (the "Action");

WHEREAS, Sixuvus appeared in the Action, denied the allegations in Can't Stop's complaint and asserted counterclaims which, among other things, challenged Can't Stop's ownership in the Village People Trademarks;

WHEREAS, Can't Stop denied the allegations of the counterclaims;

WHEREAS on February 16, 2018, after several days of hearings, the Court denied Sixuvus' motion seeking the issuance of a preliminary injunction which would have prevented Can't Stop from taking any action to stop Sixuvus from performing live as Village People;

WHEREAS, Sixuvus and the Individuals, with other entertainers, now perform under the name, "Kings of Disco" and sometimes perform under and advertise themselves as "The Kings of Disco former members of Village People";

2

WHEREAS, Can't Stop has licensed Karen Willis d/b/a Harlem West Entertainment the exclusive worldwide right to exploit the Village People Trademarks in "live" stage concert performances by persons calling themselves, "Village People"; and

WHEREAS, the Parties wish to amicably settle the Action and to resolve all other claims and disputes among them, on the terms and conditions set forth herein;

NOW THEREFORE, the Parties, in consideration of the mutual covenants and agreements set forth below, agree as follows:

1. Recitals. The foregoing recital paragraphs are incorporated into and form a part of this Agreement.

2. Village People Trademark Ownership. Sixuvus, Rose and the Individuals acknowledge that Can't Stop is the lawful owner of all right, title and interest in the Village People Trademarks, that Sixuvus, Rose and the Individuals have no ownership rights, nor have they ever had ownership rights, to The Village People Trademarks, and agree that Sixuvus, Rose and the Individuals shall never contest Can't Stop's ownership rights in the Village People Trademarks.

3. Kings of Disco. Can't Stop acknowledges that it does not now have, nor has it ever had any claim to rights in or to the mark, Kings of Disco, for any goods and services, specifically including, but not limited to the performance of musical services, the sale of audio or visual recordings or the sale of clothing or other merchandise.

4. Covenants of Sixuvus Parties.
    a. Sixuvus shall not infringe upon the Village People Trademarks. Nor shall Sixuvus unlawfully impede or otherwise unlawfully interfere with the use and exploitation of

3

the Village People Trademarks by Can't Stop, its licensees and/or third party grantees.

b. Can't Stop recognizes (i) the legal doctrine of fair use and (ii) the right of Felipe Rose to appear individually in Native American attire. Notwithstanding the foregoing, Can't Stop reserves its right to contest any usages of the Village People Trademarks that are not permitted under the fair use doctrine, except as to 4 b(ii). .

5. Publicity

a. The Parties further agree that the ▮▮▮▮▮▮ (in Paragraph 7 ) shall not be publicized, nor referred to, repeated, characterized, made public, provided to others, disseminated or described by either Party in any way, except that a Party may disclose the ▮▮▮▮▮▮ (in Paragraph 7): (a) to its legal counsel or tax advisors; (b) in an action or proceeding to enforce the terms of this Agreement; (c) if required pursuant to a valid subpoena or order of a court or governmental agency, provided the party receiving such subpoena or order gives notice to the other party; (d) with the prior written consent of the other Party; or (e) in the case of Can't Stop, to its licensee(s) and/or third party grantees

b. The foregoing shall not be construed as a prohibition on disclosing the ▮▮▮▮▮▮ or this agreement with the ▮▮▮▮▮▮ (in Paragraph 7 ) redacted or disclosing that the Action has been settled amicably.

6. Non-Disparagement.

The Parties agree that they will not make any disparaging statements, whether orally or in writing, to any person whatsoever about each other. A disparaging statement or

4

representation shall include any communication which, if publicized, will reasonably cause the recipient of the communication to question the integrity, skill, talent, competence, reputation, good character or business condition of the person or entity to which the communication relates.

