UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X----------------------------------------------------X
CAN'T STOP PRODUCTIONS, INC.,

                    Plaintiffs,                    **ORDER**

-against-

                                              No. 17-CV-6513

SIXUVUS, LTD., ERIC ANZALONE,
ALEXANDER BRILEY, FELIPE ROSE,
JAMES F. NEWMAN, RAYMOND SIMPSON,
and WILLIAM WHITEFIELD,

                    Defendants.
X----------------------------------------------------X

      **WHEREAS,** on December 1, 2017 this Court issued the December 1, 2017 Temporary Restraining Order, which was conditioned upon Defendants posting a $50,000 bond;

      **WHEREAS,** on December 4, 2017, Sixuvus posted a $50,000 surety bond by check number 64004566, and received a receipt therefore (Receipt No. 465407015221) (the "Sixuvus Bond"), (see Cashiers Office Registry Deposit dated Dec. 4, 2017);

      **WHEREAS,** on December 14, 2017, the Court issued a new Temporary Restraining Order (the "December 14, 2017 TRO") which modified the December 1, 2017 Temporary Restraining Order and ordered that the December 14, 2017 TRO be conditioned "upon the previously posted undertaking of $50,000, which was posted by Sixuvus on December 4, 2017, to secure payment of costs and damages as may be suffered or sustained by any party who is wrongfully restrained hereby";

      **WHEREAS,** on February 16, 2018, the Court lifted the December 14, 2017 TRO;

      **WHEREAS,** on June 24, 2019, Karen Willis ("Willis") filed a motion for recovery on the Sixuvus Bond (the "Bond Recovery Motion"), which Defendants opposed on August 19, 2019 and requested return of the Sixuvus Bond, and Willis filed her reply on September 9, 2019;

**WHEREAS,** in a bench ruling on February 6, 2020, the Court denied Willis's Bond Recovery Motion without prejudice and found that the maximum she could potentially recover is three thousand five hundred and twenty dollars ($3,520.00);

**WHEREAS,** on February 11, 2020, Defendants provided a proposed order and Willis opposed entry of the same on the ground that she had filed a Notice of Appeal from the Court's February 6 ruling;

**WHEREAS** that appeal has been dismissed and there now appears to be no barrier to the entry of this Order; and

**WHEREAS** the Court has given the parties the opportunity to be heard;

**NOW THEREFORE, IT IS ORDERED THAT**, for the reasons stated on the record in the Court's bench ruling on February 6, 2020, Willis's Bond Recovery Motion is denied without prejudice to renew the motion after a final adjudication on the merits, provided that the renewal will be limited to the maximum amount of three thousand five hundred and twenty dollars ($3,520.00) which could potentially be recoverable, if it is not reduced; and

**IT IS FURTHER ORDERED THAT** the Bond is reduced to three thousand five hundred and twenty dollars ($3,520.00), and Defendants' request for return of the Sixuvus Bond is granted in part; and

**IT IS FURTHER ORDERED THAT** the Clerk of the District Court for the Southern District of New York is respectfully directed to release forty-six thousand four hundred and eighty

dollars ($46,480) plus any accrued interest on the Sixuvus Bond by check made payable to "Raymond Simpson" mailed to 396 W Hudson Ave., Englewood, NJ 07631.

**SO ORDERED.**

Dated: June 5, 2020
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.