

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

June 17, 2020

**VIA ECF AND E-MAIL**
The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

    Re:    *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al*. 7:17-cv-06513-CS

Hon. Judge Seibel:

We represent the Defendants in the above-referenced action. We write, pursuant to Rule 1.A of Your Honor's Individual Practices and the June 10, 2020 Order of the Court [Dckt. No. 280] in connection with Proposed Intervenor Karen Willis' ("Proposed Intervenor") letter motion for leave to file a motion to strike or to dismiss Defendants' Opposition to the Motion to Intervene and Cross Motion to Dismiss (the "6/9/20 Letter") [Dckt. No. 279].

As an initial matter, Defendants do not understand the substance of or basis for Proposed Intervenor's proposed motion.

*First,* Proposed Intervenor has not cited to or provided the provision of the FRCP or other authority under which such a motion would and/or could be made [Dckt. No. 279]. Typically, motions to strike are made with reference to a pleading and motions for lack of subject matter jurisdiction are made by a party seeking to dismiss the action, not by a Proposed Intervenor who is trying to pursue claims in this action. Furthermore, it is Defendants' position that Proposed Intervenor's attempts to file a collateral motion to raise arguments about Defendants' opposition to the Motion to Intervene and Cross Motion to Dismiss [Dckt. Nos. 270-72] is both procedurally improper and violative of Fed. R. Civ. P. 1, which requires that the Rules be administered "by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It is further confusing why Proposed Intervenor is raising these issues now, given that she filed her Motion to Intervene [Dckt. No. 265] *after* Plaintiff and Defendants entered into the February 5, 2020 settlement agreement (the "Settlement Agreement"). If Proposed Intervenor had arguments regarding her ability to intervene, they should have been made in the Motion to Intervene [Dckt. No. 265].[1] Similarly, arguments in response to Defendants' opposition to the Motion to Intervene or in response to Defendants' Cross Motion to Dismiss [Dckt. Nos. 270-72] should have been raised in Proposed Intervenor's reply and opposition to the Cross Motion to Dismiss, which

---

[1] Not only can new arguments not be injected through a collateral motion, they cannot be considered in a late filed reply either. *See Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993) (prohibiting a party from raising "entirely new but foreseeable points" relevant to a motion in its reply affidavit).

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

were due Friday, June 12, 2020.  *See* Dckt. No. 267.  Indeed, the whole point of the briefings was for Proposed Intervenor and Defendants to state their positions on these issues of how the action could even proceed following the Settlement Agreement.  During the February 6, 2020 status conference, Your Honor specifically confirmed that the briefs should include not only "the usual factors that govern when there is a motion to intervene and whether it should be permissive or as of right, but also whether the fact that the licensor has now released its claims means that there is no -- there's nothing to intervene on". [2/6/20 Conf. Tr., pp. 44:24-45:5].  Proposed Intervenor chose not to file a reply to the Motion to Intervene and opposition to the Cross Motion to Dismiss, and as such the Motion to Intervene and Cross Motion to Dismiss are fully submitted, the latter of which is submitted on an unopposed basis.  Proposed Intervenor's instant request to make a collateral motion about the motions is just an improper attempt to raise new and different arguments after her Motion to Intervene has been submitted so she can have another bite at the apple.  The Court should not condone such practices.  Not only is it improper, it is this type of conduct that needlessly prolongs these proceedings and forces Defendants to incur additional costs and fees.  Proposed Intervenor's flagrant disregard for the rules and clear campaign to make this litigation about collateral issues is one of the many reasons that Defendants have argued warrants the denial of her Motion to Intervene.

*Second,* Defendants also do not understand the substance of the proposed motion with regards to standing and subject matter jurisdiction.  Standing is typically an issue when a party is trying to assert a claim—here Proposed Intervenor is the party trying to assert claims against Defendants.  Proposed Intervenor has not identified any authority to support her contention in the 6/9/20 Letter that the "Sixuvus standing ceased and they can no longer to assert, maintain or oppose any matter before this Court", or any authority that would suggest that, to the extent Proposed Intervenor's claims are allowed to proceed, Defendants could not defend themselves.  In addition, subject matter jurisdiction applies to the Court's ability to hear a case as a whole, and not to oppose or raise issues in a motion.  If the Court lacks subject matter jurisdiction, then this action should be dismissed as a whole, leaving nothing for Proposed Intervenor to intervene in.  Indeed, in their opposition to the Motion to Intervene and Cross Motion to Dismiss [Dckt. Nos. 270-72], Defendants have made the argument that the Settlement Agreement bars all of the claims Proposed Intervenor seeks to assert as well as have demonstrated the reasons why this action should be dismissed.

For the foregoing reasons, Proposed Intervenor's request for leave to file a collateral motion to strike or dismiss Defendants' opposition to the Motion to Intervene and Cross Motion to Dismiss [Dckt. No. 279] should be denied by the Court.

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

        Respectfully Submitted,

        ADELMAN MATZ P.C.

        Sarah M. Matz, Esq.

Cc.    (*Via ECF*)
       All Counsel of Record
       Karen Willis *Pro Se*