

**Sarah M. Matz**
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

June 30, 2020

**VIA ECF AND E-MAIL**

The Hon. Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom: 621
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

   Re: *Can't Stop Productions, Inc. v. Sixuvus, Ltd. et al*. 7:17-cv-06513-CS

Hon. Judge Seibel:

  Pursuant to Rule 1.A of Your Honor's Individual Practices and Your Honor's instructions during the June 25, 2020 Status Conference, the undersigned counsel for Defendants, along with pro se Karen Willis ("Willis"), respectfully submit this joint letter regarding the open issues relating to the remaining three thousand five hundred and twenty dollar ($3,520) security bond (the "Remaining TRO Bond") in this matter.

  In accordance with Your Honor's directive during the June 25, 2020 Status Conference. Unfortunately, despite making an offer for a portion of the Remaining TRO Bond to compromise on the issue with Willis, Willis rejected the offer and requested that Defendants agree to provide her with the Remaining TRO Bond in its entirety.

**Defendants' Position:**

  It is Defendants' position that the Remaining TRO Bond should be returned to Defendants in its entirety.

  As the Court will recall, during a February 6, 2020 status conference, Your Honor denied Karen Willis' ("Willis") June 24, 2019 motion for recovery from Defendants' TRO Bond (the "Bond Recovery Motion") without prejudice pending a final adjudication on the merits, based on the findings that the rulings on the preliminary injunction [Dckt. No. 37] and December 14, 2017 TRO [Dckt. No. 52] were "not a final adjudication on the merits" and Defendants had not been "given the full opportunity to present their case". [Dckt. at 2/6/2020; Dckt. No. 263; 2/6/20 Conf. Tr. pp. 12:19-13:6]. However, after considering the over $55,000 (Fifty Five Thousand Dollars) in expenses" that Willis claimed to have incurred, including "attorneys' fees, travel expenses, and miscellaneous costs", (the "Alleged Expenses"), Your Honor also ruled that even if Willis were to raise the issue after a final adjudication on the merits, that: (i) Willis had "not established any damages arising from compliance with that [12/1/17] TRO" [2/6/20 Conf. Tr. pp. 8:22-23], and (ii) in complying with the December 14, 2017 TRO [Dckt. No. 52], Willis may have incurred "at the most, total $3,520" [2/6/20 Conf. Tr. pp. 9:23]. More specifically, Your Honor held that the only two costs that could have even

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

| Mailing: | Office: |
|---|---|
| 1173A Second Avenue, Suite 153 | 780 Third Avenue, 14th Floor |
| New York, New York 10065 | New York, New York 10017 |

conceivably arisen from compliance with the December 14, 2017 TRO, rather than its litigation[1], were those related to the "December 14th entry that says, 'E-mails with client and graphic artist,' and a December 15th entry relating to 'E-mails with client re: fixing online material.'… and that figure is too high and would have to be reduced because …. [t]hose line items do include other activities unrelated to graphic design or fixing online material." [2/6/20 Conf. Tr. pp. 9:20-10:4].   As such, on June 5, 2020, Your Honor ordered the release of Defendants' TRO Bond, with the exception of the Remaining TRO Bond, and without prejudice as to Willis' right to renew the Bond Recovery Motion after a final adjudication on the merits "for the maximum amount of three thousand five hundred and twenty dollars ($3,520.00) which could potentially be recoverable, if it is not reduced".[Dckt. at 2/6/20; Dckt. No. 278].

To the extent that Willis wants to renew the Bond Recovery Motion, given the limited amount of the Remaining TRO Bond at issue, and the extensive briefing that the parties have already done, Defendants' respectfully suggest that the Court consider the parties prior submissions[2] and only allow limited briefing on the issues that remain and/or that are impacted by events following the Bond Recovery Motion.  Specifically, that the limited briefing only be allowed to address (i) whether Willis can prove that there was a wrongfully issued injunction or not in light of the Settlement Agreement and her decision not to pursue intervention; (ii) whether Willis' motion would be barred by the Settlement Agreement; (iii) what portion, if any, of the two time entries at issue were dedicated to activities arising from compliance with the December 14, 2017 TRO, rather than its litigation and how they were dedicated to compliance with same; and (iv) based upon that, what portion, if any, of the Remaining TRO Bond Willis believes she is entitled to.

To the extent that Willis wants to renew the Bond Recovery Motion, Defendants propose that Willis' limited moving submission be due on or before July 9, 2020, that Defendants' response letter be due on or before July 23, 2020 and that Willis response thereto be filed on or before July 30, 2020. Defendants propose that those submissions, if any, be by letter and that moving and response be limited to 5 pages, and the reply, if any, be limited to 2 pages.  While Defendants also would like to conserve resources, which is why we offered to compromise on the issue, the burden of proof on these issues is on Willis as the moving party to the extent that she wants to renew her application.  As such, to the extent Willis chooses not to do so, it is Defendants position that the Remaining TRO Bond should be returned in its entirety to Defendants.

**Karen Willis' Position:**

My intervention or lack thereof is independent of whether or not I was wrongfully restrained. In fact, the Sixuvus and the other defendants restrained my use of an exclusive license prior to any attempts to intervene.

As the court may recall, in midst of my attempts to intervene, plaintiff and defendants settled the case right from under me without my consent. They then immediately requested dismissal of the case and maintained that intervention is moot as a result thereof. The parties then filed a request for dismissal.

I simply decided to no longer challenge their position that intervention is moot.  I now simply await the court's determination of exactly what amount based on the evidence, the court feels I'm

---

[1] During the February 6, 2020 status conference, Your Honor determined that Willis could not recover attorneys' fees incurred in connection with litigating the injunctions, and such issue therefore cannot be reargued by Willis upon any renewal of the Bond Recovery Motion. [2/6/20 Conf. Tr. pp. 8:11-9:12].

[2] This would avoid duplication of arguments.  For example, contrary to Willi's argument below it is Defendants' position, ss clearly set forth in their prior opposition, that Willis was *not restrained* prior to her voluntarily seeking to modify the TRO.  However to conserve resources the parties do not need to re-brief those issues.

entitled to recover.

      The issue is fully brief already. So I'm not interested in any further briefing on this matter. I shall therefore await the court's careful calculation and entry of my amount of recovery. There is nothing complicated about this situation.

      We appreciate the Court's time and consideration in this matter, and should Your Honor need any further information, we are available at the Court's convenience.

                                          Respectfully Submitted,

                                          ADELMAN MATZ P.C.

_____             _____

Karen Willis                                  Sarah M. Matz, Esq.
*Pro Se*                                        *Counsel for Defendants*

entitled to recover.

      The issue is fully brief already. So I'm not interested in any further briefing on this matter. I shall therefore await the court's careful calculation and entry of my amount of recovery. There is nothing complicated about this situation.

      We appreciate the Court's time and consideration in this matter, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

| | |
|---|---|
| _____<br>Karen Willis<br>*Pro Se* | ADELMAN MATZ P.C.<br><br>_____<br>Sarah M. Matz, Esq.<br>*Counsel for Defendants* |

Note: So that the Court is aware, The Sixxxxx offered me $1,760 of the bond. I rejected that.

Karen Willis