████████████████████████████████████████████

8. Releases.

   a. With the exception of the obligations arising under this Agreement, the Parties hereby release and discharge the other Parties and the others' principals, officers, heirs, executors, agents, lawyers, accountants, employees, administrators, affiliates, divisions, officers, directors, subsidiaries, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, known or unknown, which they, their principals, officers, heirs, executors, agents, lawyers, accountants, employees, administrators, affiliates, divisions, officers, directors, subsidiaries, may have against the other(s), ever had, now have or hereafter have or hereafter can, shall or may have for, upon, or by reason of any matters, cause or thing whatsoever from the beginning of the world to the date of this Agreement. This Release may not be changed orally.

9. Section 1542 Waiver.

Each of the Parties expressly waives and releases any and all rights and benefits under Section 1542 of the California Civil Code (or any analogous law of any other states) which reads as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party."

10. Counsel.

The Parties represent and warrant that they have been fully advised by their respective attorneys concerning their rights and obligations under and pursuant to this Agreement and as to the terms and effects of this Agreement.

11. Entire Agreement.

This Agreement contains the entire agreement of the Parties with respect to the subject matter of this Agreement and supersedes all previous communications, representations, understandings and agreements, either oral or written, between the Parties with respect to said subject matter.

12. Court Action

The Parties shall request the Court to discontinue the Action (i.e., both claims and counterclaims) with prejudice, but without costs, as against each other. A copy of a proposed order for the Court to enter is annexed hereto as Exhibit A.

13. Continuing Jurisdiction.

The Parties agree that for any and all disputes relating to this Agreement and its subject matter, the United States District Court for the Southern District of New

York shall have exclusive jurisdiction, unless a Party is sued in another jurisdiction and needs to implead one of the other parties.

14. <u>Return of Bond</u>.

Upon the Court discontinuing the Action, the Clerk of the District Court shall, upon request by Sixuvus, return the fifty thousand dollar ($50,000) bond Sixuvus posted in the Action.

IN WITNESS WHEREOF the Parties hereto have executed this Agreement as of the date first written above.

Can't Stop Productions, Inc.

By: _____ x

Name: JONATHAN BELOLO x

Sixuvus, Ltd.

By: _____ x

Name: _____ X

_____ x

Eric Anzalone        Alexander Briley        Felipe Rose        James F. Newman

_____ x

Raymond Simpson    William Whitefield

7

York shall have exclusive jurisdiction, unless a Party is sued in another jurisdiction and needs to implead one of the other parties.

14. <u>Return of Bond</u>.

Upon the Court discontinuing the Action, the Clerk of the District Court shall, upon request by Sixuvus, return the fifty thousand dollar ($50,000) bond Sixuvus posted in the Action.

IN WITNESS WHEREOF the Parties hereto have executed this Agreement as of the date first written above.

Can't Stop Productions, Inc.

By: _____ x

Name: _____ x

Sixuvus, Ltd.

By: _____ x

Name: Eric Anzalone      X

_____   _____   _____   _____ x
Eric Anzalone      Alexander Briley    Felipe Rose         James F. Newman

_____   _____ x
Raymond Simpson    William Whitefield

7

Doc ID: 7490a65861f0f917e96ba81d9ead0832cfb63ec5

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                Plaintiffs,

-against-

SIXUVUS, LTD., ERIC ANZALONE,

ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,

                Defendants.
X------------------------------------------------------X

**ORDER**
No. 17-civ-06513-CS

Seibel, J.

This action (the "Action"), its claims and counterclaims, pursuant to the terms of a settlement agreement entered into by those parties dated February ___, 2020 (the "Settlement Agreement"), is hereby discontinued with prejudice and without costs as between Plaintiff Can't Stop Productions, Inc. and Defendants Sixuvus, Ltd., Eric Anzalone, Alexander Briley, Felipe Rose, James F. Newman, Raymond Simpson, and William Whitefield.

1. Upon the Court discontinuing the Action, the Clerk of the District Court shall return to Sixuvus, Ltd. the fifty thousand dollar ($50,000) bond it posted in the Action.

2. This Action is dismissed, with prejudice, and each party shall bear its own attorney's fees and costs.

SO ORDERED.

DATED: February ___, 2020
          White Plains, New York

                                    _____x
                                    UNITED STATES DISTRICT JUDGE